1  PETER C. ANDERSON
   United States Trustee
2  TERRI HAWKINS-ANDERSEN, (Bar No.: 133249)
   Assistant United States Trustee
3  FRANK M. CADIGAN,(Bar No.: 95666)
   Assistant United States Trustee
4  ELIZABETH A. LOSSING, (Bar No.: 144100)
   Trial Attorney
5  TIMOTHY J. FARRIS, (Bar No.: 102678)
   Trial Attorney
6  OFFICE OF THE UNITED STATES TRUSTEE
   3685 Main Street, Suite 300
7  Riverside, CA 92501-3839
   Telephone (951) 276-6990
8  Fax (951) 276-6973

9

10

11                    UNITED STATES BANKRUPTCY COURT
                      CENTRAL DISTRICT OF CALIFORNIA
                           RIVERSIDE DIVISION
12

13

14  In re                          )    No.    6:08-bk-20682-PC
                                    )
15  WOODSIDE GROUP, LLC, et al.,    )    Chapter 11 (Jointly Administered)
    a Nevada corporation,           )
16                                  )    Date: September 19, 2008
                                    )    Time: 10:30 a.m.
17            Debtors.              )    Courtroom: **"304"**- Hon. Peter H. Carroll
                                    )
18                                  )    UNITED STATES TRUSTEE'S
                                    )    OBJECTION TO DEBTORS' EMERGENCY
19                                  )    MOTION FOR ORDER PURSUANT TO 11
                                    )    U.S.C. §§ 363, 1107 AND 1108 **(I)**
20  _____ )    AUTHORIZING CONTINUED USE OF
                                         CASH MANAGEMENT SYSTEM, BANK
21                                       ACCOUNTS AND BUSINESS FORMS; **(II)**
                                         GRANTING ADMINISTRATIVE EXPENSE
22                                       PRIORITY TO INERCOMPANY CLAIMS;
                                         **(III)** WAIVING SECTION 345 (b) DEPOSIT
23                                       AND INVESTMENT REQUIREMENTS
                                         AND **(IV)** GRANTING RELATED RELIEF;
24                                       AND MEMORANDUM OF POINTS AND
                                         AUTHORITIES IN SUPPORT THEREOF

25      **TO THE HONORABLE PETER H. CARROLL, THE DEBTORS AND ITS COUNSEL
    AND TO ALL OTHER PARTIES IN INTEREST:**
26
        Without waving any further objections that the United States Trustee may have to the
27
    within motion and reserving all rights to supplement this written objection with oral argument
28

1  at the hearing now scheduled for Friday, September 19, 2008, at 10:30 a.m., the United

2  States Trustee makes the following objections:

3                                                    **I.**

4                                      **INTRODUCTION**

5          The Debtor is requesting, among other relief,  a wavier of the requirements of section

6  345 (b).  Section 345 (b) requires certain precautions against the loss of funds of the estate

7  through deposit or investment in order to protect the creditors of the estate.  Generally, funds

8  of the estate, as deposited or invested, must be insured or guaranteed by the United States,

9  or backed by the full faith and credit of the United States.  If not, then the entity with whom

10  the funds have been deposited or invested must either obtain a bond in favor of the United

11  States or provide United States obligations to the United States trustee to secure the estate's

12  funds it holds.  *See 31 U.S.C. § 9303(a)(1).  Also see 3 Collier on Bankruptcy ¶ 345.04* (Alan

13  N. Resnick & Henry J. Sommer eds. 15th ed. rev.).

14          The Bankruptcy Reform Act of 1994 overruled the holding in *In re Columbia Gas Sys.*

15  *Inc.,* 33 F.3d 294, 301 (3d Cir. 1994) which held that a court has no discretion to modify

16  requirements of § 345(b).  The new legislation provided explicit authority for bankruptcy

17  courts to modify or waive the stringent requirements of section 345(b).  *See 3 Collier on*

18  *Bankruptcy ¶ 345.04 at 345-8* (Alan N. Resnick & Henery J. Sommer eds. 15th ed. rev.).

19          The U.S. Trustee would submit that while the Court has discretion to waive the

20  requirements of section 345(b), *Colliers* suggests that certain factors should be considered

21  for determining whether cause exists to grant a waiver.  In the opinion of the U.S. Trustee,

22  the Debtor has not addressed why it is necessary to waive the requirements of section

23  345(b).  Until such time as the Debtor addresses why "cause" exits to grant a waiver, the

24  motion should be denied.

25                                                    **II.**

26  **FACTORS TO CONSIDER IN GRANTING A WAVIER OF THE REQUIREMENTS OF**

27                                      **SECTION 345(b)**

28          The legislative history suggests that cause will more likely exist in the cases involving

1  larger, more sophisticated debtors.  In the matter of *In re Service Merchandise Co., Inc.,* 240

2  B.R. 894, 896 (Bankr. M.D. Tenn. 1999), the court noted the following factors for determining

3  whether cause existed:

4      (1)    the sophistication of the debtor's business;

5      (2)    the size of the debtor's business operations;

6      (3)    the amount of investments involved;

7      (4)    the bank ratings (Moody's and Standard and Poor) of financial institutions

8            where debtor-in-possession funds are held;

9      (5)    the complexity of the case;

10     (6)    the safeguards in place within the debtor's own business of insuring the safety

11           of the funds;

12     (7)    the debtor's ability to reorganize in the face of a failure of one or more of the

13           financial institutions;

14     (8)    the benefit to the debtor;

15     (9)    the harm, if any, to the estate; and

16     (10)   the reasonableness of the debtor's request for relief from section 345 (b)

17           requirement in light of the overall circumstances of the case.

18     Note, however, that court approval of a particular investment program should not

19  absolve a trustee of his or her fiduciary duties.  *See Collier* at ¶ 345.04 [345-8] and ¶ 345.04

20  [345-8.1]

21     **Debtors' category A. Maintaining Debtors' Existing Bank Accounts.**

22     The U.S. Trustee Guides require that all pre-petition bank accounts be closed and

23  that the Debtor-in-Possession immediately open Debtor-In-Possession accounts ("DIP

24  accounts"),with an approved depository institution.

25     J.P. Morgan Chase Bank is an approved depository institution.  The Debtor fails to set

26  forth in its motion or in the Declaration of Leonard K. Arave, that cause exists to waive the

27  requirements of section 345.  Quite to the contrary, the reasons supporting the waiver are

28  more for the convenience of the Debtor's current accounting staff.

1
2
3
4

> "Requiring each of the Debtors to open new accounts and segregate taxes and payroll would only complicate the Debtors' Cash Management System, needlessly increasing operating costs and the workload of the Debtors' accounting personnel . . ."  See Declaration of Leonard K. Arave at page 40, ¶ 113., lines 20-22.

5      As the Debtors' are aware, the purpose of closing and reopening Debtor in

6  Possession Accounts is to safeguard the estates money for the benefit of all creditors.

7  Accounts, with balances containing more than $100,000, are not protected, if those monies

8  are deposited in a non-DIP Account.  That is why the U.S. Trustee Guides and section 345

9  require that operating accounts and/or other accounts be deposited in an FDIC insured

10  depository institution on the approved list of participating banks approved by the United

11  States Trustee.  The rationale is that uninsured deposits will be protected, if those deposits

12  are in a Debtor in Possession Account.

13      Furthermore, given the current environment in this country, with the collapse of

14  several investment banks, the government take over of two mortgage institution giants and a

15  recent global insurance company, there should be little if any departure from the strict

16  provisions contained in section 345 of the United States Bankruptcy Code, regarding bank

17  accounts of any Debtor in Possession.

18      Regarding the Barnes Bank account, it is not an approved depository institution, and

19  contains deposits exceeding the FDIC coverage by $50,000.  See Motion at page 8, lines 3-

20  4.  All deposits in Barnes Bank must be moved to a U.S. Trustee approved depository

21  institution and deposited in a DIP account in accordance with section 345 of the Bankruptcy

22  Code.

23      The Debtors' cite *In re People's Choice Home Loans, Inc.,* an unreported decision in

24  this district, as a case where the court continued the use of existing cash management

25  systems (which includes the authority to continue using pre-petition bank accounts).  The

26  *People's Choice* case is different from this case.  In *People's Choice* the accounts were

27  "sweep accounts" and contained less than $100,000.  It is a different financial environment

28  now than it was then.  Therefore, the relief requested in paragraph A of the Motion, the

1  request to "Maintain the Debtors' Existing Bank Accounts", should be denied.  Maintaining

2  the existing bank accounts is not in the best interests of the estate and the Debtors' have not

3  shown that cause exists to waive Local Bankruptcy Rule 2015-2, the United States Trustee

4  Guides or Section 345 of the Untied States Bankruptcy Code.

5          **Debtors' category C. Maintenance of the Debtors' Existing Business Forms.**

6  _____To the extent the Debtor seeks authority to utilize a limited number of preprinted

7  checks in its Accounts at Mercantile Bank and Bank of America by stamping the check with

8  the legend "Debtor in Possession", the United States Trustee has no objection as long as the

9  Accounts are in United States Trustee approved institutions, and where the balances in the

10  accounts will be below $100,000 at any given time.

11

12          **Debtors' category D. Waiving Bankruptcy Code § 345(b) Requirements.**

13  _____For the reasons stated above, given the current financial situation in the United States

14  and recent collapse of several of the Nations leading investment banking firms, there can be

15  no good reason or cause to deviate or waive the requirements of section 345 (b).

16  Furthermore, neither the moving papers or the Declaration of Leonard K. Arave, have

17  established "cause" for waiving the requirements of section 345 of the Code.  Consequently,

18  the relief requested in category D., should be denied.

19       The U.S. Trustee reserves his right to further supplement his objections to this motion

20  at Friday's hearing on September 19, 2008, at 10:30 a.m.

21

22  Dated: September 19, 2008        Office of the Untied States Trustee

23

24                       *s/s Frank M. Cadigan, AUST*

25

26

27

28

Declaration of Service

I, Anita Benson, am employed in the County of Riverside, State of California in the Office of

the United States Trustee under the supervision of a member of the bar of this Court at whose direction

the service was made; I am over the age of 18 and not a party to within action; and my business

address is 3685 Main Street, Suite 300, Riverside, California 92501.

On  September 18, 2008, I served via electronically the foregoing document described as:

United States Trustee's Objection to Debtors' Emergency Motion for Order Pursuant to 11

U.s.c. §§ 363, 1107 and 1108 **(I)** Authorizing Continued Use of Case Management System,

Bank Accounts and Business Forms; **(Ii)** Granting Administrative Expense Priority to

Inercompany Claims; **(Iii)** Waiving Section 345 (B) Deposit and Investment Requirements

and **(Iv)** Granting Related Relief; and Memorandum of Points and Authorities in Support

Thereof addressed as follows:


<u>Counsel for Debtor</u>:
Linda Cantor
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Tel: 310.277.6910 | Fax: 310.201.0760
lcantor@pszjlaw.com