1  Jeremy V. Richards (CA Bar No. 102300)
   Linda F. Cantor (CA Bar No. 153762)
2  Maxim B. Litvak (CA Bar No. 215852)
   PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Blvd., 11th Floor
   Los Angeles, California 90067-4100
4  Telephone: 310/277-6910
   Facsimile: 310/201-0760
5  jrichards@pszjlaw.com
   lcantor@pszjlaw.com
6  mlitvak@pszjlaw.com

7  [Proposed] Attorneys for the Debtors and Debtors in Possession

8  **UNITED STATES BANKRUPTCY COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA**

10  **RIVERSIDE DIVISION**

11  In re:

12  WOODSIDE GROUP, LLC, et al.,[1]

13            Debtors.

14

15

16

17

18

19

20

21

22

23

24

25

26  ☒    Affects ALL DEBTORS

27

28

Chapter 11
6:08-bk-20682-PC
(Jointly Administered)

**DECLARATION OF LEONARD K. ARAVE
IN SUPPORT OF DEBTORS' OPPOSITION TO:**

**(A) MOTION OF THE AD HOC GROUP OF
NOTEHOLDERS FOR ENTRY OF AN ORDER
DIRECTING THE APPOINTMENT OF A
CHAPTER 11 TRUSTEE, OR,
ALTERNATIVELY, DIRECTING BOTH
(I) THE APPOINTMENT OF AN EXAMINER
FOR CERTAIN SPECIFIED PURPOSES AND
(II) THE TERMINATION OF THE DEBTORS'
EXCLUSIVE PERIODS IN WHICH TO FILE
AND CONFIRM A PLAN; AND**

**(B) MOTION TO TERMINATE OR REDUCE
THE DEBTORS' EXCLUSIVITY PERIOD**

Date:      October 14, 2008
Time:      9:30 A.M.
Place:     Courtroom 304
           United States Bankruptcy Court
           3420 Twelfth Street
           Riverside, CA 92501-3819
Judge:     Honorable Peter H. Carroll

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[1] *See Notice Identifying Jointly Administered Debtors* setting forth all debtors and debtors in possession in these jointly administered cases and their respective tax identification numbers [Docket No. 32].

## DECLARATION OF LEONARD K. ARAVE

I, Leonard K. Arave, declare as follows:

1.     I am a Manager and the Chief Financial Officer of Woodside Group, LLC ("Woodside Group"), which is the direct or indirect parent company of each of the corporations, partnerships and limited liability companies that make up the Debtors in these jointly administered bankruptcy cases, with the exception of one affiliated Debtor, Pleasant Hill Investments, LC, which is not a subsidiary of Woodside Group, but of which I am the Manager. I am an authorized representative of each of the Debtors. I am also the sole director of WDS GP, Inc., which is the General Partner of each of the limited partnership Debtors. In these capacities, I am generally familiar with the day-to-day operations, business and financial affairs of each of the Debtors. Except as otherwise stated, all facts contained within this Declaration are based upon personal knowledge and, if called upon to do so, I could and would testify competently thereto.

2.     I submit this Declaration in support of the Debtors' Opposition (the "Opposition") to (A) the *Motion of the Ad Hoc Group of Noteholders for Entry of an Order Directing the Appointment of a Chapter 11 Trustee, or, Alternatively, Directing Both (I) the Appointment of an Examiner for Certain Specified Purposes and (II) the Termination of the Debtors' Exclusive Periods in Which to File and Confirm a Plan* (the "Trustee Motion") and (B) the *Motion to Terminate or Reduce the Debtors' Exclusivity Period* filed by JP Morgan Chase Bank, N.A. as agent for certain lenders (collectively, the "Bank Group"). All capitalized terms not defined herein have the meaning ascribed to them in the Opposition.

**Loan Defaults and Negotiations**

3.     Woodside Group has been, and continues to be, among the best-managed companies in its industry. Historically, its performance has exceeded the industry average. Between 2002 and 2006, the Debtors outperformed their competitors with respect to EBITDA margins by an average of between 5%-9%. Prior to the downturn in the industry, the Debtors had been profitable every year since 1978. The circumstances that led to the loan defaults and commencement of these cases are the result of the adverse real estate market, not mismanagement. Woodside Group's markets turned significantly down starting in the fourth quarter of 2007. Problems in the mortgage industry reduced

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   the supply of qualified home buyers.  With existing home inventory levels spiking and a rapid

2   increase in foreclosures, housing prices dropped substantially and many buyers waited for further

3   price reductions before entering the market.  The Bank Group elected to declare an event of default

4   under the Credit Facility in 2007.  By virtue of cross-default provisions, defaults under the

5   Noteholder Debt instruments were later triggered.

6       4.      Subsequent to such defaults, the Debtors engaged in negotiations with the Noteholder

7   Group and the Bank Group for a global restructuring of their debt obligations.  Although the

8   Noteholder Group and the Bank Group give the impression the parties have been negotiating without

9   success since the beginning of 2008, that depiction is inaccurate.  First, the Bank Group's

10  consultants, FTI Consultants, Inc. ("FTI"), have had full access to Woodside Group's books and

11  records, its management and its consultants, Alvarez & Marsal ("A&M").  To the best of my

12  knowledge, prior to the Relief Date, FTI received everything that it requested.  Second, the Bank

13  Group stated that it was unwilling to make any concrete proposal until completion of an asset

14  evaluation by John Burns (the "Burns Report").  Lastly, at all relevant times through July 2008, the

15  Noteholder Group and Bank Group insisted as a condition precedent to any further negotiations that

16  the Debtors enter into an onerous and unreasonable forbearance agreement that would have required

17  the Debtors to provide collateral and make substantial payments to the Noteholder Group and Bank

18  Group, notwithstanding the Debtors' willingness to negotiate a simple forbearance agreement that

19  was effectively a bilateral standstill agreement with a budget.  Furthermore, even in the absence of

20  an agreed upon forbearance agreement, the Debtors agreed to continue to operate, and did in fact

21  operate, within the budgets provided to the Noteholder Group and the Bank Group.

22      5.      The Noteholder Group and the Bank Group also suggest that the Debtors failed to

23  negotiate and intentionally stalled negotiations in order to clandestinely complete the Corporate

24  Restructuring (as described below).  That is also inaccurate.  The Burns Report was not completed

25  until June 2008.  The Bank Group did not make a concrete proposal until July 3, 2008, and the

26  Noteholder Group did not make any proposal until July 9, 2008.  The Bank Group and the

27  Noteholder Group proposed fundamentally inconsistent courses of action for the Debtors, relating to

28  the same assets.  The Corporate Restructuring was consummated on July 25, 2008.  On August 19,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

2008, Woodside Group made a counter-proposal, but the Noteholder Group and the Bank Group

have not responded.

**Corporate Restructuring**

6.      On or about July 25, 2008, the Debtors consummated a transaction by which

Woodside Group, Inc. (which was a subchapter S corporation) was converted into a limited liability

company.  In order to minimize the impact of this conversion at the subsidiary level and simplify the

corporate structure, about 105 Restricted Subsidiaries (which were qualified subchapter S

corporations) were converted and merged into 10 limited liability companies and partnerships and 13

corporations were converted into limited liability companies (the "Corporate Restructuring").

7.      The tax incentives for the Corporate Restructuring were substantial, and were well

known to the Noteholder Group and Bank Group.  As a subchapter S corporation, Woodside Group,

Inc. was a "pass-through" entity for tax purposes and, by operation of the Internal Revenue Code

(the "IRC"), the income from Woodside Group, Inc. was attributed to its shareholders for tax

purposes .  The subsidiary Debtors, in turn, were organized as qualified subchapter S corporations or

as limited liability companies, which were also tax pass-through entities.  (PHI is a sister company,

and was organized as a limited liability company.)

8.      As the Noteholder Group and Bank Group knew, and as is stated in the Trustee

Motion, Woodside Group, Inc. recognized substantial taxable income in 2006 and 2007.  By

operation of tax law, this income was attributed to Woodside Group, Inc.'s shareholders for tax

purposes.  Consistent with historical practice, and as the Noteholder Group and Bank Group also

knew (and as is stated in the Trustee Motion), the shareholders received distributions, which were

meant to assist the shareholders in paying the tax liability attributed to them due to their ownership

of the shares.

9.      In consolidated financial statements for the year ended December 31, 2007, the

Debtors wrote down the value of their assets by approximately $384 million. As stated in the

Trustee Motion, the Noteholder Group and Bank Group received the financial statements and were

aware of these write-downs. The Noteholder Group and Bank Group were also aware that such a

write down would naturally lead to the recognition of substantial losses that could be carried back by

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

the shareholders to recover substantial tax refunds. Each of their restructuring proposals presented
in July 2008 specifically acknowledged and contained provisions relating to the potential
contribution of some portion of such tax refunds by the shareholders.

10.    There were additional valid business reasons for the Corporate Restructuring. The
IRC has significant restrictions on the type of entity that may own stock in a subchapter S
corporation, and such restrictions do not exist in some other pass-through entity forms, such as a
limited liability company. Based on ongoing discussions with potential sources of investment
capital, the Debtors had been aware since January 2008 that the companies would be required to
convert from subchapter S corporations and qualified subchapter S corporations to more flexible
entity structures in order to accommodate any form of outside investment and to avoid adverse tax
consequences. In addition, the Noteholder Group's own proposal would have required the
conversion to happen in order for the company to retain its pass-through status. Thus, management
understood that conversion of S corporations to limited liability companies or limited partnerships
would be economically advantageous for investors and creditors. Ernst & Young ("E&Y"), the
company's tax advisors, also had been advising the company for several years to consider converting
to a limited liability company to deal with shareholder estate issues as well as to provide ease of
administration. Historically, however, this was inadvisable due to phantom income issues.

11.    In addition, management realized that the existence of a large number of entities was
becoming an administrative and financial burden, as many entities were dormant and/or had been
established for limited purposes and were no longer needed, and merger would both simplify the
company structure and reduce the number of companies accruing tax liabilities. Of the 105
Restricted Subsidiaries that were converted and merged in the Corporate Restructuring,
approximately 43 involved closed (sold out) projects or otherwise had no ongoing operations. All of
the 13 corporations that were converted but not merged in the Corporate Restructuring involved
closed (sold out) projects or otherwise had no operations.

12.    There was no effort to delay negotiations in order to secretly consummate the
Corporate Restructuring. E&Y commenced analyzing the Corporate Restructuring in May 2008.
The consummation date was three weeks after the Debtors first received a concrete restructuring

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    proposal from the Bank Group, and only two weeks after the Debtors received the Noteholder

2    Group's first proposal.  Negotiations were not delayed in order to implement the Corporate

3    Restructuring.

4          13.    I understood there was no harm to creditors from the Corporate Restructuring.  I

5    understood that under Generally Accepted Accounting Principles the restructuring of Woodside

6    Group, Inc. would be treated as a conversion.  I also understood that the tax effect of the Corporate

7    Restructuring is that Woodside Group, Inc. as a corporation will be deemed to have sold its assets,

8    and then re-contributed the assets to the newly converted Woodside Group, a limited liability

9    company.  The "E&Y Presentation" stated, and I understood, that "[t]he basis of the assets

10   contributed to the partnership could not be lower than the greater of FMV of the assets or the debt."

11   As of June 30, 2008, the fair market value of Woodside Group's assets was estimated to be

12   approximately $1.3 billion, and the outstanding debt of the Debtors was estimated to be $1.28

13   billion, a number that includes approximately $330 million of intercompany debt owed to PHI.

14   Because the tax basis of the assets cannot be written down below the amount of debt, I concluded

15   and believe that the transaction could not have an adverse impact on creditors.  If the value of the

16   assets is less than the amount of the debt at the time of sale, there will be no tax due.  If the value of

17   the assets exceeds the amount of the debt at the time of sale, the Debtors would be solvent and the

18   tax consequences would accrue to the members.  In fact, because the amount of debt that will serve

19   as the adjusted tax basis includes $330 million of intercompany debt owed to PHI, the Debtors

20   would effectively be solvent if the value of their assets is within $330 million of the adjusted tax

21   basis, *i.e.*, when the value of their assets exceeds their debt to third parties.

22         14.    I am not aware of any dispute that the tax refunds to be received by the shareholders

23   as a consequence of the Corporate Restructuring are property of the shareholders.  What the

24   Noteholder Group and the Bank Group have stated is that they believe the company has valid claims

25   to recover the tax refunds from the shareholders on account of distributions made to shareholders in

26   2006 and 2007.  The bulk of those distributions was paid by the shareholders to the IRS and other

27   taxing authorities.  While the Debtors do not concede the validity of such claims, to the extent such

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    claims may be valid, the tax refunds to be generated as a result of the Corporate Restructuring may

2    be the principal source of any recoveries from the shareholders.

3    **Zions Transfers**

4        15.    The operations of certain Unrestricted Subsidiaries and non-debtor affiliates are

5    funded by a $130 million credit facility provided by Zions First National Bank ("Zions").  Technical

6    defaults under the Zions credit facility were triggered in late 2007 and a notice of default was issued

7    by Zions to its non-debtor borrowers (the "Zions Borrowers") in early April, 2008.  In June 2008,

8    Zions commenced a lawsuit and sought summary judgment against the Zions Borrowers in Utah

9    State Court (the "Zions Lawsuit") to enforce provisions of its loan agreement requiring

10   collateralization of its outstanding debt obligations upon the occurrence of certain defaults.  In

11   August 2008, the Zions Borrowers entered into a stipulation in settlement of the Zions Lawsuit

12   pursuant to which deeds of trust were executed by the Zions Borrowers to secure approximately

13   $128 million owing to Zions.  Although the Noteholder Group criticizes the terms of this settlement,

14   I believe that the Debtors obtained the best deal they could under the circumstances.

15       16.    Each of the six properties that were transferred to Unrestricted Subsidiaries that were

16   Zions borrowers was part of the borrowing base for the Zions credit facility, and was not part of the

17   borrowing base of the Bank Group. While there may be different parts of a single project on

18   different borrowing bases, there are no real estate properties that are on both borrowing bases.  Each

19   of the transfers was made as part of the process of "truing up" the respective borrowing bases.  To

20   the extent that there are also properties that are titled to Unrestricted Subsidiaries that should be

21   titled to the Debtors as determined by the borrowing base for the Debtors, Zions has indicated that it

22   will consent to such transfers.  I understand that Zions gave the Noteholder Group and Bank Group a

23   full analysis and description of the assets involving this issue on the date the Trustee Motion was

24   filed, and did not receive any communication or indication that the explanation was anything less

25   than satisfactory to the Noteholder Group and the Bank Group.

26       17.    I am informed that Zions has valued the property transferred at approximately $13

27   million.  The cause of the mix-ups and the need for the transfers vary but in each case was innocent.

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Attached as **Exhibit A** is a chart describing each of the properties transferred and the issue leading to

2  each such transfer.

3      18.    There was no effort or intent to conceal the transfers from the Noteholder Group or

4  Bank Group.  In fact, two substantial members of the Bank Group, Bank of America and Key Bank,

5  also have substantial participation interests in the Zions credit facility and, I believe, were fully

6  informed of the necessity of the title corrections.

7      19.    The Noteholder Group suggests that management should not have agreed to pledge

8  assets of the Zions borrowers to Zions, and compares that to agreements reached with the Noteholder

9  Group and Bank Group.  However, Zions had a contractual provision enabling it to get security upon

10  a default, and the Noteholder Group and Bank Group did not, and Zions had filed a motion for

11  summary judgment to enforce such provision.  There was no subordination of intercompany debt

12  intended or effectuated by the pledge of assets to Zions.  With some insubstantial exceptions, nearly

13  all intercompany obligations owed by Unrestricted Subsidiaries run from Victory Holdings or

14  Liberty Holdings, whereas the assets that were pledged to Zions are held by lower-level subsidiaries

15  that are Zions borrowers.  Because the lower-level subsidiaries' obligations to Zions must be

16  satisfied before funds flow upstream from such entities to Victory Holdings or Liberty Holdings,

17  intercompany company claims were already structurally subordinated in any event.  Accordingly, I

18  believe that the Debtors obtained the best deal they could under the circumstances.

19  **Adverse Consequences From Appointment of Trustee**

20      20.    I believe that displacing management by the appointment of a chapter 11 trustee

21  could devastate the Debtors' business and reorganization prospects.  The Debtors are among the

22  best-managed companies in their industry.  The Debtors operate in geographically diverse markets.

23  The ability to sell homes in those markets is highly dependent upon management's familiarity with

24  the properties, development processes, customers, and vendors in those markets.  Three of the

25  Debtors' senior managers have been with the Debtors for over 23 years and have a combined 85

26  years of industry experience.  Management has attained a level of knowledge and expertise and

27  established personal relationships with critical vendors that would be impossible for a trustee to

28  duplicate quickly, if ever.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    21.    Further, the nature of the Debtors' business is highly dependent upon personal

2    relationships with vendors and employees.  I believe there is a substantial risk that key employees

3    would leave if a trustee were appointed, and that management is singularly able to preserve these

4    fragile relationships and maintain the confidence of the business community.  In a distressed real

5    estate market such as this, I believe that management's proven track record in the industry is even

6    more essential, and that the replacement of proven management with a trustee could have

7    devastating consequences for the company and its creditors, employees and interest holders.

8        I declare under penalty of perjury that the foregoing is true and correct.  Executed this ___

9    day of October, 2008, at North Salt Lake, Utah.

By    /s/ Leonard K. Arave
           Leonard K. Arave

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT A

## EXHIBIT A

| Asset | Property on Borrowing Base of: | Recorded Title was in | Deed recorded to: | Comments on Origin of Issue | Zions Release Price per Aug 19 Standstill Agreement |
|---|---|---|---|---|---|
| Brookfield 392 Victorville, CA (Cal South) | Zions | Pleasant Valley Investments, LLC | Danville Land Investments (deed executed and sent to title August 07), Deed recorded June 20, 2008. | Deed to Danville mistakenly not recorded in early 2006. Deed sent to escrow in August 2007, and recordation delayed due to development issue. | $1,880,000 |
| Menifee Assemblage Menifee, CA (Cal South) | Zions | Parcel 1 &2: Pleasant Valley Investments, LLC | Victory Land Investments, LLC Deed recorded June 23, 2008 | Error in original conveyance from third-party, and corrective deed delayed due to transfer and other tax issues. | $424,000 |
| | Zions | Parcel 3&4: Victory Land Investments, LLC | No change | Same as above. | |
| | Zions | Parcel 5&6: Woodside Homes of California, Inc. | Victory Land Investments, LLC Deed originally recorded June 23, 2008, re-recorded August 7, 2008. | | $480,000 $320,000 |
| Tramanto Lot 37 Phoenix, AZ | Zions | Woodside Homes of Arizona, Inc. | WMI Holdings, LLC (subsidiary of Victory Holdings) Deed recorded: June 26, 2008 | Error in original conveyance from third-party. Not identified until Zions title work conducted. | $225,000 |
| Triana (assemblage) Phoenix, AZ | Zions | Two parcels: Danville Land Investments | No change. | | |
| | Zions | One parcel: Pleasant Valley Investments, LLC | Danville Land Investments, LLC Deed recorded: June 26, 2008 | Error in original conveyance. Not identified until Zions title work conducted. | Transferred parcel is approx. 20 of total 35 acres; approx. $2,371,428 |
| Amelia Lakes Phases 3, 4, and 5 Jacksonville, FL | Zions | Woodside Amelia Lakes, LLC  * The title to the portion of this project that is on the Chase borrowing base remains in Woodside Amelia Lakes, LLC | DLI 1, LLC (due to transfer tax issues), and merged to Danville Land Investments, LLC Deed recorded: July 1, 2008 | Deed prepared about Dec. 2005, but not recorded due to unresolved platting and transfer/stamp tax issues | $3,790,000 |

*10*

| Asset | Property on Borrowing Base of: | Recorded Title was in | Deed recorded to: | Comments on Origin of Issue | Zions Release Price per Aug 19 Standstill Agreement |
|---|---|---|---|---|---|
| Villages at Valencia Phases 2B, 2C, 3B, 3C, 4 and 5<br><br>Jacksonville, FL | Zions | Woodside Valencia, LLC<br><br>* The title to the portion of this project that is on the Chase borrowing base remains in Woodside Valencia, LLC | DLI 2, LLC (due to transfer tax issues), and merged to Danville Land Investments, LLC Deed recorded: July 14, 2008 | Deed prepared about Dec. 2005, but not recorded due to unresolved platting and transfer/stamp tax issues | $3,625,000 |

Total: $13,115,428

**PROOF OF SERVICE**

STATE OF CALIFORNIA              )
                                 )
COUNTY OF LOS ANGELES            )

     I, Mary de Leon, am employed in the city and county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California 90067-4100.

On October 2, 2008, I caused to be served **DECLARATION OF LEONARD K. ARAVE IN SUPPORT OF DEBTORS' OPPOSITION TO: (A) MOTION OF THE AD HOC GROUP OF NOTEHOLDERS FOR ENTRY OF AN ORDER DIRECTING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE, OR, ALTERNATIVELY, DIRECTING BOTH (I) THE APPOINTMENT OF AN EXAMINER FOR CERTAIN SPECIFIED PURPOSES AND (II) THE TERMINATION OF THE DEBTORS' EXCLUSIVE PERIODS IN WHICH TO FILE AND CONFIRM A PLAN; AND (B) MOTION TO TERMINATE OR REDUCE THE DEBTORS' EXCLUSIVITY PERIOD** in this action by placing a true and correct copy of said document(s) in sealed envelopes addressed as follows:

*Please see attached Service List*

☑ (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☑ (BY NOTICE OF ELECTRONIC FILING) I caused to be served the above-described document by means of electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, for parties and/or counsel who are registered ECF Users.

☐ (BY FAX) I caused to be transmitted the above-described document by facsimile machine to the fax number(s) as shown. The transmission was reported as complete and without error. (Service by Facsimile Transmission to those parties on the attached List with fax numbers indicated.)

☐ (BY PERSONAL SERVICE) By causing to be delivered by hand to the offices of the addressee(s).

☐ (BY OVERNIGHT DELIVERY) By sending by       to the addressee(s) as indicated on the attached list.

     I declare that I am employed in the office of a member of the bar of this Court at whose direction was made.

     Executed on October 2, 2008, at Los Angeles, California.

_____
Mary de Leon

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

In re Woodside Group, LLC
Case No. 6:08-bk-20682 PC

**Debtor**
Leonard K. Arave
Woodside Group LLC
39 East Eagleridge Drive, Suite 102
N. Salt Lake, UT 84054

Elizabeth Lossing
Offices of the United States Trustee
3685 Main Street, Ste. 300
Riverside, CA 92501
E-mail: Elizabeth.Lossing@usdoj.gov

**Parties Requesting Special Notice
By Mail or E-mail**

Attys for Travelers Casualty and Surety Co.
Chad Schexnayder
Jennings, Haug & Cunningham
2800 N. Central Ave., Suite 1800
Phoenix, AZ 85004
E-mail: CLS@jhc-law.com

Attys for Travelers Casualty and Surety Co.
Robert C. Niesley/Kirsten Roe
Watt, Tieder, Hoffar & Fitzgerald, LLC
2040 Main St, Ste. 300
Irvine, CA 92615
E-mail: rniesley@wthf.com

A Murphy Ranch, LLC
c/o Bruce R. Corbett, Esq.
Corbett, Steelman & Specter
18200 Von Karman Ave., Ste. 900
Irvine, CA 92612-900

A Murphy Ranch, LLC
c/o Richard Whitney
Brookfield Homes
12865 Pointe Del Mar, Ste. 200
Del Mar, CA 92014

A Murphy Ranch, LLC
c/o William Seith
Brookfield Homes
Calif. Customer Care
1522 Brookhollow Dr., Ste. #1
Santa Ana, CA 92705

Counsel to KeyBank National Association
Marc S. Cohen, Esq./Steven F. Werth, Esq.
Kaye Scholer, LLP
1999 Avenue of the Stars, Ste. 1700
Los Angeles, CA 90067
E-mail: marccohen@kayescholer.com

Counsel to Stock Building Supply
Scott E. Blakely, Esq.
Blakeley & Blakeley
1000 Quail Street, Suite 200
Newport Beach, CA 92660
E-mail: seb@bandlaw.com

JP Morgan Chase Bank, N.A.
c/o Donald L. Gaffney, Esq.
Snell & Wilmer LLP
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202

Counsel to Strategic Land Advisors, Inc.
Robert P. Goe, Esq.
Goe & Forsythe, LLP
660 Newport Center Dr., Ste. 320
Newport Beach, CA 92660
E-mail: rgoe@goeforlaw.com

Counsel to Ad Hoc C'tee of Noteholders
Michael a. Sherman, Esq.
Bingham McCutchen LLP
355 South Grand Ave., Ste. 4400
Los Angeles, CA 90071
E-mail: Michael.sherman@bingham.com

Counsel to Bank of America
Alan H. Martin, Esq.
Sheppard, Mullin, Richter & Hampton LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626-1993
E-mail: amartin@sheppardmullin.com

Counsel to Griffith Company
Donald E. Bradley/Donna B. Noushkam
Musick, Peeler & Garrett LLP
650 Town Center Dr., Ste. 1200
Costa Mesa, CA 92626
E-mail: d.bradley@mpglaw.com

Counsel for Quip-Con, Inc. and Perrault
Corporation
Jon F. Gauthier
Marks, Golia & Finch, LLP
3900 Harvey Street, 1st Floor
San Diego, CA 92110-2825

Primeshares World Markets, LLC
Primeshares
Attn: RVS
261 Fifth Ave., 22nd Floor
New York, NY 10016
E-mail: ksync@primeshares.com

**Parties Requesting Special Notice via
ECF Notification**

Attorneys for Bank of America
Richard W. Brunette
Sheppard Mullin Richter & Hampton

Kelly C. Griffith, Esq.
Harris Beach, PPLC

Dennis G. Bezanson
Best Best & Krieger, LLP

Franklin C. Adams
Best Best & Krieger, LLP

Curt Todd
Lottner Rubin Fishman Brown & Saul, P.C.

**Creditors Holding 20 Largest Unsecured
Claims**

JP Morgan Chase Bank, NA
Attn: Dept. AZ1-1328
201 North Central Avenue, 14th Floor
Phoenix, AZ 55004

Bank of America
Real Estate Managed Assets
201 E. Washington Street
Phoenix, AZ 85004

Alliance Capital Management Corp.
1345 Avenue of the Americas, 39th Flr.
New York, NY 10105

Metropolitan Life Insurance Company
Investments
10 Park Avenue
P.O. Box 1902
Morristown, NJ 07962

John Hancock Life Insurance Co.
Attn: Isaac Epps
197 Clarendon Street C-2
Boston, MA 02117

The Guardian Life Insurance Company of
America
7 Hanover Square
New York, NY 10004-2616

Wachovia Bank NA
Washcovia Capital Markets, LLC
Attn: Kathy Harkness
301 South College Street, NC0537
Charlotte, NC 28288

ING Investment Management LLC
5780 Powers Ferry Rd. NW #300
Atlanta, GA 30327-4349

Guaranty Bank
Corporate Lending Headquarters
8333 Douglas Avenue
Dallas, TX 75225

Washington Mutual Bank
Corporate Headquarters
1301 Second Avenue
Seattle, WA 98101

US Bank, NA
US Bankcorp Center
800 Nicollet Mall
Minneapolis, MN 55402

Hare & Co.
c/o The Bank of NY
P.O. Box 11203
New York, NY 10286

Keybank NA
Corporate Headquarters
127 Public Square
Cleveland, OH 44144

New York Life Insurance co.
c/o New York Life Investment Mgmt.
51 Madison Ave.
New York, NY 10010

Bank of the West
Real Estate Managed Asset Department
3000 Oak Road, Suite 400
Walnut Creek, CA 94597

Regions Bank (successor by merger to
AmSouth Bank)
Special Assets Dept. – Attn: Carl Ferris
Mail Stop BH10701B
1901 6th Avenue North
Birmingham, AL 35203

Metropolitan Life insurance Company of
Ct.
10 Park Avenue
P.O. Box 1902
Morristown, NJ 07962

Union Bank of California, N.A.
Special Assets Dept. – Attn: Joel Steiner
445 South Figueroa St., 4th Floor
Los Angeles, CA 90071

Wells Fargo Bank NA
Attn: Loan Adjustment Group
MAC U1228-062
299 South Main Street, 6th Floor
Salt Lake City, UT 84111

CUNA Mutual Life Insurance Society
Attn: Managing Director – Investments
5910 Mineral Point Road
Madison, WI 53705

AXA Equitable Life Insurance Co
Neville Hemmings
1290 Ave of the Americas 12th Fl
New York, NY 10104

Bingham McCutchen LLP
Michael Reilly Esq & Mark W Deveno Esq
399 Park Ave
New York, NY 10022-4689
michael.reilly@bingham.com;
mark.deveno@bingham.com

Himefish Co
c/o State Street Bank and Trust
PO Box 5756
Boston, MA 02206

Snell & Wilmer LLP
Michael B Reynolds & Eric S Pezold
600 Anton Blvd Ste 1400
Costa Mesa, CA 92626
mreynolds@swlaw.com;
epezold@swlaw.com

John Hancock Life Insurance Co
General Account
John Hancock Pl
200 Clarendon St
Boston, MA 02117

John Hancock Life Insurance Company
USA
John Hancock Pl
200 Clarendon St
Boston, MA 02117

John Hancock Variable Life Insurance Co
John Hancock Life Insurance Company
Bond and Corporate Finance Group
197 Clarendon St
Boston, MA 02117

JPMorgan Chase
Outsourcing Dept
4 New York Plaza
11th Fl Dept 6583
New York, NY 10004

Manulife Insurance Company
fka Investors Partner Life Insurance
Company
John Hancock Pl
200 Clarendon St
Boston, MA 02117

Metropolitan Life Insurance Company
1 MetLife Plaza
27 01 Queens Plaza North
Long Island City, NY 11101

National Benefit Life Insurance Co
Attn Private Placements 7th Fl
242 Trumbull St
Hartford, CT 06115-0449

Brian O'Connor
First Bank

New England Life Insurance Company
c/o Metropolitan Life Insurance Company
1 MetLife Plaza
27 01 Queens Plaza North
Long Island City, NY 11101

Ohio National Life Assurance Corporation
Attn Investment Dept
PO Box 237
Cincinnati, OH 45201

Primerica Life Insurance Company
Attn Private Placements 7th Fl
242 Trumbull St
Hartford, CT 06115-0449

Riverside County Treasurer
PO Box 12005
Riverside, CA 92502-2205

Security Financial Life Insurance Co
4000 Pine Lake Rd
PO Box 82248
Lincoln, NE 68501-2248

Security Life of Denver Insurance Company
Mike Lisenby
c/o ING Investment Management LLC
5780 Powers Ferry Rd NW Ste 300
Atlanta, GA 30327-4349

State of California
Thomas P O'Brien
3880 Lemon St Ste 210
Riverside, CA 92501

The Ohio National Life Insurance Company
Attn Investment Dept
One Financial Way
Cincinnati, OH 45242

The Ohio National Life Insurance Company
Attn Investment Dept
PO Box 237
Cincinnati, OH 45201

The Travelers Insurance Company
Attn Private Placements 7th Fl
242 Trumbull St
PO Box 150449
Hartford, CT 06115-0449

The Travelers Insurance Company
c/o Metropolitan Life Ins Co
10 Park Ave
PO Box 1902
Morristown, NJ 07962

Comerica Bank
Cynthia B Jones
500 Woodward Ave 4th Fl
Detroit, ,MI 48226

Compass Bank
Corporate Headquarters
15 South 20th St
Birmingham, AL 35233

Suntrust Bank
Corporate Headquarters
303 Peachtree St NE
Atlanta, GA 30308

First Commercial Bank
New York Agency
750 3rd Ave 34th Floor
New York, NY 10017

Callister Nebeker & McCullough
Jeffery L Shields Esq
Zions Bank Building Ste 900
10 East South Temple
Salt Lake City, UT 84133
jlshields@cnmlaw.com

Pillsbury Winthrop Shaw Pittman LLP
Mark D Houle Esq
650 Town Center Dr Ste 700
Costa Mesa, CA 92626-7122
mark.houle@pillsburylaw.com

Bingham McCutchen LLP
Jonathan B Alter
One State St
Hartford, CT 06103-3178
jonathan.alter@bingham.com

Internal Revenue Service
PO Box 21126
Philadelphia, PA 19114

Securities and Exchange Commission
5670 Wilshire Blvd 11th Fl
Los Angeles, CA 90036

United States Department of Justice
Attorney General
Ben Franklin Station
PO Box 683
Washington, DC 20044

United States Attorneys Office
Civil Process Clerk
Federal Building Room 7516
300 North Los Angeles St
Los Angeles, CA 90012

Acacia Bank
Rob Jacobs
7600 Leesburg Pike East Building Ste 200
Falls Church, VA 22043

AKT Investments
Mark Enes
7700 College Town Dr Ste 101
Sacramento, CA 95826

Alameda Investments LLC
Leonard K Arave
39 E Eagleridge Dr Ste 102
N Salt Lake, UT 84054

Ballard Spahr Andrews & Ingersoll LLP
Richard Perelman
1735 Market St
Philadelphia, PA 19103-7599

Bank of America NA
Ronald V Montoro Senior VP
450 B Street Ste 620
San Diego, CA 92101

Beazer Holdings Corp
Bill June President
9121 West Russell Road Ste 200
Las Vegas, NV 89148

Beretta Property Management / VINTACO
David Beretta Director of Real Estate
39560 Stevenson Place Ste 118
Freemont, CA 94539

Bilzin Sumberg Baena Price & Axelrod
Brian Bilzin
2500 Wachovia Financial Center
Miami, FL 33131

Brookfield Homes
Richard T Whitney
12865 Pointe Del Mar Ste 200
Del Mar, CA 92014

Brookfield Homes Corporation
Dennis J Chapman
1522 Brookhollow Dr Ste 1
Santa Ana, CA 92705

Coleman-Toll Limited Partnership
Gary Mayo VP
1140 Town Center Dr Ste 350
Las Vegas, NV 89144

Colemant-Toll Bros Inc
Gary Mayo VP
1140 Town Center Dr Ste 350
Las Vegas, NV 89144

Comerica Bank
David J Lardner Senior VP
455 Capitol Mall Ste 310
MC 4202
Sacramento, CA 95814

Daro Ventures LLC
Dale Francescon
Robert J Francescon
5975 Greenwood Plaza Blvd Ste 105
Greenwood Village, CO 80111

Amy Klarer VP Appraisal Review
11901 Olive Blvd
Creve Coeur, MO 63141

Focus / Kyle Acquisition Group LLC
John Ritter
3455 Cliff Shadows Pkwy Ste 220
Las Vegas, NV 89189

Focus Property Group
I Scott Bogatz General Counsel
3455 Cliff Shadows Pkwy Ste 220
Las Vegas, NV 89129

Focus South Group LLC
John Ritter
3455 Cliff Shadows Pkwy Ste 220
Las Vegas, NV 89189

Guarontor
Christo D Bardis
10630 Mather Blvd
Sacramento, CA 95655

Holland & Knight LLP
John R Nyweide
131 S Dearborn St 30th Fl
Chicago, IL 60603

Honigman Miller Schwartz and Cohn LLP
Thomas E Przybylski
2290 First National Bldg
660 Woodward Ave
Detroit, MI 48226-3506

JAS Development / Sioukas Investments
Dean Sioukas
2277 Fairoaks Blvd Ste 295
Sacramento, CA 95825

JPMorgan Chase Bank NA
John McDonagh
277 Park Ave 8th Fl
New York, NY 10172

KB Home
Christopher Stephens
5655 Badura Ave
Las Vegas, NV  89118

KB Home
Kelly M Allred
10990 Wilshire Blvd 7th Fl
Los Angeles, CA 90024

KB Home
Tony Richelieu
10990 Wilshire Blvd 7th Fl
Los Angeles, CA 90024

KB Home
William R Hollinger
10990 Wilshire Blvd 7th Fl
Los Angeles, CA 90024

KB Home Nevada Inc
James Widner
5655 Badura Ave
Las Vegas, NV 89118

KB Home Nevada Inc
James Widner
5644 Badura Ave
Las Vegas, NV 89118

KB Homes Nevada Inc
Don Delgiorno Division President
5655 Badura Ave
Las Vegas, NV 89118

Kimball Hill Homes Nevada Inc
Stan Gutshall
8 Sunset Way Ste 101
Henderson , NV 89014

Kimball Hill Homes of Nevada Inc
Gary Kazio VP Community Development
8965 South Eastern Ave Ste 200
Las Vegas, NV 89183

Kimball Hill Inc
Hal H Barber
5999 New Wilke Rd Ste 504
Rolling Meadows, IL 60008

Kimball Hills Homes of Nevada Inc
Stan Gutshall
8 Sunset Way Ste 101
Henderson, NV 89014

Kummer Kaempfer Bonner & Renshaw
John C Jeppsen
3800 Howard Hughes Pkwy Seventh Fl
Las Vegas, NV 89109

Lennar
Dustin Barker VP Finance
10345 Professional Circle Ste 100
Reno, NV 89521

Lennar Communities Nevada LLC
Edward Gierman
25 Enterprise
Aliso Viejo, CA 92656

Lennar Communities of Nevada LLC
Jeremy Parness Division President
2920 N Green Valley Pkwy Ste 811
Henderson, NV 89014

Lennar Corporation
Edward Gierman
25 Enterprise
Aliso Viejo, CA 92656

Lennar Corporation
Treasury
25 Enterprise
Aliso Viejo, CA 92656

Lennar Reno LLC
Larry Gualco
10345 Professional Circle Ste 100
Reno, NV 89521

LW D'Andrea LLC
Joy Condon
25 Enterprise
Aliso Viejo, CA 92656

Meritage Homes Corporation
Larry W Seay
8501 E Princess Dr Ste 290
Scottsdale, AZ 85255

Meritage Homes of Nevada
Robb Beville Division President
5555 West Badura Ave Ste 120
Las Vegas, NV 89118

Morrison & Foerster LLP
Thoma R Fileti
555 W Fifth St
Los Angeles, CA 90013-1024

MTH-Homes Nevada Inc
Robert M Beville
555 Went Badura Ave Ste 120
Las Vegas, NV 89118

Pardee Homes of Nevada
Klif Andrews Division President
650 White Dr Ste 100
Las Vegas, NV 89119

PN II Inc
Bruce E Robinson
100 Bloomfield Hill Pkwy No 300
Bloomfield Hills, MI 48304

PN II Inc
John Cahlan
1635 Village Center Circle Ste 250
Las Vegas, NV 89134

Premier Homes
Kevin Yttrup
8205 Sierra College Blvd Ste 100
Roseville, CA 95661

Pulte Homes Inc
Bruce E Robinson
100 Bloomfield Hill Pkwy No 300
Bloomfield Hills, MI 48304

Reyen & Bardis (Placer 356) LP
John Reynen
9848 Business Park Dr Ste H
Sacramento CA 95827

Rice Silbey Reuther & Sullivan
Renee R Reuther
3960 Howard Hughes Pkwy Ste 700
Las Vegas, NV 89109

Rice Silbey Reuther & Sullivan LLP
Stephen M Sullivan
3960 Howard Hughes Pkwy Ste 700
Las Vegas, NV 89109

River West Investments Inc
Brian Vail
3001 "I" Street Ste 200
Sacramento, CA 95816

Ryland Homes Nevada LLC
Cathey S Lowe
24025 Park Sorrento Ste 400
Calabasas, CA 91302

Sacramento Valley View
Eric Gragg
12401 Folsom Blvd Ste 303
Rancho Cordova, CA 95742

Shulz Ranch Developers LLC
Joy Condon
25 Enterpise
Aliso Viejo, CA 92656

Simpson Thacher & Barlett LLP
Peter V Pantaleo
425 Lexington Ave 12th Fl
New York, NY 10017

SKK Developments
Sotiris K Kolokotronis
730 Alhambra Blvd Ste 222
Sacramento, CA 95816

Slenker Communities
William Slenker
6225 Brandon Ave Ste 260
Springfield, VA 22150

Standard Pacific Corp
August Belmont
255 East Rincon Street Ste 200
Corona, CA 92879

Standard Pacific Homes
Jon Nicholson
2240 Douglas Boulevard Ste 200
Roseville, CA 95661

The Ryland Group Inc
Cathey S Lowe
24025 Park Sorrento Ste 400
Calabasas, CA 91302

The Ryland Group Inc
Timothy J Geckle
24025 Park Sorrento Ste 400
Calabasas , CA 91302

Toll Brothers Inc
Ann Marie Mitchell
250 Gibraltar Rd
Horsham, PA 19044

Toll Brothers Inc
Mark J Warshauer VP
250 Gibraltar Rd
Horsham, PA 19044

Union Bank of California
Joel Steiner VP
445 South Figueroa St
Los Angeles, CA 90071

US Bank National Association
Michelle Pearce VP
170 South Main Ste 600
Salt Lake City, UT 84101

Wachovia Bank NA / Real Estate Financial
Services
Elena Bennett Senior VP
18300 Von Karman Ave Ste 450
Irvine, CA 92612

Wachovia Bank Nation Association
C Mark Hedrick
301 South Tryon St
Charlotte, NC 28288

Wayne Farnsworth
39 E Eagleridge Dr Ste 102
N Salt Lake, UT 84054

Woodside Group Inc
Leonard K Arave
39 E Eagleridge Dr Ste 102
N Salt Lake, UT 84054

Woodside R&B 356 LP
John Reynen
9848 Business Park Dr Ste H
Sacramento, CA 95827

American Equity Investment Life Insurance
5000 Westown Pkwy Ste 440
West De Moines, IA 50266

American Family Life Insurance Co
6000 American Pkwy
Madison, WI 53783

Assurity Life Insurance Company
4000 Pine Lake Rd
Lincoln, NE 68516

Chimefish Company
c/o State St Bank & Trust
Box 5756
Boston, MA 02206

CUMIS Insurance Society
c/o CUMIS Mutual Ins Society
Attn Managing Director Investments
5910 Mineral Point Rd
Madison, WI 53705

Invester Partner Life
200 Clarendon St
Boston, MA 02117

Invester Partner Life Insurance Co
200 Clarendon St
Boston, MA 02117

John Hancock Life Insurance Company
197 Clarendon St C 2
Boston, MA 02117

John Hancock Life Insurance Company
USA
197 Clarendon St C 2
Boston, MA 02117

John Hancock Life Variable Insurance Co
197 Clarendon St C 2
Boston, MA 02117

John Hancock Variable Life
197 Clarendon St C 2
Boston, MA 02117

JP Morgan Securities
270 Park Ave
New York, NY 10017

Members Life Insurance Company
5910 Mineral Point Rd
Madison, WI 53705

Met Life and Annuity Company of Ct
10 Park Ave
PO Box 1902
Morristown, NJ 07962

National Benefit Life Insurance Company
One Financial Plaza 13th Fl
Hartford, CT
06103

Nationwide Annuity
One Nationwide Plaza
Columbus, OH 43215

Nationwide Life
One Nationwide Plaza
Columbus, OH 43215

Nationwide Life Insurance Company
One Nationwide Plaza
Columbus, OH 43215

Nationwide Life Insurance Company Life
and Annuity
One Nationwide Plaza
Columbus, OH 43215

Nationwide Life of America
One Nationwide Plaza
Columbus, OH 43215

Nationwide Multiple
One Nationwide Plaza
Columbus, OH 43215

Nationwide Mutual
One Nationwide Plaza
Columbus, OH 43215

New York Life Insurance & Annuity Corp
51 Madison Ave
New York, NY 10010

Ohio National
One Financial Way
Cincinnati, OH 45202

Ohio National Life
One Financial Way
Cincinnati, OH 45202

Ohio National Life Assurance Corporation
One Financial Way
Cincinnati, OH 45202

Primerica
One Financial Plaza 13th Floor
Hartford, CT 06103

Scottsdale Insurance Company
One Nationwide Plaza
Columbus, OH 43215

TCI-MGA10 Park Ave
PO Box 1902
Morristown, NJ 07962

TLAC-MGA10 Park Ave
PO Box 1902
Morristown, NJ 07962

Travelers Insurance Company
10 Park Ave
PO Box 1902
Morristown, NJ 07962

State of California Employment
Development Department
Bankruptcy Group MIC 92E
PO Box 826880
Sacramento, CA 94280-0001

State of California Franchise Tax Board
Attn Bankruptcy
PO Box 2952
Sacramento, CA 95812-2952

JP Morgan Chase Bank NA Admin Agent
Attn Jerri Hunt
80 W Broadway
Executive Offices UT1 7600
Salt Lake City, UT 84101

Adams Bros Interiors of Nevada
PO Box 51916 Unit A
Los Angeles. CA 90051-6216
gtorchia@clopay.com

Bair's Carpet Valley Inc
7465 W Sunset Rd Ste 1200
Las Vegas, NV 89113
llundmark@isidc.com

Banker Insulation
4730 Cecile Ave
Las Vegas, NV 89115

BD Trim Co Inc
6270 Kimberly Ave Ste B
Las Vegas, NV 89122

Cabinet West Distributors
150 Cassia Way No 100
Henderson, NV 89014

Creative Touch Interiors Inc
6480 Cameron St Ste 303
Las Vegas, NV 89118
rob_talkington@ctihome.com

Floors by Design Inc
2043 West Lone Cactus Dr
Phoenix, AZ 85027-6832
teresastewart@floorsbydesign.biz

H & M Roofing Inc CNW
3189 Fitzgerald Rd
Rancho Cordova, CA 95742

Houston Stafford Electric
451 Mark Leany Dr
Henderson, NV 89015

Integrity Wall Systems LLC
1012 Sharp Circle
North Las Vegas, NV 89030

Interior Specialists Inc
7465 W Sunset Rd Ste 1200
Las Vegas, NV 89113

Interstate Plumbing & Air Conditioning
7201 W Post Rd
Las Vegas, NV 89113
andy@ipair.com

Jim Crawford Construction Co., Inc CFW
1189 Holbitt Ave
Clovis, CA 93612

K Bell Plumbing
3476 W 4600 South
West Haven, UT 84401
kevin@kbell.biz
terry@kbell.biz
marilyn@kbell.biz

KBI Construction LLC
4339 Corporate Center Dr Ste 108
North Las Vegas, NV 89030

Lake Las Vegas Properties LLC
1605 Lake Las Vegas Pkwy
Henderson, NV 89011

Landscape Services Inc
PO Box 270698
Las Vegas, NV 89106-0698
702-386-5477
702-2515972
brian.mcbride@landserv.com

Las Vegas Rock Inc
PO Box 19118
Jean, NV 89019
702-791-7625
702-896-4533

Lunas Construction Clean Up
4830 E Cartier Ave
Las Vegas, NV 891155

M G Building Materials
2651 SW Military Dr
San Antonio, TX 78224
mpalacios@mgbuildingmaterials.com

MCH Electric Inc (CBW)
31084 S Hwy 33
Tracy, CA 95304

Red Rock Insulation
5810 S Wynn Rd
Las Vegas, NV 891183

Roadrunner Drywall – NEVADA
4025 East Post Rd
Las Vegas, NV 89120

SelectBuild Nevada Inc (Windows)
4339 Corporate Center Dr No 108
North Las Vegas, NV 89030

Three G Construction
1820 E Deer Valley Rd
Phoenix, AZ 85024
woodside.starts@3-gconstruction.com

Zions First National Bank
Doug Gray
1 South Main Ste 1340
Salt Lake City, UT 84118

Zions First National Bank
Jared Geisler
310 South Main St 14th Fl
Salt Lake City, UT 84101
jared.geisler@zionsbank.com