1   Jeremy V. Richards (CA Bar No. 102300)
2   Linda F. Cantor (CA Bar No. 153762)
    Maxim B. Litvak (CA Bar No. 215852)
3   PACHULSKI STANG ZIEHL & JONES LLP
    10100 Santa Monica Blvd., 11th Floor
4   Los Angeles, California  90067-4100
    Telephone: 310/277-6910
5   Facsimile:  310/201-0760
    jrichards@pszjlaw.com
6   lcantor@pszjlaw.com
7   mlitvak@pszjlaw.com

8   Attorneys for the Debtors and Debtors in Possession

9               UNITED STATES BANKRUPTCY COURT
10              CENTRAL DISTRICT OF CALIFORNIA
                      RIVERSIDE DIVISION

11  In re:                              Chapter 11

12  WOODSIDE GROUP, LLC, et al.,[1]     Case No. 6:08-bk-20682-PC

13                        Debtors.      (Jointly Administered)

14

15

16                                      SECOND AMENDED JOINT PLAN OF
                                        REORGANIZATION OF WOODSIDE
17                                      GROUP, LLC AND AFFILIATED
                                        DEBTORS, AS MODIFIED ON
18                                      OCTOBER 9, 2009

19                                      Plan Confirmation Hearing:
                                        Date:      October 16, 2009
20                                      Time:      10:30 a.m.
                                        Place:     Courtroom 304
21                                                 United States Bankruptcy Court
    ☒  Affects ALL DEBTORS                         3420 Twelfth Street
22                                                 Riverside, CA  92501
                                        Judge:     Honorable Peter H. Carroll
23

24

25

26

27

28
    ───────────────────────
    [1] *See* **Exhibit A** hereto for a listing of the Debtors (as defined herein).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**ARTICLE 1 DEFINITIONS AND RULES OF INTERPRETATION** ....................................1

    **1.1**    Actual Pro Rata Share of Restructured Equity. ...........................................1

    **1.2**    Administrative Claim. ..................................................................................2

    **1.3**    Administrative Claim Bar Date. ..................................................................2

    **1.4**    Agent. ............................................................................................................2

    **1.5**    Aggregate Distribution Share. .....................................................................2

    **1.6**    Aggregate Estimated Value. .........................................................................2

    **1.7**    Aggregate Unsecured Distribution. ..............................................................2

    **1.8**    Alameda. .......................................................................................................2

    **1.9**    Alameda Administrative Claim. ...................................................................2

    **1.10**    Alameda Bond Indemnity Claim. .................................................................2

    **1.11**    Alameda Cause of Action Exhibit ...............................................................3

    **1.12**    Alameda Committee. ....................................................................................3

    **1.13**    Alameda General Unsecured Claim. ............................................................3

    **1.14**    Alameda Liquidating Trust ..........................................................................3

    **1.15**    Alameda Liquidating Trust Agreement. .......................................................3

    **1.16**    Alameda Liquidating Trustee. ......................................................................3

    **1.17**    Alameda Priority Non-Tax Claim. ...............................................................3

    **1.18**    Alameda Priority Tax Claim .........................................................................4

    **1.19**    Alameda Retained Claims. ...........................................................................4

    **1.20**    Alameda Secured Claim. ..............................................................................4

    **1.21**    Alameda Supervisory Board. ........................................................................4

    **1.22**    Alameda Trust Assets. ..................................................................................4

    **1.23**    Alameda Trust Beneficiaries. .......................................................................4

    **1.24**    Alameda Unsecured Deficiency Claim. ........................................................5

    **1.25**    Alameda Unsecured Distribution. .................................................................5

    **1.26**    Allowed. ........................................................................................................5

    **1.27**    Assessment Bond Obligations. .....................................................................5

    **1.28**    Assumption Obligations. ..............................................................................6

    **1.29**    Avoidance Actions. .......................................................................................6

    **1.30**    Banks. ...........................................................................................................6

    **1.31**    Bank Credit Agreement. ...............................................................................6

    **1.32**    Bankruptcy Code. .........................................................................................6

    **1.33**    Bankruptcy Court. ........................................................................................6

    **1.34**    Bankruptcy Rules. ........................................................................................6

    **1.35**    Bar Date. .......................................................................................................6

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

1.36  Bonding Companies. ........................................................................................6

1.37  Business Day. .................................................................................................7

1.38  Cash. ................................................................................................................7

1.39  Causes of Action and Defenses. .....................................................................7

1.40  Century Promissory Note. .............................................................................7

1.41  Ceramista Entities. .........................................................................................7

1.42  Chapter 11 Case(s). .......................................................................................8

1.43  Charter. ...........................................................................................................8

1.44  Claim. ..............................................................................................................8

1.45  Claim Objection Deadline. ............................................................................8

1.46  Class. ...............................................................................................................8

1.47  Committee. ......................................................................................................8

1.48  Confirmation. ..................................................................................................8

1.49  Confirmation Date. .........................................................................................8

1.50  Confirmation Hearing. ...................................................................................9

1.51  Confirmation Order. .......................................................................................9

1.52  Contingent Claim. ...........................................................................................9

1.53  Contributed Claims. .......................................................................................9

1.54  Construction Defect Litigation Claim. ..........................................................9

1.55  Creditor. ..........................................................................................................9

1.56  Customer Deposit. ..........................................................................................9

1.57  Debtors. ...........................................................................................................9

1.58  Disclosure Statement. .....................................................................................9

1.59  Disputed. .........................................................................................................9

1.60  Eagleridge Office Building. ..........................................................................10

1.61  Effective Date. ..............................................................................................10

1.62  Employee Benefit Programs. ........................................................................10

1.63  Employee Licensee Obligations. ..................................................................10

1.64  Employee Licensee. ......................................................................................10

1.65  Employee License. ........................................................................................10

1.66  Estate. ............................................................................................................10

1.67  Estate Assets. ................................................................................................10

1.68  Estimated. ......................................................................................................10

1.69  Estimated New Common Interest. ................................................................11

1.70  Estimated Additional Pro Rata Share of Restructured Equity. ...................11

1.71  Estimated Initial Pro Rata Share of Restructured Equity. ...........................11

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

1.72    Estimated Pro Rata Share of Restructured Equity. ........................................12
1.73    Examiner Identified Litigation. ........................................................................12
1.74    Final Order. ........................................................................................................12
1.75    General Committee. ...........................................................................................12
1.76    Individual Debtor Distribution Share. ............................................................12
1.77    Individual Debtor Recovery Percentage. .........................................................12
1.78    Individual Estimated Value. .............................................................................13
1.79    Insider. ...............................................................................................................13
1.80    Intercompany Claim. .........................................................................................13
1.81    Interests. .............................................................................................................14
1.82    JPMorgan. ..........................................................................................................14
1.83    JV Interests. .......................................................................................................14
1.84    Liberty. ...............................................................................................................14
1.85    Liberty Administrative Claim. .........................................................................14
1.86    Liberty Bond Indemnity Claim. .......................................................................14
1.87    Liberty General Unsecured Claim. ...................................................................14
1.88    Liberty Liquidating Trust. ................................................................................14
1.89    Liberty Liquidating Trust Agreement. .............................................................14
1.90    Liberty Liquidating Trustee. .............................................................................14
1.91    Liberty Priority Non-Tax Claim. ......................................................................15
1.92    Liberty Priority Tax Claim. ..............................................................................15
1.93    Liberty Secured Claim. .....................................................................................15
1.94    Liberty Trust Assets. .........................................................................................15
1.95    Liberty Trust Beneficiaries. ..............................................................................15
1.96    Liberty Unsecured Deficiency Claim. ..............................................................15
1.97    Liberty Unsecured Distribution. .......................................................................16
1.98    Lien. ....................................................................................................................16
1.99    Liquidating Debtors. .........................................................................................16
1.100   Liquidating Debtor Administrative Claim. ......................................................16
1.101   Liquidating Debtor Pre-Relief Date Intercompany Claim. ..............................16
1.102   Liquidating Debtor Interests. ............................................................................16
1.103   Liquidating Debtor Priority Tax Claim. ...........................................................16
1.104   Litigation Net Proceeds Reserve: .....................................................................16
1.105   Litigation Proceeds Distributable Amount. ......................................................16
1.106   Litigation Proceeds Distribution Date. .............................................................16
1.107   Litigation Trust. .................................................................................................17

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

| 1.108 | Litigation Trust Agreement. | 17 |
| 1.109 | Litigation Trust Beneficiaries. | 17 |
| 1.110 | Litigation Trust Board. | 17 |
| 1.111 | Litigation Trust Loan. | 17 |
| 1.112 | Litigation Trust Supplement. | 17 |
| 1.113 | Litigation Trustee. | 17 |
| 1.114 | Maximum Recovery Percentage. | 17 |
| 1.115 | Newco. | 17 |
| 1.116 | Newco Charter Documents. | 17 |
| 1.117 | New Common Interests. | 17 |
| 1.118 | Noteholders. | 17 |
| 1.119 | Note Purchase Agreements. | 18 |
| 1.120 | Notes. | 18 |
| 1.121 | Permitted Payment. | 18 |
| 1.122 | Person. | 18 |
| 1.123 | Petition Date(s). | 18 |
| 1.124 | PHI. | 18 |
| 1.125 | Plan. | 18 |
| 1.126 | Plan Supplement. | 18 |
| 1.127 | Post-Effective Date Financing. | 19 |
| 1.128 | Post-Relief Date Intercompany Claim. | 19 |
| 1.129 | Potential Insider Litigation. | 19 |
| 1.130 | Pre-Relief Date Intercompany Claim. | 19 |
| 1.131 | Priority Tax Claim. | 19 |
| 1.132 | Private Action Creditors. | 19 |
| 1.133 | Pro Rata. | 19 |
| 1.134 | Proceeds. | 19 |
| 1.135 | Professional. | 19 |
| 1.136 | Professional Fees. | 20 |
| 1.137 | Professional Fees Bar Date. | 20 |
| 1.138 | Projects. | 20 |
| 1.139 | Proponents. | 20 |
| 1.140 | Reimbursement Rights. | 20 |
| 1.141 | Reimbursement Rights Proceeds Account. | 20 |
| 1.142 | Rejection Claim Bar Date. | 20 |
| 1.143 | Relief Date. | 20 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1.144   Reorganized Debtors........................................................................20

1.145   Reorganized Debtor Subsidiaries. ................................................20

1.146   Reorganized PHI. ............................................................................20

1.147   Reorganized Woodside. ...................................................................21

1.148   Reorganizing Debtors. .....................................................................21

1.149   Reorganizing Debtor Administrative Claim...................................21

1.150   Reorganizing Debtor Bank Claim. .................................................21

1.151   Reorganizing Debtor Bond Indemnity Claim.................................21

1.152   Reorganizing Debtor Construction Defect Claim. .........................21

1.153   Reorganizing Debtor De Minimis Convenience Claim. .................21

1.154   Reorganizing Debtor Essential Trade Claim..................................21

1.155   Reorganizing Debtor Financial Lender Claim................................22

1.156   Reorganizing Debtor General Unsecured Claim. ...........................22

1.157   Reorganizing Debtor General Unsecured Convenience Claim.......22

1.158   Reorganizing Debtor Interests........................................................23

1.159   Reorganizing Debtor Joint Venture Claim.....................................23

1.160   Reorganizing Debtor Noteholder Claim. ........................................23

1.161   Reorganizing Debtor Pre-Relief Date Intercompany Claim..........23

1.162   Reorganizing Debtor Priority Non-Tax Claim. ..............................23

1.163   Reorganizing Debtor Priority Tax Claim. ......................................23

1.164   Reorganizing Debtor Retained Claims and/or Defenses. ..............23

1.165   Reorganizing Debtor Secured Claim. .............................................23

1.166   Reorganizing Debtor Subsidiaries..................................................23

1.167   Reorganizing Debtor Unsecured Deficiency Claim. ......................24

1.168   Reorganizing Debtor Unsecured Non-Priority Claim. ...................24

1.169   Reorganizing Debtor Warranty Claim. ..........................................24

1.170   Reorganizing Debtors/Liberty/Alameda Intercompany Settlement.............24

1.171   Restructured Equity. .......................................................................24

1.172   Restructured Equity Holders. .........................................................24

1.173   Restructured Debt............................................................................24

1.174   Restructured Debt Documents.........................................................24

1.175   Schedules.........................................................................................25

1.176   Securities Act...................................................................................25

1.177   South Edge.......................................................................................25

1.178   South Edge Agent. ...........................................................................25

1.179   Subject Agreement...........................................................................25

1.180   Subject Transfers. .................................................................................25
1.181   True-Up Equity Distribution. ................................................................25
1.182   Unrestricted Subsidiaries. .....................................................................25
1.183   Unsecured Recovery Percentage. ..........................................................25
1.184   Voting Deadline. ....................................................................................25
1.185   Warranty Program. ................................................................................25
1.186   Woodside. ................................................................................................26

ARTICLE 2 TREATMENT OF UNCLASSIFIED CLAIMS ...................................26
2.1   Unclassified Claims. ..................................................................................26
2.2   Administrative Claims. ..............................................................................26
    2.2.1   Administrative Claim Bar Date. ....................................................26
    2.2.2   Reorganizing Debtors. ...................................................................26
        (a)   Generally. ...........................................................................26
        (b)   Ordinary Course. ................................................................26
        (c)   Source of Payment. ............................................................27
    2.2.3   Liquidating Debtors. ......................................................................27
        (a)   Generally. ...........................................................................27
        (b)   Source of Payment. ............................................................27
2.3   Allowed Priority Tax Claims. ...................................................................28
    2.3.1   Reorganizing Debtors. ...................................................................28
        (a)   Generally. ...........................................................................28
        (b)   Source of Payment. ............................................................28
    2.3.2   Liquidating Debtors. ......................................................................29
        (a)   Generally. ...........................................................................29
        (b)   Source of Payment. ............................................................29
2.4   Claims for Professional Fees. ...................................................................30
2.5   Post-Relief Date Intercompany Claims. ...................................................30

ARTICLE 3 CLASSIFICATION OF CLAIMS AND INTERESTS. .......................30
3.1   Summary of Classification. .......................................................................30
3.2   Classes Applicable to Reorganizing Debtors. ..........................................31
3.3   Classes Applicable to Liquidating Debtors. .............................................31

ARTICLE 4 TREATMENT OF CLAIMS AND INTERESTS  AGAINST THE
    REORGANIZING DEBTORS .............................................................32
4.1   RD Class 1 – Reorganizing Debtor Priority Non-Tax Claims. .............32
    4.1.1   Impairment and Voting. ................................................................32
    4.1.2   Treatment. ......................................................................................32

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

4.1.3   Source of Payment. ........................................................................33

4.2     RD Class 2 – Reorganizing Debtor Secured Claims. ...............................33

4.2.1   Impairment and Voting. ..................................................................33

4.2.2   Alternative Treatment. ...................................................................33

        (a)     Abandonment or Surrender. ...............................................33

        (b)     Cash Payment. ......................................................................33

        (c)     Unimpairment. .......................................................................34

4.2.3   Source of Payment. ........................................................................34

4.2.4   Unsecured Deficiency Claim. .........................................................34

4.3     RD Class 3 – Reorganizing Debtor Essential Trade Claims. ..................34

4.3.1   Impairment and Voting. ..................................................................34

4.3.2   Treatment. ......................................................................................34

4.3.3   Source of Payment. ........................................................................35

4.4     RD Class 4 – Reorganizing Debtor Financial Lender Claims. .................35

4.4.1   Impairment and Voting. ..................................................................35

4.4.2   Treatment. ......................................................................................35

4.4.3   Source of Payment. ........................................................................35

4.5     RD Class 5 – Reorganizing Debtor Bond Indemnity Claims. ..................35

4.5.1   Impairment and Voting. ..................................................................35

4.5.2   Alternative Treatment. ...................................................................36

        (a)     Resolution and Settlement. .................................................36

        (b)     Disallowance. ........................................................................36

        (c)     Estimation and Allowance. ..................................................36

4.5.3   Source of Payment. ........................................................................36

4.6     RD Class 6 – Reorganizing Debtor General Unsecured Claims. .............37

4.6.1   Impairment and Voting. ..................................................................37

4.6.2   Treatment. ......................................................................................37

4.6.3   Source of Payment. ........................................................................37

4.6.4   Estimation. .....................................................................................37

4.7     RD Class 7 – Reorganizing Debtor General Unsecured Convenience Claims. ........37

4.7.1   Impairment and Voting. ..................................................................38

4.7.2   Treatment. ......................................................................................38

4.7.3   Source of Payment. ........................................................................38

4.8     RD Class 8 – Reorganizing Debtor De Minimis Convenience Claims. .....38

4.8.1   Impairment and Voting. ..................................................................38

4.8.2   Treatment. ......................................................................................38

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4.8.3    Source of Payment. ...................................................................39
4.9    RD Class 9 – Reorganizing Debtor Pre-Relief Date Intercompany Claims..............39
4.9.1    Impairment and Voting. ...........................................................39
4.9.2    Treatment. ...............................................................................39
4.10    RD Class 10 – Reorganizing Debtor Interests. .................................39
4.10.1    Impairment and Voting. .........................................................39
4.10.2    Treatment. ...............................................................................39
4.11    Nonconsensual Confirmation. ...........................................................39
ARTICLE 5 TREATMENT OF CLAIMS AND INTERESTS AGAINST THE LIQUIDATING
DEBTORS .........................................................................................................40
5.1    LD Class 1 – Alameda Priority Non-Tax Claims. .................................40
5.1.1    Impairment and Voting. ...........................................................40
5.1.2    Treatment. ...............................................................................40
5.1.3    Source of Payment. ................................................................40
5.2    LD Class 2 – Liberty Priority Non-Tax Claims. ...................................40
5.2.1    Impairment and Voting. ...........................................................40
5.2.2    Treatment. ...............................................................................40
5.2.3    Source of Payment. ................................................................41
5.3    LD Class 3 – Alameda Secured Claims. ...............................................41
5.3.1    Impairment and Voting. ...........................................................41
5.3.2    Alternative Treatment. .............................................................41
(a)    Abandonment or Surrender. ...............................41
(b)    Cash Payment. .....................................................41
(c)    Unimpairment. .....................................................41
5.3.3    Source of Payment. ................................................................42
5.3.4    Unsecured Deficiency Claim. .................................................42
5.4    LD Class 4 – Liberty Secured Claims. ..................................................42
5.4.1    Impairment and Voting. ...........................................................42
5.4.2    Alternative Treatment. .............................................................42
(a)    Abandonment or Surrender. ...............................42
(b)    Cash Payment. .....................................................42
(c)    Unimpairment. .....................................................42
5.4.3    Source of Payment. ................................................................43
5.4.4    Unsecured Deficiency Claim. .................................................43
5.5    LD Class 5 – Alameda Bond Indemnity Claims. ..................................43
5.5.1    Impairment and Voting. ...........................................................43

| | | | |
|---|---|---|---|
| | 5.5.2 | Alternative Treatment. | 43 |
| | | (a) | Resolution and Settlement. | 43 |
| | | (b) | Disallowance. | 43 |
| | | (c) | Estimation and Allowance. | 43 |
| | 5.5.3 | Source of Payment. | 44 |
| 5.6 | LD Class 6 – Alameda General Unsecured Claims. | | 44 |
| | 5.6.1 | Impairment and Voting. | 44 |
| | 5.6.2 | Treatment. | 44 |
| | 5.6.3 | Source of Payment. | 44 |
| 5.7 | LD Class 7 – Liberty Bond Indemnity Claims. | | 44 |
| | 5.7.1 | Impairment and Voting. | 44 |
| | 5.7.2 | Alternative Treatment. | 44 |
| | | (a) | Resolution and Settlement. | 44 |
| | | (b) | Disallowance. | 44 |
| | | (c) | Estimation and Allowance. | 45 |
| | 5.7.3 | Source of Payment. | 45 |
| 5.8 | LD Class 8 – Liberty General Unsecured Claims. | | 45 |
| | 5.8.1 | Impairment and Voting. | 45 |
| | 5.8.2 | Treatment. | 45 |
| | 5.8.3 | Source of Payment. | 45 |
| 5.9 | LD Class 9 – Liquidating Debtor Pre-Relief Date Intercompany Claims. | | 45 |
| | 5.9.1 | Impairment and Voting. | 45 |
| | 5.9.2 | Treatment. | 45 |
| | 5.9.3 | Source of Payment. | 46 |
| 5.10 | LD Class 10 – Liquidating Debtor Interests. | | 46 |
| | 5.10.1 | Impairment and Voting. | 46 |
| | 5.10.2 | Treatment. | 46 |
| 5.11 | Nonconsensual Confirmation. | | 46 |
| ARTICLE 6 IMPLEMENTATION OF THE PLAN. | | | 46 |
| 6.1 | Reorganizing Debtors. | | 46 |
| | 6.1.1 | Formation of Newco. | 46 |
| | 6.1.2 | Management of Newco. | 46 |
| | 6.1.3 | Funding of Newco. | 47 |
| | 6.1.4 | Continued Existence. | 47 |
| | 6.1.5 | No Substantive Consolidation. | 47 |
| | 6.1.6 | Tax Status. | 47 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

| | | | |
|---|---|---|---|
| 6.1.7 | Revesting of Estate Assets. | | 47 |
| 6.1.8 | Retained Claims and/or Defenses. | | 48 |
| 6.1.9 | Issuance of Restructured Debt and Restructured Equity. | | 49 |
| 6.1.10 | Participation in the Plan by Newco. | | 49 |
| 6.1.11 | Post-Effective Date Operations. | | 49 |
| | (a) | Continued Business of Reorganized Debtors | 49 |
| | (b) | Funding of Reorganized Debtors | 50 |
| | (c) | Management of Reorganized Debtors | 50 |
| | (d) | Reorganized Debtors' Charters | 50 |
| 6.1.12 | Litigation Trust. | | 51 |
| | (a) | Establishment of Litigation Trust. | 51 |
| | (b) | Transfer of Assets. | 51 |
| | (c) | Management of the Litigation Trust. | 52 |
| | (d) | Funding the Litigation Trust. | 52 |
| | (e) | Distributions by the Litigation Trust. | 53 |
| | (f) | Duration of Trust. | 53 |
| | (g) | Option to Retain Claims. | 53 |
| 6.2 | Reorganizing Debtors/Liberty/Alameda Intercompany Settlement | | 53 |
| 6.2.1 | Rescission of Subject Agreement and Subject Transfers. | | 54 |
| 6.2.2 | PHI Subordinated Allowed Unsecured Claim Against Alameda. | | 54 |
| 6.2.3 | Assignment to Reorganizing Debtors of Examiner Identified Litigation Against Interest Holders of Woodside Owned by Alameda Estate. | | 55 |
| 6.2.4 | Mutual Releases by and Between Liberty, Alameda and the Reorganizing Debtors. | | 55 |
| | (a) | Release by Alameda, Eagleridge LLC, JSO Land and WHO | 56 |
| | (b) | Release by Reorganizing Debtors, Newco and Liberty | 56 |
| 6.2.5 | Payment of Alameda Allowed Administrative Claims. | | 57 |
| 6.2.6 | Allocation of Certain Reimbursements. | | 57 |
| 6.2.7 | Certain Third Party Releases. | | 59 |
| 6.3 | Liquidating Debtor - Alameda. | | 59 |
| 6.3.1 | Establishment of Alameda Liquidating Trust; Alameda Liquidating Trust Agreement. | | 59 |
| | (a) | Purpose of Alameda Liquidating Trust. | 59 |
| | (b) | Term; Extension. | 60 |
| | (c) | Alameda Liquidating Trust Beneficiaries | 60 |
| | (d) | Status of Alameda Liquidating Trustee. | 60 |
| | (e) | Liquidating Trustee's Authority and Responsibilities | 61 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

(f)     Alameda Supervisory Board ................................................. 61

6.3.2   Transfer of Alameda Assets to Alameda Liquidating Trust. ........ 62

6.3.3   Documentation of Transfers. ................................................ 62

6.3.4   Free and Clear. .................................................................... 62

6.3.5   Transfers of Privileges and Bankruptcy Rights. ..................... 62

6.3.6   Reserved Causes of Action and Defenses. .............................. 63

6.3.7   Dissolution of Alameda. ....................................................... 64

6.3.8   Cancellation of Interests in Alameda. .................................... 64

6.3.9   Injunction. .......................................................................... 64

6.4     Liquidating Debtor – Liberty. ................................................ 65

6.4.1   Establishment of Liberty Liquidating Trust; Liberty Liquidating Trust
        Agreement ........................................................................... 65

        (a)     Purpose of Liberty Liquidating Trust. ......................... 65

        (b)     Term; Extension. ........................................................ 65

        (c)     Liberty Liquidating Trust Beneficiaries. ..................... 66

        (d)     Status of Liberty Liquidating Trustee ......................... 66

        (e)     Liberty Liquidating Trustee's Authority and Responsibilities ........ 67

6.4.2   Transfer of Liberty Assets to Liberty Liquidating Trust. ............ 67

6.4.3   Documentation of Transfers. ................................................ 68

6.4.4   Free and Clear. .................................................................... 68

6.4.5   Transfers of Privileges and Bankruptcy Rights. ..................... 68

6.4.6   Reserved Causes of Action and Defenses. .............................. 68

6.4.7   Dissolution of Liberty. ......................................................... 69

6.4.8   Cancellation of Interests in Liberty. ..................................... 69

6.4.9   Injunction. .......................................................................... 70

6.5     No Substantive Consolidation of Liquidating Debtors. ............ 70

6.5     70

6.6     Miscellaneous. .................................................................... 70

6.6.1   Creditors' Committees. ........................................................ 70

6.6.2   Liquidating Debtors' Records ............................................... 71

6.6.3   Final Decree. ....................................................................... 71

ARTICLE 7 PROVISIONS GOVERNING DISTRIBUTIONS ................................. 72

7.1     Distributions by the Debtors. ................................................ 72

7.2     Distributions on Account of Claims Allowed as of the Effective Date. ........ 72

7.3     Estimation. .......................................................................... 72

7.4     Distributions on Account of Claims Allowed After the Effective Date. ........ 72

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

7.4.1    Distributions on Account of Disputed Claims and Estimated Claims. ........72

7.4.2    No Distributions Pending Allowance..............................................................73

7.4.3    Objection Deadline..........................................................................................73

7.4.4    Reorganizing Debtor Disputed and Estimated Claims Reserve. ..................73

    (a)    Cash and Restructured Debt Reserve. ..............................................73

    (b)    Restructured Equity Reserve. ...........................................................74

    (c)    Litigation Net Proceeds Reserve. .....................................................74

7.4.5    Liquidating Debtor Disputed and Estimated Claims Reserve. ....................75

7.4.6    Settling Disputed Claims. ...............................................................................75

7.5    Distributions in Cash. ...................................................................................................75

7.6    Unclaimed Distributions...............................................................................................75

7.7    Setoff............................................................................................................................76

7.8    Taxes............................................................................................................................77

7.9    De Minimis Distributions. ............................................................................................77

7.10    Special Provisions Relating to Claims Objections......................................................77

ARTICLE 8 EXECUTORY CONTRACTS AND UNEXPIRED LEASES .................................78

8.1    Assumption. ..................................................................................................................78

8.2    Rejection. ......................................................................................................................78

8.3    Assumption Obligations. ..............................................................................................79

8.4    Effect of Confirmation Order. ......................................................................................79

8.5    Post-Petition Agreements. ............................................................................................80

8.6    Insurance of Debtors.....................................................................................................80

8.7    Employee Benefit Programs. ........................................................................................80

8.8    Employee Licensee Obligations. ..................................................................................80

8.9    Reorganizing Debtor Warranty Claims.........................................................................80

8.10    Customer Deposits. .....................................................................................................81

8.11    Assessment Bond Obligations. ...................................................................................81

ARTICLE 9 CONDITIONS PRECEDENT ..............................................................................81

9.1    Conditions to Confirmation. .........................................................................................81

9.2    Conditions to Effectiveness. .........................................................................................81

9.3    Waiver of Conditions. ...................................................................................................82

ARTICLE 10 EFFECTS OF CONFIRMATION .......................................................................82

10.1    Binding Effect.............................................................................................................82

10.2    Property Revests Free and Clear. ...............................................................................83

10.3    Discharge and Permanent Injunction. ........................................................................83

10.4    Limitation of Liability. ...............................................................................................84

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

10.5    Exoneration and Reliance. .................................................................................84

**ARTICLE 11 RETENTION OF JURISDICTION** ................................................................84

**ARTICLE 12 AMENDMENT AND WITHDRAWAL OF PLAN** ........................................86

12.1    Amendment of the Plan. ................................................................................86

12.2    Revocation or Withdrawal of the Plan. ........................................................87

**ARTICLE 13 MISCELLANEOUS** .........................................................................................87

13.1    Effectuating Documents; Further Transactions; Timing .............................87

13.2    Exemption From Transfer Taxes. .................................................................87

13.3    Governing Law. .............................................................................................88

13.4    Modification of Payment Terms. ..................................................................88

13.5    Provisions Enforceable. ................................................................................88

13.6    Quarterly Fees to the United States Trustee. ...............................................88

13.7    Timing of Payment. ......................................................................................88

13.8    Notice of Confirmation. ...............................................................................88

13.9    Successors and Assigns. ...............................................................................89

13.10   Notices. .........................................................................................................89

        13.10.1 Notice to Claim and Interest Holders ............................................89

        13.10.2 Post-Effective Date Notices. .........................................................89

13.11   Incorporation by Reference. .........................................................................90

13.12   Computation of Time. ...................................................................................90

13.13   Conflict of Terms. .........................................................................................90

13.14   Severability of Plan Provisions. ...................................................................90

13.15   Securities Law Matters. ................................................................................90

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

1        Woodside Group, LLC and each other Debtor (as defined below) collectively propose the

2    following plan of reorganization under Section 1121(a) of the Bankruptcy Code for the resolution of

3    the Debtors' outstanding Claims and Interests.  All Creditors and other parties-in-interest should

4    refer to the Disclosure Statement for a discussion of the Debtors' history, business, properties,

5    results of operations, and events leading up to the contemplated restructuring and for a summary and

6    analysis of the Plan and certain related matters.  *All holders of Claims against, and Interests in, any*

7    *of the Debtors are encouraged to read the Plan, the Disclosure Statement and the related*

8    *solicitation materials in their entirety before voting to accept or reject the Plan.*

9        Subject only to the restrictions on modifications set forth in Section 1127 of the Bankruptcy

10   Code and Bankruptcy Rule 3019, the Proponents expressly reserve the right to alter, amend or

11   modify the Plan.

### ARTICLE 1

### DEFINITIONS AND RULES OF INTERPRETATION

14       For purposes of this Plan, except as expressly provided or unless the context otherwise

15   requires, all capitalized terms not otherwise defined herein have the meanings ascribed to them in

16   Article 1 of the Plan.  Any term used in the Plan that is not defined herein but is defined in the

17   Bankruptcy Code or the Bankruptcy Rules retains the meaning specified for such term in the

18   Bankruptcy Code or the Bankruptcy Rules, as applicable.  Whenever the context requires, each of

19   the terms defined herein includes the plural as well as the singular, the masculine gender includes the

20   feminine gender, and the feminine gender includes the masculine gender.

21       As used in this Plan, the following terms have the meanings specified below:

22   **1.1   Actual Pro Rata Share of Restructured Equity.**  With respect to any Allowed

23   Reorganizing Debtor Unsecured Non-Priority Claim that is entitled to receive Restructured Equity

24   under the Plan, the term "Actual Pro Rata Share of Restructured Equity" shall mean, as of the date

25   on which the final distribution of Restructured Equity is being made, an amount of Restructured

26   Equity necessary to permit the holder of such Allowed Claim to hold a percentage of the New

27   Common Interests obtained by dividing (i) the Aggregate Distribution Share applicable to such

28   holder's claims by (ii) the Aggregate Distribution Share of holders of all Claims entitled to receive

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

DOCS_LA:207036.7

1    Restructured Equity under the Plan.

2    **1.2   Administrative Claim.** A Claim for any expense of administration of the Chapter 11

3 Cases under Section 503(b) of the Bankruptcy Code and entitled to priority under Section 507(a)(2)

4 of the Bankruptcy Code, including, without limitation: (a) actual and necessary costs and expenses

5 incurred in the ordinary course of the Debtors' businesses; (b) actual and necessary costs and

6 expenses of preserving the Estates or administering the Chapter 11 Cases; (c) all Professional Fees;

7 and (d) all fees payable under 28 U.S.C. § 1930, provided that, the term "Administrative Claim"

8 does not include Post-Relief Date Intercompany Claims.

9    **1.3   Administrative Claim Bar Date.** The date established under the Confirmation Order,

10 which is expected to be approximately thirty (30) days following the Effective Date, by which

11 certain entities asserting an Administrative Claim (excluding Professional Fee Claims) against any of

12 the Debtors must have filed a request for payment with the Bankruptcy Court under Section 503(a)

13 of the Bankruptcy Code, or be forever barred from asserting an Administrative Claim against the

14 Debtors and/or sharing in any distribution under the Plan.

15    **1.4   Agent.** Any shareholder, director, officer, employee, partner, member, agent, attorney,

16 accountant, advisor or other representative of any person or entity (solely in their respective

17 capacities as such, and not in any other capacity).

18    **1.5   Aggregate Distribution Share.** For each holder of an Allowed Reorganizing Debtor

19 Unsecured Non-Priority Claim, the term "Aggregate Distribution Share" shall mean the sum

20 obtained by adding each of such holder's Individual Debtor Distribution Shares.

21    **1.6   Aggregate Estimated Value.** The sum obtained by adding the Individual Estimated

22 Values for all the Reorganizing Debtors.

23    **1.7   Aggregate Unsecured Distribution.** A distribution of all Restructured Debt and

24 Restructured Equity.

25    **1.8   Alameda.** Alameda Investments, LLC.

26    **1.9   Alameda Administrative Claim.** An Administrative Claim against Alameda.

27    **1.10   Alameda Bond Indemnity Claim.** A Claim against Alameda arising under

28 indemnities issued in favor of any of the Bonding Companies in connection with the Debtors' and

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

1    their related entities' business operations.

2        **1.11  Alameda Cause of Action Exhibit.**  Has the meaning set forth in Section 6.3.6 of the

3    Plan.

4        **1.12  Alameda Committee.**  The Official Committee of Unsecured Creditors, appointed by

5    the United States Trustee in the Chapter 11 Case of Alameda in accordance with Section 1102(a)(1)

6    of the Bankruptcy Code, as it may be reconstituted from time to time.

7        **1.13  Alameda General Unsecured Claim.**  Any Claim against Alameda that is *not* (a) an

8    Alameda Administrative Claim, (b) an Alameda Priority Tax Claim, (c) a Post-Relief Date

9    Intercompany Claim, (d) an Alameda Priority Non-Tax Claim, (e) an Alameda Secured Claim, (f) an

10    Alameda Bond Indemnity Claim, or (g) a Liquidating Debtor Pre-Relief Date Intercompany Claim;

11    provided, however, that an Alameda Bond Indemnity Claim Allowed pursuant to Section 5.5.2(c) of

12    the Plan shall be treated as an Alameda General Unsecured Claim for purposes of distributions under

13    the Plan.  For the avoidance of doubt, the term "Alameda General Unsecured Claim" shall include

14    any Claim against Alameda arising under Section 502(h) of the Bankruptcy Code.

15        **1.14  Alameda Liquidating Trust.**  That certain trust formed pursuant to Section 6.3.1 of

16    the Plan and the Alameda Liquidating Trust Agreement, and created for the Alameda Trust

17    Beneficiaries.

18        **1.15  Alameda Liquidating Trust Agreement.**  That certain "Alameda Liquidating Trust

19    Agreement and Declaration of Trust" which will establish the Alameda Liquidating Trust, such

20    agreement to be entered into pursuant to the Plan, substantially in the form to be filed with the

21    Bankruptcy Court prior to the Confirmation Hearing.

22        **1.16  Alameda Liquidating Trustee.**  The trustee of the Alameda Liquidating Trust, who

23    has the powers and responsibilities set forth in the Plan and the Alameda Liquidating Trust

24    Agreement, or any successor trustee appointed pursuant to the Alameda Liquidating Trust

25    Agreement.  The identity of the individual proposed to serve as the Alameda Liquidating Trustee as

26    of the Effective Date shall be disclosed within ten (10) days of the Confirmation Hearing.

27        **1.17  Alameda Priority Non-Tax Claim.**  A Claim (or portion of such Claim) against

28    Alameda entitled to priority under Sections 507(a)(3), (a)(4), (a)(5) or (a)(7) of the Bankruptcy

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

1    Code, excluding any Intercompany Claims.

2        **1.18  Alameda Priority Tax Claim.**  A Priority Tax Claim against Alameda.

3        **1.19  Alameda Retained Claims.**  Any and all rights, Claims or Causes of Action and

4    Defenses that Alameda may have against any manager, agent, employee, officer or director of

5    Alameda in connection with the operations, acts or omissions of Alameda, including the

6    performance of any duties or the exercise of any rights in connection with the ventures of which

7    Alameda was or is a party, member or otherwise owns or owned an ownership interest; provided,

8    however, that the term Alameda Retained Claims shall exclude any Examiner Identified Litigation

9    against any Interest holders in Woodside belonging to the Alameda Estate.

10        **1.20  Alameda Secured Claim.**  A Claim against Alameda secured by a valid, perfected and

11    enforceable Lien that is not subject to avoidance under bankruptcy or non-bankruptcy law, equal to

12    the lesser of: (a) the Allowed amount of such Claim; or (b) the value, as determined by the

13    Bankruptcy Court pursuant to Sections 506(a) and 1129(b) of the Bankruptcy Code and Bankruptcy

14    Rule 3012, of: (i) the interest of the holder of such Claim in the property of Alameda securing such

15    Claim, or (ii) the amount subject to setoff under Section 553 of the Bankruptcy Code.  To avoid any

16    doubt, an Alameda Secured Claim includes, without limitation, any Claim on account of real

17    property taxes encumbering any of Alameda's real property interests, if any, if and to the extent such

18    Claim is deemed secured under applicable nonbankruptcy law.

19        **1.21  Alameda Supervisory Board.**  The board to be established on the Effective Date as

20    described in Section 6.3.1(f) of the Plan, the members of which will be identified prior to the

21    Confirmation Hearing.

22        **1.22  Alameda Trust Assets.**  All assets of Alameda and its Estate of any kind, except the

23    claims being assigned to the Reorganizing Debtors pursuant to the Reorganizing

24    Debtors/Liberty/Alameda Intercompany Settlement.

25        **1.23  Alameda Trust Beneficiaries.**  All holders of Allowed Alameda Administrative

26    Claims, Allowed Liquidating Debtor Priority Tax Claims against Alameda, and Allowed LD Class 1,

27    LD Class 3, LD Class 5 and LD Class 6 Claims against Alameda and/or their respective transferees

28    (to the extent permitted under the Alameda Liquidating Trust Agreement).

*PACHULSKI STANG ZIEHL & JONES LLP*
*ATTORNEYS AT LAW*
*LOS ANGELES, CALIFORNIA*

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

DOCS_LA:207036.7

**1.24 Alameda Unsecured Deficiency Claim.** A Claim by a Person holding an Alameda Secured Claim to the extent the value of such Creditor's collateral, as determined in accordance with Section 506(a) of the Bankruptcy Code, is less than the Allowed amount of such Creditor's Claim as of the Petition Date, after taking into account any election made pursuant to Section 1111(b) of the Bankruptcy Code.

**1.25 Alameda Unsecured Distribution.** A distribution of Alameda's assets that remain after the payment of (a) all Allowed Alameda Administrative Claims, (b) all Allowed Alameda Priority Tax Claims, (c) all Post-Relief Date Intercompany Claims against Alameda, (d) all Allowed Alameda Priority Non-Tax Claims, and (e) all Allowed Alameda Secured Claims.

**1.26 Allowed.** With respect to Claims: (a) any Claim, proof of which, request for payment of which, or application for allowance of which, was filed on or before the Bar Date, Administrative Claim Bar Date, or Professional Fees Bar Date, as applicable, for Claims of such type against the Debtors; (b) any Claim, if no proof of Claim or Interest is filed, which has been or is listed by the Debtors in the Schedules as liquidated in amount and not disputed or contingent; or (c) any Claim that is expressly allowed by the Plan or under any agreement entered into in connection with the Plan; provided, however, that with respect to any Claim described in clauses *(a)* or *(b)* above, such Claim shall be considered Allowed only if either (i) no objection to the allowance thereof has been interposed by the Claims Objection Deadline, or (ii) an objection to the Claim has been interposed and a Final Order has been entered allowing the Claim for distribution purposes, or (iii) the Reorganized Debtors or the Liquidating Debtors, as applicable, have agreed to settle and allow the Claim, without the need for Bankruptcy Court approval, in accordance with this Plan. The term "Allowed," when used to modify a reference in the Plan to any Claim, Interest, Class of Claims or Class of Interests, means a Claim or Interest (or any Claim or Interest in any such Class) that is so allowed. The term "Allowed Claim," will not, for purposes of computing distributions under the Plan, include interest on such claim from and after the Relief Date, other than as permitted under the Bankruptcy Code.

**1.27 Assessment Bond Obligations.** A Claim against any of the Reorganizing Debtors or the Reorganized Debtors, whether arising prior to the Petition Date or thereafter, relating to or

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  arising under any municipal bond assessments, infrastructure improvement bonds, homeowner

2  association dues or associated maintenance charges.

3  **1.28  Assumption Obligations.**  Any monetary amounts payable to the non-debtor party to

4  any executory contract or unexpired lease, pursuant to Section 365(b)(1) of the Bankruptcy Code, as

5  a condition to the assumption of such contract or lease.

6  **1.29  Avoidance Actions.**  All causes of action of the Estates under Sections 506(c), 506(d),

7  510, 542, 543, 544, 545, 547, 548, 549, 550 and 553 of the Bankruptcy Code, whether or not such

8  actions seek an affirmative recovery or are raised as a defense to, or offset against, the allowance of

9  a Claim.

10  **1.30  Banks.**  The various lenders under the Bank Credit Agreement, and any successors or

11  assigns thereof.

12  **1.31  Bank Credit Agreement.**  That certain *Credit Agreement*, dated as of May 5, 2006 (as

13  amended, and together with all supporting and ancillary documents), among PHI, JPMorgan, as

14  Administrative Agent, and the Banks.  The obligations under the Bank Credit Agreement were

15  guaranteed by Woodside and the other Reorganizing Debtors.

16  **1.32  Bankruptcy Code.**  Title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as

17  amended from time to time and as applicable to the Chapter 11 Cases.

18  **1.33  Bankruptcy Court.**  The United States Bankruptcy Court for the Central District of

19  California having jurisdiction over the Chapter 11 Cases.

20  **1.34  Bankruptcy Rules.**  Collectively, the Federal Rules of Bankruptcy Procedure as

21  promulgated under 28 U.S.C. § 2075 and any Local Rules of the Bankruptcy Court, as applicable to

22  the Chapter 11 Cases.

23  **1.35  Bar Date.**  The date or dates fixed by the Bankruptcy Court by which all Persons

24  (except holders of Claims that appear in the Schedules and are **not** scheduled as disputed, contingent

25  or unliquidated) asserting a Claim against the Debtors (except Administrative Claims) must file a

26  proof of claim or be forever barred from asserting a Claim against the Debtors or their property,

27  voting on the Plan, and sharing in distributions under the Plan.

28  **1.36  Bonding Companies.**  Collectively, Travelers Casualty and Surety Company of

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

6

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

1  America, Arch Insurance Company, Lexon Insurance Company, Bond Safeguard Insurance

2  Company, Indemnity Company of California, Developers Insurance Company, Developers Surety

3  and Indemnity Company, Insurance Company of the West, Explorer Insurance Company,

4  Independence Casualty and Surety Company, and any of the foregoing entities' successors or

5  assigns.

6      **1.37  Business Day.**  Any day other than a Saturday, Sunday, or legal holiday, as defined in

7  Bankruptcy Rule 9006(a).

8      **1.38  Cash.**  Currency, checks drawn on a bank insured by the Federal Deposit Insurance

9  Corporation, certified checks, money orders, negotiable instruments, and wire transfers of

10  immediately available funds.

11      **1.39  Causes of Action and Defenses.**  Any and all claims, causes of action, cross-claims,

12  counterclaims, third-party claims, indemnity claims, contribution claims, defenses, demands, rights,

13  actions, debts, damages, judgments, remedies, Liens, indemnities, guarantees, suits, obligations,

14  liabilities, accounts, offsets, recoupments, rights of subordination or subrogation, powers, privileges,

15  licenses, and franchises of any kind or character whatsoever, known or unknown, contingent or non-

16  contingent, matured or unmatured, suspected or unsuspected, disputed or undisputed, foreseen or

17  unforeseen, direct or indirect, choate or inchoate, whether arising before, on or after the Petition

18  Date(s), including through the Effective Date, in contract or in tort, in law or in equity, or pursuant to

19  any other theory of law. "Causes of Action" shall include, but not be limited to: (a) all rights of

20  setoff, counterclaim, or recoupment and claims on contracts or for breaches of duties imposed by

21  law or in equity; (b) the right to object to Claims; (c) all claims pursuant to Sections 362 of the

22  Bankruptcy Code, (d) all Avoidance Actions; (e) any state law fraudulent transfer claims; and (f)

23  such claims and defenses as fraud, mistake, duress, and usury and any other defenses set forth in

24  Section 558 of the Bankruptcy Code.

25      **1.40  Century Promissory Note.**  That certain promissory note made by Century

26  Communities Colorado, LLC in the approximate principal amount of $12mm.

27      **1.41  Ceramista Entities.**  Woodside Ceramista City, LLC and Woodside Ceramista Village,

28  LLC.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

1.42  **Chapter 11 Case(s).**  The case(s) under Chapter 11 of the Bankruptcy Code in which each Debtor is a debtor and debtor-in-possession pending before the Bankruptcy Court.

1.43  **Charter.**  The articles or certificate of incorporation, the operating or membership agreement, the partnership agreement, and the by-laws of a company, as applicable, and any amendments to the foregoing.

1.44  **Claim.**  A claim as defined in Section 101(5) of the Bankruptcy Code, including, without limitation: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, arising at any time before the Effective Date; or (b) any right to an equitable remedy arising at any time before the Effective Date for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

1.45  **Claim Objection Deadline.**  The last day by which the Reorganized Debtors or the Liquidating Debtors may file objections to Claims, which day shall be the later of (a) 120 days after the Effective Date, (b) 60 days after the filing of a proof of claim for, or request for payment of, such Claim, or (c) such other date as the Bankruptcy Court may order.  The filing of a motion to extend the Claims Objection Deadline by any party shall automatically extend the Claims Objection Deadline until a Final Order is entered on such motion.  In the event that such motion to extend the Claims Objection Deadline is denied by the Bankruptcy Court, or approved by the Bankruptcy Court and reversed on appeal, the Claims Objection Deadline shall be the later of the then current Claims Objection Deadline (as previously extended, if applicable) or 30 days after entry of a Final Order denying the motion to extend the Claims Objection Deadline.

1.46  **Class.**  A category of holders of Claims or Interests which are substantially similar in nature to the Claims or Interests of other holders placed in such category, as designated in Article 3 of this Plan.

1.47  **Committee.**  Either the General Committee or the Alameda Committee.

1.48  **Confirmation.**  Entry of the Confirmation Order by the Bankruptcy Court.

1.49  **Confirmation Date.**  The date on which the Bankruptcy Court enters the Confirmation

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

1    Order.

2    **1.50  Confirmation Hearing.** The hearing or hearings to consider confirmation of the Plan

3    under Section 1129 of the Bankruptcy Code, as such hearing(s) may be adjourned from time to time.

4    **1.51  Confirmation Order.** The order of the Bankruptcy Court confirming the Plan.

5    **1.52  Contingent Claim.** Any Claim for which a proof of Claim has been filed with the

6    Bankruptcy Court which (a) has not accrued and is dependent on a future event that has not occurred

7    and may never occur, and (b) has not been Allowed.

8    **1.53  Contributed Claims.** The Reorganizing Debtors' rights in the Examiner Identified

9    Litigation, including any rights obtained from Alameda pursuant to Section 6.2.3 of the Plan.

10    **1.54  Construction Defect Litigation Claim.** Any Claim disputed by any of the

11    Reorganizing Debtors, or any threatened or pending civil actions or statutory pre-litigation claims

12    against any of the Reorganizing Debtors, relating to construction defects, warranty claims, or third

13    party indemnity claims relating to, or arising from, the purchase of a home from the Reorganizing

14    Debtors or ownership of a home constructed by the Reorganizing Debtors, including without

15    limitation a class action designated as *In re Kitec Fitting Litigation* pending in the District Court of

16    Clark County, Nevada.

17    **1.55  Creditor.** Has the meaning set forth in Section 101(10) of the Bankruptcy Code.

18    **1.56  Customer Deposit.** An earnest money deposit paid in Cash to the Reorganizing

19    Debtors by a customer as an advance or deposit against the purchase of a home from the

20    Reorganizing Debtors pursuant to a purchase contract that remains pending as of the Effective Date.

21    **1.57  Debtors.** Collectively, the Reorganizing Debtors and the Liquidating Debtors.

22    **1.58  Disclosure Statement.** The disclosure statement relating to the Plan including, without

23    limitation, all exhibits and schedules to such disclosure statement, in the form approved by the

24    Bankruptcy Court under Section 1125 of the Bankruptcy Code and Bankruptcy Rule 3017.

25    **1.59  Disputed.** With respect to Claims, means any Claim that is not an Allowed Claim or

26    Estimated Claim. The term "Disputed," when used to modify a reference in the Plan to any Claim,

27    Interest, Class of Claims or Class of Interests, means a Claim or Interest (or any Claim or Interest in

28    any such Class) that is so disputed.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

**1.60  Eagleridge Office Building.**  That certain office building located at 39 East Eagleridge Drive, North Salt Lake, Utah.

**1.61  Effective Date.**  The first Business Day after the Confirmation Date immediately following the first day upon which all of the conditions to the occurrence of the Effective Date have been satisfied or waived in accordance with the Plan.

**1.62  Employee Benefit Programs.**  All ongoing health, dental, flexible medical payment, workers' compensation, and life and disability insurance policies established by the Reorganizing Debtors, and any accrued vacation, sick leave, or matching contributions to the Debtors' 401(k) Savings and Retirement Plan, incurred prior to the applicable Petition Dates in the ordinary course of business for the benefit of their employees.  No pre-bankruptcy bonus or severance programs in favor of the Reorganizing Debtors' employees are included in the term "Employee Benefit Programs."

**1.63  Employee Licensee Obligations.**  A Claim of an Employee Licensee, whether arising prior to the Petition Date or thereafter, against any of the Reorganizing Debtors or the Reorganized Debtors arising under or in connection with an Employee License.

**1.64  Employee Licensee.**  A current or former employee of the Reorganizing Debtors or Reorganized Debtors who holds, or previously held, an Employee License.

**1.65  Employee License.**  A license, utilized by any of the Reorganizing Debtors or Reorganized Debtors, that was issued by a governmental agency or governmental unit to a qualified individual authorizing home construction, development and associated sales activities within a particular jurisdiction or region.

**1.66  Estate.**  The estate of each Debtor created in its respective Chapter 11 Case in accordance with Section 541 of the Bankruptcy Code or otherwise.

**1.67  Estate Assets.**  All of the property of each Estate of each Debtor under Section 541 of the Bankruptcy Code.

**1.68  Estimated.**  With respect to Claims, means any Claim that has been estimated by the Bankruptcy Court pursuant to Section 502(c) of the Bankruptcy Code or by agreement of the applicable Debtors and the holder of such Claim.  The term "Estimated," when used to modify a

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

1   reference in the Plan to any Claim, Interest, Class of Claims or Class of Interests, means a Claim or

2   Interest (or any Claim or Interest in any such Class) that is so estimated.

3       **1.69  Estimated New Common Interest.**  At any time means the total number of New

4   Common Interests that the Reorganized Debtors estimate will have been distributed once all

5   Disputed Claims have become Allowed Claims or have otherwise been disallowed.

6       **1.70  Estimated Additional Pro Rata Share of Restructured Equity.**  With respect to any

7   Reorganizing Debtor Unsecured Non-Priority Claim that becomes an Allowed Claim after the

8   Effective Date and is entitled to receive (but has not yet received) Restructured Equity under the

9   Plan with respect to such Allowed Claim, the term "Estimated Additional Pro Rata Share of

10  Restructured Equity" shall mean, as of any distribution date, an amount of Restructured Equity

11  necessary to permit the holder of such Allowed Claim to receive a percentage of the Estimated New

12  Common Interests obtained by dividing (i) the Aggregate Distribution Share applicable to such

13  holder's Claims by (ii) the aggregate of (A) the Aggregate Distribution Share of holders of all other

14  previously Allowed Claims that have received Restructured Equity under the Plan prior to such

15  distribution date plus (B) the Aggregate Distribution Share of holders of all then Allowed Claims

16  entitled to receive Restructured Equity under the Plan on such distribution date plus (C) the

17  Aggregate Distribution Share of holders of all Disputed Claims that the Reorganized Debtors then

18  estimate may become Allowed Claims entitled to receive Restructured Equity under the Plan.

19      **1.71  Estimated Initial Pro Rata Share of Restructured Equity.**  With respect to any

20  Allowed Reorganizing Debtor Unsecured Non-Priority Claim that is entitled to receive Restructured

21  Equity under the Plan, the term "Estimated Initial Pro Rata Share of Restructured Equity" shall

22  mean, as of the Effective Date, an amount of Restructured Equity necessary to permit the holder of

23  such Allowed Claim to hold a percentage of the Estimated New Common Interests obtained by

24  dividing (i) the Aggregate Distribution Share applicable to such holder's Claims by (ii) the aggregate

25  of (A) the Aggregate Distribution Share of holders of all then Allowed Claims entitled to receive

26  Restructured Equity under the Plan plus (B) the Aggregate Distribution Share of holders of all

27  Disputed Claims that the Reorganized Debtors then estimate may become Allowed Claims entitled

28  to receive Restructured Equity under the Plan.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

11

DOCS_LA:207036.7

**1.72  Estimated Pro Rata Share of Restructured Equity.**  With respect to any holder of Restructured Equity under the Plan, the term "Estimated Pro Rata Share of Restructured Equity" shall mean, at any distribution date, an amount of Restructured Equity necessary to permit such holder to realize its Estimated Initial Pro Rata Share of Restructured Equity plus its Estimated Additional Pro Rata Share of Restructured Equity.

**1.73  Examiner Identified Litigation.**  Those certain claims identified under headings 1 and 2, entitled "Examiner-Identified Litigation," in Exhibit "C" hereto.

**1.74  Final Order.**  An order or judgment of the Bankruptcy Court that has been entered upon the docket in the Chapter 11 Cases and: (a) as to which the time to appeal, petition for certiorari, or move for reargument or rehearing has expired and as to which no appeal, petition for certiorari, or other proceedings for reargument or rehearing shall then be pending; or (b) in the event that an appeal, writ of certiorari, reargument or rehearing has been sought, such order or judgment shall have been affirmed by the highest court to which such order or judgment was appealed, or certiorari has been denied, or from which reargument or rehearing was sought, and the time to take any further appeal, petition for certiorari, or move for reargument or rehearing shall have expired; provided that, the possibility that a motion under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure or any analogous rule under the Bankruptcy Rules may be filed with respect to such order or judgment shall not cause such order or judgment not to be a "Final Order."

**1.75  General Committee.**  The Official Committee of Unsecured Creditors, appointed by the United States Trustee in the Chapter 11 Cases of the Reorganizing Debtors in accordance with Section 1102(a)(1) of the Bankruptcy Code, as it may be reconstituted from time to time.

**1.76  Individual Debtor Distribution Share.**  For each holder of an Allowed Reorganizing Debtor Unsecured Non-Priority Claim, the term "Individual Debtor Distribution Share" shall mean the following with respect to each Debtor against which such claimant holds an Allowed Reorganizing Debtor Unsecured Non-Priority Claim:  the amount obtained by multiplying the claimant's Individual Debtor Recovery Percentage by the Individual Estimated Value of the applicable Debtor.

**1.77  Individual Debtor Recovery Percentage.**  For each holder of an Allowed

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

1  Reorganizing Debtor Unsecured Non-Priority Claim, the term "Individual Debtor Recovery

2  Percentage" shall mean the following with respect to each Debtor against which such claimant holds

3  an Allowed Reorganizing Debtor Unsecured Non-Priority Claim:  the percentage obtained by

4  dividing (x) the amount of the holder's Allowed Reorganizing Debtor Unsecured Non-Priority Claim

5  against the applicable Debtor by (y) the total of all Allowed Reorganizing Debtor Unsecured Non-

6  Priority Claims against such Debtor.

7      **1.78  Individual Estimated Value.**  For each Reorganizing Debtor, the estimated value

8  allocated to such Debtor entity by the Debtors (in consultation with the General Committee) as set

9  forth in the Plan Supplement.  Each Individual Estimated Value has been prepared based on the

10  Debtors' estimates of (a) the value of the applicable Debtor's assets (excluding Interests in other

11  Debtors), plus (b) the value of any Pre-Relief Date Intercompany Claims owing to the applicable

12  Debtor, plus (c) the value of any Post-Relief Date Intercompany Claims owing to the applicable

13  Debtor, less (d) the value of any Pre-Relief Date Intercompany Claims owing from the applicable

14  Debtor, less (e) the value of any Post-Relief Date Intercompany Claims owing by the applicable

15  Debtor (including on account of any Reorganizing Debtor General Unsecured Convenience Claims,

16  Reorganizing Debtor De Minimis Convenience Claims, Reorganizing Debtor Administrative

17  Claims, Reorganizing Debtor Priority Tax Claims, Reorganizing Debtor Essential Trade Claims,

18  Reorganizing Debtor Priority Non-Tax Claims and Reorganizing Debtor Secured Claims anticipated

19  to be paid by PHI on behalf of the applicable Debtor pursuant to the Plan), less (f) for PHI, the value

20  of any Post-Relief Date Intercompany Claims owing to PHI on account of any Reorganizing Debtor

21  General Unsecured Convenience Claims, Reorganizing Debtor De Minimis Convenience Claims,

22  Reorganizing Debtor Administrative Claims, Reorganizing Debtor Priority Tax Claims,

23  Reorganizing Debtor Essential Trade Claims, Reorganizing Debtor Priority Non-Tax Claims and

24  Reorganizing Debtor Secured Claims anticipated to be paid by PHI on behalf of the applicable

25  Debtor pursuant to the Plan.

26      **1.79  Insider.**  Has the meaning set forth in Section 101(31) of the Bankruptcy Code.

27      **1.80  Intercompany Claim.**  A Claim held by any of the Debtors against another Debtor,

28  whether or not a proof of Claim is filed or deemed filed pursuant to Section 501 of the Bankruptcy

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

1    Code in either of the Chapter 11 Cases.

2        **1.81  Interests.**  An equity security of any of the Debtors within the meaning of Section

3    101(16) of the Bankruptcy Code.

4        **1.82  JPMorgan.**  JP Morgan Chase Bank, N.A.

5        **1.83  JV Interests.**  Those certain joint venture interests identified in Exhibit "A" to the

6    Subject Agreement.

7        **1.84  Liberty.**  Liberty Holdings Group, LLC.

8        **1.85  Liberty Administrative Claim.**  An Administrative Claim against Liberty.

9        **1.86  Liberty Bond Indemnity Claim.**  A Claim against Liberty arising under indemnities

10    issued in favor of any of the Bonding Companies in connection with the Debtors' and their related

11    entities' business operations.

12        **1.87  Liberty General Unsecured Claim.**  Any Claim against Liberty that is *not* (a) a

13    Liberty Administrative Claim, (b) a Liberty Priority Tax Claim, (c) a Post-Relief Date Intercompany

14    Claim, (d) a Liberty Priority Non-Tax Claim, (e) a Liberty Secured Claim, (f) a Liberty Bond

15    Indemnity Claim, or (g) a Liquidating Debtor Pre-Relief Date Intercompany Claim, provided,

16    however, that a Liberty Bond Indemnity Claim Allowed pursuant to Section 5.7.2(c) of the Plan

17    shall be treated as a Liberty General Unsecured Claim for purposes of distributions under the Plan..

18    For the avoidance of doubt, the term "Liberty General Unsecured Claim" shall include any Claim

19    against Liberty arising under Section 502(h) of the Bankruptcy Code.

20        **1.88    Liberty Liquidating Trust.**  That certain trust formed pursuant to Section 6.4.1 of the

21    Plan and the Liberty Liquidating Trust Agreement, and created for the Liberty Trust Beneficiaries.

22        **1.89    Liberty Liquidating Trust Agreement.**  That certain "Liberty Liquidating Trust

23    Agreement and Declaration of Trust" which will establish the Liberty Liquidating Trust, such

24    agreement to be entered into pursuant to the Plan, substantially in the form to be filed with the

25    Bankruptcy Court prior to the Confirmation Hearing.

26        **1.90    Liberty Liquidating Trustee.**  The trustee of the Liberty Liquidating Trust, who has

27    the powers and responsibilities set forth in the Plan and the Liberty Liquidating Trust Agreement, or

28    any successor trustee appointed pursuant to the Liberty Liquidating Trust Agreement. The identity

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

1    of the individual proposed to serve as the Liberty Liquidating Trustee (to be selected by the Debtors,

2    with the consent of the General Committee and the Alameda Committee) as of the Effective Date

3    shall be disclosed prior to the Confirmation Hearing.

4    **1.91  Liberty Priority Non-Tax Claim.**  A Claim (or portion of such Claim) against Liberty

5    entitled to priority under Sections 507(a)(3), (a)(4), (a)(5) or (a)(7) of the Bankruptcy Code,

6    excluding any Intercompany Claims.

7    **1.92  Liberty Priority Tax Claim.**  A Priority Tax Claim against Liberty.

8    **1.93  Liberty Secured Claim.**  A Claim against Liberty secured by a valid, perfected and

9    enforceable Lien that is not subject to avoidance under bankruptcy or non-bankruptcy law, equal to

10   the lesser of: (a) the Allowed amount of such Claim; or (b) the value, as determined by the

11   Bankruptcy Court pursuant to Sections 506(a) and 1129(b) of the Bankruptcy Code and Bankruptcy

12   Rule 3012, of: (i) the interest of the holder of such Claim in the property of Liberty securing such

13   Claim, or (ii) the amount subject to setoff under Section 553 of the Bankruptcy Code.  To avoid any

14   doubt, a Liberty Secured Claim includes, without limitation, any Claim on account of real property

15   taxes encumbering any of Liberty's real property interests, if any, if and to the extent such Claim is

16   deemed secured under applicable nonbankruptcy law.

17   **1.94  Liberty Trust Assets.**  All assets of Liberty and its Estate of any kind, excluding any

18   and all assets to be assigned or otherwise transferred to Alameda and all claims and rights of Liberty

19   being released pursuant to the Reorganizing Debtors/Liberty/Alameda Intercompany Settlement.

20   **1.95  Liberty Trust Beneficiaries.**  All holders of Allowed Liberty Administrative Claims,

21   Allowed Liquidating Debtor Priority Tax Claims against Liberty, and Allowed LD Class 2, LD Class

22   4, LD Class 7 and LD Class 8 Claims against Liberty and/or their respective transferees (to the

23   extent permitted under the Liberty Liquidating Trust Agreement).

24   **1.96  Liberty Unsecured Deficiency Claim.**  A Claim by a Person holding a Liberty

25   Secured Claim to the extent the value of such Creditor's collateral, as determined in accordance with

26   Section 506(a) of the Bankruptcy Code, is less than the Allowed amount of such Creditor's Claim as

27   of the Petition Date, after taking into account any election made pursuant to Section 1111(b) of the

28   Bankruptcy Code.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

**1.97    Liberty Unsecured Distribution.**  A distribution of Liberty's assets that remain after the payment of (a) all Allowed Liberty Administrative Claims, (b) all Allowed Liberty Priority Tax Claims, (c) all Post-Relief Date Intercompany Claims against Liberty, (d) all Allowed Liberty Priority Non-Tax Claims, and (e) all Allowed Liberty Secured Claims.

**1.98    Lien.**  A lien as defined in Section 101(37) of the Bankruptcy Code, but not including a lien to the extent that it has been avoided in accordance with Sections 506(d), 510, 544, 545, 546, 547, 548, 553, or 549 of the Bankruptcy Code.

**1.99    Liquidating Debtors.**  Collectively, Liberty and Alameda.

**1.100    Liquidating Debtor Administrative Claim.**  An Administrative Claim against any Liquidating Debtor.

**1.101    Liquidating Debtor Pre-Relief Date Intercompany Claim.**  A Pre-Relief Date Intercompany Claim owing from any Liquidating Debtor to any other Liquidating Debtor.

**1.102    Liquidating Debtor Interests.**  An Interest in any of the Liquidating Debtors.

**1.103    Liquidating Debtor Priority Tax Claim.**  A Priority Tax Claim against any Liquidating Debtor.

**1.104    Litigation Net Proceeds Reserve:**  A reserve to be established by the Litigation Trustee or the Reorganizing Debtors, as applicable, for purposes of holding the proceeds of any recovery from the litigation or settlement of the Contributed Claims.  The Litigation Net Proceeds Reserve shall be net of any fees, costs and expenses incurred in pursuing such recovery or administering the Litigation Trust (including the costs of repaying any loan obtained in accordance with Section 6.1.12(d) of the Plan) and shall also be net of the payment of any taxes incurred as a result of such recovery.

**1.105    Litigation Proceeds Distributable Amount.**  At any time, shall mean the amount of the Litigation Net Proceeds Reserve that is available for distribution to the holders of Allowed Claims in RD Class 4, RD Class 5, RD Class 6 and RD Class 7, after reserve for all Disputed Claims and Estimated Claims in such Classes.

**1.106    Litigation Proceeds Distribution Date.**  (i) Each March 31, June 30, September 30 or December 31 on which the Litigation Proceeds Distributable Amount exceeds the sum of

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

$2,500,000, and (ii) any other date on which the Litigation Trustee or the Reorganizing Debtors, as applicable, determine to make a distribution.

**1.107 Litigation Trust.** The trust that may be formed in accordance with Section 6.1.12 of the Plan to hold Contributed Claims.

**1.108 Litigation Trust Agreement.** The agreement that may be executed as of the Effective Date establishing the Litigation Trust in accordance with Section 6.1.12 of the Plan.

**1.109 Litigation Trust Beneficiaries.** The Holders of Allowed Claims in RD Class 4, RD Class 5, RD Class 6, and RD Class 7 as well as any disputed claims reserve established to protect the interests of holders of Disputed Claims and Estimated Claims against such Classes.

**1.110 Litigation Trust Board.** The advisory Committee formed in accordance with Section 6.1.12 of the Plan to approve certain key decisions of the Litigation Trustee pertaining to the operation and management of the Litigation Trust.

**1.111 Litigation Trust Loan.** Defined in Section 6.1.12(d) herein.

**1.112 Litigation Trust Supplement.** The Bankruptcy Court filing pertaining to the Litigation Trust and to be filed by the General Committee in advance of the Confirmation Hearing in accordance with Section 6.1.12 of the Plan.

**1.113 Litigation Trustee.** The Person appointed pursuant to Section 6.1.12 of the Plan to act as trustee of and administer the Litigation Trust.

**1.114 Maximum Recovery Percentage.** An Unsecured Recovery Percentage of the Aggregate Estimated Value equal to 0.065%.

**1.115 Newco.** A Delaware limited liability company formed in accordance with Section 6.1.1 of the Plan. Newco shall be a pass-through entity for tax purposes.

**1.116 Newco Charter Documents.** The Charter Documents of Newco, as set forth in **Exhibit B** of the Plan.

**1.117 New Common Interests.** The units of Newco authorized and issued under the Plan, provided that, up to 5% of the New Common Interests may be reserved at the discretion of Newco for purposes of employee compensation or incentives.

**1.118 Noteholders.** The various holders of the Notes, and any successors or assigns thereof.

SECOND AMENDED JOINT PLAN OF REORGANIZATION

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**1.119    Note Purchase Agreements.** Those certain agreements entitled *Note Purchase Agreement* dated September 16, 2003, *Note Purchase Agreement* dated May 25, 2004, *Note Purchase Agreement* dated July 7, 2005, and *Note Purchase Agreement* dated March 28, 2006, in each case as amended from time to time and in each case together with all supporting and ancillary documents.

**1.120    Notes.** Those certain unsecured notes issued by PHI in favor of the Noteholders under the Note Purchase Agreements. The obligations under the Notes were guaranteed by Woodside and the other Reorganizing Debtors.

**1.121    Permitted Payment.** A payment on account of an obligation arising prior to the Petition Date made by the Debtors during the Chapter 11 Cases with the permission of the Bankruptcy Court.

**1.122    Person.** Any individual, corporation, partnership, joint venture, association, joint-stock company, trust, unincorporated association or organization, or other "person" as defined in Bankruptcy Code § 101, as well as any governmental agency, governmental unit or associated political subdivision.

**1.123    Petition Date(s).** As applicable: (a) March 31, 2008, the date when Woodside Portofino, Inc. and Woodside AMR 107, Inc. commenced their voluntary Chapter 11 Cases; (b) August 20, 2008, the date when petitions were filed against the other Debtors (except the Ceramista Entities or the Liquidating Debtors) commencing their involuntary Chapter 11 Cases; (c) December 19, 2008, the date when the Ceramista Entities commenced their voluntary Chapter 11 Cases; (d) January 9, 2009, the date when Alameda commenced its voluntary Chapter 11 Case; or (e) February 26, 2009, the date when Liberty commenced its voluntary Chapter 11 Case.

**1.124    PHI.** Pleasant Hill Investments, LC.

**1.125    Plan.** This Chapter 11 plan of reorganization, either in its present form or as it may be amended, supplemented or modified from time to time, including all of its annexed exhibits and schedules.

**1.126    Plan Supplement.** A compilation of documents and forms of documents, schedules and exhibits to the Plan, including any exhibits to the Plan that are not filed contemporaneously with

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

the filing of the Plan and any amendments to exhibits filed contemporaneously with the filing of the

Plan. The Debtors shall file the Plan Supplement no later than fifteen days prior to the Voting

Deadline; provided, however, the Debtors shall file the form of Alameda Liquidating Trust

Agreement, any material changes to the Charter of Liberty, the Alameda Cause of Action Exhibit,

and an amended form of Indenture as part of the Plan Supplement by no later than ten (10) days

prior to the Confirmation Hearing.

**1.127  Post-Effective Date Financing.**  Any exit financing facility or other lending

arrangement obtained by the Reorganized Debtors or the Liquidating Debtors on or after the

Effective Date.

**1.128  Post-Relief Date Intercompany Claim.**  An Intercompany Claim arising on or after

the Relief Date.

**1.129  Potential Insider Litigation.**  The Causes of Action and Defenses identified in

**Exhibit C** to the Plan under the categories "Examiner-Identified Litigation" and "Employee/Insider

Litigation."

**1.130  Pre-Relief Date Intercompany Claim.**  An Intercompany Claim arising prior to the

Relief Date.

**1.131  Priority Tax Claim.**  A Claim (or portion of such Claim) of a governmental unit

entitled to priority under Section 507(a)(8) of the Bankruptcy Code.

**1.132  Private Action Creditors.**  Defined in Section 6.2.3 herein.

**1.133  Pro Rata.**  With respect to Claims or Interests within the same Class or sub-Class, the

proportion that the Claim or Interest bears to the sum of all Claims or Interests, as the case may be,

within such Class or sub-Class.

**1.134  Proceeds.**  All Cash, interest, profits, dividends, proceeds, products, and rents earned,

accrued, collected, derived, received or recovered on account of the liquidation, sale, transfer,

enforcement or other disposition of property, including all "proceeds" as defined under Section

9102(a)(64) of the California Uniform Commercial Code.

**1.135  Professional.**  Each Person: (a) employed in accordance with an order of the

Bankruptcy Court under Sections 327 or 1103 of the Bankruptcy Code and to be compensated for

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

19

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

services under Sections 327, 328, 329, 330, 331 and 504 of the Bankruptcy Code, or (b) for which compensation or reimbursement is requested under Section 503(b)(2)-(b)(6) of the Bankruptcy Code.

**1.136 Professional Fees.** A Claim by a Professional for compensation for services rendered and reimbursement for expenses submitted in accordance with Sections 330, 331, or 503(b) of the Bankruptcy Code for fees and expenses incurred after the applicable Petition Date(s) and prior to and including the Effective Date.

**1.137 Professional Fees Bar Date.** The date fixed under the Confirmation Order, which is expected to be approximately sixty (60) days following the Effective Date, by which any Professional seeking an award of Professional Fees must have filed an application with the Bankruptcy Court under Section 330(a) of the Bankruptcy Code, or be forever barred from an award of Professional Fees against the Debtors and/or sharing in any distribution under the Plan.

**1.138 Projects.** Defined in Section 6.2.6 herein.

**1.139 Proponents.** Collectively, the Debtors.

**1.140 Reimbursement Rights.** Defined in Section 6.2.6 herein.

**1.141 Reimbursement Rights Proceeds Account.** Defined in Section 6.2.6 herein.

**1.142 Rejection Claim Bar Date.** The date fixed under the Confirmation Order, which is expected to be approximately thirty (30) days following the Effective Date, by which any Person asserting a Claim for damages arising from the rejection of an executory contract or unexpired lease under this Plan must have filed a proof of Claim with the Bankruptcy Court under Section 502(g) of the Bankruptcy Code, or be forever barred from asserting such Claim against the Debtors and sharing in any distribution under the Plan.

**1.143 Relief Date.** September 16, 2008, the date when the Bankruptcy Court entered an order for relief against the Debtors, except Woodside Portofino, Inc., Woodside AMR 107, Inc., Alameda, Liberty and the Ceramista Entities.

**1.144 Reorganized Debtors.** Each Reorganizing Debtor, from and after the Effective Date.

**1.145 Reorganized Debtor Subsidiaries.** The Reorganizing Debtor Subsidiaries, from and after the Effective Date.

**1.146 Reorganized PHI.** PHI, from and after the Effective Date.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

1.147 **Reorganized Woodside.** Woodside, from and after the Effective Date.

1.148 **Reorganizing Debtors.** Collectively, each debtor identified on **Exhibit A** except Alameda and Liberty.

1.149 **Reorganizing Debtor Administrative Claim.** An Administrative Claim against any Reorganizing Debtor.

1.150 **Reorganizing Debtor Bank Claim.** A Claim against any of the Reorganizing Debtors arising under, or relating to, the Bank Credit Agreement.

1.151 **Reorganizing Debtor Bond Indemnity Claim.** A Claim against any of the Reorganizing Debtors arising under indemnities issued in favor of any of the Bonding Companies in connection with the Debtors' and their related entities' business operations.

1.152 **Reorganizing Debtor Construction Defect Claim.** A Claim against any of the Reorganizing Debtors asserted in any Construction Defect Litigation against any Reorganizing Debtor or otherwise relating to defective construction involving any Reorganizing Debtor.

1.153 **Reorganizing Debtor De Minimis Convenience Claim.** Any Claim against any of the Reorganizing Debtors that would otherwise be a Reorganizing Debtor Financial Lender Claim, Reorganizing Debtor Bond Indemnity Claim, Reorganizing Debtor General Unsecured Claim or Reorganizing Debtor General Unsecured Convenience Claim, but for the fact that the Claim is Allowed in an amount that is greater than $0 and less than or equal to $5,000; *provided, however,* that a Claim may not be sub-divided into multiple Claims of $5,000 or less for purposes of receiving treatment as a Reorganizing Debtor De Minimis Convenience Claim.

1.154 **Reorganizing Debtor Essential Trade Claim.** A Claim against any of the Reorganizing Debtors for goods and/or services provided to any Reorganizing Debtor in the ordinary course of business by a Creditor that the Reorganizing Debtors, in their sole and absolute discretion, determine to be an essential trade vendor to the Reorganized Debtors, provided that, the term "Reorganizing Debtor Essential Trade Claim" does not include (i) any Claims of Insiders of any Debtors; (ii) any Claims of current or former employees of any Debtors; or (iii) any Claims for damages arising from the rejection of an executory contract or unexpired lease by the Reorganizing Debtors. The Reorganizing Debtors shall include in the Plan Supplement a schedule of Claims

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

1    identified by the Reorganizing Debtors as Essential Trade Claims and the amount at which the

2    Reorganizing Debtors are prepared to Allow each such Claim.

3    **1.155  Reorganizing Debtor Financial Lender Claim.** A Claim that is either a

4    Reorganizing Debtor Bank Claim or a Reorganizing Debtor Noteholder Claim.

5    **1.156  Reorganizing Debtor General Unsecured Claim.** Any Claim against any

6    Reorganizing Debtor that is *not* (a) a Reorganizing Debtor Administrative Claim, (b) a Reorganizing

7    Debtor Priority Tax Claim, (c) a Post-Relief Date Intercompany Claim, (d) a Reorganizing Debtor

8    Priority Non-Tax Claim, (e) a Reorganizing Debtor Secured Claim, (f) a Reorganizing Debtor

9    Essential Trade Claim, (g) a Reorganizing Debtor Financial Lender Claim, (h) a Reorganizing

10    Debtor Bond Indemnity Claim, (i) a Reorganizing Debtor General Unsecured Convenience Claim,

11    (j) a Reorganizing Debtor De Minimis Convenience Claim, or (k) a Reorganizing Debtor Pre-Relief

12    Date Intercompany Claim.  For the avoidance of doubt, the term "Reorganizing Debtor General

13    Unsecured Claim" shall include (except to the extent that such Claims are treated as Reorganizing

14    Debtor General Unsecured Convenience Claims or Reorganizing Debtor De Minimis Convenience

15    Claims) (a) any Reorganizing Debtor Joint Venture Claim, (b) any Reorganizing Debtor

16    Construction Defect Claim, (c) any Reorganizing Debtor Warranty Claim, and (d) any Claim against

17    any Reorganizing Debtor arising under Section 502(h) of the Bankruptcy Code.

18    **1.157  Reorganizing Debtor General Unsecured Convenience Claim.** Any Claim against

19    any of the Reorganizing Debtors that would otherwise be a Reorganizing Debtor Financial Lender

20    Claim, Reorganizing Debtor Bond Indemnity Claim or Reorganizing Debtor General Unsecured

21    Claim, but for the fact that the Unsecured Recovery Percentage of the Aggregate Unsecured

22    Distribution payable on account of such Claim under Sections 4.4, 4.5, or 4.6 of the Plan, as

23    applicable, is less than or equal to the Maximum Recovery Percentage, or in the event that the

24    Unsecured Recovery Percentage of the Aggregate Unsecured Distribution exceeds the Maximum

25    Recovery Percentage, the holder of such Claim has agreed to reduce the distribution to the

26    Maximum Recovery Percentage; *provided, however*, that a Claim may not be sub-divided into

27    multiple Claims for purposes of receiving treatment as a Reorganizing Debtor General Unsecured

28    Convenience Claim.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

**1.158  Reorganizing Debtor Interests.**  An Interest in any of the Reorganizing Debtors.

**1.159  Reorganizing Debtor Joint Venture Claim.**  A Claim against Woodside and/or PHI arising under guarantees issued in favor of certain creditors of, or holders of interests in, the Joint Ventures.

**1.160  Reorganizing Debtor Noteholder Claim.**  A Claim against any of the Reorganizing Debtors arising under, or relating to, the Notes.

**1.161  Reorganizing Debtor Pre-Relief Date Intercompany Claim.**  A Pre-Relief Date Intercompany Claim owing from any Reorganizing Debtor to any other Reorganizing Debtor.

**1.162  Reorganizing Debtor Priority Non-Tax Claim.**  A Claim (or portion of such Claim) against any Reorganizing Debtor entitled to priority under Sections 507(a)(3), (a)(4), (a)(5) or (a)(7) of the Bankruptcy Code, excluding any Intercompany Claims.

**1.163  Reorganizing Debtor Priority Tax Claim.**  A Priority Tax Claim against any Reorganizing Debtor.

**1.164  Reorganizing Debtor Retained Claims and/or Defenses.**  All Causes of Action and Defenses held by the Reorganizing Debtors or the Estates of the Reorganizing Debtors against any Person, including but not limited to the Reorganizing Debtor Retained Claims and/or Defenses identified in **Exhibit C** to this Plan.

**1.165  Reorganizing Debtor Secured Claim.**  A Claim against any Reorganizing Debtor secured by a valid, perfected and enforceable Lien that is not subject to avoidance under bankruptcy or non-bankruptcy law, equal to the lesser of: (a) the Allowed amount of such Claim; or (b) the value, as determined by the Bankruptcy Court pursuant to Sections 506(a) and 1129(b) of the Bankruptcy Code and Bankruptcy Rule 3012, of: (i) the interest of the holder of such Claim in the property of the Reorganizing Debtor securing such Claim, or (ii) the amount subject to setoff under Section 553 of the Bankruptcy Code.  For the avoidance of doubt, the term "Reorganizing Debtor Secured Claim" does not include Assessment Bond Obligations, but does include, without limitation, any Claim on account of real property taxes encumbering any Reorganizing Debtors' real property interests, if and to the extent such Claim is deemed secured under applicable nonbankruptcy law.

**1.166  Reorganizing Debtor Subsidiaries.**  All Reorganizing Debtors other than Woodside

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    and PHI.

2        **1.167 Reorganizing Debtor Unsecured Deficiency Claim.** A Claim by a Person holding a

3    Reorganizing Debtor Secured Claim to the extent the value of such Creditor's collateral, as

4    determined in accordance with Section 506(a) of the Bankruptcy Code, is less than the Allowed

5    amount of such Creditor's Claim as of the Petition Date, after taking into account any election made

6    pursuant to Section 1111(b) of the Bankruptcy Code.

7        **1.168 Reorganizing Debtor Unsecured Non-Priority Claim.** A Claim that is either (a) a

8    Reorganizing Debtor Financial Lender Claim, (b) a Reorganizing Debtor Bond Indemnity Claim, (c)

9    a Reorganizing Debtor Joint Venture Claim, (d) a Reorganizing Debtor Construction Defect Claim,

10   (e) a Reorganizing Debtor General Unsecured Claim, (f) a Reorganizing Debtor General Unsecured

11   Convenience Claim, or (g) a Reorganizing Debtor De Minimis Convenience Claim.

12       **1.169 Reorganizing Debtor Warranty Claim.** A Claim against any of the Reorganizing

13   Debtors or the Reorganized Debtors arising under, or with respect to, the Warranty Program or any

14   other warranty obligation, whether express, implied, statutory or otherwise, relating to the

15   Reorganizing Debtors' various building and construction projects. For the avoidance of doubt,

16   Reorganizing Debtor Warranty Claims do not include Reorganizing Debtor Construction Defect

17   Claims or any other Claim for which a litigation or dispute is pending as of the Effective Date.

18       **1.170 Reorganizing Debtors/Liberty/Alameda Intercompany Settlement.** The

19   intercompany settlement set forth in Section 6.2 of the Plan.

20       **1.171 Restructured Equity.** The New Common Interests authorized and issued in

21   connection with the Plan.

22       **1.172 Restructured Equity Holders.** Those Persons who receive distributions of

23   Restructured Equity pursuant to this Plan.

24       **1.173 Restructured Debt.** The new debt issued by Newco, and guaranteed by each other

25   Reorganized Debtor pursuant to the Restructured Debt Documents and the Plan. The Restructured

26   Debt will be secured by personal property.

27       **1.174 Restructured Debt Documents.** The indenture, notes and guarantees, as such

28   documents may be amended, supplemented or modified from time to time in accordance with their

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

respective terms, representing the Restructured Debt under the Plan.  The Restructured Debt Documents will be in substantially the form attached hereto as **Exhibit D**.

**1.175  Schedules.**  The schedules of assets and liabilities, the list of holders of Interests, and the statements of financial affairs filed by the Debtors in the Chapter 11 Cases, under Section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, as such schedules, lists, and statements may have been or may be supplemented or amended from time to time.

**1.176  Securities Act.**  The Securities Act of 1933, as amended.

**1.177  South Edge.**  South Edge, LLC.

**1.178  South Edge Agent.** The agent for the senior secured lenders to South Edge.

**1.179  Subject Agreement.**  That certain Note and Interest Transfer Agreement made by and between PHI, Liberty and Alameda.

**1.180  Subject Transfers.**  Any and all transactions and transfers entered into in connection with, or pursuant to the Subject Agreement.

**1.181  True-Up Equity Distribution.**  At any distribution date means, with respect to any holder of an Allowed Claim entitled to receive Restructured Equity under the Plan, a distribution of an additional amount of Restructured Equity necessary to cause such holder to have received aggregate distributions of Restructured Equity under the Plan equal to its then current Estimated Pro Rata Share of Restructured Equity.

**1.182  Unrestricted Subsidiaries.**  Collectively, Liberty and its wholly-owned direct and indirect subsidiaries, including Alameda.

**1.183  Unsecured Recovery Percentage.**  For each holder of an Allowed Reorganizing Debtor Unsecured Non-Priority Claim, the term "Unsecured Recovery Percentage" shall mean the percentage obtained by dividing such claimant's Aggregate Distribution Share by the Aggregate Estimated Value.

**1.184  Voting Deadline.**  The date ordered by the Bankruptcy Court to serve as the voting deadline for submission of ballots in respect of the Plan.

**1.185  Warranty Program.**  All warranty obligations or customer programs established by the Reorganizing Debtors for the benefit of their customers, as modified from time to time, whether

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

25

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

1    or not such plans or programs were or had been terminated according to their terms before the

2    pertinent Petition Date or during the Chapter 11 Cases.

3       **1.186  Woodside.**  Woodside Group, LLC.

4                      **ARTICLE 2**

5           **TREATMENT OF UNCLASSIFIED CLAIMS**

6       **2.1  Unclassified Claims.**  As provided in Section 1123(a)(1) of the Bankruptcy Code,

7    Administrative Claims and Priority Tax Claims against the Debtors are not classified for purposes of

8    voting on, or receiving distributions under, the Plan.  Holders of such Claims are not entitled to vote

9    on the Plan.  All such Claims are instead treated separately in accordance with this Article 2 and in

10    accordance with the requirements set forth in Section 1129(a)(9) of the Bankruptcy Code.

11       **2.2  Administrative Claims.**

12         **2.2.1  Administrative  Claim  Bar  Date.**  All  requests  for  payment  of

13    Administrative Claims (except with respect to Professional Fees, which shall instead be subject to

14    the Professional Fees Bar Date) must be filed by the Administrative Claim Bar Date or the holders

15    thereof shall be forever barred from asserting such Administrative Claims against the Debtors or

16    from sharing in any distribution under the Plan.

17         **2.2.2  Reorganizing Debtors.**

18           **(a)  Generally.**  Each Allowed Reorganizing Debtor Administrative Claim

19    (except for Professional Fees, which shall be treated as set forth in Section 2.4 of the Plan) shall,

20    unless the holder of such Claim shall have agreed to different treatment of such Claim, be paid in

21    full in Cash by the Reorganized Debtors on the latest of: (a) the Effective Date, or as soon thereafter

22    as practicable; (b) such date as may be fixed by the Bankruptcy Court, or as soon thereafter as

23    practicable; (c) the tenth Business Day after such Claim is Allowed, or as soon thereafter as

24    practicable; (d) such date as the holder of such Claim and the Reorganized Debtors may agree; and

25    (e) the date such Claim is otherwise due according to its terms.

26           **(b)  Ordinary Course.**  Notwithstanding anything in Section 2.2.1 to the

27    contrary, holders of Reorganizing Debtor Administrative Claims based on liabilities incurred in the

28    ordinary course of the Reorganizing Debtors' businesses following the applicable Petition Date shall

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

not be required to comply with the Administrative Claims Bar Date, provided, however, that such holders have otherwise submitted an invoice, billing statement or other evidence of indebtedness to the applicable Reorganizing Debtor in the ordinary course of business, and provided, further, that the Reorganizing Debtors and/or the Reorganized Debtors, to the extent of any disagreement with any such invoice, billing statement or other evidence of indebtedness, may file with the Bankruptcy Court an objection to such invoice, billing statement or other evidence of indebtedness as though the claimant thereunder had filed a Reorganizing Debtor Administrative Claim with the Bankruptcy Court.

(c)    **Source of Payment.** Distributions to holders of Allowed Reorganizing Debtor Administrative Claims (other than for Professional Fees, which shall be payable pursuant to Section 2.4 of the Plan) shall be paid by Reorganized PHI. To the extent that any Reorganizing Debtor Administrative Claim that is anticipated to be paid by Reorganized PHI is due and owing from a Reorganizing Debtor other than PHI, PHI shall be credited with a Post-Relief Date Intercompany Claim against such Reorganizing Debtor for purposes of determining the Individual Estimated Value of both PHI and the applicable Reorganizing Debtor.

### 2.2.3    Liquidating Debtors.

(a)    **Generally.** Each Allowed Liquidating Debtor Administrative Claim (except for Professional Fees, which shall be treated as set forth in Section 2.4 of the Plan) shall, unless the holder of such Claim shall have agreed to different treatment of such Claim, be paid in full in Cash by the Liquidating Debtors on the latest of: (a) the Effective Date, or as soon thereafter as practicable; (b) such date as may be fixed by the Bankruptcy Court, or as soon thereafter as practicable; (c) the tenth Business Day after such Claim is Allowed, or as soon thereafter as practicable; (d) such date as the holder of such Claim and the Liquidating Debtors may agree; and (e) the date such Claim is otherwise due according to its terms.

(b)    **Source of Payment.** Distributions to holders of Allowed Alameda Administrative Claims shall be paid by the Liquidating Debtors from the assets of Alameda. Distributions to holders of Allowed Liberty Administrative Claims shall be paid by the Liquidating

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

27

Debtors from the assets of Liberty.

### 2.3    Allowed Priority Tax Claims.

#### 2.3.1    Reorganizing Debtors.

(a)    **Generally.**    Each Allowed Reorganizing Debtor Priority Tax Claim shall, at the option of the Reorganized Debtors, unless the holder of such Claim shall have agreed to different treatment of such Claim: (a) be paid in full in Cash, without interest, by the Reorganized Debtors on the latest of:  (i) the Effective Date, or as soon thereafter as practicable; (ii) such date as may be fixed by the Bankruptcy Court, or as soon thereafter as practicable; (iii) the tenth Business Day after such Claim is Allowed, or as soon thereafter as practicable; and (iv) such date as the holder of such Claim and the Reorganized Debtors may agree, or (b) receive deferred cash payments to the extent permitted by Section 1129(a)(9) of the Bankruptcy Code with interest on the unpaid portion of such Claim at the statutory rate under applicable non-bankruptcy law or at a rate to be agreed upon by the Reorganized Debtors and the appropriate governmental unit or, if they are unable to agree, to be determined by the Bankruptcy Court; provided, however, that the Reorganized Debtors may prepay any or all such Claims at any time, without premium or penalty.  For the purpose of option *(b)*, the payment of each Allowed Reorganizing Debtor Priority Tax Claim shall be made in equal quarterly installments with the first installment due on the latest of: (i) the first Business Day following the end of the first full calendar quarter following the Effective Date, (ii) the first Business Day following the end of the first full calendar quarter following the date an order allowing such claim becomes a Final Order, and (iii) such other time or times as may be agreed with the holder of such claim.  Each installment shall include simple interest on the unpaid balance of the Allowed Reorganizing Debtor Priority Tax Claim, without penalty of any kind, at the non-default rate of interest prescribed, agreed to or determined under option *(b)*.

(b)    **Source of Payment.**    Distributions to holders of Allowed Reorganizing Debtor Priority Tax Claims shall be paid by Reorganized PHI.  To the extent that any Reorganizing Debtor Priority Tax Claim that is anticipated to be paid by Reorganized PHI is due and owing from a Reorganizing Debtor other than PHI, PHI shall be credited with a Post-Relief Date

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

Intercompany Claim against such Reorganizing Debtor for purposes of determining the Individual

Estimated Value of both PHI and the applicable Reorganizing Debtor.

### 2.3.2    Liquidating Debtors.

(a)    **Generally.**    Each Allowed Liquidating Debtor Priority Tax Claim

shall, at the option of the Liquidating Debtors, unless the holder of such Claim shall have agreed to

different treatment of such Claim: (a) be paid in full in Cash, without interest, by the Liquidating

Debtors on the latest of: (i) the Effective Date, or as soon thereafter as practicable; (ii) such date as

may be fixed by the Bankruptcy Court, or as soon thereafter as practicable; (iii) the tenth Business

Day after such Claim is Allowed, or as soon thereafter as practicable; and (iv) such date as the

holder of such Claim and the Liquidating Debtors may agree, or (b) receive deferred cash payments

to the extent permitted by Section 1129(a)(9) of the Bankruptcy Code with interest on the unpaid

portion of such Claim at the statutory rate under applicable non-bankruptcy law or at a rate to be

agreed upon by the Liquidating Debtors and the appropriate governmental unit or, if they are unable

to agree, to be determined by the Bankruptcy Court; provided, however, that the Liquidating Debtors

may prepay any or all such Claims at any time, without premium or penalty.  For the purpose of

option *(b)*, the payment of each Allowed Liquidating Debtor Priority Tax Claim shall be made in

equal quarterly installments with the first installment due on the latest of: (i) the first Business Day

following the end of the first full calendar quarter following the Effective Date, (ii) the first Business

Day following the end of the first full calendar quarter following the date an order allowing such

claim becomes a Final Order, and (iii) such other time or times as may be agreed with the holder of

such claim.  Each installment shall include simple interest on the unpaid balance of the Allowed

Liquidating Debtor Priority Tax Claim, without penalty of any kind, at the non-default rate of

interest prescribed, agreed to or determined under option *(b)*.

(b)    **Source of Payment.**    Distributions to holders of Allowed Alameda

Priority Tax Claims shall be paid by the Liquidating Debtors from the assets of Alameda.

Distributions to holders of Allowed Liberty Priority Claims shall be paid by the Liquidating Debtors

from the assets of Liberty.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**2.4    Claims for Professional Fees.**    Each Professional seeking an award by the Bankruptcy Court of Professional Fees: (a) must file its final application for allowance of compensation for services rendered and reimbursement of expenses incurred through the Effective Date on or before the Professional Fees Bar Date; and (b) if the Bankruptcy Court grants such an award, each such Person will be paid in full in Cash by Reorganized PHI as to Allowed Professional Fees against the Reorganizing Debtors, and by the Liquidating Debtors as to Allowed Professional Fees against the Liquidating Debtors, in such amounts as are allowed by the Bankruptcy Court as soon as practicable following the first day after such order has been entered by the Bankruptcy Court and is not stayed. All Allowed Professional Fees of the Reorganizing Debtors shall be paid by Reorganized PHI; provided, however, that in the case of any Professional Fees that are anticipated to be paid by Reorganized PHI but are due and owing from a Reorganizing Debtor other than PHI, PHI shall be credited with a Post-Relief Date Intercompany Claim against such Reorganizing Debtor for purposes of determining the Individual Estimated Value of both PHI and the applicable Reorganizing Debtor. All Allowed Professional Fees of Alameda shall be paid by Alameda, subject to Section 6.2 of the Plan. All Allowed Professional Fees of Liberty shall be paid by Liberty. All final applications for allowance and disbursement of Professional Fees must be in compliance with all of the terms and provisions of any applicable order of the Bankruptcy Court, including the Confirmation Order.

**2.5    Post-Relief Date Intercompany Claims.**    Post-Relief Date Intercompany Claims amongst the Reorganizing Debtors shall receive no distribution under the Plan; provided, however, that estimated Post-Relief Date Intercompany Claims owing by and between Reorganizing Debtors shall be taken into account in determining the Individual Estimated Value of each Reorganizing Debtor as if such Claim was to be paid in full in Cash, without interest. Post-Relief Date Intercompany Claims owing (i) from any Reorganizing Debtor to any Liquidating Debtor, (ii) from any Liquidating Debtor to any Reorganizing Debtor, or (iii) from any Liquidating Debtor to any other Liquidating Debtor, shall be treated in accordance with Section 6.2 of the Plan.

## ARTICLE 3

## CLASSIFICATION OF CLAIMS AND INTERESTS

**3.1    Summary of Classification.**    In accordance with Section 1123(a)(1) of the Bankruptcy

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

Code, all Claims of Creditors (except those Claims receiving treatment as set forth in Article 2) and holders of Interests are placed in the Classes described in Sections 3.2 and 3.3 below for all purposes, including voting on, confirmation of, and distribution under, the Plan.

**3.2    Classes Applicable to Reorganizing Debtors.**

| | | |
|---|---|---|
| RD Class 1 | Reorganizing Debtor Priority Non-Tax Claims | Unimpaired, deemed to accept |
| RD Class 2 | Reorganizing Debtor Secured Claims (each secured creditor in a separate class identified as RD Class 2A, Class 2B, etc.) | Unimpaired, deemed to accept |
| RD Class 3 | Reorganizing Debtor Essential Trade Claims | Unimpaired, deemed to accept |
| RD Class 4 | Reorganizing Debtor Financial Lender Claims | Impaired, entitled to vote |
| RD Class 5 | Reorganizing Debtor Bond Indemnity Claims | Impaired, entitled to vote |
| RD Class 6 | Reorganizing Debtor General Unsecured Claims | Impaired, entitled to vote |
| RD Class 7 | Reorganizing Debtor General Unsecured Convenience Claims | Impaired, entitled to vote |
| RD Class 8 | Reorganizing Debtor De Minimis Convenience Claims | Impaired, entitled to vote |
| RD Class 9 | Reorganizing Debtor Pre-Relief Date Intercompany Claims | Impaired, consent to the Plan |
| RD Class 10 | Reorganizing Debtor Interests | Impaired, deemed to reject |

**3.3    Classes Applicable to Liquidating Debtors.**

| | | |
|---|---|---|
| LD Class 1 | Alameda Priority Non-Tax Claims | Unimpaired, deemed to accept |
| LD Class 2 | Liberty Priority Non-Tax Claim | Unimpaired, deemed to accept |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

DOCS_LA:207036.7

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| LD Class 3 | Alameda Secured Claims (each secured creditor in a separate class identified as LD Class 3A, Class 3B, etc.) | Unimpaired, deemed to accept |
| LD Class 4 | Liberty Secured Claims (each secured creditor in a separate class identified as LD Class 4A, Class 4B, etc.) | Unimpaired, deemed to accept |
| LD Class 5 | Alameda Bond Indemnity Claims | Impaired, entitled to vote |
| LD Class 6 | Alameda General Unsecured Claims | Impaired, entitled to vote |
| LD Class 7 | Liberty Bond Indemnity Claims | Impaired, entitled to vote |
| LD Class 8 | Liberty General Unsecured Claims | Impaired, entitled to vote |
| LD Class 9 | Liquidating Debtor Pre-Relief Date Intercompany Claims | Impaired, consent to the Plan |
| LD Class 10 | Liquidating Debtor Interests | Impaired, deemed to reject |

## ARTICLE 4

## TREATMENT OF CLAIMS AND INTERESTS

## AGAINST THE REORGANIZING DEBTORS

**4.1    RD Class 1 – Reorganizing Debtor Priority Non-Tax Claims.**

**4.1.1    Impairment and Voting.** RD Class 1 is unimpaired under the Plan.
Holders of Reorganizing Debtor Priority Non-Tax Claims are deemed to have accepted the Plan
under Section 1126(f) of the Bankruptcy Code and are not entitled to vote on the Plan.

**4.1.2    Treatment.** Each holder of an Allowed Reorganizing Debtor Priority Non-
Tax Claim shall, unless the holder of such Claim shall have agreed to different treatment of such
Claim, receive, in full and final satisfaction, settlement, release, and discharge of, and exchange for,
such Allowed Reorganizing Debtor Priority Non-Tax Claim, a Cash payment in an amount equal to
the difference between: (a) such Allowed Reorganizing Debtor Priority Non-Tax Claim, and (b) the
amount of any Permitted Payments made to the holder of such Claim, on the latest of: (i) the

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

1   Effective Date, or as soon thereafter as practicable; (ii) such date as may be fixed by the Bankruptcy

2   Court, or as soon thereafter as practicable; (iii) the tenth Business Day after such Claim is Allowed,

3   or as soon thereafter as practicable; and (iv) such date as the holder of such Claim and the

4   Reorganized Debtors may agree.

5          **4.1.3   Source of Payment.** Distributions to holders of Allowed Reorganizing

6   Debtor Priority Non-Tax Claims shall be paid by Reorganized PHI.  To the extent that any

7   Reorganizing Debtor Priority Non-Tax Claim that is anticipated to be paid by Reorganized PHI is

8   due and owing from a Reorganizing Debtor other than PHI, PHI shall be credited with a Post-Relief

9   Date Intercompany Claim against such Reorganizing Debtor for purposes of determining the

10  Individual Estimated Value of both PHI and the applicable Reorganizing Debtor.

11         **4.2    RD Class 2 – Reorganizing Debtor Secured Claims.**

12         **4.2.1   Impairment and Voting.** RD Class 2 is unimpaired under the Plan.

13  Holders of Reorganizing Debtor Secured Claims are deemed to have accepted the Plan under Section

14  1126(f) of the Bankruptcy Code and are not entitled to vote on the Plan.  For purposes of

15  distributions under the Plan, each holder of a Reorganizing Debtor Secured Claim in RD Class 2 is

16  considered to be in its own separate subclass within RD Class 2, and each such subclass is deemed to

17  be a separate Class for purposes of the Plan.

18         **4.2.2   Alternative Treatment.** On or as soon as practicable following the

19  Effective Date, the Reorganized Debtors shall select, in their discretion, one of the following

20  alternative treatments for each Allowed Reorganizing Debtor Secured Claim in RD Class 2, which

21  treatment shall be in full and final satisfaction, settlement, release, and discharge of, and exchange

22  for, such Allowed Reorganizing Debtor Secured Claim:

23              (a)    Abandonment or Surrender.  The Reorganized Debtors will abandon or

24  surrender to the holder of such Claim the property securing such Claim, in full satisfaction and

25  release of such Claim.

26              (b)    Cash Payment.  The Reorganized Debtors will pay to the holder of

27  such Claim Cash equal to the amount of such Claim, or such lesser amount to which the holder of

28  such Claim and the applicable Reorganized Debtor shall agree, in full satisfaction and release of

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

such Claim.

(c)    Unimpairment. The Reorganized Debtors will leave the rights of the holder of such Claim unimpaired or provide for such other treatment as necessary to otherwise satisfy the requirements of the Bankruptcy Code.

4.2.3    **Source of Payment.** Distributions to the holders of Allowed Reorganizing Debtor Secured Claims under the treatment option set forth in Section 4.2.2(b) of the Plan shall be paid by Reorganized PHI. To the extent that any Reorganizing Debtor Secured Claim that is anticipated to be paid by Reorganized PHI is due and owing from a Reorganizing Debtor other than PHI, PHI shall be credited with a Post-Relief Date Intercompany Claim against such Reorganizing Debtor for purposes of determining the Individual Estimated Value of both PHI and the applicable Reorganizing Debtor.

4.2.4    **Unsecured Deficiency Claim.** Any Reorganizing Debtor Unsecured Deficiency Claim asserted by a holder of an Allowed Reorganizing Debtor Secured Claim in RD Class 2 shall be filed with the Bankruptcy Court within thirty (30) days following the date of the abandonment or surrender of such Creditor's collateral or such Creditor's receipt of its distribution under the Plan. Any such Allowed Reorganizing Debtor Unsecured Deficiency Claim shall be treated in accordance with Section 4.6, 4.7 or 4.8 of the Plan, as applicable.

**4.3    RD Class 3 – Reorganizing Debtor Essential Trade Claims.**

4.3.1    **Impairment and Voting.** RD Class 3 is unimpaired under the Plan. Holders of Reorganizing Debtor Essential Trade Claims are deemed to have accepted the Plan under Section 1126(f) of the Bankruptcy Code and are not entitled to vote on the Plan.

4.3.2    **Treatment.** On or as soon as practicable following the Effective Date, the Reorganized Debtors will pay to each holder of an Allowed Reorganizing Debtor Essential Trade Claim, in full and final satisfaction, settlement, release, and discharge of, and exchange for, such Allowed Reorganizing Debtor Essential Trade Claim, Cash equal to the Allowed amount of such Claim (without interest), or such lesser amount to which the holder of such Claim and the applicable Reorganized Debtor shall agree, in full satisfaction and release of such Claim.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

**4.3.3    Source of Payment.** Distributions to holders of Allowed Reorganizing Debtor Essential Trade Claims shall be paid by Reorganized PHI.  To the extent that any Reorganizing Debtor Essential Trade Claim that is anticipated to be paid by Reorganized PHI is due and owing from a Reorganizing Debtor other than PHI, PHI shall be credited with a Post-Relief Date Intercompany Claim against such Reorganizing Debtor for purposes of determining the Individual Estimated Value of both PHI and the applicable Reorganizing Debtor.

**4.4    RD Class 4 – Reorganizing Debtor Financial Lender Claims.**

**4.4.1    Impairment and Voting.** RD Class 4 is impaired under the Plan.  Holders of Reorganizing Debtor Financial Lender Claims are entitled to vote on the Plan.

**4.4.2    Treatment.** On or as soon as practicable following the Effective Date, each holder of an Allowed Reorganizing Debtor Financial Lender Claim shall receive, in respect of all of its Allowed Reorganizing Debtor Financial Lender Claims, a distribution of its Unsecured Recovery Percentage of the Aggregate Unsecured Distribution.  In addition, on or as soon as practicable after each Litigation Proceeds Distribution Date, each holder of an Allowed Reorganizing Debtor Financial Lender Claim shall receive from the Litigation Trustee or the Reorganizing Debtors, as applicable, in respect of all of its Allowed Reorganizing Debtor Financial Lender Claims, a distribution of its Unsecured Recovery Percentage of the Litigation Proceeds Distributable Amount.  Such distributions shall be in full and final satisfaction, settlement, release, and discharge of, and exchange for, all Allowed Reorganizing Debtor Financial Lender Claims held by such holder.

**4.4.3    Source of Payment.** Distributions to the holders of Allowed Reorganizing Debtor Financial Lender Claims shall be limited to a share of the Aggregate Unsecured Distribution, as set forth in Section 4.4.2 above.  No holder of an Allowed Reorganizing Debtor Financial Lender Claim shall be entitled to receive or recover any amounts from the Debtors or the Reorganized Debtors on account of such Claim except as part of the Aggregate Unsecured Distribution under Section 4.4.2 above.

**4.5    RD Class 5 – Reorganizing Debtor Bond Indemnity Claims.**

**4.5.1    Impairment and Voting.** RD Class 5 is impaired under the Plan.  Holders

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

of Reorganizing Debtor Bond Indemnity Claims are entitled to vote on the Plan.

        **4.5.2    Alternative Treatment.**  On or as soon as practicable following the Effective Date, the Reorganized Debtors shall select, in their sole discretion, one or more of the following alternative treatments for each Allowed Reorganizing Debtor Bond Indemnity Claim, which treatment shall be in full and final satisfaction, settlement, release, and discharge of, and exchange for, such Allowed Reorganizing Debtor Bond Indemnity Claim:

        (a)    <u>Resolution and Settlement.</u>  The Reorganized Debtors and the holder of such Claim will agree to the treatment of such Claim in a manner to be disclosed with the Bankruptcy Court.

        (b)    <u>Disallowance.</u>  The Reorganized Debtors will seek to have such Claim disallowed pursuant to Section 502(e) of the Bankruptcy Code to the extent that such Claim is for reimbursement or contribution of an entity that is liable with the Reorganized Debtor on or has secured the Claim of a Creditor, except as otherwise provided in the Reorganizing Debtors/Liberty Alameda Intercompany Settlement, as provided in, *inter alia*, Sections 6.2 and 7.10 of the Plan.

        (c)    <u>Estimation and Allowance.</u>  The Reorganized Debtors will seek to have such Claim estimated by the Bankruptcy Court pursuant to Section 502(c) of the Bankruptcy Code.  Each holder of an Allowed Reorganizing Debtor Bond Indemnity Claim estimated pursuant to this Section 4.5.2(c) shall receive, in respect of all of its Allowed Reorganizing Debtor Bond Indemnity Claims, a distribution of its Unsecured Recovery Percentage of the Aggregate Unsecured Distribution.  In addition, on or as soon as practicable after each Litigation Proceeds Distribution Date, each holder of an Allowed Reorganizing Bond Indemnity Claim shall receive from the Litigation Trustee or the Reorganizing Debtors, as applicable, in respect of all of its Allowed Reorganizing Debtor Bond Indemnity Claims, a distribution of its Unsecured Recovery Percentage of the Litigation Proceeds Distributable Amount.

        **4.5.3    Source of Payment.**  Distributions under Section 4.5.2(c) above to the holders of Allowed Reorganizing Debtor Bond Indemnity Claims shall be limited to a share of the Aggregate Unsecured Distribution, as set forth in Section 4.5.2(c) above.  No holder of such Allowed Reorganizing Debtor Bond Indemnity Claim shall be entitled to receive or recover any

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

1  amounts from the Debtors or the Reorganized Debtors on account of such Claim except as part of

2  the Aggregate Unsecured Distribution under Section 4.5.2(c) above.

3      **4.6    RD Class 6 – Reorganizing Debtor General Unsecured Claims.**

4          **4.6.1    Impairment and Voting.**  RD Class 6 is impaired under the Plan.  Holders

5  of Reorganizing Debtor General Unsecured Claims are entitled to vote on the Plan.

6          **4.6.2    Treatment.**  On or as soon as practicable following the Effective Date,

7  each holder of an Allowed Reorganizing Debtor General Unsecured Claim shall receive, in respect

8  of all of its Allowed Reorganizing Debtor General Unsecured Claims, a distribution of its Unsecured

9  Recovery Percentage of the Aggregate Unsecured Distribution.  In addition, on or as soon as

10  practicable after each Litigation Proceeds Distribution Date, each holder of an Allowed

11  Reorganizing Debtor General Unsecured Claim shall receive from the Litigation Trustee or the

12  Reorganizing Debtors, as applicable, in respect of all of its Allowed Reorganizing Debtor General

13  Unsecured Claims, a distribution of its Unsecured Recovery Percentage of the Litigation Proceeds

14  Distributable Amount.  Such distributions shall be in full and final satisfaction, settlement, release,

15  and discharge of, and exchange for, all Allowed Reorganizing Debtor General Unsecured Claims

16  held by such holder.

17          **4.6.3    Source of Payment.**  Distributions to the holders of Allowed Reorganizing

18  Debtor General Unsecured Claims shall be limited to a share of the Aggregate Unsecured

19  Distribution, as set forth in Section 4.6.2 above.  No holder of an Allowed Reorganizing Debtor

20  General Unsecured Claim shall be entitled to receive or recover any amounts from the Debtors or the

21  Reorganized Debtors on account of such Claim except as part of the Aggregate Unsecured

22  Distribution under Section 4.6.2 above.

23          **4.6.4    Estimation.**  For the avoidance of doubt, the Reorganized Debtors may, in

24  their sole and absolute discretion, seek to have any Reorganizing Debtor General Unsecured Claim,

25  including any Reorganizing Debtor Joint Venture Claim, Reorganizing Debtor Construction Defect

26  Claim or Reorganizing Debtor Warranty Claim, estimated by the Bankruptcy Court pursuant to

27  Section 502(c) of the Bankruptcy Code.

28      **4.7    RD Class 7 – Reorganizing Debtor General Unsecured Convenience Claims.**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

**4.7.1    Impairment and Voting.** RD Class 7 is impaired under the Plan. Holders of Reorganizing Debtor General Unsecured Convenience Claims are entitled to vote on the Plan.

**4.7.2    Treatment.** On or as soon as practicable following the Effective Date, each holder of an Allowed Reorganizing Debtor General Unsecured Convenience Claim shall receive, in respect of all of its Allowed Reorganizing Debtor General Unsecured Convenience Claims, a distribution of Cash in an amount obtained by multiplying its Unsecured Recovery Percentage by the Aggregate Estimated Value. In addition, on or as soon as practicable after each Litigation Proceeds Distribution Date, each holder of an Allowed Reorganizing Debtor General Unsecured Convenience Claim shall receive from the Litigation Trustee or the Reorganizing Debtors, as applicable, in respect of all of its Allowed Reorganizing Debtor General Unsecured Convenience Claims, a distribution of its Unsecured Recovery Percentage of the Litigation Proceeds Distributable Amount. Such distributions shall be in full and final satisfaction, settlement, release, and discharge of, and exchange for, all Allowed Reorganizing Debtor General Unsecured Convenience Claims held by such holder.

**4.7.3    Source of Payment.** Distributions to the holders of Allowed Reorganizing Debtor General Unsecured Convenience Claims shall be limited to a share of the Cash payment, as set forth in Section 4.7.2 above. No holder of an Allowed Reorganizing Debtor General Unsecured Convenience Claim shall be entitled to receive or recover any amounts from the Debtors or the Reorganized Debtors on account of such Claim except as part of the Cash payment under Section 4.7.2 above.

**4.8    RD Class 8 – Reorganizing Debtor De Minimis Convenience Claims.**

**4.8.1    Impairment and Voting.** RD Class 8 is impaired under the Plan. Holders of Reorganizing Debtor De Minimis Convenience Claims are entitled to vote on the Plan.

**4.8.2    Treatment.** On or as soon as practicable following the Effective Date, the Reorganized Debtors will, in full and final satisfaction, settlement, release, and discharge of, and exchange for, such Allowed Reorganizing Debtor De Minimis Convenience Claim, pay to each holder of an Allowed Reorganizing Debtor De Minimis Convenience Claim Cash equal to 25% of the Allowed amount of such Claim.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

DOCS_LA:207036.7

**4.8.3    Source of Payment.** Distributions to holders of Allowed Reorganizing Debtor De Minimis Convenience Claims shall be paid by Reorganized PHI. To the extent that any Reorganizing Debtor De Minimis Convenience Claim that is anticipated to be paid by Reorganized PHI is due and owing from a Reorganizing Debtor other than PHI, PHI shall be credited with a Post-Relief Date Intercompany Claim against such Reorganizing Debtor for purposes of determining the Individual Estimated Value of both PHI and the applicable Reorganizing Debtor.

**4.9    RD Class 9 – Reorganizing Debtor Pre-Relief Date Intercompany Claims.**

**4.9.1    Impairment and Voting.** RD Class 9 is impaired under the Plan. Although the holders of Reorganizing Debtor Pre-Relief Date Intercompany Claims are impaired under the Plan, they are Proponents of the Plan and hereby consent to the treatment of Pre-Relief Date Intercompany Claims herein.

**4.9.2    Treatment.** Reorganizing Debtor Pre-Relief Date Intercompany Claims shall receive no distribution under the Plan; provided, however, that estimated Reorganizing Debtor Pre-Relief Date Intercompany Claims owing from one Reorganizing Debtor to another Reorganizing Debtor shall be taken into account in determining the Individual Estimated Value of each Reorganizing Debtor as if such Claims were to be paid a pro rata distribution pursuant to the Plan.

**4.10   RD Class 10 – Reorganizing Debtor Interests.**

**4.10.1   Impairment and Voting.** RD Class 10 is impaired under the Plan. Holders of Reorganizing Debtor Interests are deemed to reject the Plan under Section 1126(g) of the Bankruptcy Code and are not entitled to vote on the Plan.

**4.10.2   Treatment.** Upon the Effective Date, all existing Interests in Woodside and PHI shall be deemed extinguished and the holders of such Interests shall not receive or retain any property on account of such Interests under the Plan. Newco shall be vested with the Interests in Reorganized PHI and Reorganized Woodside upon the Effective Date. Reorganized Woodside shall be vested, directly or indirectly, with the Interests in the Reorganized Debtor Subsidiaries on the Effective Date.

**4.11   Nonconsensual Confirmation.**

The Reorganizing Debtors hereby request confirmation of the Plan pursuant to Section

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

1129(b) of the Bankruptcy Code in the event that not all impaired classes of Claims and Interests

vote to accept the Plan in accordance with Section 1126 of the Bankruptcy Code.

### ARTICLE 5

### TREATMENT OF CLAIMS AND INTERESTS

### AGAINST THE LIQUIDATING DEBTORS

**5.1    LD Class 1 – Alameda Priority Non-Tax Claims.**

**5.1.1    Impairment and Voting.**  LD Class 1 is unimpaired under the Plan.

Holders of Alameda Priority Non-Tax Claims are deemed to have accepted the Plan under Section

1126(f) of the Bankruptcy Code and are not entitled to vote on the Plan.

**5.1.2    Treatment.**  Each holder of an Allowed Alameda Priority Non-Tax Claim

shall, unless the holder of such Claim shall have agreed to different treatment of such Claim, receive,

in full and final satisfaction, settlement, release, and discharge of, and exchange for, such Allowed

Alameda Priority Non-Tax Claim a Cash payment in an amount equal to the difference between: (a)

such Allowed Alameda Priority Non-Tax Claim, and (b) the amount of any Permitted Payments

made to the holder of such Claim, on the latest of: (i) the Effective Date, or as soon thereafter as

practicable; (ii) such date as may be fixed by the Bankruptcy Court, or as soon thereafter as

practicable; (iii) the tenth Business Day after such Claim is Allowed, or as soon thereafter as

practicable; and (iv) such date as the holder of such Claim and the Liquidating Debtors may agree.

**5.1.3    Source of Payment.**  Each distribution to a holder of an Allowed Alameda

Priority Non-Tax Claim shall be paid by the Liquidating Debtors from the assets of Alameda.

**5.2    LD Class 2 – Liberty Priority Non-Tax Claims.**

**5.2.1    Impairment and Voting.**  LD Class 2 is unimpaired under the Plan.

Holders of Liberty Priority Non-Tax Claims are deemed to have accepted the Plan under Section

1126(f) of the Bankruptcy Code and are not entitled to vote on the Plan.

**5.2.2    Treatment.**  Each holder of an Allowed Liberty Priority Non-Tax Claim

shall, unless the holder of such Claim shall have agreed to different treatment of such Claim, receive,

in full and final satisfaction, settlement, release, and discharge of, and exchange for, such Allowed

Liberty Priority Non-Tax Claim a Cash payment in an amount equal to the difference between: (a)

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

DOCS_LA:207036.7

1   such Allowed Alameda Priority Non-Tax Claim, and (b) the amount of any Permitted Payments

2   made to the holder of such Claim, on the latest of: (i) the Effective Date, or as soon thereafter as

3   practicable; (ii) such date as may be fixed by the Bankruptcy Court, or as soon thereafter as

4   practicable; (iii) the tenth Business Day after such Claim is Allowed, or as soon thereafter as

5   practicable; and (iv) such date as the holder of such Claim and the Liquidating Debtors may agree.

6       **5.2.3    Source of Payment.** Each distribution to a holder of an Allowed Liberty

7   Priority Non-Tax Claim shall be paid by the Liquidating Debtors from the assets of Liberty.

8       **5.3    LD Class 3 – Alameda Secured Claims.**

9       **5.3.1    Impairment and Voting.** LD Class 3 is unimpaired under the Plan.

10  Holders of Alameda Secured Claims are deemed to have accepted the Plan under Section 1126(f) of

11  the Bankruptcy Code and are not entitled to vote on the Plan. For purposes of distributions under the

12  Plan, each holder of an Alameda Secured Claim in LD Class 3 is considered to be in its own separate

13  subclass within LD Class 3, and each such subclass is deemed to be a separate Class for purposes of

14  the Plan.

15      **5.3.2    Alternative Treatment.** On or as soon as practicable following the

16  Effective Date, the Liquidating Debtors shall select, in their sole discretion, one of the following

17  alternative treatments for each Allowed Alameda Secured Claim in LD Class 3, which treatment

18  shall be in full and final satisfaction, settlement, release, and discharge of, and exchange for, such

19  Allowed Alameda Secured Claim:

20          (a)    Abandonment or Surrender. The Liquidating Debtors will abandon or

21  surrender to the holder of such Claim the property securing such Claim.

22          (b)    Cash Payment. The Liquidating Debtors will pay to the holder of such

23  Claim, from the assets of Alameda, Cash equal to the amount of such Claim, or will pay from the

24  assets of Alameda such lesser amount to which the holder of such Claim and the Liquidating Debtors

25  shall agree.

26          (c)    Unimpairment. The Liquidating Debtors will leave the rights of the

27  holder of such Claim unimpaired or provide for such other treatment as necessary to otherwise

28  satisfy the requirements of the Bankruptcy Code.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

**5.3.3   Source of Payment.** Each distribution to a holder of an Allowed Alameda Secured Claim under Section 5.3.2(b) above shall be paid by the Liquidating Debtors from the assets of Alameda.

**5.3.4   Unsecured Deficiency Claim.** Any Alameda Unsecured Deficiency Claim asserted by a holder of an Allowed Alameda Secured Claim in LD Class 3 shall be filed with the Bankruptcy Court within thirty (30) days following the date of the abandonment or surrender of such Creditor's collateral or such Creditor's receipt of its distribution under the Plan. Any such Allowed Alameda Unsecured Deficiency Claim shall be treated in accordance with Section 5.6 of the Plan.

**5.4   LD Class 4 – Liberty Secured Claims.**

**5.4.1   Impairment and Voting.** LD Class 4 is unimpaired under the Plan. Holders of Liberty Secured Claims are deemed to have accepted the Plan under Section 1126(f) of the Bankruptcy Code and are not entitled to vote on the Plan. For purposes of distributions under the Plan, each holder of a Liberty Secured Claim in LD Class 4 is considered to be in its own separate subclass within LD Class 4, and each such subclass is deemed to be a separate Class for purposes of the Plan.

**5.4.2   Alternative Treatment.** On or as soon as practicable following the Effective Date, the Liquidating Debtors shall select, in their sole discretion, one of the following alternative treatments for each Allowed Liberty Secured Claim in LD Class 4, which treatment shall be in full and final satisfaction, settlement, release, and discharge of, and exchange for, such Allowed Liberty Secured Claim:

(a)    <u>Abandonment or Surrender.</u> The Liquidating Debtors will abandon or surrender to the holder of such Claim the property securing such Claim.

(b)    <u>Cash Payment.</u> The Liquidating Debtors will pay to the holder of such Claim, from the assets of Liberty, Cash equal to the amount of such Claim, or will pay from the assets of Liberty such lesser amount to which the holder of such Claim and the Liquidating Debtors shall agree.

(c)    <u>Unimpairment.</u> The Liquidating Debtors will leave the rights of the holder of such Claim unimpaired or provide for such other treatment as necessary to otherwise

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

satisfy the requirements of the Bankruptcy Code.

    **5.4.3    Source of Payment.**  Each distribution to a holder of an Allowed Liberty Secured Claim under Section 5.4.2(b) above shall be paid by the Liquidating Debtors from the assets of Liberty.

    **5.4.4    Unsecured Deficiency Claim.**  Any Liberty Unsecured Deficiency Claim asserted by a holder of an Allowed Liberty Secured Claim in LD Class 4 shall be filed with the Bankruptcy Court within thirty (30) days following the date of the abandonment or surrender of such Creditor's collateral or such Creditor's receipt of its distribution under the Plan.  Any such Allowed Liberty Unsecured Deficiency Claim shall be treated in accordance with Section 5.8 of the Plan.

  **5.5    LD Class 5 – Alameda Bond Indemnity Claims.**

    **5.5.1    Impairment and Voting.**  LD Class 5 is impaired under the Plan.  Holders of Alameda Bond Indemnity Claims are entitled to vote on the Plan.

    **5.5.2    Alternative Treatment.**  On or as soon as practicable following the Effective Date, the Liquidating Debtors shall select, in their sole discretion, one or more of the following alternative treatments for each Allowed Alameda Bond Indemnity Claim, which treatment shall be in full and final satisfaction, settlement, release, and discharge of, and exchange for, such Allowed Alameda Bond Indemnity Claim:

      (a)    <u>Resolution and Settlement.</u>  The Liquidating Debtors and the holder of such Claim will agree to the treatment of such Claim in a manner to be disclosed with the Bankruptcy Court.

      (b)    <u>Disallowance.</u>  The Liquidating Debtors will seek to have such Claim disallowed pursuant to Section 502(e) of the Bankruptcy Code to the extent that such Claim is for reimbursement or contribution of an entity that is liable with Alameda on or has secured the Claim of a Creditor, except as otherwise provided in the Reorganizing Debtors/Liberty Alameda Intercompany Settlement, as provided in, *inter alia*, Sections 6.2 and 7.10 of the Plan.

      (c)    <u>Estimation and Allowance.</u>  The Liquidating Debtors will seek to have such Claim estimated by the Bankruptcy Court pursuant to Section 502(c) of the Bankruptcy Code.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

Any Claim that becomes an Allowed Alameda Bond Indemnity Claim pursuant to this Section 5.5.2(c) shall be treated in accordance with Section 5.6 of the Plan.

   **5.5.3 Source of Payment.** Distributions under Section 5.5.2(c) above to the holders of Allowed Alameda Bond Indemnity Claims shall be limited to a share of the Alameda Unsecured Distribution, as set forth in Section 5.6 of the Plan.

  **5.6 LD Class 6 – Alameda General Unsecured Claims.**

   **5.6.1 Impairment and Voting.** LD Class 6 is impaired under the Plan. Holders of Alameda General Unsecured Claims are entitled to vote on the Plan.

   **5.6.2 Treatment.** On or as soon as practicable following the Effective Date, each holder of an Allowed Alameda General Unsecured Claim shall receive, in full and final satisfaction, settlement, release, and discharge of, and exchange for, such Allowed Alameda General Unsecured Claim, its Pro Rata share of the Alameda Unsecured Distribution.

   **5.6.3 Source of Payment.** Distributions to the holders of Allowed Alameda General Unsecured Claims shall be limited to a share of the Alameda Unsecured Distribution, as set forth in Section 5.6.2 above.

  **5.7 LD Class 7 – Liberty Bond Indemnity Claims.**

   **5.7.1 Impairment and Voting.** LD Class 7 is impaired under the Plan. Holders of Liberty Bond Indemnity Claims are entitled to vote on the Plan.

   **5.7.2 Alternative Treatment.** On or as soon as practicable following the Effective Date, the Liquidating Debtors shall select, in their sole discretion, one or more of the following alternative treatments for each Allowed Liberty Bond Indemnity Claim, which treatment shall be in full and final satisfaction, settlement, release, and discharge of, and exchange for, such Allowed Liberty Bond Indemnity Claim:

    (a) <u>Resolution and Settlement.</u> The Liquidating Debtors and the holder of such Claim will agree to the treatment of such Claim in a manner to be disclosed with the Bankruptcy Court.

    (b) <u>Disallowance.</u> The Liquidating Debtors will seek to have such Claim

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

disallowed pursuant to Section 502(e) of the Bankruptcy Code to the extent that such Claim is for reimbursement or contribution of an entity that is liable with Liberty on or has secured the Claim of a Creditor.

(c)     Estimation and Allowance.  The Liquidating Debtors will seek to have such Claim estimated by the Bankruptcy Court pursuant to Section 502(c) of the Bankruptcy Code. Any Claim that becomes an Allowed Liberty Bond Indemnity Claim pursuant to this Section 5.7.2(c) shall be treated in accordance with Section 5.8 of the Plan.

5.7.3   **Source of Payment.**  Distributions under Section 5.7.2(c) above to the holders of Allowed Liberty Bond Indemnity Claims shall be limited to a share of the Liberty Unsecured Distribution, as set forth in Section 5.8 of the Plan.

**5.8     LD Class 8 – Liberty General Unsecured Claims.**

5.8.1   **Impairment and Voting.**  LD Class 8 is impaired under the Plan.  Holders of Liberty General Unsecured Claims are entitled to vote on the Plan.

5.8.2   **Treatment.**  On or as soon as practicable following the Effective Date, each holder of an Allowed Liberty General Unsecured Claim shall receive, in full and final satisfaction, settlement, release, and discharge of, and exchange for, such Allowed Liberty General Unsecured Claim, its Pro Rata share of the Liberty Unsecured Distribution.

5.8.3   **Source of Payment.**  Distributions to the holders of Allowed Liberty General Unsecured Claims shall be limited to a share of the Liberty Unsecured Distribution, as set forth in Section 5.8.2 above.

**5.9     LD Class 9 – Liquidating Debtor Pre-Relief Date Intercompany Claims.**

5.9.1   **Impairment and Voting.**  LD Class 9 is impaired under the Plan. Although the holders of Liquidating Debtor Pre-Relief Date Intercompany Claims are impaired under the Plan, they are Proponents of the Plan and hereby consent to the treatment of Liquidating Debtor Pre-Relief Date Intercompany Claims herein.

5.9.2   **Treatment.**  Allowed Liquidating Debtor Pre-Relief Date Intercompany Claims shall be treated in accordance with Sections 5.6 or 5.8 of the Plan, as applicable.  Alameda

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

45

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

Pre-Relief Date Intercompany claims are being released as provided in the Reorganizing

Debtors/Liberty Alameda Intercompany Settlement, as provided in Section 6.2 of the Plan.

        **5.9.3    Source of Payment.** Distributions to the holders of Allowed Liquidating

Debtor Pre-Relief Intercompany Claims shall be limited to a share of the Liberty Unsecured

Distribution, as set forth in Sections 5.6.2 or 5.8.2 above, as applicable.

    **5.10  LD Class 10 – Liquidating Debtor Interests.**

        **5.10.1  Impairment and Voting.** LD Class 10 is impaired under the Plan.

Holders of Liquidating Debtor Interests are deemed to reject the Plan under Section 1126(g) of the

Bankruptcy Code and are not entitled to vote on the Plan.

        **5.10.2  Treatment.** Upon the Effective Date, all existing Liquidating Debtor

Interests shall be deemed extinguished and the holders of such Interests shall not receive or retain

any property on account of such Interests under the Plan.

    **5.11  Nonconsensual Confirmation.**

    The Liquidating Debtors hereby request confirmation of the Plan pursuant to Section

1129(b) of the Bankruptcy Code in the event that not all impaired classes of Claims and Interests

vote to accept the Plan in accordance with Section 1126 of the Bankruptcy Code.

**ARTICLE 6**

**IMPLEMENTATION OF THE PLAN**

    The Plan shall be implemented on the Effective Date. In addition to the provisions set forth

elsewhere in this Plan regarding means of execution, the following shall constitute the principal

means for the implementation of the Plan.

    **6.1    Reorganizing Debtors.**

        **6.1.1    Formation of Newco.** Prior to the Effective Date, the General Committee

shall take the steps necessary to form Newco. On the Effective Date, Newco shall be deemed to own

all of the ownership interests in Reorganized Woodside and Reorganized PHI.

        **6.1.2    Management of Newco.** Newco shall be operated and governed in

accordance with the New Charter Documents. The initial managers and officers of Newco shall be

identified by the General Committee prior to the commencement of the Confirmation Hearing. Each

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

of the managers and officers of Newco shall serve in accordance with applicable nonbankruptcy law and the Newco Charter Documents, as the same may be amended from time to time. From and after the Effective Date, the managers and officers of Newco shall be selected and determined in accordance with the provisions of applicable law and the Newco Charter Documents.

**6.1.3    Funding of Newco.** Funding for Newco from and after the Effective Date shall be provided by Reorganized PHI or such other sources as Newco determines appropriate.

**6.1.4    Continued Existence.** As of the Effective Date, each Reorganized Debtor shall continue to maintain its separate legal existence for all purposes under the Plan, with each Reorganized Debtor retaining all the powers of a legal entity under applicable law. To the extent that any operating agreement of any Reorganized Debtor organized as a limited liability company, or the applicable limited liability company statute of the state of formation of any Reorganized Debtor organized as a limited liability company, provides for the dissolution of such Reorganized Debtor upon the bankruptcy of any member, or provides for the withdrawal or dissociation of any member of any such Reorganized Debtor upon the bankruptcy of such member, such dissolution, withdrawal or dissociation shall be deemed voided and cured on the Effective Date, with retroactive effect to the applicable Petition Date.

**6.1.5    No Substantive Consolidation.** Nothing in this Plan is intended to substantively consolidate the Estates of the Reorganized Debtors, and each such entity shall maintain its separate existence and its separate and distinct Estate Assets.

**6.1.6    Tax Status.** As of the Effective Date, the Reorganized Debtors shall be treated as pass-through entities for tax purposes, and the Reorganized Debtor Subsidiaries shall be treated as pass-through, disregarded, or corporate entities for tax purposes. Nothing in this Plan, however, prevents the Reorganized Debtors from taking any and all appropriate and necessary actions to alter, amend or modify the tax status of the Reorganized Debtors from and after the Effective Date.

**6.1.7    Revesting of Estate Assets.** Upon the Effective Date, subject to Section 6.1.12 of the Plan, the Reorganized Debtors shall be vested with all right, title and interest in the Estate Assets of the Reorganizing Debtors, including the Reorganizing Debtor Retained Claims

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

1    and/or Defenses, and such property shall become the property of the Reorganized Debtors free and

2    clear of all Claims, Liens, charges, other encumbrances and Interests, except as set forth in this Plan.

3    For the avoidance of doubt, each Reorganized Debtor shall be vested on the Effective Date with the

4    particular Estate Assets belonging to that Reorganizing Debtor prior to the Effective Date, including

5    any Interests in other Reorganizing Debtors.

6         **6.1.8    Retained Claims and/or Defenses.**  Unless any Reorganizing Debtor

7    Retained Claim and/or Defense is expressly waived, relinquished, released, compromised, or settled

8    in the Plan or any Final Order (including, without limitation, the Confirmation Order), the

9    Reorganizing Debtors and the Reorganized Debtors expressly reserve such Reorganizing Debtor

10    Retained Claim and/or Defense for later adjudication by the Reorganized Debtors or the Litigation

11    Trust, as applicable.  The reservation set forth in this Section 6.1.8 shall include, without limitation,

12    a reservation by the Reorganizing Debtors and the Reorganized Debtors of any Reorganizing Debtor

13    Retained Claims and/or Defenses not specifically identified in the Plan or Disclosure Statement, or

14    of which the Reorganizing Debtors and/or the Restructured Equity Holders may presently be

15    unaware, or which may arise or exist by reason of additional facts or circumstances unknown to the

16    Reorganizing Debtors and/or the Restructured Equity Holders at this time or facts or circumstances

17    that may change or be different from those the Reorganizing Debtors and/or the Restructured Equity

18    Holders now believe to exist and, therefore, no preclusion doctrine, including, without limitation, the

19    doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel

20    (judicial, equitable or otherwise), or laches will apply to such Reorganizing Debtor Retained Claims

21    and/or Defenses upon or after the Confirmation of the Plan based on the Disclosure Statement, the

22    Plan or the Confirmation Order, except where such Reorganizing Debtor Retained Claims and/or

23    Defenses have been expressly waived, relinquished, released, compromised, or settled in the Plan or

24    a Final Order.  Following the Effective Date, the Reorganized Debtors may assert, compromise or

25    dispose of the Reorganizing Debtor Retained Claims and/or Defenses without further notice to

26    Creditors or authorization of the Bankruptcy Court.  Notwithstanding the foregoing or anything to

27    the contrary elsewhere in the Plan, and except for the releases by the Reorganizing Debtors, Newco,

28    Liberty, Alameda, Eagleridge Office Park, LLC, JSO Land, LLC, Wheatland Heritage Oaks, LLC,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

48

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

1   the Alameda Estate, and the Alameda Liquidating Trust as provided in Section 6.2.4 of the Plan,

2   nothing in this Plan or the Confirmation Order shall prejudice or affect (1) any rights of any Person

3   to assert Claims, including Administrative Claims, against the Debtors, the Reorganized Debtors, the

4   Liquidating Debtors, the Estates, or any transferee thereof, including all trusts established pursuant

5   to the Plan, by way of offset, recoupment, or counterclaim to the extent permitted by applicable law;

6   and/or (2) any defense to any Causes of Action and Defenses or any other claims asserted by the

7   Debtors, the Reorganized Debtors, the Liquidating Debtors, the Estates, or any transferee thereof,

8   including the trusts established pursuant to the Plan.

9        **6.1.9  Issuance of Restructured Debt and Restructured Equity.**  On the

10   Effective Date, Newco shall be authorized and directed to take any and all necessary and appropriate

11   actions to issue and deliver the Restructured Debt and the Restructured Equity in accordance with

12   this Plan.  The terms of the Restructured Debt shall be set forth in the Restructured Debt Documents.

13   The Restructured Equity shall be issued in the form of New Common Interests.  The New Common

14   Interests to be issued pursuant to the Plan shall represent at least ninety-fine percent (95%) of the

15   ownership interests in Newco.  Newco may require, as a condition to the issuance of any New

16   Common Interests, that each recipient of New Common Interests execute and deliver a copy of the

17   Newco Charter Documents and thereby become a member of Newco.

18        **6.1.10  Participation in the Plan by Newco.**  Newco agrees to and shall issue the

19   Restructured Equity and Restructured Debt pursuant to this Plan and shall perform any other

20   obligations under this Plan to be performed by it.  In connection therewith, Newco submits to and

21   shall be subject to the jurisdiction of the Bankruptcy Court in respect of such agreement and the

22   terms of this Plan.  Newco acknowledges that it shall be a participant in this Plan.

23        **6.1.11  Post-Effective Date Operations.**

24        (a)    Continued Business of Reorganized Debtors.  From and after the

25   Effective Date, the Reorganized Debtors shall continue to engage in business with the goal of

26   maximizing the value of the Estate Assets applicable to the Reorganized Debtors, and, subject to

27   Article 7 and Article 11 hereof, the Reorganized Debtors shall continue such business without

28   supervision by the Bankruptcy Court and free of any restrictions under the Bankruptcy Code or the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

Bankruptcy Rules. The Reorganized Debtors shall be authorized, without limitation, to use and dispose of the Estate Assets of the Reorganized Debtors, to insure the Estate Assets of the Reorganized Debtors, to borrow money, to employ and compensate Agents, to reconcile and object to Claims, and to make distributions to Creditors in accordance with the Plan.

(b)    Funding of Reorganized Debtors.  Funding for the Reorganized Debtors from and after the Effective Date shall be provided from a combination of Cash on hand, proceeds of ongoing operations, asset dispositions, and if necessary, Post-Effective Date Financing.

(c)    Management of Reorganized Debtors.  The initial managers, directors and officers of the Reorganized Debtors shall be identified by the Debtors prior to the commencement of the Confirmation Hearing.  Each of the managers, directors and officers of the Reorganized Debtors shall serve in accordance with applicable nonbankruptcy law and the Reorganized Debtors' Charters, as the same may be amended from time to time.  From and after the Effective Date, the managers, directors and officers of the Reorganized Debtors shall be selected and determined in accordance with the provisions of applicable law and the Reorganized Debtors' Charters.

(d)    Reorganized Debtors' Charters.  Upon the Effective Date, and without any further action by the members, managers, shareholders, partners, or directors of the Reorganized Debtors, the Reorganized Debtors' Charters shall be deemed amended (a) to the extent necessary, to incorporate the provisions of the Plan, (b) to prohibit the issuance by the Reorganized Debtors of nonvoting securities to the extent required under Section 1123(a)(6) of the Bankruptcy Code, subject to further amendment of such Charters as permitted by applicable law, and (c) to the extent necessary, to permit the pledge of capital stock, membership interests, partnership interests, limited partnership interests or other equity interest in any of the Reorganized Debtors as collateral security for obligations under the Restructured Debt Documents (i) without the consent of such Reorganized Debtor or any stockholder, member or partner of such Reorganized Debtor, (ii) without compliance with any right of first refusal or other transfer restriction set forth in such Charters and (iii) without the withdrawal or dissociation of any member or partner of such Reorganized Debtor, and (d) to the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

DOCS_LA:207036.7

extent necessary, to provide that the pledgee under any such pledge shall not become a stockholder, member or partner of such Reorganized Debtor (and shall not be entitled to receive dividends or distributions, have the right to vote or exercise any other rights and privileges of a stockholder, partner or member of such Reorganized Debtor, all of which rights and privileges shall initially be retained by the pledgor as of the Effective Date) until such pledgee's exercise of its remedies under the Restructured Debt Documents and any security agreements and pledge agreements contemplated by the Restructured Debt Documents or such other time as such rights and privileges are otherwise expressly conveyed to the pledgee.

### 6.1.12 Litigation Trust.

(a)      Establishment of Litigation Trust.  The Litigation Trust shall be established for pursuit of the Contributed Claims and shall become effective on the Effective Date as summarized below and in accordance with the terms and conditions set forth in the Litigation Trust Agreement.  No more than three (3) business days in advance of the Confirmation Hearing, the General Committee shall file the Litigation Trust Supplement with the Bankruptcy Court, which Litigation Trust Supplement shall include (i) the identity of the Litigation Trustee, (ii) the identification of the Litigation Trust Board, (iii) the Litigation Trust Agreement, and (iv) such other information as the General Committee and the Reorganizing Debtors determine pertinent to the Litigation Trust.  The purpose, tax treatment and securities law treatment of the Litigation Trust shall be as set forth in the Litigation Trust Agreement.

(b)      Transfer of Assets.  On the Effective Date, the Contributed Claims held by the Reorganizing Debtors (including any Contributed Claims transferred from Alameda to the Reorganizing Debtors pursuant to Section 6.2.3 of the Plan) shall be transferred to the Litigation Trust for the ratable benefit of the Litigation Trust Beneficiaries.  Upon transfer of the Contributed Claims to the Litigation Trust, the Reorganizing Debtors and Alameda shall have no interest in or with respect to the Contributed Claims or the Litigation Trust, except to the extent of the Alameda Liquidating Trust's right to a portion of any recovery as set forth in Section 6.2.3 of the Plan, and the Litigation Trustee shall be deemed a representative of the Estates of the Reorganizing Debtors and

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

Alameda pursuant to Sections 1123(a)(5), (a)(7) and (b)(3)(B) of the Bankruptcy Code.  To the extent that any Contributed Claims cannot be transferred to the Litigation Trust because of a restriction on transferability under applicable law that is not superseded or preempted by Section 1123 or any other Section of the Bankruptcy Code, such Contributed Claims shall be deemed to have been retained by the Reorganizing Debtors or Alameda, as applicable, and the Litigation Trustee shall be deemed to have been designated as a representative of the Estates of the Reorganizing Debtors and Alameda to enforce and pursue such Contributed Claims and to distribute the proceeds thereof in accordance with the Plan.  In such event, solely from the proceeds of the Contributed Claims, the Litigation Trust shall indemnify the Reorganizing Debtors, Alameda and the Alameda Liquidating Trust from any and all claims, costs, expenses or charges that may arise out of, or relate to, the pursuit of the Contributed Claims by the Litigation Trust.

(c)    Management of the Litigation Trust.  The Litigation Trust shall be managed and operated by the Litigation Trustee.  Pursuant to the Litigation Trust Agreement, the Litigation Trust Board shall have certain rights to approve key decisions of the Litigation Trustee pertaining to the operation and management of the Litigation Trust.

(d)    Funding the Litigation Trust.  The Litigation Trust shall be funded by a non-recourse loan from the Reorganizing Debtors of up to $3.5 million (the "Litigation Trust Loan").  The Reorganizing Debtors hereby commit to provide the Litigation Trust Loan in the amount requested by the Litigation Trust from time to time; provided that the aggregate amount loaned by the Reorganizing Debtors shall not exceed $3.5 million.  The Litigation Trust Loan shall not bear interest.  The Litigation Trust Loan shall be subject to repayment solely from the proceeds of recoveries of the Litigation Trust after the repayment of all costs, fees and expenses of the Litigation Trust.  The Litigation Trust Loan, without the need for further filing or act of any kind, shall be secured by the proceeds of any recoveries of the Litigation Trust; provided, however, that such security shall be voluntarily subordinated to the payment of all costs, fees or expenses of the Litigation Trust.  The Litigation Trust Loan shall have a maturity date that is the earlier of (i) the date at which the Litigation Trust terminates or (ii) the date at which the Litigation Trust first makes

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

52

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

distributions to the litigation trust beneficiaries. For the avoidance of doubt, nothing herein shall prohibit further financing of the Litigation Trust by the Reorganizing Debtors on such terms as the Reorganizing Debtors and the Litigation Trust may agree from time to time, nor shall anything herein prohibit the Litigation Trust from obtaining third party financing as the Litigation Trust determines appropriate.

(e)    <u>Distributions by the Litigation Trust.</u> Distributions by the Litigation Trustee will be made in accordance with Sections 4.4.2, 4.5.2, 4.6.2 and 4.7.2 of the Plan. The Litigation Trustee shall be authorized to retain the services of the Reorganizing Debtors or any disbursing agent of the Reorganizing Debtors for purposes of making such distributions.

(f)    <u>Duration of Trust.</u> The Litigation Trust shall have an initial term of five (5) years, provided that if reasonably necessary to realize maximum value with respect to the assets in the Litigation Trust and following Bankruptcy Court approval, the term of the Litigation Trust may be extended by one or more one (1) year terms. The Litigation Trust may be terminated earlier if the Bankruptcy Court has approved the same and the Litigation Trustee has administered all assets of the Litigation Trust and performed all other duties required by the Plan and the Litigation Trust Agreement.

(g)    <u>Option to Retain Claims.</u> If at any time prior to filing the Litigation Trust Supplement, the General Committee determines that formation of a Litigation Trust is not practical, feasible or otherwise in the best interest of creditors, the Litigation Trust Supplement may be filed in a manner that indicates that the Reorganizing Debtors will retain the Contributed Claims rather than contributing such claims to a Litigation Trust. If so retained, the Reorganizing Debtors (rather than the Litigation Trustee) will distribute the recoveries from the pursuit of such Contributed Claims in accordance with Sections 4.4.2, 4.5.2, 4.6.2 and 4.7.2 of the Plan.

**6.2    Reorganizing Debtors/Liberty/Alameda Intercompany Settlement.**

On the Effective Date, the intercompany settlement (the Reorganizing Debtors/Liberty/Alameda Intercompany Settlement) as provided for in this Section shall become effective and binding by and between Estates of the Reorganizing Debtors, Liberty and Alameda.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

1    To the extent necessary, the Plan constitutes a motion pursuant to Rule 9019 of the Federal Rules of

2    Bankruptcy Procedure for approval of the Reorganizing Debtors/Liberty/Alameda Intercompany

3    Settlement.

4          **6.2.1    Rescission of Subject Agreement and Subject Transfers.**

5          As of the Effective Date, the Subject Agreement and the Subject Transfers and any and all

6    transactions entered into in connection with or pursuant to the Subject Agreement shall be fully and

7    completely rescinded.  In particular, but without limitation, the foregoing rescission shall incorporate

8    the following transactions: (a) the reassignment by Liberty to Alameda of the JV Interests together

9    with all claims, rights and remedies relating to the JV Interests; (b) a reassignment from Liberty to

10   Alameda of the Century Promissory Note, (c) a release by PHI of all claims against Liberty arising,

11   relating to or pertaining to the Note (as said term is defined in Recital A of the Subject Agreement);

12   (d) a release by Liberty of the intercompany obligation asserted against Alameda, in the approximate

13   outstanding amount of $78 million, in connection with the Subject Agreement; (e) a payment in

14   Cash on the Effective Date in the amount of $3.5 million from Liberty to Alameda (with any funding

15   of the payment of Administrative Claims of Alameda and/or the payment of efforts to monetize the

16   value of Alameda's assets to be derived from such funds), which amount represents an estimate of

17   Cash income and/or proceeds derived by Liberty from its ownership of the JV Interests; and (f) an

18   Allowed Unsecured Claim of $16.9 million in favor of Liberty against PHI.  Except as set forth

19   herein, to the extent that Liberty possesses any Claims, rights or causes of actions against third

20   parties under the Subject Agreement or in connection with its equity ownership of the JV Interests

21   (the "Liberty Assigned Claims"), Liberty assigns and transfers all such Claims which shall vest in

22   Alameda.  Liberty agrees to reasonably cooperate with Alameda in connection with Alameda's

23   exercise of its rights transferred hereunder.

24          **6.2.2    PHI Subordinated Allowed Unsecured Claim Against Alameda.**

25          As of the Effective Date, PHI shall receive a subordinated Allowed Unsecured Claim of $165

26   million against Alameda.  Said Claim shall be subordinated to the payment in full of all Allowed

27   Claims against Alameda.  Consistent with the releases set forth in Section 6.2.4 below, neither PHI

28   (except as set forth herein), Liberty nor any other Reorganizing Debtor shall receive or retain any

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

54                                     SECOND AMENDED JOINT PLAN OF
                                       REORGANIZATION

1  other Claim against Alameda.

### 6.2.3    Assignment to Reorganizing Debtors of Examiner Identified Litigation Against Interest Holders of Woodside Owned by Alameda Estate.

Other than Alameda Retained Claims, Alameda shall contribute on the Effective Date all of its rights in the Examiner Identified Litigation against the Interest holders of Woodside to the Reorganizing Debtors or the Litigation Trust in return for a payment in Cash of $1.5 million to be paid on the Effective Date; provided, however, that the Reorganizing Debtors agree that in the event that the Reorganizing Debtors or the Litigation Trust recover more than $35 million in net proceeds on account of the Examiner Identified Litigation, 25% of all net recoveries above such $35 million recovery shall be contributed to the Alameda Estate for distribution to Alameda's creditors up to a maximum additional amount of $1.5 million.  For the avoidance of doubt, to the extent that the Reorganizing Debtors have agreed with certain creditors (the "Private Action Creditors") to pursue joint Examiner Identified Litigation and to the extent that, as a result thereof, the Reorganizing Debtors have agreed to share the proceeds of any recovery with the Private Action Creditors, only the recoveries applicable to the Reorganizing Debtors (and not the Private Action Creditors) shall be counted in the calculation of whether a $35 million recovery has been obtained.

### 6.2.4    Mutual Releases by and Between Liberty, Alameda and the Reorganizing Debtors.

In consideration of the Reorganizing Debtors/Liberty/Alameda Intercompany Settlement, except as to Claims and rights expressly reserved or provided for herein, this Plan shall constitute a full settlement and compromise of all Claims and causes of action, including, without limitation, Causes of Action, subordination, recoupment, setoff, and other legal and equitable defenses by, between, and through, on the one hand, the Reorganizing Debtors, Newco and Liberty, and, on the other hand, Alameda, Eagleridge Office Park, LLC ("Eagleridge LLC"), JSO Land, LLC ("JSO Land") and Wheatland Heritage Oaks, LLC ("WHO"), the Alameda Estate, the Alameda Liquidating Trust, as successor-in-interest to Alameda, and all representatives, successors and assigns thereof, including any subsequently appointed Chapter 7 trustee, effective upon the Effective Date of the Plan.  Notwithstanding anything herein to the contrary, all rights and remedies of all parties are

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

1  reserved in connection with any leasing or subleasing relationship by and between any Reorganizing

2  Debtor and Alameda (including any subsidiary or affiliate thereof) including relating to the

3  occupancy of the Eagleridge Office Building.

4          (a)      Release by Alameda, Eagleridge LLC, JSO Land and WHO.

5       As of the Effective Date, except as to any Claims and rights expressly reserved or provided

6  for herein, Alameda, the Alameda Liquidating Trustee, as successor-in-interest to Alameda,

7  Eagleridge LLC, JSO Land and WHO shall, and shall be deemed to, release, waive and forever

8  discharge all Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action

9  and liabilities, whether known or unknown, foreseen or unforeseen, fixed or unliquidated, then

10  existing or thereafter arising, in law, equity or otherwise that are based in whole or in part on any act,

11  omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any

12  way relating to Alameda, Eagleridge LLC, JSO Land, WHO, Liberty, the Debtors, their assets, the

13  Subject Agreement, the Chapter 11 Cases or this Plan, that could have been asserted by or on behalf

14  of Alameda or the Alameda Estate, Eagleridge LLC, JSO Land or WHO, including, but not limited

15  to, all Causes of Action and Defenses, against the Reorganized Debtors, Newco and Liberty, their

16  successors and assigns, and their professionals with respect to their actions during the Chapter 11

17  Cases, but excluding, for absence of doubt, the Alameda Retained Claims.

18          (b)      Release by Reorganizing Debtors, Newco and Liberty.

19       As of the Effective Date, except as to any Claims and rights expressly reserved or provided

20  for herein, the Reorganizing Debtors, Newco and Liberty shall, and shall be deemed to, release,

21  waive and forever discharge all Claims, obligations, suits, judgments, damages, demands, debts,

22  rights, causes of action and liabilities, whether known or unknown, foreseen or unforeseen, fixed or

23  unliquidated, then existing or thereafter arising, in law, equity or otherwise that are based in whole

24  or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the

25  Effective Date in any way relating to Alameda, Eagleridge LLC, JSO Land, WHO, Liberty, the

26  Debtors, their assets, the Subject Agreement, the Chapter 11 Cases or this Plan, that could have been

27  asserted by or on behalf of the Reorganizing Debtors, Newco and Liberty, including, but not limited

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

1   to, all Causes of Action and Defenses, against Alameda or the Alameda Estate, the Alameda

2   Liquidating Trustee, as the successor-in-interest to Alameda, Eagleridge LLC, JSO Land or WHO,

3   their successors and assigns, and their professionals with respect to their actions during the Chapter

4   11 Cases.

### 6.2.5   Payment of Alameda Allowed Administrative Claims.

6          Except as specifically provided otherwise, payments to the Alameda Estate shall be made

7   without deduction for fees, costs or other charges of the Reorganized Debtors and/or Liberty,

8   including by the professionals retained by any of the Debtors and the General Committee.  However,

9   the Estate of Alameda shall be responsible for (i) the fees and expenses incurred by the Alameda

10   Committee and its retained professionals, as approved by the Bankruptcy Court after notice to

11   interested parties or in accordance with any procedure for the payment of professional fees and costs

12   established in the Chapter 11 Cases, and (ii) the reasonable and necessary fees and expenses, as

13   approved by the Bankruptcy Court after notice to interested parties or in accordance with any

14   procedure for the payment of professional fees and costs established in the Chapter 11 Cases, to be

15   incurred directly on behalf of the Alameda Estate by Pachulski Stang Ziehl & Jones LLP ("PSZJ")

16   and Alvarez & Marsal ("A&M") from and after August 17, 2009 until the Effective Date, but only to

17   the extent the combined amount of such fees and costs exceed $100,000 (with all such fees and costs

18   prior to August 17, 2009 being paid by the Reorganizing Debtors except for the fees and costs of the

19   Alameda Committee which shall in all respects be paid by the Alameda Estate).  For the avoidance

20   of doubt, the Alameda Committee, the Alameda Liquidating Trustee and any other party-in-interest

21   in the Alameda case shall retain the right to object to any fees and costs sought by the Debtors and

22   their professionals, including on the basis that such fees and costs were inappropriately allocated to

23   the Alameda Estate.

### 6.2.6   Allocation of Certain Reimbursements.

25          Alameda (or the Alameda Liquidating Trustee) and the Reorganizing Debtors shall split on a

26   50%-50% basis, when and if received, the proceeds of any and all rights or Claims to

27   reimbursements (including so-called CFD reimbursements), refunds (including of utility deposits,

28   plan check and inspection fees and similar payments), fee credits, or similar disbursements (all

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

1    collectively, "Reimbursement Rights") owing to or held by any of the Debtors in connection with (i)

2    the Union Ranch project in California, (ii) the Heritage Lake Project, (iv) Wolf Creek, LLC, and (iii)

3    the Audie Murphy Ranch Project (for purposes of this paragraph, collectively the "Projects").  Any

4    and all proceeds and products of the Reimbursement Rights related to the Projects received by any of

5    the Reorganized Debtors or Alameda shall be deposited into a segregated account (a

6    "Reimbursement Rights Proceeds Account") pending an agreement between the Reorganized

7    Debtors and Alameda (or the Alameda Liquidating Trustee) of entitlement to them under this

8    Section 6.2.6 or the entry of one or more orders of the Bankruptcy Court.  As Cash proceeds of the

9    Reimbursement Rights related to the Projects are available, Alameda (or the Alameda Liquidating

10   Trustee), on the one hand, and the Reorganizing Debtors, on the other hand, shall be entitled to their

11   respective shares of funds in the Reimbursement Rights Proceeds Account.  Payments from the

12   Reimbursement Rights Proceeds Account shall only be upon Bankruptcy Court order, but such order

13   may be upon the stipulation of Alameda (or the Alameda Liquidating Trustee) and the Reorganized

14   Debtors, and no notice shall be required to any other party, except the United States Trustee, prior to

15   entry of such order.  Alameda (or the Alameda Liquidating Trustee) and the Reorganized Debtors

16   agree to pursue the Reimbursement Rights related to the Projects jointly and with the advice and

17   consent of each other and their professionals, provided however, that with respect to the Union

18   Ranch Project and the Heritage Lake Project it is contemplated that the Reorganized Debtors shall

19   take the lead role, and with respect to Wolf Creek, LLC and the Audie Murphy Ranch Project, it is

20   contemplated that Alameda (and its successor under the Plan) will take the lead role.  Absent any

21   agreement in advance or order of the Bankruptcy Court, no attorney's fees and costs, or other

22   allocations of costs or professional fees, relating to the recovery of Reimbursement Rights related to

23   the Projects shall be charged against the proceeds of the Reimbursement Rights.  For absence of

24   doubt, except with respect to Reimbursement Rights in connection with the Projects described in this

25   Section 6.2.6, any and all Reimbursement Rights owing to or held by Alameda on account of

26   ventures of which Alameda was or is a party, member or otherwise owns or owned an ownership

27   interest, including the JV Interests, shall be the property of Alameda based upon its ownership

28   interest and shall be recoverable by and be payable directly to Alameda (or the Alameda Liquidating

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

1    Trustee).  Except as provided herein, any and all rights, claims and interests in third parties to the

2    Reimbursement Rights are expressly reserved.

### 6.2.7    Certain Third Party Releases.

4        In the event that the Reorganizing Debtors (with the consent of the General Committee) enter

5    into any agreement or support any order that releases estate Claims against certain ongoing

6    employees in connection with or related to arrangements to insure the employment of such

7    employees post-confirmation, Alameda  (or the Alameda Liquidating Trustee) agrees to provide a

8    similar release on behalf of the Alameda Estate, except to the extent of the Alameda Retained

9    Claims.

### 6.3    Liquidating Debtor - Alameda.

### 6.3.1    Establishment of Alameda Liquidating Trust; Alameda Liquidating Trust Agreement.

13        On the Effective Date, the Alameda Liquidating Trust shall be established.  The Alameda

14    Liquidating Trust shall be governed by the Alameda Liquidating Trust Agreement, which shall be

15    effective as of the Effective Date.  A copy of the Alameda Liquidating Trust Agreement will be filed

16    with the Bankruptcy Court prior to the Confirmation Hearing.

(a)    Purpose of Alameda Liquidating Trust.

18        The Alameda Liquidating Trust shall be established for the primary purpose of liquidating

19    and distributing Alameda's assets, in accordance with the Alameda Liquidating Trust Agreement,

20    this Plan and Treasury Regulation section 301.7701-4(d), with no objective to continue or engage in

21    the conduct of a trade or business, except to the extent reasonably necessary to preserve the

22    liquidation value of the Alameda Trust Assets, and consistent with the liquidating purpose of the

23    Alameda Liquidating Trust.  The Alameda Liquidating Trust shall be deemed a successor-in-interest

24    to Alameda for the purposes of Bankruptcy Code Section 1145.  Under Section 1145 of the

25    Bankruptcy Code, the issuance of beneficial interests in the Alameda Liquidating Trust pursuant to

26    this Plan shall be exempt from registration under the Securities Act of 1933, as amended, and

27    applicable state and local laws requiring registration of securities.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

(b)    Term; Extension.

The Alameda Liquidating Trust shall terminate no later than five (5) years after the Effective Date.  Notwithstanding the foregoing, the Alameda Liquidating Trustee may, if it is in the best interests of Alameda Trust Beneficiaries, and subject to the approval of the Bankruptcy Court based on a finding that an extension is necessary to the purpose of the Alameda Liquidating Trust, extend the term of the Alameda Liquidating Trust for one or more finite periods based upon the particular facts and circumstances at that time (each, an "Extension Period"), provided that each Extension Period is requested by the Alameda Liquidating Trustee before expiration of the term of the Alameda Liquidating Trust (as it may then have been extended).

(c)    Alameda Liquidating Trust Beneficiaries.

As of the Effective Date, the Alameda Liquidating Trust shall hold all of Alameda's right, title and interests in the Alameda Trust Assets.  The Alameda Trust Assets shall be held, administered and liquidated for the benefit of, with corresponding distributions to, the Alameda Trust Beneficiaries.  The Alameda Liquidating Trustee shall maintain a register of the names and addresses of the Alameda Trust Beneficiaries as provided in the Alameda Liquidating Trust Agreement.  The Alameda Trust Beneficiaries' interests shall be transferable only in accordance with the Alameda Liquidating Trust Agreement.

(d)    Status of Alameda Liquidating Trustee.

On the Effective Date, the Alameda Liquidating Trustee shall be a representative of the Alameda Estate within the meaning of Section 1123(b)(3)(B) of the Bankruptcy Code and shall have the rights and powers provided for in the Bankruptcy Code in addition to any rights and powers granted in the Alameda Liquidating Trust Agreement and herein.  The Alameda Liquidating Trustee shall be a party in interest as to all matters over which the Bankruptcy Court has jurisdiction.

In his or her capacity as the Estate representative of the Alameda Estate, and except as to any Cause of Action and Defenses released or transferred under this Plan, the Alameda Liquidating Trustee shall be the successor-in-interest to Alameda with respect to any Claim, right or Cause of Action and Defense that was or could have been commenced by Alameda prior to the Effective

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

1    Date, or thereafter arising in conjunction with any Alameda Trust Assets until the Alameda

2    Liquidating Trustee disposes of them.  All such Causes of Action and Defenses and any and all other

3    rights, Claims or interests constituting Alameda Trust Assets, including the right to seek to

4    subordinate Claims under Section 510 of the Bankruptcy Code, but excluding Causes of Action and

5    Defenses released under this Plan, shall be retained and may be pursued and enforced by the

6    Alameda Liquidating Trustee as the representative of the Alameda Estate pursuant to Section

7    1123(b)(3)(B) of the Bankruptcy Code and the terms of this Plan.

8        The Alameda Liquidating Trustee shall be responsible for making distributions from the

9    Alameda Liquidating Trust as required by and set forth in this Plan and the Alameda Liquidating

10    Trust Agreement.  The Alameda Liquidating Trustee, or its designee, shall act as the disbursing

11    agent under this Plan and shall establish such account or accounts as may be required to effectuate

12    payments and distributions as provided for in the Plan.

13        (e)    Liquidating Trustee's Authority and Responsibilities.

14

15        The Alameda Liquidating Trustee shall be authorized to and shall take all actions required of

the Alameda Liquidating Trustee under this Plan and the Alameda Liquidating Trust Agreement, and

16    any additional actions that are necessary and appropriate to implement the Alameda Liquidating

17    Trust.  Subject to the terms set forth in this Plan, the Alameda Liquidating Trustee shall have the

18    authority, power, duties and responsibilities set forth in the Alameda Liquidating Trust Agreement.

19

20        (f)    Alameda Supervisory Board

21        The Alameda Supervisory Board shall be selected by the Alameda Committee prior to the

Confirmation Hearing.  The Alameda Supervisory Board shall consist of the three (3) members of

22    the Alameda Committee.  In the event that a member of the Alameda Supervisory Board can no

23    longer carry out his or her duties (by reason of death, resignation or disability), the remaining

24    members of the Alameda Supervisory Board shall appoint a successor within ninety (90) days.  The

25    Alameda Supervisory Board shall have authority over the actions of the Alameda Liquidating

26    Trustee and the Alameda Liquidating Trust as set forth in the Alameda Liquidating Trust

27    Agreement.

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

### 6.3.2    Transfer of Alameda Assets to Alameda Liquidating Trust.

Except as specifically set forth in this Plan, all of Alameda's right, title and interest in and to the Alameda Trust Assets shall be, and shall be deemed to be, irrevocably transferred, absolutely assigned, conveyed, set over and delivered to the Alameda Liquidating Trust, in trust to and in trust for the benefit of the Alameda Trust Beneficiaries for the uses and purposes stated herein and in the Alameda Liquidating Trust Agreement.  For United States Federal and applicable state income tax purposes, the transfers of the Alameda Trust Assets to the Alameda Liquidating Trust shall be treated and reported as a disposition of the Alameda Trust Assets directly to and for the benefit of the Alameda Trust Beneficiaries immediately followed by a contribution of the Alameda Trust Assets by the Alameda Trust Beneficiaries to the Alameda Liquidating Trust for the benefit of the Alameda Trust Beneficiaries.  The Trust Beneficiaries shall be treated as the grantors and deemed the owners of the Alameda Liquidating Trust.

### 6.3.3    Documentation of Transfers.

This Plan and the Confirmation Order shall constitute sufficient documentation to evidence any of the transfers called for by this Section 6.3.  No further documentation shall be necessary to give effect to any such transfers.

### 6.3.4    Free and Clear.

Except as otherwise provided by this Plan, the Alameda Liquidating Trust Agreement or the Confirmation Order, any transfer, assignment or conveyance of Alameda's right, title and interest in any Alameda Trust Assets to the Alameda Liquidating Trust under this Plan shall be free and clear of all Liens, Claims, and interests, including any transfer taxes, pursuant to Sections 363(f), 1123, 1141 and 1146(c) of the Bankruptcy Code.

### 6.3.5    Transfers of Privileges and Bankruptcy Rights.

To the full extent permitted by law, all rights under Section 363(h) of the Bankruptcy Code are preserved for the benefit of the Alameda Liquidating Trust and its Creditors, and may be exercised by the Alameda Liquidating Trustee with Bankruptcy Court approval.  To the fullest extent permitted by law, all rights under Section 365 including Section 365(f) of the Bankruptcy Code are preserved for the benefit of the Alameda Estate and its Creditors, and may be exercised by

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

DOCS_LA:207036.7

1   the Alameda Liquidating Trustee with Bankruptcy Court approval, including prosecution and

2   amendment of any motions to assume or reject executory contracts and leases that are pending on the

3   Effective Date. To the fullest extent permitted by law, and subject to the express provisions of this

4   Plan, on the Effective Date, Alameda shall be deemed to irrevocably transfer to the Alameda

5   Liquidating Trust, as its legal successor, all rights of Alameda and its Estate to exercise or waive any

6   attorney-client privilege, accountant-client privilege, work-product privilege or other privilege or

7   immunity attaching to any documents or communications (whether written or oral), and Alameda,

8   the Alameda Liquidating Trust and the Alameda Liquidating Trustee are authorized to take any and

9   all necessary actions to effectuate the transfer of such privileges and available defenses.

10              **6.3.6   Reserved Causes of Action and Defenses.**

11          Unless any Cause of Action and Defense held by Alameda is expressly waived, relinquished,

12  released, compromised, or settled in the Plan or any final order (including, without limitation, the

13  Confirmation Order), Alameda expressly reserves such Cause of Action and Defense for later

14  adjudication by the Alameda Liquidating Trustee. The reservation set forth in this Section 6.3.6

15  shall include, without limitation, the Alameda Retained Claims, any Causes of Action (i) identified

16  in Alameda's or Liberty's Schedules of Assets and Liabilities and Statements of Financial Affairs or

17  the applicable exhibit to the Plan (the "Alameda Cause of Action Exhibit") (which exhibit shall be

18  filed ten (10) days prior to the Confirmation Hearing); (ii) against other parties or members of

19  ventures in which Alameda or Liberty was or is a party, member or otherwise owns or owned an

20  ownership interest, including the JV Interests; (iii) on account of the Reimbursement Rights or any

21  similar such claims; (iv) arising under Sections 542, 544, 547, 548, 549, 550 and 551 of the

22  Bankruptcy Code; and (v) any Cause of Action and Defense held by Alameda not specifically

23  identified in the Plan or Disclosure Statement, or of which Alameda may presently be unaware, or

24  which may arise or exist by reason of additional facts or circumstances unknown to Alameda at this

25  time or facts or circumstances that may change or be different from those Alameda now believes to

26  exist and, therefore, no preclusion doctrine, including, without limitation, the doctrines of res

27  judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable

28  or otherwise), or laches will apply to such Causes of Action and Defenses upon or after the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

63                                    SECOND AMENDED JOINT PLAN OF
                                              REORGANIZATION

1    Confirmation of the Plan based on the Disclosure Statement, the Plan or the Confirmation Order,

2    except where such Causes of Action and Defenses have been expressly waived, relinquished,

3    released, compromised, or settled in the Plan or an order of the Bankruptcy Court.

### 6.3.7    Dissolution of Alameda.

5    Alameda may be dissolved by the Alameda Liquidating Trustee.  The Alameda Liquidating

6    Trustee shall have full authority, and shall take any action necessary, to wind up the affairs, and

7    dissolve and terminate the existence, of Alameda under applicable state laws and in accordance with

8    the rights, powers and responsibilities conferred by the Bankruptcy Code, this Plan and any order of

9    the Bankruptcy Court.  To the extent necessary, any limited liability company agreement or

10   operating agreement or other controlling organization or formation document or agreement for

11   Alameda shall be deemed amended to authorize the Alameda Liquidating Trustee to take such

12   actions.

### 6.3.8    Cancellation of Interests in Alameda.

14   On the Effective Date, all Interests in Alameda shall be deemed cancelled and be of no

15   further force or effect, without any further action being required to effect such cancellation.  From

16   and after the cancellation of the Interests pursuant to this Plan, holders of Interests shall have no

17   rights arising from or relating to such Interests or the cancellation thereof.

### 6.3.9    Injunction.

19   Except as otherwise provided in this Plan or the Confirmation Order, on and after the

20   Effective Date all entities that have held, currently hold or may hold a debt, Claim, Cause of Action,

21   other liabilities, rights or Interests against or in Alameda that would be discharged upon

22   confirmation of this Plan on the Effective Date but for the provisions of Section 1141(d)(3) of the

23   Bankruptcy Code are hereby permanently enjoined from taking any of the following actions on

24   account of such debt, Claim, Cause of Action, other liabilities, rights or Interests:  (i) commencing or

25   continuing in any manner any action or other proceeding on account of such debt, Claim, Cause of

26   Action, other liabilities, rights or Interests against the Alameda Trust Assets or proceeds thereof,

27   other than to enforce any right to a distribution with respect to such Alameda Trust Assets or the

28   proceeds thereof as provided by the Plan; (ii) enforcing, attaching, collecting or recovering in any

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

manner any judgment, award, decree, or order against any Alameda Trust Assets, other than as permitted by this paragraph; and (iii) creating, perfecting or enforcing any Lien or encumbrance against any Alameda Trust Assets, other than as permitted by this Plan.

### 6.4    Liquidating Debtor - Liberty.

#### 6.4.1    Establishment of Liberty Liquidating Trust; Liberty Liquidating Trust Agreement.

On the Effective Date, the Liberty Liquidating Trust shall be established. The Liberty Liquidating Trust shall be governed by the Liberty Liquidating Trust Agreement, which shall be effective as of the Effective Date. A copy of the Liberty Liquidating Trust Agreement will be filed with the Bankruptcy Court prior to the Confirmation Hearing.

(a)    Purpose of Liberty Liquidating Trust.

The Liberty Liquidating Trust shall be established for the primary purpose of liquidating and distributing Liberty's assets, in accordance with the Liberty Liquidating Trust Agreement, this Plan and Treasury Regulation section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to preserve the liquidation value of the Liberty Trust Assets, and consistent with the liquidating purpose of the Liberty Liquidating Trust. The Liberty Liquidating Trust shall be deemed a successor-in-interest to Liberty for the purposes of Bankruptcy Code section 1145. Under section 1145 of the Bankruptcy Code, the issuance of beneficial interests in the Liberty Liquidating Trust pursuant to this Plan shall be exempt from registration under the Securities Act of 1933, as amended, and applicable state and local laws requiring registration of securities.

(b)    Term; Extension.

The Liberty Liquidating Trust shall terminate no later than five (5) years after the Effective Date. Notwithstanding the foregoing, the Liberty Liquidating Trustee may, if it is in the best interests of Liberty Trust Beneficiaries, and subject to the approval of the Bankruptcy Court based on a finding that an extension is necessary to the purpose of the Liberty Liquidating Trust, extend the term of the Liberty Liquidating Trust for one or more finite periods based upon the particular facts and circumstances at that time (each, an "Extension Period"), provided that each Extension Period is

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

1    requested by the Liberty Liquidating Trustee before expiration of the term of the Liberty Liquidating

2    Trust (as it may then have been extended).

3                    (c)        Liberty Liquidating Trust Beneficiaries.

4            As of the Effective Date, the Liberty Liquidating Trust shall hold all of Liberty's right, title

5    and interests in the Liberty Trust Assets.  The Liberty Trust Assets shall be held, administered and

6    liquidated for the benefit of, with corresponding distributions to, the Liberty Trust Beneficiaries.

7    The Liberty Liquidating Trustee shall maintain a register of the names and addresses of the Liberty

8    Trust Beneficiaries as provided in the Liberty Liquidating Trust Agreement.  The Liberty Trust

9    Beneficiaries' interests shall be transferable only in accordance with the Liberty Liquidating Trust

10   Agreement.

11                   (d)        Status of Liberty Liquidating Trustee

12           The person to serve as the Liberty Liquidating Trustee will be selected by the Debtors, with

13   the consent of the General Committee and the Alameda Committee, and his or her identity disclosed

14   by the Debtors, prior to the Confirmation Hearing.  On the Effective Date, the Liberty Liquidating

15   Trustee shall be a representative of the Liberty Estate within the meaning of section 1123(b)(3)(B) of

16   the Bankruptcy Code and shall have the rights and powers provided for in the Bankruptcy Code in

17   addition to any rights and powers granted in the Liberty Liquidating Trust Agreement and herein.

18   The Liberty Liquidating Trustee shall be a party interest as to all matters over which the Bankruptcy

19   Court has jurisdiction.

20           In his or her capacity as the Estate representative of the Liberty Estate, and except as to any

21   Cause of Action and Defenses released or transferred under this Plan, the Liberty Liquidating

22   Trustee shall be the successor-in-interest to Liberty with respect to any Claim, right or Cause of

23   Action and Defense that was or could have been commenced by Liberty prior to the Effective Date,

24   or thereafter arising in conjunction with any Liberty Trust Assets until the Liberty Liquidating

25   Trustee disposes of them.  All such Causes of Action and Defenses and any and all other rights,

26   Claims or interests constituting Liberty Trust Assets, including the right to seek to subordinate

27   Claims under Section 510 of the Bankruptcy Code, but excluding Causes of Action and Defenses

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

released under this Plan, shall be retained and may be pursued and enforced by the Liberty Liquidating Trustee as the representative of the Liberty Estate pursuant to section 1123(b)(3)(B) of the Bankruptcy Code and the terms of this Plan.

The Liberty Liquidating Trustee shall be responsible for making distributions from the Liberty Liquidating Trust as required by and set forth in this Plan and the Liberty Liquidating Trust Agreement. The Liberty Liquidating Trustee, or its designee, shall act as the disbursing agent under this Plan and shall establish such account or accounts as may be required to effectuate payments and distributions as provided for in the Plan.

(e)    Liberty Liquidating Trustee's Authority and Responsibilities.

The Liberty Liquidating Trustee shall be authorized to and shall take all actions required of the Liberty Liquidating Trustee under this Plan and the Liberty Liquidating Trust Agreement, and any additional actions that are necessary and appropriate to implement the Liberty Liquidating Trust. Subject to the terms set forth in this Plan, the Liberty Liquidating Trustee shall have the authority, power, duties and responsibilities set forth in the Liberty Liquidating Trust Agreement.

**6.4.2    Transfer of Liberty Assets to Liberty Liquidating Trust.**

Except as specifically set forth in this Plan, all of Liberty's right, title and interest in and to the Liberty Trust Assets shall be, and shall be deemed to be, irrevocably transferred, absolutely assigned, conveyed, set over and delivered to the Liberty Liquidating Trust, in trust to and in trust for the benefit of the Liberty Trust Beneficiaries for the uses and purposes stated herein and in the Liberty Liquidating Trust Agreement. For United States Federal and applicable state income tax purposes, the transfers of the Liberty Trust Assets to the Liberty Liquidating Trust shall be treated and reported as a disposition of the Liberty Trust Assets directly to and for the benefit of the Liberty Trust Beneficiaries immediately followed by a contribution of the Liberty Trust Assets by the Liberty Trust Beneficiaries to the Liberty Liquidating Trust for the benefit of the Liberty Trust Beneficiaries. The Liberty Trust Beneficiaries shall be treated as the grantors and deemed the owners of the Liberty Liquidating Trust.

Funding of the Liberty Liquidating Trust from and after the Effective Date shall be provided from Liberty's Cash on hand, dispositions of Estate Assets of Liberty, Post-Effective Date

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

DOCS_LA:207036.7

1   Financing, if any, and/or any other sources as set forth in the Liberty Liquidating Trust Agreement.

### 6.4.3   Documentation of Transfers.

This Plan and the Confirmation Order shall constitute sufficient documentation to evidence any of the transfers called for by this Section 6.4.  No further documentation shall be necessary to give effect to any such transfers.

### 6.4.4   Free and Clear.

Except as otherwise provided by this Plan, the Liberty Liquidating Trust Agreement or the Confirmation Order, any transfer, assignment or conveyance of Liberty's right, title and interest in any Liberty Trust Assets to the Liberty Liquidating Trust under this Plan shall be free and clear of all Liens, Claims, and interests, including any transfer taxes, pursuant to sections 363(f), 1123, 1141 and 1146(c) of the Bankruptcy Code.

### 6.4.5   Transfers of Privileges and Bankruptcy Rights.

To the full extent permitted by law, all rights under section 363(h) of the Bankruptcy Code are preserved for the benefit of the Liberty Liquidating Trust and its Creditors, and may be exercised by the Liberty Liquidating Trustee with Bankruptcy Court approval.  To the fullest extent permitted by law, all rights under section 365 including section 365(f) of the Bankruptcy Code are preserved for the benefit of the Liberty Estate and its Creditors, and may be exercised by the Liberty Liquidating Trustee with Bankruptcy Court approval, including prosecution and amendment of any motions to assume or reject executory contracts and leases that are pending on the Effective Date. To the fullest extent permitted by law, and subject to the express provisions of this Plan, on the Effective Date, Liberty shall be deemed to irrevocably transfer to the Liberty Liquidating Trust, as its legal successor, all rights of Liberty and its Estate to exercise or waive any attorney-client privilege, accountant-client privilege, work-product privilege or other privilege or immunity attaching to any documents or communications (whether written or oral), and Liberty, the Liberty Liquidating Trust and the Liberty Liquidating Trustee are authorized to take any and all necessary actions to effectuate the transfer of such privileges and available defenses.

### 6.4.6   Reserved Causes of Action and Defenses.

Unless any Cause of Action and Defense held by Liberty is expressly waived, relinquished,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

1   released, compromised, or settled in the Plan or any final order (including, without limitation, the

2   Confirmation Order), Liberty expressly reserves such Cause of Action and Defense for later

3   adjudication by the Liberty Liquidating Trustee. The reservation set forth in this Section 6.4.6 shall

4   include, without limitation, any Causes of Action arising under sections 542, 544, 547, 548, 549, 550

5   and 551 of the Bankruptcy Code and any Cause of Action and Defense held by Liberty not

6   specifically identified in the Plan or Disclosure Statement, or of which Liberty may presently be

7   unaware, or which may arise or exist by reason of additional facts or circumstances unknown to

8   Liberty at this time or facts or circumstances that may change or be different from those Liberty now

9   believes to exist and, therefore, no preclusion doctrine, including, without limitation, the doctrines of

10   res judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial,

11   equitable or otherwise), or laches will apply to such Causes of Action and Defenses upon or after the

12   Confirmation of the Plan based on the Disclosure Statement, the Plan or the Confirmation Order,

13   except where such Causes of Action and Defenses have been expressly waived, relinquished,

14   released, compromised, or settled in the Plan or an order of the Bankruptcy Court.

### 6.4.7   Dissolution of Liberty.

16       Liberty may be dissolved by the Liberty Liquidating Trustee. The Liberty Liquidating

17   Trustee shall have full authority, and shall take any action necessary, to wind up the affairs, and

18   dissolve and terminate the existence, of Liberty under applicable state laws and in accordance with

19   the rights, powers and responsibilities conferred by the Bankruptcy Code, this Plan and any order of

20   the Bankruptcy Court. To the extent necessary, any limited liability company agreement or

21   operating agreement or other controlling organization or formation document or agreement for

22   Liberty shall be deemed amended to authorize the Liberty Liquidating Trustee to take such actions.

### 6.4.8   Cancellation of Interests in Liberty.

24       On the Effective Date, all Interests in Liberty shall be deemed cancelled and be of no further

25   force or effect, without any further action being required to effect such cancellation. From and after

26   the cancellation of the Interests pursuant to this Plan, holders of Interests shall have no rights arising

27   from or relating to such Interests or the cancellation thereof.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

### 6.4.9    Injunction.

Except as otherwise provided in this Plan or the Confirmation Order, on and after the Effective Date, all entities that have held, currently hold or may hold a debt, Claim, Cause of Action, other liabilities, rights or Interests against or in Liberty that would be discharged upon confirmation of this Plan on the Effective Date but for the provisions of section 1141(d)(3) of the Bankruptcy Code are hereby permanently enjoined from taking any of the following actions on account of such debt, Claim, Cause of Action, other liabilities, rights or Interests:  (i) commencing or continuing in any manner any action or other proceeding on account of such debt, Claim, Cause of Action, other liabilities, rights or Interests against the Liberty Trust Assets or proceeds thereof, other than to enforce any right to a distribution with respect to such Liberty Trust Assets or the proceeds thereof as provided by the Plan; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree, or order against any Liberty Trust Assets, other than as permitted by this paragraph; and (iii) creating, perfecting or enforcing any Lien or encumbrance against any Liberty Trust Assets, other than as permitted by this Plan.

### 6.5    No Substantive Consolidation of Liquidating Debtors.

Nothing in this Plan is intended to substantively consolidate the Estates of the Liquidating Debtors, and each such entity shall maintain its separate corporate existence and its separate and distinct Estate Assets.

### 6.6    Miscellaneous.

### 6.6.1    Creditors' Committees.

On the Effective Date, each of the General Committee and the Alameda Committee shall be dissolved and the members of each Committee shall be released and discharged from any further authority, duties, responsibilities, liabilities and obligations related to, or arising from, the Chapter 11 Cases, except that the Committees shall continue in existence and have standing and capacity to prepare and prosecute applications for the payment of fees and reimbursement of expenses incurred by the Committees or their Professionals.  Following the Effective Date, subject to actual conflicts of interest, none of the General Committee's professionals shall be precluded from representing the Reorganized Debtors.  Following the Effective Date, subject to actual conflicts of interest, none of

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

1    the Alameda Committee's professionals shall be precluded from representing the Alameda

2    Liquidating Trustee and the Alameda Supervisory Board.

3    **6.6.2    Liquidating Debtors' Records.**

4    The Alameda Liquidating Trustee and the Liberty Liquidating Trustee will have possession

5    of all records of Alameda and Liberty, respectively, but shall make such records available to the

6    other Reorganized Debtors upon request, at no additional cost to the Alameda Liquidating Trustee or

7    the Liberty Liquidating Trustee, as applicable.  The Alameda Liquidating Trustee and the Liberty

8    Liquidating Trustee shall each operate independently from the Reorganizing Debtors, but the

9    Reorganizing Debtors agree to reasonably cooperate with the Alameda Liquidating Trustee and the

10    Liberty Liquidating Trustee in the execution of documents, furnishing of information, consultation

11    with, and other aspects related to, the monetizing of the Alameda Trust Assets and the Liberty Trust

12    Assets, as applicable; provided that all reasonable out of pocket costs of the Reorganizing Debtors in

13    so doing will be reimbursed by the Alameda Liquidating Trust and the Liberty Liquidating Trust, as

14    applicable.  If the Reorganized Debtors are called upon to provide any post-confirmation services for

15    the Alameda Liquidating Trustee and/or the Liberty Liquidating Trustee beyond the foregoing (such

16    as management services and/or tax work), consideration shall be provided by the Alameda

17    Liquidating Trustee and the Liberty Liquidating Trustee, as applicable, to the Reorganizing Debtors

18    in an amount agreed upon by and between the parties.

19    **6.6.3    Final Decree.**

20    At any time following the Effective Date, the Reorganized Debtors shall be authorized to file

21    a motion for the entry of a final decree closing the Chapter 11 Cases of the Reorganized Debtors

22    pursuant to Section 350 of the Bankruptcy Code.  At any time following the Effective Date, the

23    Alameda Liquidating Trustee shall be authorized to file a motion for the entry of a final decree

24    closing the Chapter 11 Case of Alameda pursuant to Section 350 of the Bankruptcy Code.  At any

25    time following the Effective Date, the Liberty Liquidating Trustee shall be authorized to file a

26    motion for the entry of a final decree closing the Chapter 11 Case of Liberty pursuant to Section 350

27    of the Bankruptcy Code.

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

DOCS_LA:207036.7

**ARTICLE 7**

**PROVISIONS GOVERNING DISTRIBUTIONS**

**7.1    Distributions by the Debtors.**  The Reorganized Debtors shall administer Claims and make distributions in respect of Allowed Claims against the Reorganized Debtors; provided, however, that the Litigation Trust may make certain distributions to the Litigation Trust Beneficiaries.  The Alameda Liquidating Trust and the Liberty Liquidating Trust shall administer Claims and make distributions in respect of Allowed Claims against Alameda and Liberty, respectively.  Distributions to be made by the Reorganized Debtors, the Litigation Trust, the Alameda Liquidating Trust, and the Liberty Liquidating Trust, as applicable, may be made by any Person designated or retained by the foregoing entities, as applicable, to serve as disbursing agent without the need for any further order of the Bankruptcy Court.

**7.2    Distributions on Account of Claims Allowed as of the Effective Date.**  Except as otherwise provided herein, a Final Order, or as agreed by the relevant parties, distributions on account of Allowed Claims that become Allowed prior to the Effective Date shall be made by the Reorganized Debtors, the Litigation Trust, the Alameda Liquidating Trust, or the Liberty Liquidating Trust, as applicable, on or as soon as reasonably practicable after the Effective Date.

**7.3    Estimation.**  In order to establish reserves under this Plan and avoid undue delay in the administration of these Chapter 11 Cases, the Debtors, the Reorganized Debtors, the Liquidating Debtors, the Alameda Liquidating Trust, and the Liberty Liquidating Trust shall have the right to seek an order of the Bankruptcy Court pursuant to Section 502(c) of the Bankruptcy Code, estimating the amount of any Claim.

**7.4    Distributions on Account of Claims Allowed After the Effective Date.**

    **7.4.1    Distributions on Account of Disputed Claims and Estimated Claims.**  Except as otherwise provided herein, a Final Order, or as agreed by the relevant parties, distributions on account of Disputed Claims and Estimated Claims that become Allowed after the Effective Date shall be made by the Reorganized Debtors, the Alameda Liquidating Trust, or the Liberty Liquidating Trust, as applicable, at such periodic intervals as the foregoing entities, as applicable, determine to be reasonably prudent.  Distributions by the Litigation Trust, if any, shall be made on

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

DOCS_LA:207036.7

1    each Litigation Proceeds Distribution Date.

2    **7.4.2   No Distributions Pending Allowance.** Notwithstanding anything herein to

3    the contrary:  (a) no distribution shall be made with respect to any Disputed Claim or Estimated

4    Claim until such Claim becomes an Allowed Claim, and (b) unless determined otherwise by the

5    Reorganized Debtors, the Litigation Trust, the Alameda Liquidating Trust, or the Liberty

6    Liquidating Trust in their sole and absolute discretion, as applicable, no distribution shall be made to

7    any Person that holds both an Allowed Claim and either a Disputed Claim or an Estimated Claims

8    and Estimated Claims until such Person's Disputed Claims and Estimated Claims have been

9    resolved by settlement or Final Order.

10    **7.4.3   Objection Deadline.** The Reorganized Debtors, the Alameda Liquidating

11    Trust, or the Liberty Liquidating Trust, as applicable, shall file all objections to Disputed Claims,

12    and shall file all motions to estimate Claims under Section 502(c) of the Bankruptcy Code, on or

13    before the Claims Objection Deadline.

14    **7.4.4   Reorganizing Debtor Disputed and Estimated Claims Reserve.**

15    (a)     Cash and Restructured Debt Reserve.  On and after the Effective Date,

16    the Reorganized Debtors shall maintain in reserve such Cash and Restructured Debt as the

17    Reorganized Debtors estimate to be necessary to satisfy the distributions required to be made under

18    the Plan if each Disputed Claim and Estimated Claim against the Reorganized Debtors becomes an

19    Allowed Claim against the Reorganized Debtors.  For purposes of determining Cash and

20    Restructured Debt to be reserved, the Restructured Debt shall be deemed distributed as of the

21    Effective Date regardless of the date on which it is actually issued or otherwise distributed to the

22    holders of Disputed Claims or Estimated Claims that become Allowed Claims after the Effective

23    Date.  For the avoidance of doubt, distributions of Restructured Debt to any Person holding a

24    Disputed Claim or Estimated Claim against the Reorganized Debtors that becomes an Allowed

25    Claim against the Reorganized Debtors after the Effective Date shall be made together with any

26    payments or other distributions that would have been made to such Person had its Disputed Claim or

27    Estimated Claim become an Allowed Claim prior to the Effective Date.

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

73

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

DOCS_LA:207036.7

(b)    <u>Restructured Equity Reserve.</u>  On or as soon as practicable after the Effective Date, the Reorganized Debtors shall distribute to those holders of Allowed Claims that are entitled to receive Restructured Equity on the Effective Date a distribution of each such holder's Estimated Initial Pro Rata Share of Restructured Equity.  With respect to any Disputed Claim or Estimated Claim that becomes an Allowed Claim entitled to receive Restructured Equity after the Effective Date, on the next distribution date following the date on which such Disputed Claim or Estimated Claim becomes an Allowed Claim, the Reorganized Debtors shall distribute to the holder of such Allowed Claim its Estimated Additional Pro Rata Share of Restructured Equity.  On each distribution date, the Reorganized Debtors shall distribute to the holders of Restructured Equity a True-Up Equity Distribution, as applicable.  After all Disputed Claims and Estimated Claims have become Allowed Claims or otherwise been disallowed, on the next distribution date, the Reorganized Debtors shall make a final distribution of Restructured Equity such that each holder of Restructured Equity (including any holder of an Allowed Claim who first becomes entitled to receive Restructured Equity on such distribution date) has received its Actual Pro Rata Share of Restructured Equity.  The Newco Charter Documents shall be structured in a manner that authorizes the issuance and/or reserve of sufficient New Common Interests to permit the distributions set forth above.  For purposes of determining distributions in respect of dividends, the Restructured Equity shall be deemed distributed as of the Effective Date regardless of the date on which it is actually issued, dated or otherwise distributed to the holders of Disputed Claims or Estimated Claim that become Allowed Claims after the Effective Date.  For the avoidance of doubt, distributions of Restructured Equity to any Person holding a Disputed Claim or Estimated Claim against the Reorganized Debtors that becomes an Allowed Claim against the Reorganized Debtors after the Effective Date shall be made together with any dividends, payments or other distributions that would have been made to such Person had its Disputed Claim or Estimated Claim become an Allowed Claim prior to the Effective Date.

(c)    <u>Litigation Net Proceeds Reserve.</u>  On and after the Effective Date, the Litigation Trustee or the Reorganized Debtors, as applicable, shall maintain the Litigation Net

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

Proceeds Reserve, including a portion thereof sufficient to satisfy the distributions required to be made under the Plan if each Disputed Claim and Estimated Claim in RD Class 4, RD Class 5, RD Class 6 and RD Class 7 becomes an Allowed Claim against the Reorganized Debtors.

**7.4.5    Liquidating Debtor Disputed and Estimated Claims Reserve.**  On and after the Effective Date, the Alameda Liquidating Trust and the Liberty Liquidating Trust shall maintain in reserve such Cash as they estimate to be necessary to satisfy the distributions required to be made under the Plan if each Disputed Claim and Estimated Claim against the Liquidating Debtors, as applicable, becomes an Allowed Claim.  For the avoidance of doubt, distributions by the Alameda Liquidating Trust and the Liberty Liquidating Trust to any Person holding a Disputed Claim or Estimated Claim against the Liquidating Debtors, as applicable, that becomes an Allowed Claim against the applicable Liquidating Debtor after the Effective Date shall be made together with any payments or other distributions that would have been made to such Person had its Disputed Claim or Estimated Claim become an Allowed Claim prior to the Effective Date.

**7.4.6    Settling Disputed Claims.**  The Reorganized Debtors, the Alameda Liquidating Trust or the Liberty Liquidating Trust, as applicable, shall be authorized to settle, or withdraw any objections to, any Disputed Claims following the Effective Date pursuant to procedures as authorized by the Bankruptcy Court.

**7.5    Distributions in Cash.**  The Reorganized Debtors, the Litigation Trust, the Alameda Liquidating Trust and the Liberty Liquidating Trust, as applicable, shall make any required Cash payments to the holders of Allowed Claims: (X) in U.S. dollars by check, draft or warrant, drawn on a domestic bank selected by the Reorganized Debtors, the Litigation Trustee, the Alameda Liquidating Trustee and the Liberty Liquidating Trust, as applicable, in each case in their sole discretion, or by wire transfer from a domestic bank, at the applicable foregoing entity's option, and (Y) by first-class mail (or by other equivalent or superior means as determined by the Reorganized Debtors, the Litigation Trustee, the Alameda Liquidating Trustee and the Liberty Liquidating Trustee, as applicable).

**7.6    Unclaimed Distributions.**  Any entity which fails to claim any Cash within one

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

1  hundred twenty (120) days from the date upon which a distribution is first made to such entity shall

2  forfeit all rights to any distribution under the Plan and the Reorganized Debtors, the Litigation

3  Trustee, the Alameda Liquidating Trustee and the Liberty Liquidating Trustee, as applicable, shall

4  be authorized to cancel any distribution that is not timely claimed.  Pursuant to Section 347(b) of the

5  Bankruptcy Code, upon forfeiture, such Cash (including interest thereon, if any) shall revert to the

6  applicable Reorganized Debtors, the Litigation Trust, the Alameda Liquidating Trust or the Liberty

7  Liquidating Trust, as the case may be, free of any restrictions under the Plan, the Bankruptcy Code

8  or the Bankruptcy Rules.  Upon forfeiture, the claim of any Creditor with respect to such funds shall

9  be discharged and forever barred notwithstanding any federal or state escheat laws to the contrary,

10  and such Creditors shall have no claim whatsoever against the Reorganized Debtors, the Liquidating

11  Debtors, the Alameda Liquidating Trust or the Litigation Trust or any holder of an Allowed Claim to

12  whom distributions are made by the Reorganized Debtors, the Litigation Trust, the Alameda

13  Liquidating Trust and the Liberty Liquidating Trust, as applicable.

14        **7.7    Setoff.**  Nothing contained in this Plan shall constitute a waiver or release by the

15  Debtors of any right of setoff or recoupment the Debtors may have against any Creditor.  To the

16  extent permitted by applicable law, the Reorganized Debtors or the Liquidating Debtors or their

17  respective successors under the Plan, as applicable, may, but are not required to, set off or recoup

18  against any Claim and the payments or other distributions to be made under the Plan in respect of

19  such Claim, claims of any nature whatsoever that arose before the Petition Date that the Debtors may

20  have against the holder of such Claim or Interest.  Notwithstanding the foregoing or anything to the

21  contrary elsewhere in the Plan, and except for the releases by the Reorganizing Debtors, Newco,

22  Liberty, Alameda, Eagleridge Office Park, LLC, JSO Land, LLC, Wheatland Heritage Oaks, LLC,

23  the Alameda Estate, and the Alameda Liquidating Trust as provided in Section 6.2.4 of the Plan,

24  nothing in this Plan or the Confirmation Order shall prejudice or affect (1) any rights of any Person

25  to assert Claims, including Administrative Claims, against the Debtors, the Reorganized Debtors, the

26  Liquidating Debtors, the Estates, or any transferee thereof, including all trusts established pursuant

27  to the Plan, by way of offset, recoupment, or counterclaim to the extent permitted by applicable law;

28  and/or (2) any defense to any Causes of Action and Defenses or any other claims asserted by the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   Debtors, the Reorganized Debtors, the Liquidating Debtors, the Estates, or any transferee thereof,

2   including the trusts established pursuant to the Plan.

3   **7.8   Taxes.**  Pursuant to Section 346(f) of the Bankruptcy Code, the Reorganized Debtors,

4   the Alameda Liquidating Trust, the Liberty Liquidating Trust or the Litigation Trust, as applicable,

5   shall be entitled to deduct any federal, state or local withholding taxes from any Cash payments

6   made with respect to Allowed Claims, as appropriate.  The Reorganized Debtors, the Alameda

7   Liquidating Trust, the Liberty Liquidating Trust or the Litigation Trustee, as applicable, shall be

8   authorized to take all actions necessary to comply with applicable withholding and recording

9   requirements.  Notwithstanding any other provision of this Plan, each holder of an Allowed Claim

10  that has received a distribution of Cash shall have sole and exclusive responsibility for the

11  satisfaction or payment of any tax obligation imposed by any governmental unit, including income,

12  withholding and other tax obligation, on account of such distribution.  For tax purposes, distributions

13  received in respect of Allowed Claims will be allocated first to the principal amount of such Claims,

14  with any excess allocated to unpaid accrued interest.

15  **7.9   De Minimis Distributions.**  If any interim distribution under the Plan to the holder of

16  an Allowed Claim would be less than $100.00, the Reorganized Debtors, the Alameda Liquidating

17  Trust, the Liberty Liquidating Trust or the Litigation Trust, as applicable, may withhold such

18  distribution until a final distribution is made to such holder.  If any final distribution under the Plan

19  to the holder of an Allowed Claim would be less than $25.00, the Reorganized Debtors, the Alameda

20  Liquidating Trust, the Liberty Liquidating Trust or the Litigation Trust, as applicable, may cancel

21  such distribution.  Any unclaimed distributions pursuant to this Section 7.9 shall be treated as

22  unclaimed property under Section 7.6 of the Plan.

23  **7.10  Special Provisions Relating to Claims Objections.**  The Reorganizing Debtors agree

24  that the Claims of any creditor of Alameda, including the claims of South Edge Agent and South

25  Edge, that are asserted against a Reorganizing Debtor upon a guarantee or similar theory will not be

26  challenged based solely upon a theory that the Claim should be reduced in amount due to the receipt

27  of distributions by such creditor from the Alameda Estate.  For the avoidance of doubt, however, all

28  other rights of the Reorganizing Debtors to challenge such claims are expressly reserved.  The

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

1    Reorganized Debtors (and their successors in interest), on the one hand, and the Alameda Estate (and

2    its successor in interest), on the other hand, shall agree upon a cooperative protocol for objecting to,

3    and resolving Claims that have, or may be asserted against the Alameda Estate, on the hand, and one

4    or more of the Reorganizing Debtors' Estates, on the other hand, which are identical, or substantially

5    identical, or which arise out of the same set of operative facts.  With respect to claims against the

6    Alameda Estate, the Debtors shall consult with the Alameda Committee regarding such claims, and

7    the Alameda Committee shall take the lead in any objections it or the Debtors determine are required

8    to such Claims.

9    ## ARTICLE 8

10   ## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

11   **8.1   Assumption.**  On the Effective Date, pursuant to Section 1123(b)(2) of the Bankruptcy

12   Code, the Reorganized Debtors or the Liquidating Debtors, as applicable, will assume the executory

13   contracts and unexpired leases of the Debtors that: (a) have been expressly identified in the Plan

14   Supplement for assumption (together with any additions, deletions, modifications or other revisions

15   to such exhibit as may be made by the Proponents prior to the Confirmation Date), and (b) are

16   specified in this Article 8 of the Plan.  Each executory contract and unexpired lease listed in the Plan

17   Supplement shall include any modifications, amendments and supplements to such agreement,

18   whether or not listed in the Plan Supplement.

19   **8.2   Rejection.**  Except as set forth in this Article 8 of the Plan, on the Effective Date,

20   pursuant to Section 1123(b)(2) of the Bankruptcy Code, the Reorganized Debtors or the Liquidating

21   Debtors, as applicable, will reject any and all executory contracts and unexpired leases of the

22   Debtors otherwise not identified in Section 8.1, including, without limitation, those executory

23   contracts and unexpired leases expressly identified for rejection in the Plan Supplement (together

24   with any additions, deletions, modifications or other revisions to such exhibit as may be made by the

25   Proponents prior to the Confirmation Date).  Any Person asserting any Claim for damages arising

26   from the rejection of an executory contract or unexpired lease of the Debtors under this Plan shall

27   file such Claim on or before the Rejection Claim Bar Date, or be forever barred from: (a) asserting

28   such Claim against the Reorganized Debtors, the Liquidating Debtors, the Debtors or the Estate

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

78                    SECOND AMENDED JOINT PLAN OF
                     REORGANIZATION

1    Assets, and (b) sharing in any distribution under the Plan.

2    **8.3    Assumption Obligations.** The Reorganized Debtors or the Liquidating Debtors, as

3    applicable, shall satisfy all Assumption Obligations, if any, by making a Cash payment in the

4    manner provided in Section 2.2 of the Plan or as otherwise permitted by Section 365(b)(1)(B) of the

5    Bankruptcy Code, equal to the amount specified in the Plan Supplement, unless an objection to such

6    proposed amount is filed with the Bankruptcy Court and served on counsel to the Debtors on or prior

7    to the date set by the Bankruptcy Court for filing objections to Confirmation of the Plan and the

8    Bankruptcy Court, after notice and hearing, determines that the applicable Debtor is obligated to pay

9    a different amount under Section 365 of the Bankruptcy Code, in which case, the applicable Debtor

10   shall have the right within ten (10) days after such determination to seek an order of the Bankruptcy

11   Court rejecting such executory contract or unexpired lease.  Any Person that fails to object to the

12   Assumption Obligation specified in the Plan Supplement on or prior to the date set by the

13   Bankruptcy Court for filing objections to Confirmation of the Plan shall be forever barred from: (a)

14   asserting any other, additional or different amount on account of such obligation against the

15   Reorganized Debtors, the Debtors or the Estate Assets, and (b) sharing in any other, additional or

16   different distribution under the Plan on account of such obligation.

17   **8.4    Effect of Confirmation Order.** The Confirmation Order shall constitute an order of

18   the Bankruptcy Court: (i) approving, as of the Effective Date, the assumption or rejection by the

19   Reorganized Debtors, Liberty or Alameda, as the case may be, pursuant to Sections 365(a) and

20   1123(b)(2) of the Bankruptcy Code, of all executory contracts and unexpired leases identified under

21   this Article 8 of the Plan; and (ii) that any provisions of a limited liability company agreement or

22   operating agreement of a limited liability company or similar entity which purports to restrict the

23   transfer of the economic interest in such entity to one of its members which is one of the Debtors

24   herein, or its assignee, is invalidated as an "*ipso facto*" clause under Section 365(e) of the

25   Bankruptcy Code.  The contracts and leases identified in this Plan will be assumed or rejected,

26   respectively, only to the extent that such contracts or leases constitute pre-petition executory

27   contracts or unexpired leases of the Debtors, and the identification of such agreements under this

28   Plan does not constitute an admission with respect to the characterization of such agreements or the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

existence of any unperformed obligations, defaults, or damages thereunder. This Plan does not affect any executory contracts or unexpired leases that: (a) have been assumed, rejected or terminated prior to the Confirmation Date, or (b) are the subject of a pending motion to assume, reject or terminate as of the Confirmation Date.

**8.5    Post-Petition Agreements.** Unless inconsistent with the provisions of the Plan, all contracts, leases and other agreements entered into or restated by the Debtors on or after their respective Petition Dates, or previously assumed by any of the Debtors prior to the Confirmation Date (or the subject of a pending motion to assume by either of the Debtors as of the Confirmation Date that is granted by the Bankruptcy Court), which have not expired or been terminated in accordance with their terms, shall be performed by the Debtors in the ordinary course of business and shall survive and remain in full force and effect following the Effective Date.

**8.6    Insurance of Debtors.** Except as set forth in the Plan Supplement, any insurance policy acquired for the benefit of the Debtors (or any officers and directors of any of the Debtors) before or after the Petition Date shall remain in full force and effect after the Effective Date according to its terms.

**8.7    Employee Benefit Programs.** Except as set forth in the Plan Supplement, all Employee Benefit Programs shall be treated as "executory contracts" and shall be assumed by the Reorganized Debtors pursuant to Sections 365 and 1123(b)(2) of the Bankruptcy Code by operation of the Plan. The Debtors do not provide "retiree benefits" as that term is defined in Section 1114(a) of the Bankruptcy Code. Therefore, on and after the Effective Date, the Debtors will not pay retiree benefits.

**8.8    Employee Licensee Obligations.** Except as set forth in the Plan Supplement, from and after the Effective Date, the Reorganized Debtors shall honor and satisfy any and all Employee Licensee Obligations, whenever they may come due, in the ordinary course of business, and shall indemnify and hold harmless any Employee Licensee in connection with any and all claims relating to the Employee Licenses.

**8.9    Reorganizing Debtor Warranty Claims.** Except as set forth in the Plan Supplement, from and after the Effective Date, the Reorganized Debtors shall reject, and shall have no further

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

DOCS_LA:207036.7

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  responsibility to honor or satisfy, any Reorganizing Debtor Warranty Claims.

2  **8.10  Customer Deposits.**  Except as set forth in the Plan Supplement, from and after the

3  Effective Date, the Reorganized Debtors shall be permitted and authorized to honor and apply all

4  Customer Deposits against pending home purchases in the ordinary course of the Reorganized

5  Debtors' businesses.

6  **8.11  Assessment Bond Obligations.**  Except as set forth in the Plan Supplement, from and

7  after the Effective Date, the Reorganized Debtors shall be permitted and authorized to honor and

8  satisfy all Assessment Bond Obligations in the ordinary course of their businesses.  Any and all liens

9  securing any Assessment Bond Obligation shall be unaffected and shall remain on the land upon

10  which they are imposed until paid, in accordance with applicable state law.

11  **ARTICLE 9**

12  **CONDITIONS PRECEDENT**

13  **9.1  Conditions to Confirmation.**  The following are conditions precedent to confirmation

14  of this Plan:

15  (a)  The Bankruptcy Court shall have entered a Final Order approving a

16  Disclosure Statement with respect to this Plan in form and substance satisfactory to

17  the Proponents; and

18  (b)  The Confirmation Order shall be in a form and substance reasonably

19  acceptable to the Proponents.

20  **9.2  Conditions to Effectiveness.**  The following are conditions precedent to the occurrence

21  of the Effective Date:

22  (a)  The Confirmation Date shall have occurred;

23  (b)  The Confirmation Order shall be a Final Order;

24  (c)  No request for revocation of the Confirmation Order under Section

25  1144 of the Bankruptcy Code has been made, or, if made, remains pending;

26  (d)  The Debtors (in consultation with the General Committee) shall have

27  determined that sufficient Claims have become Allowed Claims so as to permit a

28  distribution under the Plan;

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

(e)     The Debtors (in consultation with the General Committee) shall have determined that all Disputed Claims and Estimated Claims have been sufficiently resolved or estimated so as to reserve for such Claims in accordance with Sections 7.4.4 and 7.4.5 of this Plan;

(f)     The Debtors shall have received any authorization, consent, regulatory approval, ruling, letter, opinion or other documents that may be necessary to implement this Plan or that is required by any law, regulation or order;

(g)     The General Committee shall have confirmed to the Reorganizing Debtors that all directors of Newco identified by the General Committee pursuant to Section 6.1.2 of the Plan have either (i) agreed that the Plan may become effective based upon their satisfactory review of the corporate programs, documents and policies of the Reorganizing Debtors, or (ii) that such directors have withdrawn from consideration or otherwise been replaced by directors who have completed such a satisfactory review; and

(h)     The General Committee shall have confirmed to the Reorganizing Debtors that the Litigation Trustee identified by the General Committee pursuant to Section 6.1.12(a) of the Plan has either (i) agreed that the Plan may become effective based upon the Litigation Trustee's satisfactory review of matters relevant to the commencement and operation of the Litigation Trust or (ii) that such party has been replaced by a Litigation Trustee that has completed such a satisfactory review.

**9.3   Waiver of Conditions.** Conditions to Confirmation and the Effective Date may be waived, in whole or in part, by the Proponents at any time without notice, an order of the Bankruptcy Court, or any further action other than proceeding to Confirmation and consummation of the Plan.

## ARTICLE 10

## EFFECTS OF CONFIRMATION

**10.1   Binding Effect.** The rights afforded under the Plan and the treatment of all Claims and Interests under the Plan shall be the sole and exclusive remedy on account of such Claims against, and Interests in the Reorganizing Debtors, the Reorganized Debtors, the Liquidating Debtors, and

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

1   the Estate Assets, including any interest accrued on such Claims from and after the pertinent Petition

2   Date or interest which would have accrued but for the commencement of the Chapter 11 Cases.  The

3   distributions made pursuant to this Plan shall be in full and final satisfaction, settlement, release and

4   discharge of the Allowed Claims on account of which such distributions are made.  Confirmation of

5   the Plan shall bind and govern the acts of the Reorganized Debtors, the Liquidating Debtors, and all

6   holders of all Claims against, and Interests in the Debtors, whether or not: (i) a proof of Claim or

7   proof of Interest is filed or deemed filed pursuant to Section 501 of the Bankruptcy Code; (ii) a

8   Claim or Interest is allowed pursuant to Section 502 of the Bankruptcy Code, or (iii) the holder of a

9   Claim or Interest has accepted the Plan.

10        **10.2  Property Revests Free and Clear.**  Upon the Effective Date, title to all remaining

11   Estate Assets of the Reorganizing Debtors shall vest in the Reorganized Debtors for the purposes

12   contemplated under the Plan and shall no longer constitute property of the Reorganizing Debtors'

13   Estates.  Upon the Effective Date, title to all remaining Estate Assets of the Liquidating Debtors

14   shall vest in the Liquidating Debtors for the purposes contemplated under the Plan and shall no

15   longer constitute property of the Liquidating Debtors' Estates.  Except as otherwise provided in the

16   Plan, upon the Effective Date, all Estate Assets shall be free and clear of all Claims and Interests,

17   including Liens, charges or other encumbrances of Creditors of the Debtors.

18        **10.3  Discharge and Permanent Injunction.**  Except as otherwise set forth in the Plan,

19   Confirmation of the Plan shall discharge the Reorganizing Debtors and the Reorganized Debtors

20   from all Claims or other debts that arose at any time before the Effective Date, and all debts of the

21   kind specified in Sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not: (a) a

22   proof of claim based on such debt is filed or deemed filed under Section 501 of the Bankruptcy

23   Code; (b) a Claim based on such debt is Allowed under Section 502 of the Bankruptcy Code; or (c)

24   the holder of a Claim has accepted the Plan.  As of the Effective Date, all entities that have held,

25   currently hold or may hold a Claim or other debt or liability that is discharged or any other right that

26   is terminated under the Bankruptcy Code or the Plan are permanently enjoined, to the full extent

27   provided under Section 524(a) of the Bankruptcy Code, from "the commencement or continuation of

28   an action, the employment of process, or an act, to collect, recover or offset any such debt as a

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

1    personal liability" of the Reorganizing Debtors, the Reorganized Debtors or the Liquidating Debtors,

2    except as otherwise set forth in this Plan.  Nothing contained in the foregoing discharge shall, to the

3    full extent provided under Section 524(e) of the Bankruptcy Code, affect the liability of any other

4    entity on, or the property of any other entity for, any debt of the Debtors that is discharged under the

5    Plan.

6        **10.4  Limitation of Liability.**  The Reorganizing Debtors, the Reorganized Debtors, the

7    Liquidating Debtors and each of their respective Agents shall have all of the benefits and protections

8    afforded under Section 1125(e) of the Bankruptcy Code and applicable law.

9        **10.5  Exoneration and Reliance.**  The Reorganizing Debtors, the Reorganized Debtors, the

10   Liquidating Debtors, the General Committee, the Alameda Committee, the South Edge Agent, South

11   Edge, Newco and each of their respective Agents, shall not be liable, other than for gross negligence

12   or willful misconduct, to any holder of a Claim or Interest or any other entity with respect to any

13   action, omission, forbearance from action, decision, or exercise of discretion taken at any time after

14   the Relief Date in connection with the Chapter 11 Cases or the negotiation, formulation,

15   development, proposal, disclosure, Confirmation or implementation of the Plan.  The Reorganizing

16   Debtors, the Reorganized Debtors, the Liquidating Debtors, the General Committee, the Alameda

17   Committee, the South Edge Agent, South Edge, Newco and each of their respective Agents may

18   reasonably rely upon the opinions of their respective counsel, accountants, and other experts and

19   professionals and such reliance, if reasonable, shall conclusively establish good faith and the absence

20   of gross negligence or willful misconduct; provided however, that a determination that such reliance

21   is unreasonable shall not, by itself, constitute a determination or finding of bad faith, gross

22   negligence or willful misconduct, and provided further that nothing in this Section shall be deemed

23   an allowance of the Claims of the South Edge Agent or South Edge or a waiver of any objections or

24   counterclaims thereto.

## ARTICLE 11

## RETENTION OF JURISDICTION

27       Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective

28   Date, the Bankruptcy Court shall retain jurisdiction over the Chapter 11 Cases after the Effective

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

Date to the extent legally permissible, including, without limitation, jurisdiction to:

(a)     Allow, disallow, determine, liquidate, classify, estimate, or establish the priority or secured or unsecured status of any Claim, including the resolution of any request for payment of any Administrative Claim and the resolution of any objections to the allowance or priority of Claims;

(b)     Grant or deny any applications for allowance of compensation or reimbursement of expenses authorized under the Bankruptcy Code or the Plan;

(c)     Resolve any matters related to the assumption, assumption and assignment, or rejection of any executory contract or unexpired lease to which any Debtor is a party and to hear, determine and, if necessary, liquidate, any Claims arising from, or cure amounts related to, such assumption or rejection;

(d)     Ensure that distributions to holders of Allowed Claims are accomplished in accordance with the Plan;

(e)     Decide or resolve any motions, adversary proceedings, contested or litigated matters, and any other matters and grant or deny any applications or motions involving any Debtor that may be pending on the Effective Date;

(f)     Enter such orders as may be necessary or appropriate to implement or consummate the provisions of the Plan and all contracts, instruments, releases, and other agreements or documents created in connection with the Plan or the Disclosure Statement;

(g)     Resolve any cases, controversies, suits or disputes that may arise in connection with the consummation, interpretation or enforcement of the Plan or any Person's obligations incurred in connection with the Plan;

(h)     Modify the Plan before or after the Effective Date under Section 1127 of the Bankruptcy Code or modify the Disclosure Statement or any contract, instrument, release, or other agreement or document created in connection with the Plan or the Disclosure Statement; or remedy any defect or omission or reconcile any inconsistency in any Bankruptcy Court order, the Plan, the Disclosure Statement, or

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

85

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

1    any contract, instrument, release, or other agreement or document created in

2    connection with the Plan and the Disclosure Statement, in such manner as may be

3    necessary or appropriate to consummate the Plan, to the extent authorized by the

4    Bankruptcy Code;

5    (i)    Enter and implement such orders as are necessary or appropriate if the

6    Confirmation Order is for any reason modified, stayed, reversed, revoked, or vacated;

7    (j)    Determine any other matters that may arise in connection with or

8    related to the Plan, the Disclosure Statement, the Confirmation Order or any contract,

9    instrument, release, or other agreement or document created in connection with the

10    Plan, the Disclosure Statement or the Confirmation Order, except as otherwise

11    provided in the Plan;

12    (k)    Hear and determine Reorganizing Debtor Retained Claims and/or

13    Defenses commenced by the Debtors or the Reorganized Debtors to the extent the

14    Bankruptcy Court otherwise has jurisdiction over such claims;

15    (l)    Hear and determine any and all retained Claims commenced by the

16    Debtors to the extent the Bankruptcy Court otherwise has jurisdiction over such

17    claims;

18    (m)    Hear and determine Potential Insider Litigation commenced by the

19    Reorganized Debtors to the extent the Bankruptcy Court otherwise has jurisdiction

20    over such claims;

21    (n)    Enter and implement other orders, or take such other actions as may be

22    necessary or appropriate to restrain interference by any entity with consummation or

23    enforcement of the Plan, except as otherwise provided in the Plan; and

24    (o)    Enter an order closing the Chapter 11 Cases at the appropriate time.

25    **ARTICLE 12**

26    **AMENDMENT AND WITHDRAWAL OF PLAN**

27    **12.1 Amendment of the Plan.** At any time before the Confirmation Date, the Proponents

28    may alter, amend, or modify the Plan, subject only to the restrictions on modifications set forth in

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

1   Section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019. After the Confirmation Date, the

2   Proponents may, under Section 1127(b) of the Bankruptcy Code, institute proceedings in the

3   Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Plan, the

4   Disclosure Statement, or the Confirmation Order, or as otherwise may be necessary to carry out the

5   purposes and effects of the Plan so long as such proceedings do not materially and adversely affect

6   the treatment of holders of Claims under the Plan; provided, however, that prior notice of such

7   proceedings shall be served in accordance with the Bankruptcy Rules or applicable order of the

8   Bankruptcy Court.

9       **12.2 Revocation or Withdrawal of the Plan.** The Proponents reserve the right to revoke or

10  withdraw this Plan. If the Plan is withdrawn or revoked, then the Plan shall be deemed null and

11  void, and nothing contained in the Plan shall be deemed a waiver of any Claims by or against the

12  Debtors or any other Person in any further proceedings involving the Debtors or an admission of any

13  sort, and this Plan and any transaction contemplated by this Plan shall not be admitted into evidence

14  in any proceeding.

15                          **ARTICLE 13**

16                          **MISCELLANEOUS**

17      **13.1 Effectuating Documents; Further Transactions; Timing.** The Reorganizing

18  Debtors, the Reorganized Debtors, and the Liquidating Debtors shall be authorized and directed to

19  execute, deliver, file, or record such contracts, instruments, releases, and other agreements or

20  documents, and to take such actions as may be necessary or appropriate to effectuate and further

21  evidence the terms and conditions of the Plan. All transactions required to occur on the Effective

22  Date under the terms of the Plan shall be deemed to have occurred simultaneously.

23      **13.2 Exemption From Transfer Taxes.** In accordance with Section 1146(c) of the

24  Bankruptcy Code, the making, delivery, or recording of a deed or other instrument of transfer under

25  this Plan shall not be subject to any stamp tax or similar tax and the appropriate state or local

26  government officials or agents shall be directed to forego the collection of any such tax and to accept

27  for filing or recordation any of the foregoing instruments or other documents without the payment of

28  any such tax.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

87

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

**13.3  Governing Law.** Except to the extent that the Bankruptcy Code or other federal law is controlling, the rights, duties and obligations of the Reorganizing Debtors, the Reorganized Debtors, the Liquidating Debtors and any other Person arising only under the Plan shall be governed by, and construed and enforced in accordance with, the internal laws of the State of California, without giving effect to California's choice of law provisions.

**13.4  Modification of Payment Terms.** The Reorganized Debtors and the Liquidating Debtors, as applicable, may modify the treatment of any Allowed Claim or Interest in any manner adverse only to the holder of such Claim or Interest at any time after the Effective Date upon the prior written consent of the Person whose Allowed Claim or Interest treatment is being adversely affected.

**13.5  Provisions Enforceable.** The Confirmation Order shall constitute a judicial determination that each term and provision of this Plan is valid and enforceable in accordance with its terms.

**13.6  Quarterly Fees to the United States Trustee.** All fees payable under 28 U.S.C. § 1930(a)(6) shall be paid by the Debtors in the amounts and at the times such fees may become due up to and including the Effective Date. Thereafter, the Reorganized Debtors and the Liquidating Debtors, as applicable, shall pay all fees payable under 28 U.S.C. § 1930(a)(6) until the Chapter 11 Cases are closed, dismissed or converted. Upon the Effective Date, the Reorganized Debtors and the Liquidating Debtors shall be relieved from the duty to make the reports and summaries required under Bankruptcy Rule 2015(a). Notwithstanding the foregoing, the Reorganized Debtors and the Liquidating Debtors shall file and serve the status reports required by Local Bankruptcy Rule 3020-1(b) at such times and for such period as may be set forth in the Confirmation Order. The status report shall be made, and the fees shall be payable, on a consolidated basis by the Reorganized Debtors, on the one hand, and the Liquidating Debtors, on the other hand.

**13.7  Timing of Payment.** Whenever any payment or distribution to be made under the Plan is due on a day other than a Business Day, such payment or distribution may instead be made, without interest, on the immediately following Business Day.

**13.8  Notice of Confirmation.** As soon as practicable following the Effective Date of the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

DOCS_LA:207036.7

1   Plan, the Reorganized Debtors and the Liquidating Debtors shall file and serve a joint notice of the

2   entry of the Confirmation Order in the manner required under Bankruptcy Rule 2002(f). The notice

3   shall further identify the Effective Date and shall set forth the Administrative Claim Bar Date, the

4   Professional Fees Bar Date, the Rejection Claims Bar Date and any other deadlines that may be

5   established under the Plan or the Confirmation Order.

6       **13.9  Successors and Assigns.** The Plan is binding upon and will inure to the benefit of the

7   Reorganizing Debtors, the Reorganized Debtors, the Liquidating Debtors and each of their

8   respective Agents, successors, and assigns, including, without limitation, any bankruptcy trustees or

9   estate representatives.

10      **13.10  Notices.** Except as otherwise provided in the Plan, any notice or other communication

11  required or permitted under the Plan will be in writing and deemed to have been validly served,

12  given, delivered, and received upon the earlier of: (a) the first business day after transmission by

13  facsimile or hand delivery or deposit with an overnight express service or overnight mail delivery

14  service; or (b) the third calendar day after deposit in the United States mail, with proper first class

15  postage prepaid. If such notice is made to the Debtors, it shall be addressed as follows:

16          Woodside Group, LLC, et al.
            39 East Eagleridge Drive, Suite 102
17          North Salt Lake, UT  84054
            Attention:  Chief Executive Officer
18          Facsimile:  801-299-0550

19
            with copies to:
20
            Jeremy V. Richards, Esq.
21          Pachulski Stang Ziehl & Jones LLP
            10100 Santa Monica Boulevard, 11th Floor
22          Los Angeles, California 90067
            Facsimile:  310-201-0760
23

24      **13.10.1  Notice to Claim and Interest Holders.** Notices to Persons holding a

25  Claim or Interest will be sent to the addresses set forth in such Person's proof of Claim or Interest or,

26  if none was filed, at the address set forth in the Schedules.

27      **13.10.2  Post-Effective Date Notices.** Following the Effective Date, notices will

28  only be served on the Reorganized Debtors, the Liquidating Debtors, the Office of the United States

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

Trustee and those Persons who file with the Court and serve upon the Reorganized Debtors and the

Liquidating Debtors a request, which includes such Person's name, contact person, address,

telephone number and facsimile number, that such Person receive notice of post-Effective Date

matters. Persons who had previously filed with the Court requests for special notice of the

proceedings and other filings in the Chapter 11 Cases will not receive notice of post-Effective Date

matters unless such Persons file a new request in accordance with this Section 13.10.2.

**13.11 Incorporation by Reference.** All exhibits, schedules and supplements to the Plan are

incorporated and are made a part of the Plan as if set forth in full in the Plan.

**13.12 Computation of Time.** In computing any period of time prescribed or allowed by the

Plan, the provisions of Bankruptcy Rule 9006(a) shall apply. Any reference to "day" or "days" shall

mean calendar days, unless otherwise specified herein.

**13.13 Conflict of Terms.** In the event of a conflict between the terms of this Plan and the

Disclosure Statement, the terms of this Plan will control.

**13.14 Severability of Plan Provisions.** If, prior to Confirmation, any non-material term or

provision of the Plan is held by the Bankruptcy Court to be invalid, void or unenforceable, the

Bankruptcy Court will have the power to alter and interpret such term or provision to make it valid

or enforceable to the maximum extent practicable, consistent with the original purpose of the term or

provision held to be invalid, void or unenforceable, and such term or provision will then be

applicable as altered or interpreted. Notwithstanding any such holding, alteration or interpretation,

the remainder of the terms and provisions of the Plan will remain in full force and effect and will in

no way be affected, Impaired or invalidated by such holding, alteration or interpretation. The

Confirmation Order will constitute a judicial determination that each term and provision of the Plan,

as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable

pursuant to its terms. In addition, in the event that certain Debtors are excluded from the scope of

the Plan or the Plan is determine to be invalid, void or unenforceable as to such Debtors, the

remaining provisions of the Plan shall remain valid and enforceable against the remaining Debtors to

the Plan.

**13.15 Securities Law Matters.** It is an integral and essential element of the Plan that the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

DOCS_LA:207036.7

1  issuance of the Restructured Equity and Restructured Debt pursuant to this Plan shall be exempt

2  from registration under the Securities Act, pursuant to Section 1145 of the Bankruptcy Code and

3  from registration under state securities laws.  Any Restructured Equity and Restructured Debt issued

4  to an "affiliate" of the Debtors within the meaning of the Securities Act or any Person the Debtors

5  reasonably determine to be an "underwriter," and which does not agree to resell such securities only

6  in "ordinary trading transactions," within the meaning of Section 1145(b)(1) of the Bankruptcy

7  Code, shall be subject to such transfer restrictions and bear such legends as shall be appropriate to

8  ensure compliance with the Securities Act.  Nothing in this Plan is intended to preclude the

9  Securities and Exchange Commission from exercising its police and regulatory powers relating to

10  the Debtors or any other entity.

11  Dated:     October 9, 2009              WOODSIDE GROUP, LLC AND ITS DEBTOR
                                           AFFILIATES
12

13                                   By:    /s/ Leonard K. Arave
                                           _____
14                                          Leonard K. Arave
                                            Authorized Representative
15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

DOCS_LA:207036.7

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Linda F. Cantor<br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd, Suite 1100<br>Los Angeles, CA 90067<br>Telephone: (310) 772-2358<br>Facsimile: (310) 201-0760<br>*Attorney for:* Woodside Group, LLC, et al. | |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br>Woodside Group, LLC | CASE NO.: 6:08-bk-20682-PC |
|---|---|
| | CHAPTER: 11 |
| Debtor(s). | ADV. NO.: |

**ELECTRONIC FILING DECLARATION
(CORPORATION/PARTNERSHIP)**

| ☐ Petition, statement of affairs, schedules or lists | Date Filed: _____ |
|---|---|
| ☐ Amendments to the petition, statement of affairs, schedules or lists | Date Filed: _____ |
| ☒ Other: Second Amended Joint Plan of Reorganization of Woodside Grp. | Date Filed: October 9, 2009 |

and Affiliated Debtors, as Modified on October 9, 2009

**PART I - DECLARATION OF AUTHORIZED SIGNATORY OF DEBTOR OR OTHER PARTY**

I, the undersigned, hereby declare under penalty of perjury that: (1) I have been authorized by the Debtor or other party on whose behalf the above-referenced document is being filed (Filing Party) to sign and to file, on behalf of the Filing Party, the above-referenced document being filed electronically (Filed Document); (2) I have read and understand the Filed Document; (3) the information provided in the Filed Document is true, correct and complete; (4) the "/s/," followed by my name, on the signature lines for the Filing Party in the Filed Document serves as my signature on behalf of the Filing Party and denotes the making of such declarations, requests, statements, verifications and certifications by me and by the Filing Party to the same extent and effect as my actual signature on such signature lines; (5) I have actually signed a true and correct hard copy of the Filed Document in such places on behalf of the Filing Party and provided the executed hard copy of the Filed Document to the Filing Party's attorney; and (6) I, on behalf of the Filing Party, have authorized the Filing Party's attorney to file the electronic version of the Filed Document and this *Declaration* with the United States Bankruptcy Court for the Central District of California.

_____    October 9, 2009
*Signature of Authorized Signatory of Filing Party*        Date

Leonard K. Arave
*Printed Name of Authorized Signatory of Filing Party*

Authorized Representative
*Title of Authorized Signatory of Filing Party*

**PART II - DECLARATION OF ATTORNEY FOR FILING PARTY**

I, the undersigned Attorney for the Filing Party, hereby declare under penalty of perjury that: (1) the "/s/," followed by my name, on the signature lines for the Attorney for the Filing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature lines; (2) an authorized signatory of the Filing Party signed the *Declaration of Authorized Signatory of Debtor or Other Party* before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (3) I have actually signed a true and correct hard copy of the Filed Document in the locations that are indicated by "/s/," followed by my name, and have obtained the signature of the authorized signatory of the Filing Party in the locations that are indicated by "/s/," followed by the name of the Filing Party's authorized signatory, on the true and correct hard copy of the Filed Document; (4) I shall maintain the executed originals of this *Declaration*, the *Declaration of Authorized Signatory of Debtor or Other Party*, and the Filed Document for a period of five years after the closing of the case in which they are filed; and (5) I shall make the executed originals of this *Declaration*, the *Declaration of Authorized Signatory of Debtor or Other Party*, and the Filed Document available for review upon request of the Court or other parties.

/s/ Linda F. Cantor        October 9, 2009
*Signature of Attorney for Filing Party*        Date

Linda F. Cantor

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

American LegalNet, Inc.
www.FormsWorkflow.com

Respectfully submitted by,

PACHULSKI STANG ZIEHL
   & JONES LLP


By:    /s/ Jeremy V. Richards
       Jeremy V. Richards
       Linda F. Cantor
       Maxim Litvak
       Attorneys for Debtors and Debtors in Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

DOCS_LA:207036.7

# LIST OF EXHIBITS TO PLAN

**Exhibit A:**   List of Debtors

**Exhibit B:**   Newco Charter Documents

**Exhibit C:**   Non-Exclusive List of Reorganizing Debtor Retained Claims and/or Defenses

**Exhibit D:**   Form of Restructured Debt Documents

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

# Exhibit "A"

1

# EXHIBIT A

2

## LIST OF DEBTORS

3

| Name | District | Relationship | Case No. | Date Filed |
|------|----------|--------------|----------|------------|
| Liberty Holdings Group, LLC | Central District - Riverside | Affiliate | 09-13484 | 2/26/2009 |
| Alameda Investments, LLC | Central District - Riverside | Affiliate | 09-10348 | 1/09/2009 |
| Woodside Ceramista City, LLC | Central District - Riverside | Affiliate | 08-28171 | 12/19/2008 |
| Woodside Ceramista Village, LLC | Central District - Riverside | Affiliate | 08-28168 | 12/19/2008 |
| Woodside AMR 107, Inc. | Central District - Riverside | Affiliate | 08-13394 | 3/31/2008 |
| Woodside Portofino, Inc. | Central District - Riverside | Affiliate | 08-13396 | 3/31/2008 |
| BCD 99, LLC | Central District - Riverside | Affiliate | 08-20690 | 8/20/2008 |
| Foxboro 50's, LLC | Central District - Riverside | Affiliate | 08-20754 | 8/20/2008 |
| Foxboro Coventry, LLC | Central District - Riverside | Affiliate | 08-20755 | 8/20/2008 |
| Foxboro Estates, LLC | Central District - Riverside | Affiliate | 08-20756 | 8/20/2008 |
| Foxboro Villages, LLC | Central District - Riverside | Affiliate | 08-20757 | 8/20/2008 |
| Ivywood Interior Design, LLC | Central District - Riverside | Affiliate | 08-20758 | 8/20/2008 |
| Menifee Woodside, LLC | Central District - Riverside | Affiliate | 08-20714 | 8/20/2008 |
| MHA 02, LLC | Central District - Riverside | Affiliate | 08-20728 | 8/20/2008 |
| Monterey Woodside, LLC | Central District - Riverside | Affiliate | 08-20729 | 8/20/2008 |
| MWG 00, LLC | Central District - Riverside | Affiliate | 08-20730 | 8/20/2008 |
| MWL 01, LLC | Central District - Riverside | Affiliate | 08-20734 | 8/20/2008 |
| Oquirrh Highlands Condominiums, LLC | Central District - Riverside | Affiliate | 08-20759 | 8/20/2008 |
| Pleasant Hill Investments, LC | Central District - Riverside | Affiliate | 08-20686 | 8/20/2008 |
| Pleasant Valley Investments, LLC | Central District - Riverside | Affiliate | 08-20760 | 8/20/2008 |
| Portola Development Company, LLC | Central District - Riverside | Affiliate | 08-20762 | 8/20/2008 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

| Name | District | Relationship | Case No. | Date Filed |
|------|----------|--------------|----------|------------|
| Portola Development, Arizona, LLC | Central District - Riverside | Affiliate | 08-20763 | 8/20/2008 |
| Portola Development, Utah, LLC | Central District - Riverside | Affiliate | 08-20764 | 8/20/2008 |
| Saratoga Land Development, LLC | Central District - Riverside | Affiliate | 08-20765 | 8/20/2008 |
| Sonora HOA Management, LLC | Central District - Riverside | Affiliate | 08-20766 | 8/20/2008 |
| Sterling 69, LLC | Central District - Riverside | Affiliate | 08-20767 | 8/20/2008 |
| TBB 03, LLC | Central District - Riverside | Affiliate | 08-20711 | 8/20/2008 |
| WDS GP, Inc. | Central District - Riverside | Affiliate | 08-20768 | 8/20/2008 |
| WDS Holdings, Inc. | Central District - Riverside | Affiliate | 08-20688 | 8/20/2008 |
| WGP Group, LLC | Central District - Riverside | Affiliate | 08-20770 | 8/20/2008 |
| Woodside 04N, LP | Central District - Riverside | Affiliate | 08-20692 | 8/20/2008 |
| Woodside 04S, LP | Central District - Riverside | Affiliate | 08-20694 | 8/20/2008 |
| Woodside 05N, LP | Central District - Riverside | Affiliate | 08-20699 | 8/20/2008 |
| Woodside 05S, LP | Central District - Riverside | Affiliate | 08-20701 | 8/20/2008 |
| Woodside 06N, LP | Central District - Riverside | Affiliate | 08-20704 | 8/20/2008 |
| Woodside 07N, LP | Central District - Riverside | Affiliate | 08-20706 | 8/20/2008 |
| Woodside 20/25, LLC | Central District - Riverside | Affiliate | 08-20772 | 8/20/2008 |
| Woodside Aberdeen, LLC | Central District - Riverside | Affiliate | 08-20774 | 8/20/2008 |
| Woodside Allerton, LLC | Central District - Riverside | Affiliate | 08-20775 | 8/20/2008 |
| Woodside Amberly, LLC | Central District - Riverside | Affiliate | 08-20776 | 8/20/2008 |
| Woodside Amelia Lakes, LLC | Central District - Riverside | Affiliate | 08-20777 | 8/20/2008 |
| Woodside AMR 91, LLC | Central District - Riverside | Affiliate | 08-20744 | 8/20/2008 |
| Woodside Autumn Ridge, LLC | Central District - Riverside | Affiliate | 08-20735 | 8/20/2008 |
| Woodside Avalon Park, LLC | Central District - Riverside | Affiliate | 08-20778 | 8/20/2008 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name | District | Relationship | Case No. | Date Filed |
|---|---|---|---|---|
| Woodside Avalon, LLC | Central District - Riverside | Affiliate | 08-20779 | 8/20/2008 |
| Woodside Ballantrae, LLC | Central District - Riverside | Affiliate | 08-20780 | 8/20/2008 |
| Woodside Bella Fresca, Inc. | Central District - Riverside | Affiliate | 08-20782 | 8/20/2008 |
| Woodside Berkeley, LLC | Central District - Riverside | Affiliate | 08-20783 | 8/20/2008 |
| Woodside Bilby Ranch, Inc. | Central District - Riverside | Affiliate | 08-21072 | 8/22/2008 |
| Woodside Blue Water Bay, LLC | Central District - Riverside | Affiliate | 08-20784 | 8/20/2008 |
| Woodside Bridges at Boulder Creek, LLC | Central District - Riverside | Affiliate | 08-20785 | 8/20/2008 |
| Woodside Brookstone, LLC | Central District - Riverside | Affiliate | 08-20786 | 8/20/2008 |
| Woodside Buffalo Ridge, LLC | Central District - Riverside | Affiliate | 08-20788 | 8/21/2008 |
| Woodside Cambria, LLC | Central District - Riverside | Affiliate | 08-20789 | 8/21/2008 |
| Woodside Canyon Creek, LLC | Central District - Riverside | Affiliate | 08-20790 | 8/21/2008 |
| Woodside Casa Palermo, LLC | Central District - Riverside | Affiliate | 08-20791 | 8/21/2008 |
| Woodside Castleton, LLC | Central District - Riverside | Affiliate | 08-20792 | 8/21/2008 |
| Woodside Cedar Creek, LLC | Central District - Riverside | Affiliate | 08-20793 | 8/21/2008 |
| Woodside Clarendon Hills, LLC | Central District - Riverside | Affiliate | 08-20737 | 8/20/2008 |
| Woodside Clearwater, LLC | Central District - Riverside | Affiliate | 08-20794 | 8/21/2008 |
| Woodside Colonial Charles SFD, LLC | Central District - Riverside | Affiliate | 08-20795 | 8/21/2008 |
| Woodside Colonial Charles Villas, LLC | Central District - Riverside | Affiliate | 08-20796 | 8/21/2008 |
| Woodside Communities – WDC, LLC | Central District - Riverside | Affiliate | 08-20797 | 8/21/2008 |
| Woodside Communities of North Florida, LLC | Central District - Riverside | Affiliate | 08-20798 | 8/21/2008 |
| Woodside Cortez Heights, LLC | Central District - Riverside | Affiliate | 08-20799 | 8/21/2008 |
| Woodside Daytona Land, LLC | Central District - Riverside | Affiliate | 08-20800 | 8/21/2008 |
| Woodside Eagle Marsh North, LLC | Central District - Riverside | Affiliate | 08-20801 | 8/21/2008 |

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name | District | Relationship | Case No. | Date Filed |
|---|---|---|---|---|
| Woodside Eagle Marsh South, LLC | Central District - Riverside | Affiliate | 08-20802 | 8/21/2008 |
| Woodside Encore at Sunset Ranch, LLC | Central District - Riverside | Affiliate | 08-20803 | 8/21/2008 |
| Woodside Exeter South, LLC | Central District - Riverside | Affiliate | 08-20804 | 8/21/2008 |
| Woodside Farmington Hollow Cottages, LLC | Central District - Riverside | Affiliate | 08-20805 | 8/21/2008 |
| Woodside Farmington Hollow Estates, LLC | Central District - Riverside | Affiliate | 08-20806 | 8/21/2008 |
| Woodside Farmington Meadows, LLC | Central District - Riverside | Affiliate | 08-20807 | 8/21/2008 |
| Woodside Fieldstone Ranch, LLC | Central District - Riverside | Affiliate | 08-20808 | 8/21/2008 |
| Woodside Fieldstone, LLC | Central District - Riverside | Affiliate | 08-20809 | 8/21/2008 |
| Woodside Finisterre, LLC | Central District - Riverside | Affiliate | 08-20810 | 8/21/2008 |
| Woodside Foothills Sunrise, LLC | Central District - Riverside | Affiliate | 08-20811 | 8/21/2008 |
| Woodside Foothills West, LLC | Central District - Riverside | Affiliate | 08-20812 | 8/21/2008 |
| Woodside Garden Gate, LLC | Central District - Riverside | Affiliate | 08-20813 | 8/21/2008 |
| Woodside Glenmere, Inc. (n/k/a Woodside GM, LLC) | Central District - Riverside | Affiliate | 08-20736 | 8/20/2008 |
| Woodside Grande Premier, LLC | Central District - Riverside | Affiliate | 08-20814 | 8/21/2008 |
| Woodside Greyhawk, LLC | Central District - Riverside | Affiliate | 08-20815 | 8/21/2008 |
| Woodside Group, LLC | Central District - Riverside | Affiliate | 08-20682 | 8/21/2008 |
| Woodside Grouse Pointe, LLC | Central District - Riverside | Affiliate | 08-20816 | 8/21/2008 |
| Woodside Hearthstone, LLC | Central District - Riverside | Affiliate | 08-20817 | 8/21/2008 |
| Woodside Heritage Lake 129, Inc. | Central District - Riverside | Affiliate | 08-20818 | 8/21/2008 |
| Woodside Heritage Lake 150, Inc. | Central District - Riverside | Affiliate | 08-20820 | 8/21/2008 |
| Woodside Heritage Lake 7200, Inc. | Central District - Riverside | Affiliate | 08-20821 | 8/21/2008 |
| Woodside Highland Ridge, LLC | Central District - Riverside | Affiliate | 08-20825 | 8/21/2008 |
| Woodside Homes Corporation | Central District - Riverside | Affiliate | 08-20827 | 8/21/2008 |

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Name | District | Relationship | Case No. | Date Filed |
|------|----------|--------------|----------|------------|
| Woodside Homes of Arizona, Inc. | Central District - Riverside | Affiliate | 08-20830 | 8/21/2008 |
| Woodside Homes of California, Inc. | Central District - Riverside | Affiliate | 08-20832 | 8/21/2008 |
| Woodside Homes of Central California, Inc. | Central District - Riverside | Affiliate | 08-20834 | 8/21/2008 |
| Woodside Homes of Florida, LLC | Central District - Riverside | Affiliate | 08-20837 | 8/21/2008 |
| Woodside Homes of Fresno, Inc. | Central District - Riverside | Affiliate | 08-20840 | 8/21/2008 |
| Woodside Homes of Minnesota, Inc. | Central District - Riverside | Affiliate | 08-20842 | 8/21/2008 |
| Woodside Homes of Nevada, Inc. | Central District - Riverside | Affiliate | 08-20843 | 8/21/2008 |
| Woodside Homes of Northern California, Inc. | Central District - Riverside | Affiliate | 08-20844 | 8/21/2008 |
| Woodside Homes of Reno, LLC | Central District - Riverside | Affiliate | 08-20845 | 8/21/2008 |
| Woodside Homes of South Texas, LLC | Central District - Riverside | Affiliate | 08-20846 | 8/21/2008 |
| Woodside Homes of Southeast Florida, LLC | Central District - Riverside | Affiliate | 08-20847 | 8/21/2008 |
| Woodside Homes of Southern California, LLC | Central District - Riverside | Affiliate | 08-20742 | 8/20/2008 |
| Woodside Homes Sales Corp., | Central District - Riverside | Affiliate | 08-20850 | 8/21/2008 |
| Woodside Hunters Creek, LLC | Central District - Riverside | Affiliate | 08-20852 | 8/21/2008 |
| Woodside Jackrabbit Estates, LLC | Central District - Riverside | Affiliate | 08-20855 | 8/21/2008 |
| Woodside Karston Cove, LLC | Central District - Riverside | Affiliate | 08-20861 | 8/21/2008 |
| Woodside Kinder Ranch, LLC | Central District - Riverside | Affiliate | 08-20864 | 8/21/2008 |
| Woodside Knoll Creek, LLC | Central District - Riverside | Affiliate | 08-20866 | 8/21/2008 |
| Woodside Land Holdings, LLC | Central District - Riverside | Affiliate | 08-20868 | 8/21/2008 |
| Woodside Las Colinas, LLC | Central District - Riverside | Affiliate | 08-20869 | 8/21/2008 |
| Woodside Legacy Oaks, LLC | Central District - Riverside | Affiliate | 08-20871 | 8/21/2008 |
| Woodside Legacy, LLC | Central District - Riverside | Affiliate | 08-20738 | 8/20/2008 |
| Woodside Madison Colony, LLC | Central District - Riverside | Affiliate | 08-20872 | 8/21/2008 |

| Name | District | Relationship | Case No. | Date Filed |
|------|----------|--------------|----------|------------|
| Woodside Magma Ranch, LLC | Central District - Riverside | Affiliate | 08-20874 | 8/21/2008 |
| Woodside Majestic Oaks, LLC | Central District - Riverside | Affiliate | 08-20875 | 8/21/2008 |
| Woodside Meadows of Big Lake, LLC | Central District - Riverside | Affiliate | 08-20877 | 8/21/2008 |
| Woodside Menifee 105, Inc. | Central District - Riverside | Affiliate | 08-20879 | 8/21/2008 |
| Woodside Montecatini, Inc. | Central District - Riverside | Affiliate | 08-21073 | 8/22/2008 |
| Woodside Montrose, Inc. | Central District - Riverside | Affiliate | 08-20881 | 8/21/2008 |
| Woodside Murabella, LLC | Central District - Riverside | Affiliate | 08-20882 | 8/21/2008 |
| Woodside North MPLS, LLC | Central District - Riverside | Affiliate | 08-20883 | 8/21/2008 |
| Woodside Northridge, LLC | Central District - Riverside | Affiliate | 08-20885 | 8/21/2008 |
| Woodside Palmilla, LLC | Central District - Riverside | Affiliate | 08-20886 | 8/21/2008 |
| Woodside Palomar, LLC | Central District - Riverside | Affiliate | 08-20893 | 8/21/2008 |
| Woodside Park Paseo, LLC | Central District - Riverside | Affiliate | 08-20895 | 8/21/2008 |
| Woodside Parkview, LLC | Central District - Riverside | Affiliate | 08-20899 | 8/21/2008 |
| Woodside Paseo 5000, LLC | Central District - Riverside | Affiliate | 08-20746 | 8/20/2008 |
| Woodside Paseo 6000, LLC | Central District - Riverside | Affiliate | 08-20748 | 8/20/2008 |
| Woodside Paseo 7200, LLC | Central District - Riverside | Affiliate | 08-20750 | 8/20/2008 |
| Woodside Pebble Creek, LLC | Central District - Riverside | Affiliate | 08-20901 | 8/21/2008 |
| Woodside Preserve at Boulder Creek, LLC | Central District - Riverside | Affiliate | 08-20905 | 8/21/2008 |
| Woodside Provence, LLC | Central District - Riverside | Affiliate | 08-20906 | 8/21/2008 |
| Woodside Quail Crossing, LLC | Central District - Riverside | Affiliate | 08-20909 | 8/21/2008 |
| Woodside Rio Vista, LLC | Central District - Riverside | Affiliate | 08-20912 | 8/21/2008 |
| Woodside Riverwalk Preserve, LLC | Central District - Riverside | Affiliate | 08-20915 | 8/21/2008 |
| Woodside Rocking Horse, LLC | Central District - Riverside | Affiliate | 08-20916 | 8/21/2008 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

| Name | District | Relationship | Case No. | Date Filed |
|------|----------|--------------|----------|------------|
| Woodside Rockwell, LLC | Central District - Riverside | Affiliate | 08-20923 | 8/21/2008 |
| Woodside Rocky Pen, LLC | Central District - Riverside | Affiliate | 08-20927 | 8/21/2008 |
| Woodside Rogers Ranch, LLC | Central District - Riverside | Affiliate | 08-20937 | 8/21/2008 |
| Woodside Rosewood, LLC | Central District - Riverside | Affiliate | 08-20939 | 8/22/2008 |
| Woodside Royal Meadows, LLC | Central District - Riverside | Affiliate | 08-20940 | 8/22/2008 |
| Woodside S.O., LLC | Central District - Riverside | Affiliate | 08-20941 | 8/22/2008 |
| Woodside Scotland Heights, LLC | Central District - Riverside | Affiliate | 08-20942 | 8/22/2008 |
| Woodside Sienna, LLC | Central District - Riverside | Affiliate | 08-20943 | 8/22/2008 |
| Woodside Solano, LLC | Central District - Riverside | Affiliate | 08-20944 | 8/22/2008 |
| Woodside Somerset, LLC | Central District - Riverside | Affiliate | 08-20945 | 8/22/2008 |
| Woodside South Brook, LLC | Central District - Riverside | Affiliate | 08-20946 | 8/22/2008 |
| Woodside Southern Hills, LLC | Central District - Riverside | Affiliate | 08-20947 | 8/22/2008 |
| Woodside Southridge, LLC | Central District - Riverside | Affiliate | 08-20948 | 8/22/2008 |
| Woodside Springs at Boulder Creek, LLC | Central District - Riverside | Affiliate | 08-20949 | 8/22/2008 |
| Woodside Stonehaven, LLC | Central District - Riverside | Affiliate | 08-20950 | 8/22/2008 |
| Woodside Stoneybrook, LLC | Central District - Riverside | Affiliate | 08-20951 | 8/22/2008 |
| Woodside Summerwood, LLC | Central District - Riverside | Affiliate | 08-20952 | 8/22/2008 |
| Woodside Summit at Foothills Reserve, LLC | Central District - Riverside | Affiliate | 08-20953 | 8/22/2008 |
| Woodside Summit at Riverwalk, LLC | Central District - Riverside | Affiliate | 08-20954 | 8/22/2008 |
| Woodside Sunrise at Riverwalk, LLC | Central District - Riverside | Affiliate | 08-20955 | 8/22/2008 |
| Woodside Sunset Farms, LLC | Central District - Riverside | Affiliate | 08-20956 | 8/22/2008 |
| Woodside Talaverde, LLC | Central District - Riverside | Affiliate | 08-20958 | 8/22/2008 |
| Woodside Tampa Palms, LLC | Central District - Riverside | Affiliate | 08-20959 | 8/22/2008 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF REORGANIZATION

| Name | District | Relationship | Case No. | Date Filed |
|---|---|---|---|---|
| Woodside Tempe Village, LLC | Central District - Riverside | Affiliate | 08-20960 | 8/22/2008 |
| Woodside Texas Holdings, LLC | Central District - Riverside | Affiliate | 08-20962 | 8/22/2008 |
| Woodside Texas Land Holdings, LLC | Central District - Riverside | Affiliate | 08-20963 | 8/22/2008 |
| Woodside Thurnbeck, LLC | Central District - Riverside | Affiliate | 08-20964 | 8/22/2008 |
| Woodside Tierra Verde 301, LLC | Central District - Riverside | Affiliate | 08-20965 | 8/22/2008 |
| Woodside Timberlake, LLC | Central District - Riverside | Affiliate | 08-20969 | 8/22/2008 |
| Woodside Trails North at Horsemans Park, LLC | Central District - Riverside | Affiliate | 08-20972 | 8/22/2008 |
| Woodside Triana, LLC | Central District - Riverside | Affiliate | 08-20975 | 8/22/2008 |
| Woodside Trillium, LLC | Central District - Riverside | Affiliate | 08-20979 | 8/22/2008 |
| Woodside Trinity Oaks 55, LLC | Central District - Riverside | Affiliate | 08-20985 | 8/22/2008 |
| Woodside Trinity Oaks 65, LLC | Central District - Riverside | Affiliate | 08-20981 | 8/22/2008 |
| Woodside Tuscan Oaks, LLC | Central District - Riverside | Affiliate | 08-20995 | 8/22/2008 |
| Woodside Two Creeks 50, LLC | Central District - Riverside | Affiliate | 08-21002 | 8/22/2008 |
| Woodside Two Creeks 65, LLC | Central District - Riverside | Affiliate | 08-21007 | 8/22/2008 |
| Woodside Two Creeks Villas, LLC | Central District - Riverside | Affiliate | 08-21008 | 8/22/2008 |
| Woodside Valencia, LLC | Central District - Riverside | Affiliate | 08-21012 | 8/22/2008 |
| Woodside Via Valencia, LLC | Central District - Riverside | Affiliate | 08-21013 | 8/22/2008 |
| Woodside Via Ventura, LLC | Central District - Riverside | Affiliate | 08-21016 | 8/22/2008 |
| Woodside Vicinato, LLC | Central District - Riverside | Affiliate | 08-21017 | 8/22/2008 |
| Woodside Villa Palazzo, LLC | Central District - Riverside | Affiliate | 08-21018 | 8/22/2008 |
| Woodside Villa Palermo, LLC | Central District - Riverside | Affiliate | 08-21022 | 8/22/2008 |
| Woodside Vista Montana, LLC | Central District - Riverside | Affiliate | 08-20751 | 8/20/2008 |
| Woodside Walden, LLC | Central District - Riverside | Affiliate | 08-21024 | 8/22/2008 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

| Name | District | Relationship | Case No. | Date Filed |
|------|----------|--------------|----------|------------|
| Woodside Watson 308, LLC | Central District - Riverside | Affiliate | 08-21030 | 8/22/2008 |
| Woodside Weston Ranch, LLC | Central District - Riverside | Affiliate | 08-20753 | 8/20/2008 |
| Woodside Wildwood, LLC | Central District - Riverside | Affiliate | 08-21035 | 8/22/2008 |
| Woodside Willowbrook, LLC | Central District - Riverside | Affiliate | 08-21036 | 8/22/2008 |
| Woodside Wolf Creek 121, Inc. | Central District - Riverside | Affiliate | 08-21068 | 8/22/2008 |
| Woodside Wolf Creek 126, Inc. | Central District - Riverside | Affiliate | 08-21069 | 8/22/2008 |
| Woodside Wolf Creek 133, Inc. | Central District - Riverside | Affiliate | 08-21070 | 8/22/2008 |
| Woodside Wolf Creek 138, Inc. | Central District - Riverside | Affiliate | 08-21071 | 8/22/2008 |
| Woodside Wolf Creek 77, Inc. | Central District - Riverside | Affiliate | 08-21074 | 8/22/2008 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SECOND AMENDED JOINT PLAN OF
REORGANIZATION

DOCS_LA:207036.7

# Exhibits "B" – "D"

**EXHIBITS B – D TO PLAN OMITTED DUE TO VOLUMINOUS NATURE.**

**SEE EXHIBITS B – D ATTACHED TO SECOND AMENDED JOINT PLAN OF REORGANIZATION OF WOODSIDE GROUP, LLC AND AFFILIATED DEBTORS, AS MODIFIED ON AUGUST 26, 2009 [DOCKET NO. 1488], AVAILABLE FOR REVIEW ON WWW.KCCLLC.NET/WOODSIDE**