1  BRIAN L. DAVIDOFF (State Bar No. 102654)
   C. JOHN M. MELISSINOS (State Bar No. 149224)
2  RUTTER HOBBS & DAVIDOFF
     INCORPORATED
3  1901 Avenue of the Stars, Suite 1700
   Los Angeles, California 90067
4  Telephone:  (310) 286-1700
   Facsimile:  (310) 286-1728
5  Email:   bdavidoff@rutterhobbs.com
            jmelissinos@rutterhobbs.com
6
   Attorneys for The Official Committee
7  of Unsecured Creditors of Alameda Investments, LLC

8              UNITED STATES BANKRUPTCY COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                    RIVERSIDE DIVISION

11  In re:                          )  Case No. 6:08-bk-20682-PC
                                    )  (jointly administered)
12  WOODSIDE GROUP, LLC, et al.,    )  Chapter 11
                                    )
13              Debtors.            )  **ALAMEDA LIQUIDATING TRUST**
                                    )  **AGREEMENT SUBMITTED IN**
14                                  )  **CONNECTION WITH THE SECOND**
                                    )  **AMENDED JOINT PLAN OF**
15                                  )  **REORGANIZATION OF WOODSIDE**
                                    )  **GROUP, LLC AND AFFILIATED DEBTORS,**
16                                  )  **AS MODIFIED**
                                    )
17                                  )  Plan Confirmation Hearing
                                    )
18                                  )  Date:    October 16, 2009
                                    )  Time:    10:30 a.m.
19  ☒   Affects ALL DEBTORS         )  Place:   Courtroom 304
                                    )           United States Bankruptcy Court
20                                  )           3420 Twelfth Street
                                    )           Riverside, CA 92501-3819
21                                  )  Judge:   Honorable Peter H. Carroll
                                    )
22  _____)

23        The Official Committee of Unsecured Creditors of Alameda Investments, LLC

24  ("Alameda Creditors Committee") submits herewith the Alameda Liquidating Trust

25  Agreement and Declaration of Trust pursuant to Section 6.3.1 of the Second Amended Joint

26  ///

27  ///

28

RUTTER
HOBBS &
DAVIDOFF
INCORPORATED
L A W Y E R S

ALAMEDA LIQUIDATING TRUST AGREEMENT SUBMITTED IN CONNECTION WITH THE SECOND AMENDED JOINT
PLAN OF REORGANIZATION OF WOODSIDE GROUP, LLC AND AFFILIATED DEBTORS, AS MODIFIED
{7865.001-596194.DOC-(1)}

1  Plan of Reorganization of Woodside Group, LLC and Affiliated Debtors, as Modified on

2  August 26, 2009.

3  Dated: October 13 , 2009                        RUTTER HOBBS & DAVIDOFF
                                                        INCORPORATED
4

5                                              By: _____
                                                   BRIAN L. DAVIDOFF
6                                                  Attorneys for The Official
                                                   Committee of Unsecured Creditors of
7                                                  Alameda Investments, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RUTTER
HOBBS &
DAVIDOFF
INCORPORATED
L A W Y E R S

ALAMEDA LIQUIDATING TRUST AGREEMENT SUBMITTED IN CONNECTION WITH THE SECOND AMENDED JOINT
PLAN OF REORGANIZATION OF WOODSIDE GROUP, LLC AND AFFILIATED DEBTORS, AS MODIFIED
{7865.001-596194.DOC-(1)}

## ALAMEDA LIQUIDATING TRUST AGREEMENT
## AND DECLARATION OF TRUST

THIS ALAMEDA LIQUIDATING TRUST AGREEMENT AND DECLARATION OF TRUST ("Agreement" and the "Liquidating Trust" or the "Alameda Liquidating Trust") is entered into as of _____, 2009, by and between Alameda Investments, LLC, a Delaware limited liability company, the debtor-in-possession ("Alameda"), the Alameda Supervisory Board (as defined in Recital H), and Hugh Scheffy, or such other party as the Alameda Supervisory Board may mutually agree upon from time to time, as trustee (the "Liquidating Trustee"), for the benefit of the Alameda Trust Beneficiaries (as defined in Section 2.1), and as Estate Representative (as defined in Section 4.3 hereof).

Capitalized terms used and not defined in this Agreement shall have the meanings given to them in the Second Amended Joint Plan of Reorganization of Woodside Group, LLC and Affiliated Debtors, as Modified on August 26, 2009 (together with any and all Bankruptcy Court approved amendments, the "Plan").

### RECITALS

A.      On January 9, 2009, Alameda filed a voluntary petition under Title 11 of the United States Code, 11 U.S.C. §§101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California, Riverside Division (the "Bankruptcy Court"), under Case No. 6:09-bk-10348-PC (the "Alameda Bankruptcy Case").

B.      The Alameda Bankruptcy Case is jointly administered with those of its affiliates, Woodside Group, LLC, et al., Case No. 06:08-bk-20682-PC.

C.      Prior to the filing of the Alameda Bankruptcy Case, Alameda's business was to invest in joint venture real estate projects with other nonaffiliated real estate builders to hold and develop real property. Limited liability companies ("LLC(s)") were formed for each joint venture, and, in general, each member of the LLC made capital contributions to the LLC for the purchase and development of the property. In most instances, once the real property was fully entitled, each member of the LLC had the opportunity to acquire certain portions of the entitled property from the LLC to build single or multi-family residences and/or commercial projects.

D.      On _____, 2009, the Bankruptcy Court entered its Order ("Confirmation Order") confirming the Plan, and the Plan and the Confirmation Order are incorporated into this Agreement by this reference.

E.      Pursuant to Section 6.3 of the Plan, the Alameda Liquidating Trust is established as of the Effective Date of the Plan.

1

F.    The Liquidating Trust shall (i) hold all of Alameda's right, title and interest in the Alameda Trust Assets, (ii) facilitate the liquidation of the Alameda Trust Assets for the benefit of the Alameda Trust Beneficiaries as defined in Section 2.1 hereof, in accordance with Treasury Regulation 301.7701-4(d), (iii) distribute any proceeds of the Alameda Trust Assets, as defined in Section 1.22 of the Plan, received by the Liquidating Trust to the Alameda Trust Beneficiaries pursuant to the Plan, and (iv) otherwise implement the Plan and administer the Estate of Alameda.

G.    The Liquidating Trust is intended to qualify as a "grantor trust" for Federal income tax purposes and the Liquidating Trustee shall operate and maintain the Liquidating Trust in compliance with the guidelines for liquidating trusts as set forth in Internal Revenue Service Revenue Procedure 94-45, 1994-2 C.B. 684, and Treasury Regulation Section 1.671-4(a) and all subsequent guidelines regarding liquidating trusts issued by the Internal Revenue Service.

H.    The Alameda Supervisory Board is comprised of the three (3) members of The Official Committee of Unsecured Creditors of Alameda Investments, LLC ("Alameda Committee"). The Alameda Supervisory Board and the Alameda Trust Beneficiaries shall have authority over certain actions of the Liquidating Trustee as provided in this Agreement.

## ARTICLE 1

### ORGANIZATION: ESTABLISHMENT OF THE LIQUIDATING TRUST

1.1.    Name.  The Liquidating Trust shall be known as the "Alameda Liquidating Trust," in which name the Liquidating Trustee shall conduct the affairs of the Liquidating Trust.

1.2.    Office.  The office of the Liquidating Trust shall be in care of the Liquidating Trustee at 225 South Lake Avenue, Suite 610, Pasadena, California 91101-3027, or any other address that the Liquidating Trustee may designate by written notice to the Alameda Trust Beneficiaries and the persons set forth at Section 9.1 hereof (or any list created or maintained pursuant thereto).

1.3.    Incorporation of Plan.  This Agreement creates the "Alameda Liquidating Trust" as contemplated by the Plan, and the Plan and Confirmation Order are incorporated into this Agreement. In the event of any conflict between the Plan and this Agreement, the Plan will control and govern. In the event of any conflict between the Confirmation Order and the Plan or this Agreement, the Confirmation Order will control and govern.

1.4.    Declaration and Establishment of Liquidating Trust.  For good and valuable consideration, the receipt of which is hereby acknowledged by the undersigned, and pursuant to the Plan, as of the Effective Date, Alameda executes this Agreement and,

2

pursuant to the Plan and this Agreement, hereby establishes the Liquidating Trust and irrevocably transfers, absolutely assigns, conveys, sets over, and delivers to the Liquidating Trust all of its rights, title and interest in and to the Alameda Trust Assets in trust to and for the benefit of the Alameda Trust Beneficiaries for the uses and purposes stated herein and in the Plan. The Liquidating Trustee, as trustee of the Liquidating Trust, shall have all the rights, powers and duties set forth in the Plan and this Agreement and available under applicable law for accomplishing the purposes of the Liquidating Trust. The Liquidating Trustee is hereby authorized to file with the Secretary of State of California and any other governmental authorities any documents necessary or helpful to establish the Liquidating Trust.

    1.5.   <u>Title to Liquidating Trust Assets</u>.

       (a)    The transfer of the Alameda Trust Assets to the Liquidating Trust shall be made by Alameda for the benefit and on behalf of the Alameda Trust Beneficiaries. Upon the transfer of the Alameda Trust Assets, the Liquidating Trust shall succeed to all of Alameda's rights, title and interest in the Alameda Trust Assets and Alameda will have no further interest in or with respect to the Alameda Trust Assets or this Liquidating Trust. Except as otherwise provided in the Plan, this Agreement or the Confirmation Order, upon the Effective Date of the Plan, title to the Alameda Trust Assets shall pass to the Liquidating Trust free and clear of all Liens, claims and interests in accordance with the Plan, the Confirmation Order, and Sections 363(f), 1123, 1141 and 1146(c) of the Bankruptcy Code.

       (b)    For United States federal and applicable state income tax purposes, the transfer of the Alameda Trust Assets to the Liquidating Trust pursuant to and in accordance with the Plan shall be reported as a disposition of the Trust Assets directly to and for the benefit of the Alameda Trust Beneficiaries immediately followed by a contribution of the Alameda Trust Assets by the Alameda Trust Beneficiaries to the Liquidating Trust for the benefit of the Alameda Trust Beneficiaries. The Alameda Trust Beneficiaries will be treated as the grantors and deemed owners of the Liquidating Trust.

       (c)    To the full extent permitted by law, all rights under (i) Section 363(h) of the Bankruptcy Code and (ii) Section 365 of the Bankruptcy Code (including without limitation Section 365(f) thereof) are preserved for the benefit of the Alameda Estate and its creditors, and may be exercised by the Liquidating Trustee with the approval of the Bankruptcy Court.

       (d)    The Confirmation Order shall constitute an order of the Bankruptcy Court: (i) approving, as of the Effective Date, the assumption or rejection by Alameda, pursuant to Section 365(a) and 1123(b)(2) of the Bankruptcy Code, of all executory contracts and unexpired leases identified under Article 8 of the Plan; (ii) that any provisions of a limited liability company agreement or operating agreement of a limited liability company or similar entity which purports to restrict the transfer of the economic interest in such entity to Alameda, or its assignee, is invalidated as an *"ipso facto"* clause under Section 365(e) of the Bankruptcy Code.

3

1.6. <u>Assignment and Assumption of Certain Liabilities</u>.   In accordance with Section 1.4 hereof, Alameda hereby irrevocably transfers, assigns and conveys the Alameda Trust Assets to the Liquidating Trust, and the Liquidating Trustee on behalf of the Liquidating Trust, hereby assumes and agrees that all such Alameda Trust Assets are being transferred to the Liquidating Trust subject to the following liabilities, if any, that arise out of or relate to any known or unknown claim (as such term is defined in Section 101(5) of the Bankruptcy Code) or causes of action against Alameda or the Alameda Estate:

(a)     all fees payable pursuant to Section 1930 of chapter 123 of Title 28 of the United States Code until such time as the Bankruptcy Court enters a final decree closing the Alameda Bankruptcy Case;

(b)     any expenses incurred and unpaid, or to be incurred, by the Liquidating Trustee in the performance of his administrative duties in respect of the Alameda Estate (including, the filing of final tax returns and the payment of any taxes shown thereon, and any tax liability determined to be due and owing pursuant to the requests for expedited determinations under Section 505 of the Bankruptcy Code); and

(c)     any obligations owing pursuant to the Plan and unpaid; but specifically excluding any Claims which have been barred or discharged pursuant to the Plan.

1.7. <u>Appointment of Liquidating Trustee</u>.  Hugh Scheffy is hereby appointed as the Liquidating Trustee, effective as of the date of this Agreement, <u>provided</u> that if Mr. Scheffy shall be unable to accept the position of Liquidating Trustee, the Alameda Supervisory Board may appoint a replacement Liquidating Trustee in accordance with Section 4.6(b) of this Agreement.

1.8. <u>Recitals</u>.  The Recitals above are herein incorporated into and made a part of this Agreement.

**ARTICLE 2**

**BENEFICIARIES**

2.1.   <u>Identification of Alameda Trust Beneficiaries;  Allocation of Interests:
Register</u>.

(a)     <u>Alameda Trust Beneficiaries</u>.  The beneficiaries of the Liquidating Trust ("<u>Alameda Trust Beneficiaries</u>" and individually an "<u>Alameda Trust Beneficiary</u>") shall be the parties identified as the Alameda Trust Beneficiaries in the Plan, namely the holders of Allowed Liquidating Debtor Administrative Claims, Priority Tax Claims against Alameda, and Allowed Class LD 1, LD Class 3, LD Class 5 and Class LD 6 Claims against Alameda, to the extent permitted by the Plan the Confirmation Order and this Agreement.

4

(b)    <u>Allocation of Interests</u>.  Each Alameda Trust Beneficiary hereunder shall receive uncertificated interests in the Liquidating Trust, which interests shall be allocated in accordance with the Plan to each Alameda Trust Beneficiary.

(c)    <u>Register</u>.  The Liquidating Trustee shall cause to be kept a register (the "<u>Register</u>") in which the Liquidating Trustee shall at all times maintain the names, addresses, and interests of the Alameda Trust Beneficiaries.

2.2.    <u>Rights of Alameda Trust Beneficiaries</u>.  Each Alameda Trust Beneficiary will be entitled to participate in the rights afforded to an Alameda Trust Beneficiary hereunder.  Each Alameda Trust Beneficiary shall take and hold its uncertificated beneficial interest subject to all of the terms and provisions of this Agreement and the Plan.  The interest of an Alameda Trust Beneficiary in the Liquidating Trust is in all respects personal property, and upon the death, insolvency or incapacity of an individual Alameda Trust Beneficiary, such Alameda Trust Beneficiary's interest shall pass to the legal representative of such Alameda Trust Beneficiary and such death, insolvency or incapacity shall not terminate or affect the validity of this Agreement.  An Alameda Trust Beneficiary shall have no title to, right to, possession of, management of, or control of, the Alameda Trust Assets except as expressly provided in this Agreement or the Plan.  Title to all the Alameda Trust Assets shall be vested in the Liquidating Trustee as trustee of the Liquidating Trust, and the sole interest of the Alameda Trust Beneficiaries shall be the rights and benefits given to such persons under this Agreement.

2.3.    <u>Limit on Transfer of Interests of Alameda Trust Beneficiaries</u>.

(a)    The interest of an Alameda Trust Beneficiary in the Liquidating Trust shall be assignable and transferable in accordance with the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 3001(e), upon reasonable notice to, and subject to any reasonable limitations that may be placed thereon by, the Liquidating Trustee, <u>provided</u>, <u>however</u>, that the Alameda Trust Beneficiaries may transfer their uncertificated interests in the Liquidating Trust only in their entirety, and may not transfer fractional portions thereof.

(b)    Prior to any transfer, assignment, hypothecation, pledge, exchange or conveyance of a beneficial interest in the Liquidating Trust (each, a "<u>Transfer</u>"), the transferring Alameda Trust Beneficiary shall submit to the Liquidating Trustee a duly endorsed assignment of the beneficial interest to be transferred (in a form reasonably acceptable to the Liquidating Trustee) together with the service charge, if any, to be specified by the Liquidating Trustee pursuant to this subsection (b); <u>provided</u>, <u>however</u>, that the Liquidating Trustee need not reflect any transfer on the Register (or make any distribution to any transferee), and will give notice to such Alameda Trust Beneficiary that no transfer has been recognized, in the event the Liquidating Trustee reasonably believes that such transfer (or the distribution to such transferee) may constitute a violation of applicable laws or might cause the Liquidating Trust to be required to register beneficial interests under the Securities Exchange Act of 1934, as amended.  Such Transfer shall not be effected until, and the transferee shall succeed to the rights of

5

an Alameda Trust Beneficiary only upon, final acceptance and registration of the Transfer by the Liquidating Trustee in the Register.  Prior to the registration of any Transfer by an Alameda Trust Beneficiary, the Liquidating Trustee shall treat the entity in whose name the beneficial interest is registered as the owner for all purposes, and the Liquidating Trustee shall not be affected by notice to the contrary.  When a request to register the Transfer of a beneficial interest is presented to the Liquidating Trustee, the Liquidating Trustee shall register the Transfer as requested if the requirements for Transfers hereunder are met. The Liquidating Trustee may charge a service charge in an amount sufficient to cover the expenses of the Liquidating Trustee and its agents and any tax or governmental charge that may be imposed on any Transfer of a beneficial interest. Failure of any Alameda Trust Beneficiary to comply with these provisions shall void any Transfer of the related beneficial interest, and the proposed transferee shall have no rights under this Agreement. Upon the Transfer of a transferring Alameda Trust Beneficiary's entire beneficial interest in the Liquidating Trust as evidenced by the Register, such transferring Alameda Trust Beneficiary shall have no further right, title or interest in the Alameda Trust Assets or the Liquidating Trust.

2.4.  <u>No Legal Title in Alameda Trust Beneficiaries</u>.  No Alameda Trust Beneficiary shall have legal title to any part of the Alameda Trust Assets. No transfer by operation of law or otherwise, of the right, title and interest of any Alameda Trust Beneficiary in and to the Alameda Trust Assets or the Liquidating Trust shall operate to terminate this Liquidating Trust or entitle any successor or transferee of such Alameda Trust Beneficiary to an accounting or to the transfer to it of legal title to any part of the Alameda Trust Assets.

ARTICLE 3

<u>PURPOSE, AUTHORITY, LIMITATIONS, DISTRIBUTIONS AND DUTIES.</u>

3.1.  <u>Purpose of the Liquidating Trust</u>.  The Liquidating Trust is a liquidating trust pursuant to which the Liquidating Trustee is to hold, liquidate and dispose of the Alameda Trust Assets in accordance with this Agreement, the Plan and Treasury Regulation Section 301.7701-4(d).  Accordingly, the primary purpose of the Liquidating Trust is to liquidate and distribute the Alameda Trust Assets with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to preserve and/or maximize the value of the Alameda Trust Assets, and consistent with the liquidating purpose of the Liquidating Trust.

3.2.  <u>Authority</u>.  In connection with the administration of the Liquidating Trust, except as set forth in this Agreement, the Liquidating Trustee is authorized to and shall perform, in good faith in the exercise of the Liquidating Trustee's reasonable business judgment, any and all acts necessary or desirable to accomplish the purposes of the Liquidating Trust, and to take such actions, in good faith, as required in its capacity as Estate Representative. Subject to any limitations contained in, or as otherwise provided by this Agreement or in the Plan, the Liquidating Trustee shall have the authority, power

6

and obligation, in his capacity as Liquidating Trustee or as Estate Representative, as applicable, to:

      (a)   to receive and hold the Alameda Trust Assets, including the membership interests in the LLCs identified in Exhibit "A" hereto, and exercise all rights as a member of the LLCs;

      (b)   hold legal title to any and all rights of the Alameda Trust Beneficiaries in or arising from the Alameda Trust Assets (but not the rights of those Alameda Trust Beneficiaries who hold separate rights, title and interest as members of the LLCs), including, but not limited to, collecting any and all money and other property belonging to the Liquidating Trust and the right to vote any claim or interest in a case under the Bankruptcy Code and receive any distribution therein;

      (c)   exercise rights of a trustee under Sections 704 and 1106 of the Bankruptcy Code, including, without limitation, objecting to Disputed Claims, executing offsets to Claims, commencing, prosecuting, or settling Causes of Action, including Causes of Action arising under Sections 542, 544, 547, 548, 549, 550 and 551 of the Bankruptcy Code, and any Cause of Action and Defense held by Alameda not specifically identified in the Plan or Disclosure Statement, or of which Alameda may presently be unaware, or which may raise or exist by reason of additional facts or circumstances unknown to Alameda at the time of the Plan, or facts or circumstances that may change or be different from those Alameda believed to exist at the time of the Plan, except for any Cause of Action and Defenses released or transferred under the Plan;

      (d)   seek Bankruptcy Court approval when the Liquidating Trustee deems it necessary or upon direction of the Alameda Supervisory Board;

      (e)   in consultation with the Alameda Supervisory Board, protect and enforce the rights to the Alameda Trust Assets by any method deemed appropriate including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium, or similar law and general principles of equity;

      (f)   establish and maintain any necessary reserves pursuant to the terms of the Plan and to Section 3.3(f) hereof;

      (g)   file or cause to be filed, if necessary, any and all tax and information returns, and any other statements or disclosures relating to the Liquidating Trust that are required to be filed by any governmental unit with respect to the Liquidating Trust, and withhold and pay taxes properly payable by the Liquidating Trust, if any;

      (h)   determine and satisfy any and all liabilities created, incurred or assumed by the Liquidating Trust;

      (i)   create a cash flow forecast for the Alameda Supervisory Board of income and expenses of the Liquidating Trust ("Cash Flow Forecast"), and pay all

expenses and make all other payments relating to the Alameda Trust Assets, including, without limitation, the reasonable fees and expenses of the Liquidating Trustee hereunder;

(j)    pay all fees payable pursuant to Section 1930 of chapter 123 of Title 28 of the United States Code until such time as the Bankruptcy Court enters a Final Decree closing the Alameda Bankruptcy Case;

(k)    take or refrain from taking any action the Liquidating Trustee reasonably deems necessary to protect, preserve and maximize the Alameda Trust Assets, including, but not limited to, improving, completing or repairing Alameda Trust Assets and purchasing insurance of any kind;

(l)    enter into contracts in the course of operating the Alameda Trust Assets or in conjunction with their disposition under the Plan excluding such contracts that require the prior consent of the Alameda Supervisory Board;

(m)    manage, sell and convert all or any portion of the Alameda Trust Assets to Cash;

(n)    make distributions to the Alameda Trust Beneficiaries in accordance with the Plan's treatment of holders of Allowed Claims against Alameda;

(o)    invest Cash in demand and time deposits, such as short-term certificates of deposit, in banks and other savings institutions, or other temporary, liquid investments, such as treasury bills, as further provided in Section 345 of the Bankruptcy Code, provided, however, that any such investment shall be consistent with the Liquidating Trust's status as a liquidating trust within the meaning of Treasury Regulations Section 301.7701-4(d) and in accordance with Rev. Proc. 94-45, 1994-2 C.B. 684;

(p)    release, convey or assign any right, title or interest in or about the Alameda Trust Assets or any portion thereof;

(q)    open and maintain bank accounts and deposit funds and draw checks;

(r)    engage and/or retain such attorneys, accountants, consultants, agents, tax specialists, financial advisors, appraisers, investment bankers, other professionals, including contractors, subcontractors, and engineers, and clerical and staff assistance, as may, without further order of the Bankruptcy Court, in the discretion of the Liquidating Trustee, be deemed necessary to fulfill his duties under the Plan and this Agreement;

(s)    pay retained professionals and other entities and persons, including the reasonable fees and expenses of Rutter Hobbs & Davidoff Incorporated ("RHD"), counsel to the Alameda Supervisory Board and the Liquidating Trustee;

8

(t)   in consultation with the Alameda Supervisory Board and in compliance with Section 4.4 hereof, sue and be sued in the name of the Liquidating Trustee and file or pursue objections to Claims and Causes of Action, and seek to settle or disallow any of them, and compromise, adjust, arbitrate, sue on or defend, pursue, prosecute abandon, or otherwise deal with and settle any Cause of Action in favor of or against the Liquidating Trust as the Liquidating Trustee shall deem advisable;

(u)   enforce, waive or release rights, privileges or immunities of any kind;

(v)   in general, without in any manner limiting any of the foregoing, deal with the Alameda Trust Assets or any part or parts thereof in all other ways as would be lawful and prudent for any entity owning the same to deal therewith, whether similar to or different from the ways herein specified subject to the rights and powers of the Alameda Supervisory Board set forth in Section 3.5 of this Agreement;

(w)   request any appropriate tax determination with respect to the Liquidating Trust, including, without limitation, a determination pursuant to Section 505 of the Bankruptcy Code;

(x)   seek the examination of any entity under, and subject to, the provisions of Bankruptcy Rule 2004;

(y)   oversee the dissolution and winding up of Alameda in accordance with Section 6.3.7 of the Plan and applicable law;

(z)   prosecute (including, without limitation, by amendment and modification) any motion for extension of the deadline to assume or reject leases and/or executory contracts, any motion for assumption or rejection of leases and/or executory contracts, and/or any other motion filed by Alameda and pending on the Effective Date;

(aa)   as soon as is practicable after the payment of the Allowed Claims and distribution of all Alameda Trust Assets, apply to the Bankruptcy Court to terminate the Liquidating Trust;

(bb)   pay obligations or expenses of, or relating to, the Alameda Trust Assets when the Liquidating Trustee, considering the  purposes, terms, distributional requirements and other circumstances of the Plan, deems it prudent to do so to effectuate the Plan;

(cc)   prepare and disseminate any related document that is required of Alameda under applicable non-bankruptcy law in accordance with the Plan;

(dd)   on thirty (30) days written notice to the Alameda Supervisory Board, abandon any property which he determines in his reasonable discretion to be of de minimis value or otherwise burdensome to the Liquidating Trust, including any pending adversary proceeding or other legal action, provided that if any entity to whom such

9

notice is given provides a written objection to the Liquidating Trustee prior to the expiration of such thirty-day period with respect to the proposed abandonment of such property, then such property may be abandoned only pursuant to a Final Order of the Bankruptcy Court after notice and opportunity for a hearing;;

(ee) except as otherwise set forth in this Agreement or in the Plan, and subject to the Treasury Regulations governing liquidating trusts and the retained jurisdiction of the Bankruptcy Court as provided for in the Plan, but without prior or further authorization, the Liquidating Trustee shall be entitled to seek such orders, judgments, injunctions and rulings as he deems necessary to carry out the intentions and purposes, and to give full effect to, the provisions of the Plan; and

(ff) take such other actions as may be necessary or helpful to accomplish the purposes of the Plan, including, without in any manner limiting any of the foregoing, dealing with the Alameda Trust Assets or any part or parts thereof in all other ways as would be lawful and prudent for any entity owning the same to deal therewith, whether similar to or different from the ways herein specified. No entity dealing with the Liquidating Trust shall be obligated to inquire into the authority of the Liquidating Trustee in connection with the protection, conservation or disposition of the Alameda Trust Assets.

3.3. <u>Duties of the Liquidating Trustee</u>. Without limiting the power and obligations set forth in Section 3.2 hereof, subject to any limitations contained in, or as otherwise provided by this Agreement or in the Plan, the Liquidating Trustee, in his capacity as liquidating trustee of the Alameda Liquidating Trust or as Estate Representative, shall have the additional duties, and all requisite power and authority set forth below in this Section 3.3:

(a) <u>Consultation with the Alameda Supervisory Board</u>. The Liquidating Trustee shall, no less frequently than monthly, provide the Alameda Supervisory Board with an update which shall be in writing if requested by the Alameda Supervisory Board, as to the various actions he has taken (or declined to take) during the previous month, the Cash Flow Forecast (as defined in Section 3.2(i)), and any variances with respect thereto, and shall offer the Alameda Supervisory Board an opportunity to ask questions with respect to such actions. The Liquidating Trustee shall, on a regular basis, inform the Alameda Supervisory Board of actions that the Liquidating Trustee is pursuing and is planning to pursue in connection with the discharge of the Liquidating Trustee's duties.

(b) <u>Bond</u>. The Liquidating Trustee shall obtain a bond and may obtain insurance coverage relative to the proper performance of his duties under the Plan and this Agreement and for indemnification of himself and others provided for in the Plan and pay the premiums for such bond and insurance with Alameda Trust Assets as an expense of administering the Liquidating Trust.

(c) <u>Distributions to Alameda Trust Beneficiaries; Disbursing Agent</u>. The Liquidating Trustee shall be responsible for making distributions from the Liquidating

10

Trust to the Alameda Trust Beneficiaries as required in accordance with the Plan's treatment of holders of Allowed Claims against Alameda. The Liquidating Trustee, or his designee, shall act as the disbursing agent under the Plan and shall establish such bank account or accounts as may be required to effectuate such payments. Distributions shall be made at least annually to the Alameda Trust Beneficiaries of the Liquidating Trust's net income plus all net proceeds from the sale of any of the Alameda Trust Assets, except that the Liquidating Trust may maintain a Reserve (as defined in Section 3.3(d)).

(d)    Distributions from and to Reserves. The Liquidating Trustee, in his capacity as Estate Representative, shall establish, fund and adjust as appropriate the funding of an administrative reserve, and any other reserves and reserve accounts (collectively referred to as "Reserves") as the Liquidating Trustee, in his discretion, deems necessary for expenses of the Liquidating Trust's payment of Allowed Claims, Disputed Claims, Causes of Action and Defenses, and payment of expenses and obligations relating to the Alameda Trust Assets, and amounts reasonably necessary to maintain the value of the Alameda Trust Assets.

(e)    Maintenance of Distribution Lists; Post-Confirmation Service List; Books and Records.

(i)    The Liquidating Trustee shall maintain the Register of all Alameda Trust Beneficiaries. The Liquidating Trustee may rely upon the Register for the purposes of delivering distributions or notices. In preparing and maintaining the Register, the Liquidating Trustee may rely on the name and address of each holder set forth in Alameda's Schedules of Assets and Liabilities, Proofs of Claim filed in the Alameda Bankruptcy Case, and/or records of Alameda, unless (x) a different name and/or address is set forth in a proof of claim filed by such holder in the Alameda Bankruptcy Case, or (y) proper notice of a name or address change has be delivered by such holder to the Liquidating Trustee in accordance with the Plan.

(ii)    Pursuant to Section 9.2(b) hereof, the Liquidating Trustee shall maintain the Post-Effective Date Service List (as defined in Section 9.2(b) hereof).

(iii)    On the Effective Date, Alameda shall be deemed to have transferred, assigned and conveyed to the Liquidating Trust full title to, and the Liquidating Trust shall be authorized to take possession of, all of the books and records of Alameda that were not otherwise transferred on or prior to the Effective Date. Pursuant to Section 5.2 hereof, the Liquidating Trust shall have the responsibility of storing and maintaining books and records transferred hereunder. No later than ten (10) days prior to the Effective Date, Alameda shall cooperate with the Liquidating Trustee to facilitate the delivery and storage of its books and records in accordance herewith. For the purpose of this Section, books and records include computer generated or computer maintained books and records and computer data, as well as electronically generated or maintained books and records or data, along with books and records of Alameda

11

maintained by or in possession of third parties and all of the claims and rights of Alameda in and to its books and records, wherever located.

(f) <u>Reports to Alameda Trust Beneficiaries</u>. The Liquidating Trustee shall provide such reports as described in Section 7 hereof.

(g) <u>Tax Returns</u>.

(i) The Liquidating Trustee shall cause the timely preparation, distribution and/or filing of any necessary tax returns and other documents or filings as required by applicable law (including but not limited to (x) those pursuant to Treasury Regulation 1.671-4(a); and (y) any federal, state and local tax returns), including final tax returns of Alameda, as a grantor trust pursuant to Regulation 1.671-4(a). The Liquidating Trust's taxable income, gain, loss, deduction or credit will be allocated (subject to the Plan relating to Disputed Claims against the Alameda Estate) to the Alameda Trust Beneficiaries in accordance with their relative beneficial interests in the Alameda Liquidating Trust. The Alameda Trust Beneficiaries shall be treated for federal income tax purposes as grantors and deemed owners of the Liquidating Trust.

(ii) Subject to definitive guidance from the Internal Revenue Service or a court of competent jurisdiction to the contrary (including the receipt by the Liquidating Trustee of a private letter ruling if the Liquidating Trustee so requests one, or the receipt of an adverse determination by the Internal Revenue Service upon audit if not contested by the Liquidating Trustee), the Liquidating Trustee shall:

1. treat any assets in the Reserves allocable to, or retained on account of Disputed Claims as held by one or more discrete trusts for federal income tax purposes (the "Claims Reserve"), consisting of separate and independent shares to be established in respect of each Disputed Claim, in accordance with the trust provisions of the Tax Code (Section 641 et seq.);

2. treat as taxable income or loss of the Reserves, with respect to any given taxable year, the portion of the taxable income or loss of the Liquidating Trust that would have been allocated to the holders of Disputed Claims had such Claims been Allowed on the Effective Date (but only for the portion of the taxable year with respect to which such Claims are unresolved);

3. treat as a distribution from the Reserves any increased amounts distributed by the Liquidating Trust as a result of any Disputed Claims resolved earlier in the taxable year, to the extent such distributions relate to taxable income or loss of the Reserves determined in accordance with the provisions of the Plan; and

4. to the extent permitted by applicable law, report consistent with the foregoing for state and local income tax purposes.

12

(iii)    In accordance with the Plan, all holders of beneficial interests in the Liquidating Trust shall report, for tax purposes, consistent with the foregoing.

(iv)    The Liquidating Trustee shall pay (x) out of the Alameda Trust Assets, any taxes imposed on the Liquidating Trust or the Alameda Trust Assets and (y) out of the Reserves, any taxes imposed on the Reserves. In the event, and to the extent, any cash retained on account of Disputed Claims in the Reserves are insufficient to pay the portion of any such taxes attributable to the taxable income arising from the assets allocable to, or retained on account of, Disputed Claims, such taxes shall be (x) reimbursed from any subsequent Cash amounts retained on account of Disputed Claims, or (y) to the extent such Disputed Claims have subsequently been resolved, deducted from any amounts distributable by the Liquidating Trustee as a result of the resolutions of such Disputed Claims.

(v)    The Liquidating Trustee shall be authorized to, and shall, exercise all powers regarding Alameda's tax matters, including filing tax returns, to the same extent as if the Liquidating Trustee were the debtor in possession. The Liquidating Trustee shall (i) complete and file as soon as possible, to the extent not previously filed, any outstanding and any final federal, state, and local tax returns of Alameda, (ii) request an expedited determination of any unpaid tax liability of Alameda under Section 505(b) of the Bankruptcy Code for all tax periods of the Alameda ending after the Petition Date through the liquidation of Alameda as determined under applicable tax laws, to the extent not previously requested, and (iii) represent the interest and account of Alameda before any taxing authority in all matters, including, but not limited to, any action, suit, proceeding, or audit.

(h)    <u>Other Actions Relating to Dissolution of Alameda</u>.

(i)    The Liquidating Trustee, acting on behalf of Alameda, shall, if necessary and appropriate, prepare and file such documents, including one or more certifications on Form 15, as are required by applicable law, to terminate any registration of any interests in Alameda with the Securities and Exchange Commission under the Securities Act of 1934, as amended.

(ii)    The Liquidating Trustee, acting on behalf of Alameda, shall, if necessary and appropriate, prepare and file such other documents, applications, certificates or other instruments as may be required by applicable law to complete, or to further evidence, the dissolution of Alameda under applicable state laws.

(iii)    The Liquidating Trustee, acting on behalf of Alameda, shall, if necessary and appropriate, prepare, distribute and file interest holder tax statements and notices (including I.R.S. Form 1065 for all taxable years through dissolution).

3.4.    <u>No Implied Obligations</u>.    Except as otherwise provided in the Plan and Confirmation Order, no other further covenants or obligations shall be implied into this Agreement. The Liquidating Trustee shall not be responsible in any manner whatsoever

13

for the correctness of any recital, statement, representation, or warranty herein, or in any documents or instrument evidencing or otherwise constituting a part of the Alameda Trust Assets.

3.5.    Limitation of Liquidating Trustee's Authority.

(a)    Notwithstanding anything herein to the contrary, the Liquidating Trustee, acting in either his capacity as Liquidating Trustee or as Estate Representative, other than to the extent necessary to preserve and/or maximize the value of the Alameda Trust Assets, shall not and shall not be authorized to engage in any trade or business, and shall take such actions consistent with the orderly liquidation of the Alameda Trust Assets as are required by applicable law, and such actions permitted hereunder. Notwithstanding any other authority granted herein, the Liquidating Trustee is not authorized to engage in any investments or activities inconsistent with the treatment of the Liquidating Trust as a liquidating trust within the meaning of Treasury Regulations Section 301.7701-4(d) and in accordance with Rev. Proc. 94-45, 1994-2 C.B. 684.

(b)    The Liquidating Trust shall not hold 50% or more of the stock (in either vote or value) of any entity that is treated as a corporation for federal income tax purposes, nor have any interest in an entity that is treated as a partnership for federal income tax purposes, unless such stock or partnership interest was obtained involuntarily or as a matter of practical economic necessity in order to preserve the value of the Alameda Trust Assets.

(c)    The Liquidating Trustee shall not facilitate the development of an active trading market for the beneficial interests in the Liquidating Trust, nor encourage any other entity to do so (including without limitation taking steps to list such interests on any national securities exchange or on NASDAQ, engaging the services of a market maker, placing any advertisements in the media promoting investment in the Liquidating Trust, or collecting or publishing information about prices at which such interests may be transferred).

(d)    The Liquidating Trustee shall not acquire or hold any long term debt securities, options, or commercial paper longer than ninety (90) days unless such commercial paper is rated "Prime" or higher by Moody's or "A-1" or higher by S&P's or has been given an equivalent rating by another nationally recognized statistical rating agency.

(e)    Notwithstanding the powers and duties of the Liquidating Trustee as set forth in Article 3, the Liquidating Trustee is not authorized to take any action on the following matters without the prior express consent of the Alameda Supervisory Board:

(i)    Cause the Liquidating Trust to borrow money or incur any indebtedness with a maturity greater than sixty (60) days from the date incurred;

14

{7865.001-585757.DOC-(7)}

       (ii)    Sign any check, instruments, promissory notes, deeds of trust, mortgages, pledges, guaranties, or enter into any contracts, agreements, make any distribution, commence any lawsuits, arbitrations or other proceedings, or any other documents that pertain to the LLCs, the LLCs property and projects, or take any action that is otherwise permitted to be taken by the Liquidating Trustee under this Agreement, that would require the use of the Alameda Trust Assets in excess of $10,000 (except to the extent that the sum of $10,000 may adjusted from time to time by the Alameda Supervisory Board);

       (iii)    Establish and set any necessary reserves pursuant to the terms of the Plan and Section 3.3(d) hereof;

       (iv)    Agree to a material change, amendment or modification to the operating agreements of the LLCs;

       (v)    Engage or retain any attorneys, accountants, consultants, agents, tax specialists, financial advisor, appraiser and other professionals, including contractors, subcontractors, engineers, and clerical and staff assistance to the extent the retention of any such person/entity will require an expenditure(s) of Alameda Trust Assets in excess of $10,000, provided, for the avoidance of doubt, the Alameda Supervisory Board shall be deemed to consent to the retention of RHD.

       (vi)    Sell, exchange, abandon, or otherwise dispose of the Alameda Trust Assets having a value in excess of $10,000;

       (vii)    Cause the Liquidating Trust to make loans aggregating more than $10,000;

       (viii)    Seek an extension of the term of the Liquidating Trust as set forth in Section 5.1 of this Agreement;

       (ix)    Indemnify or pay any person or entity on account of the indemnity provided in Section 6.1 of this Agreement; or

       (x)    Settle a Cause of Action or a Claim in excess of $10,000.

    3.6.   <u>Closing of the Bankruptcy Case</u>.  The Liquidating Trustee shall take all actions necessary to obtain from the Bankruptcy Court a Final Decree as set forth in the Plan.

    3.7.   <u>Compliance with Laws</u>.  Any and all distributions of Alameda Trust Assets and proceeds of borrowings, if any, shall be in compliance with applicable laws, including, but not limited to, applicable federal and state securities laws.

    3.8.   <u>Alameda Supervisory Board</u>.  As set forth in Recital H above, the members of the Alameda Supervisory Board are the three members of the Alameda Committee. In

15

the event a member of the Alameda Supervisory Board can no longer carry out his or her duties by reason of death, resignation or disability, a successor member shall be appointed by the remaining members of the Alameda Supervisory Board upon motion to and approval by the Bankruptcy Court, within ninety (90) days from the death, resignation or disability a member of the Alameda Supervisory Board. A member of the Alameda Supervisory Board may also be removed with or without cause by a: (a) vote of (i) more than one-half (1/2) of the dollar amount of all of the Alameda Trust Beneficiaries voting, and (ii) more than one-half (1/2) of the total number of Alameda Trust Beneficiaries voting (referred to herein as the "Alameda Trust Beneficiary Vote"); and (b) (b) after such Alameda Trust Beneficiary Vote, the filing of an appropriate motion with the Bankruptcy Court in which event removal shall become effective upon order of the Bankruptcy Court. Prior to removal of a member of the Alameda Supervisory Board, there shall be a ready and able successor to take the place of the removed member.

## ARTICLE 4

### THE LIQUIDATING TRUSTEE

4.1.  Generally.

(a)    The Liquidating Trustee's powers are exercisable solely in a fiduciary capacity consistent with, and in furtherance of, the purposes of this Liquidating Trust and not otherwise, except that the Liquidating Trustee may arrange for payment of his reasonable fees and expenses from the Alameda Trust Assets as permitted herein.

(b)    The provisions of this Agreement relating to the Liquidating Trust are intended to create a trust and a trust relationship and are to be governed and construed in all respects as a trust. The Liquidating Trust is not intended to be, and shall not be deemed to be or treated as, a general partnership, limited partnership, limited liability company, joint venture, corporation, joint stock company or association, nor shall the Liquidating Trustee or Alameda Trust Beneficiaries, or any of them, for any purpose be, or be deemed to be or treated in any way whatsoever to be, liable or responsible hereunder as partners or joint venturers. The relationship of the Alameda Trust Beneficiaries to the Liquidating Trust and the Liquidating Trustee shall be solely that of beneficiaries of a trust to a trust and its trustee and shall not be deemed a principal and agency relationship, and the rights of the Alameda Trust Beneficiaries shall be limited to those conferred upon them by this Agreement.

4.2.  Manner of Acting. The Liquidating Trustee shall oversee the liquidation of the Alameda Trust Assets in good faith and in a cost-effective manner in a reasonable time frame, with due regard for the risk that undue haste may minimize the liquidation proceeds of a particular Alameda Trust Asset. The Liquidating Trustee shall make continuing efforts to dispose of the Alameda Trust Assets, make timely distributions and not unduly prolong the duration of the Liquidating Trust. In overseeing the selling of the

16

his best efforts to maximize the amount of the proceeds derived therefrom. The liquidation of the Alameda Trust Assets may be accomplished either through the prosecution, compromise and settlement, abandonment or dismissal of any or all Claims, rights or Causes of Action, or otherwise subject to the terms of the Plan. Any and all proceeds generated from such Alameda Trust Assets shall be held by the Liquidating Trust. The Liquidating Trustee may incur any reasonable and necessary expenses in liquidating the Alameda Trust Assets.

4.3.   Status of Liquidating Trustee.   The Liquidating Trustee shall be the representative of the Alameda Estate within the meaning of Section 1123(b)(3)(B) of the Bankruptcy Code and shall have the rights and powers provided for in the Bankruptcy Code in addition to any rights and powers granted in this Agreement, the Confirmation Order, and in the Plan (acting in such capacity, the "Estate Representative"). The Liquidating Trustee shall be a party-in-interest as to all matters over which the Bankruptcy Court has jurisdiction.

4.4.   Causes of Action; etc.

(a)   In his capacity as the Estate Representative, and except to the extent of the Reorganizing Debtors/Liberty/Alameda Intercompany Settlement by and among the Reorganizing Debtors, Liberty, Alameda, the General Committee and the Alameda Committee, described in the Supplement to the Plan ("Alameda Intercompany Settlement"), the Liquidating Trustee shall be the successor-in-interest to Alameda with respect to any claim, right or Cause of Action that was or could have been commenced by Alameda prior to the Effective Date, or thereafter arising in conjunction with the Alameda Trust Assets until the Liquidating Trust disposes of them. All such Causes of Action and any and all other rights, claims or interests constituting Alameda Trust Assets, including the right to subordinate Claims under Section 510 of the Bankruptcy Code, except for Causes of Action excluded pursuant to the Alameda Intercompany Settlement, shall, subject to the other limitations set forth in this Agreement, be retained and pursued and enforced by the Liquidating Trustee as the Estate Representative pursuant to Section 1123(b)(3)(B) of the Bankruptcy Code and the terms of the Plan.

(b)   The Liquidating Trustee, in his capacity as Estate Representative, shall, subject to the other limitations set forth in this Agreement, have discretion to pursue or not to pursue any and all Claims, rights or Causes of Action, as he determines are in the best interests of the Alameda Trust Beneficiaries and consistent with the purposes of the Liquidating Trust, and shall have no liability for the outcome of its decision, provided, however, that the Liquidating Trustee (i) shall consult with the Alameda Supervisory Board prior to filing any objection to any proof of claim with the Bankruptcy Court; and (ii) may not agree to settle or otherwise dispose of any claim, right or Cause of Action valued by the party asserting such Claim, right or Cause of Action at an amount greater than $10,000 without first obtaining the Alameda Supervisory Board's consent. With respect to any Cause of Action, the Liquidating Trust and the Liquidating Trustee shall be bound by, and shall give effect to, any release,

17

{7865.001-585757.DOC-(7)}

exculpation, waiver, estoppel or injunction provided by the Plan or the Confirmation Order.

4.5. <u>Compensation and Reimbursement of Liquidating Trustee and Professionals</u>.

(a)   The Liquidating Trustee shall be compensated for services in the administration of the Liquidating Trust and, in its capacity as Estate Representative, the administration of the Alameda Estate, at his hourly rate (as in effect from time to time), which, as of the date hereof, is $300.

(b)   Any professionals or any entity retained by the Liquidating Trustee and/or the Alameda Supervisory Board, will be entitled to reasonable compensation for services rendered at a rate reflecting actual time billed by such professional or entity on an hourly basis, at the standard billing rates in effect at the time of service, or such other rate or basis of compensation that is reasonable. All reasonable out-of-pocket expenses incurred by the Liquidating Trustee or any other professional or other entity retained by the Liquidating Trustee with the consent of the Alameda Supervisory Board as provided in Section 3.5(e) hereof, will be reimbursable as an expense of the Liquidating Trust. The fees and expenses of professionals approved in the Alameda Bankruptcy Case will be reimbursed in accordance with applicable orders entered in the Bankruptcy Court and to the extent set forth in the Plan.

(c)   No later than twenty (20) days after the end of the previous calendar month, the Liquidating Trustee shall provide to the Alameda Supervisory Board a report setting forth its aggregate fees and expenses incurred in connection with this engagement during the previous month, together with reasonable documentation of such expenses (any such report, a "<u>Monthly Fee and Expense Report</u>"), and shall be entitled to receive payment of such fees and expenses fifteen (15) days after providing the Monthly Fee and Expense Report to Alameda Supervisory Board (the "<u>Fee Notice Period</u>"). Notwithstanding the foregoing, if any entity entitled to receive a copy of the Monthly Fee and Expense Report objects to such report within the Fee Notice Period, the Liquidating Trustee and the objecting party may seek to resolve such objection on a consensual basis. If the parties are unable to reach a consensual resolution within thirty (30) days of the Liquidating Trustee's receipt of such objection, the Liquidating Trustee shall be entitled to payment of the contested portion of its fees and/or expenses only pursuant to a Final Order of the Bankruptcy Court after notice and opportunity for a hearing, provided that the Liquidating Trustee shall be entitled to payment of the uncontested portion, if any, of such fees and expenses upon expiration of the Fee Notice Period.

4.6. <u>Tenure, Removal and Replacement of the Liquidating Trustee</u>.   The authority of the Liquidating Trustee will be effective as of the Effective Date and will remain and continue in full force and effect until the Trust Termination Date (as defined in Section 5.1, below).   The service of the Liquidating Trustee will be subject to the following:

18

(a)    The Liquidating Trustee will serve until death, resignation pursuant to subsection (i) below or removal pursuant to subsection (ii) below.

(i)    The Liquidating Trustee may resign upon 60 days' written notice of resignation to the Alameda Supervisory Board, provided that no resignation will be effective until (x) a ready and able successor Liquidating Trustee has been appointed and approved, and (y) the resigning Liquidating Trustee has filed a Final Report for the period of his service and a request for discharge, pursuant to Section 4.9 hereof. Upon the resignation of the Liquidating Trustee and the appointment of a successor, the resigning Liquidating Trustee will, if applicable, convey, transfer, and set over to the successor Liquidating Trustee by appropriate instrument or instruments all of the funds, if any, then unconveyed or otherwise undisposed of and all other assets then in the resigning Liquidating Trustee's possession and held under this Agreement.

(ii)    The Liquidating Trustee may be removed with or without cause by: (x) an Alameda Trust Beneficiary Vote, and (y) after such Alameda Trust Beneficiary Vote, the filing of an appropriate motion with the Bankruptcy Court in which event the removal shall become effective upon order of the Bankruptcy Court. The Liquidating Trustee may also be removed at any time, with or without cause, by the Alameda Supervisory Board. Prior to removal of the Liquidating Trustee, there shall be a ready and able successor to the Liquidating Trustee, and the Liquidating Trustee being removed shall file a Final Report (as defined in Section 4.9(a) below) for the period of his service.

(b)    In the event of a vacancy in the position of the Liquidating Trustee by resignation, removal or death, a successor shall be appointed by the Alameda Supervisory Board or if the Alameda Supervisory Board cannot agree upon a replacement Liquidating Trustee, then such replacement Liquidating Trustee shall be appointed upon (x) motion to the Bankruptcy Court by any member of the Alameda Supervisory Board and (y) the confirmation of such appointment by the Bankruptcy Court.

(c)    Immediately upon appointment of any successor Liquidating Trustee, all rights, powers, duties, authority, and privileges of the predecessor Liquidating Trustee hereunder will be vested in and undertaken by the successor Liquidating Trustee without any further act; and the successor Liquidating Trustee will not be liable personally for any act or omission of the predecessor Liquidating Trustee.

4.7.    Continuance of Trust.    The death, resignation, or removal of the Liquidating Trustee shall not operate to terminate the Liquidating Trust created by this Agreement or to revoke any existing agency (other than any agency of the Liquidating Trustee as the Liquidating Trustee) created pursuant to the terms of this Agreement or invalidate any action taken by the Liquidating Trustee, and the Liquidating Trustee

19

agrees that the provisions of this Agreement shall be binding upon and inure to the benefit of the Liquidating Trustee and the Liquidating Trustee's heirs, legal and personal representatives, successors or assigns, as the case may be. In the event of the resignation or removal of the Liquidating Trustee, the Liquidating Trustee shall promptly:

(a)    execute and deliver by the effective date of resignation or removal such documents, instruments, and other writings as may be reasonably requested by the successor Liquidating Trustee to effect the termination of the resigning or removed Liquidating Trustee's capacity under this Agreement and the conveyance of the Alameda Trust Assets then held by the resigning or removed Liquidating Trustee to the successor Liquidating Trustee;

(b)    deliver to the successor Liquidating Trustee all documents, instruments, records and other writings relating to the Liquidating Trust as may be in the possession or under the control of the resigning or removed Liquidating Trustee; and

(c)    otherwise assist and cooperate in effecting the assumption of the resigning or removed Liquidating Trustee's obligations and functions by the successor Liquidating Trustee.

The resigning or removed Liquidating Trustee hereby irrevocably appoints the successor Liquidating Trustee as his attorney-in-fact and agent with full power of substitution for him and his name, place and stead to do any and all acts that such resigning or removed Liquidating Trustee is obligated to perform under this Section 4.7. Such appointment shall not be affected by the subsequent disability or incompetence of the Liquidating Trustee making such appointment.

4.8.    <u>Acceptance of Appointment by Successor Liquidating Trustee</u>.    Any successor Liquidating Trustee appointed hereunder shall execute an instrument accepting such appointment and assuming all of the obligations of the Liquidating Trustee under this Agreement and thereupon the successor Liquidating Trustee, as trustee of the Liquidating Trust, shall, without any further act, become vested with all the Alameda Estates' properties, rights, powers, trusts, and duties of his predecessor as Liquidating Trustee hereunder with like effect as if originally named herein (including without imitation the duties of the Estate Representative); <u>provided</u> that the predecessor Liquidating Trustee shall, if applicable, when requested in writing by the successor Liquidating Trustee, execute and deliver an instrument or instruments conveying and transferring to such successor Liquidating Trustee upon the trust herein expressed, all the estates, properties, rights, powers and trusts of such predecessor Liquidating Trustee, and shall duly assign, transfer, and deliver to such successor Liquidating Trustee all property and money held hereunder.

20

4.9.   Discharge of Liquidating Trustee.

(a)   Statement of Discharge.   The Liquidating Trustee shall upon termination of the Liquidating Trust or upon the Liquidating Trustee's resignation, removal, or death (in which case the Liquidating Trustee's estate shall) render a final report (the "Final Report"), which shall contain the following information: (i) all assets and funds of the Liquidating Trust originally charged under the Liquidating Trustee's control; (ii) all funds transferred into and out of, the Reserves; (iii) an accounting, in sufficient detail, of all purchases, sales, gains, losses, and income in connection with the Liquidating Trust during the Liquidating Trustee's term of service; and (iv) the ending balance of all assets and funds of the Trust as of the date of discharge. At the discretion of the Alameda Supervisory Board, such statement may be audited by the Liquidating Trust's independent accountants.

(b)   Approval of Statement of Discharge.   The Liquidating Trustee's Final Report, and any audit thereof, prepared pursuant this Section 4.9, shall be filed with the Bankruptcy Court and served on the Alameda Supervisory Board, the U.S. Trustee and any entity listed on the Post-Effective Date Service List pursuant to Section 9.2 hereof, along with a motion for approval of the Final Report and discharge of the Liquidating Trustee. If approved by the Bankruptcy Court, the withdrawing Liquidating Trustee shall be discharged from all liability to the Liquidating Trust or any entity who has had or may then or thereafter have an interest in the Liquidating Trust for acts or omissions in the Liquidating Trustee's capacity as the Liquidating Trustee or in any other capacity contemplated by this  Agreement or the Plan, provided that any Liquidating Trustee removed for cause pursuant to Section 4.6(a)(ii) shall not be entitled to receive such a discharge.

4.10.   Confidentiality.   The Liquidating Trustee shall, both during and after his tenure as Liquidating Trustee, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any entity to which any of the Alameda Trust Assets relates or of which he has become aware in its capacity as Liquidating Trustee, except as otherwise required by law.

## ARTICLE 5

## DURATION OF LIQUIDATING TRUST

5.1.   Duration of Liquidating Trust.   The Liquidating Trust shall terminate upon entry of a final Order approving the Final Report and Account, discharging the Liquidating Trustee and terminating the Liquidating Trust, but in any event no later than five (5) years after the Effective Date. Notwithstanding the foregoing, the Liquidating Trustee may, with the consent of the Alameda Supervisory Board, if it is in the best interests of the Alameda Trust Beneficiaries, and subject to the approval of the Bankruptcy Court based on a finding that an extension is necessary to the purpose of the Liquidating Trust, extend the term of the Liquidating Trust for one or more finite periods

21

based upon the particular facts and circumstances at that time (each, an "Extension Period"), provided that each Extension Period is requested by the Liquidating Trustee before expiration of the Liquidating Trust term (as it may then have been extended), and is approved by the Bankruptcy Court within six (6) months of the beginning of the extended term.

5.2.   Continuance of Liquidating Trust for Winding Up.   After the termination of the Liquidating Trust and for the purpose of liquidating and winding up the affairs of the Liquidating Trust, the Liquidating Trustee shall continue to act as such until he has fully executed his duties pursuant to the Plan and this Agreement (including, without limitation, its duties as the Estate Representative). Upon distribution of the entire Alameda Trust Assets and unless ordered otherwise by the Bankruptcy Court, the Liquidating Trustee shall retain for a period of two (2) years the books, records, the Register, the Post-Effective Date Service List (as defined in Section 9.2(b) below), and certificates and other documents and files which shall have been delivered to or created by the Liquidating Trustee. At the Liquidating Trustee's discretion, all of such records and documents may, but need not, be destroyed at any time after two (2) years from the completion and winding up of the affairs of the Liquidating Trust. Except as otherwise specifically provided herein, upon the discharge of all liabilities of the Liquidating Trust, final distribution of the entire Alameda Trust Assets, and entry of an order of the Bankruptcy Court discharging the Liquidating Trustee, the Liquidating Trustee shall have no further duties or obligations hereunder.

## ARTICLE 6

## INDEMNIFICATION; LIMITATIONS ON LIABILITY

6.1.   General Indemnification.

(a)     The Liquidating Trust shall indemnify and hold harmless any entity who was, or is, a party, or is threatened to be made a party, to any pending or contemplated action, suit or proceeding, whether civil, criminal, administrative or investigative, by reason of the fact that such person or entity is or was the Liquidating Trustee or an employee of the Liquidating Trust, or a professional retained by the Liquidating Trustee and their employees, against all costs, expenses, judgments, fines and amounts paid in settlement actually and reasonably incurred by such person or entity in connection with such action, suit or proceeding, or the defense or settlement of any claim, issue or matter therein, to the fullest extent, except to the extent such liability is determined to be the result of such person's or entity's willful misconduct, fraud or gross negligence. Costs or expenses incurred by any such person or entity in defending any such action, suit or proceeding may be paid by the Liquidating Trust in advance of the institution or final disposition of such action, suit or proceeding, if authorized by the Liquidating Trustee and the Alameda Supervisory Board.

22

(b)      From and after the Effective Date, the Liquidating Trust shall indemnify the Alameda Supervisory Board and each member of the Alameda Supervisory Board and their respective attorneys, and successors or assigns against all costs and expenses (including attorneys' fees) incurred by any of them in defending against post-Confirmation Date claims that are based on actions allegedly taken (or not taken) by them in their respective capacities arising from implementation of this Agreement or the Plan; provided, however, that no person or entity shall be entitled to indemnification under this Agreement or the Plan for the costs and expenses of defending a cause of action in which it is ultimately judicially determined that such person or entity was grossly negligent or acted fraudulently or with willful misconduct in performing such entity's duties under this Agreement or the Plan or under any Final Order of the Bankruptcy Court or applicable law.

(c)      Any person or entity entitled to indemnification under this Section 6.1 or the Plan shall have a priority distribution right on the corpus of the Liquidating Trust ranking pari passu with other parties entitled to indemnification hereunder or under the Plan, provided, however, that such right to payment shall be (i) subordinate in all respects to the right to payment associated with any unpaid Allowed Administrative Expense Claim, Allowed Priority Tax Claim, Allowed Other Priority Claim regarding Alameda, and expenses of operation of the Alameda Liquidating Trust (including professional fees), and (ii) prior to any right of payment of any Distributions to the Alameda Trust Beneficiaries.

(d)      The Liquidating Trustee may use Alameda Trust Assets (as an expense of consummating the Plan) to purchase indemnification insurance to satisfy any potential indemnification claims that may arise under this Section 6.1 or the Plan.

6.2.    _Limited Recourse_. Except as provided in the Plan and this Agreement, no recourse shall ever be had, directly or indirectly, against the Liquidating Trustee personally or against any employee or professional retained by the Liquidating Trustee, and their employees, in accordance with the terms of this Agreement or the Plan, by legal or equitable proceedings or by virtue of any statute or otherwise, nor upon any promise, contract, instrument, undertaking, obligation, covenant or agreement whatsoever executed by the Liquidating Trustee in implementation of this Agreement or the Plan, or by reason of the creation of any indebtedness by the Liquidating Trustee under the Plan for any purpose authorized by this Agreement or the Plan, it being expressly understood and agreed that all such liabilities, covenants, and agreements of the Liquidating Trust, whether in writing or otherwise, shall be enforceable only against and be satisfied only out of the Alameda Trust Assets or such part thereof as shall under the term of any such agreement be liable therefore or shall be evidence only of a right of payment out of the Alameda Trust Assets. Notwithstanding the foregoing, the Liquidating Trustee may be held liable for his gross negligence, fraud or willful misconduct; and if liability on such grounds is established, recourse may be had against (a) the Liquidating Trustee's bond, and, (b) to the extent not covered by such bond, as further set forth in Section 6.3 below, directly against the Liquidating Trustee.

23

6.3.    Limited Liability.  The Liquidating Trustee shall not be liable for any act he may do or omit to do as the Liquidating Trustee while acting in good faith in the exercise of his reasonable judgment or at the direction of the Alameda Supervisory Board. The fact that such act or omission was based upon advice of counsel for the Liquidating Trustee shall be evidence of such good faith and reasonable judgment. This limitation on liability does not extend to acts and omissions that constitute gross negligence, fraud or willful misconduct. The Liquidating Trustee may rely, and shall be protected in acting upon, any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document believed by him to be genuine and to have been signed or presented by the proper party or parties, and shall not, absent fraud, gross negligence or willful misconduct in seeking or carrying out such order, be liable for any action set forth in any order of the Bankruptcy Court. The limitations in liability set forth in this Section 6.3 and in the Plan will apply equally to the agents and/or employees of the Liquidating Trustee acting on behalf of the Liquidating Trustee in the fulfillment of the Liquidating Trustee's duties under this Agreement and the Plan. Neither the Liquidating Trustee nor any of the Alameda Trust Beneficiaries hereunder shall be personally liable with respect to any liabilities or obligations of the Liquidating Trust or any liabilities or obligations relating to the Alameda Trust Assets, including, without limitation, those arising under this Agreement or the Plan or with respect to the Liquidating Trust or the Alameda Trust Assets, and all persons and entities dealing with the Liquidating Trust must look solely to the Alameda Trust Assets for the enforcement of any claims against the Liquidating Trust or the Alameda Trust Assets, provided that the Liquidating Trustee may be held personally liable for acts or omissions constituting gross negligence, fraud or willful misconduct to the extent not covered by the Liquidating Trustee's bond.

6.4.    No Liability for Acts of Predecessor.  No successor Liquidating Trustee shall be in any way responsible or liable for the acts or omissions of any predecessor Liquidating Trustee in office prior to the date on which such entity becomes the Liquidating Trustee, nor shall such successor Liquidating Trustee be obligated to inquire into the validity or propriety of any such act or omission unless such successor Liquidating Trustee expressly assumes such responsibility. Any successor Liquidating Trustee shall be entitled to accept as conclusive any final accounting and statement of Alameda Trust Assets furnished to such successor Liquidating Trustee by the predecessor Liquidating Trustee and shall further be responsible only for those Alameda Trust Assets properly includable in such statement.

6.5.    Express Exculpatory Clauses in Instruments.  As far as practicable, the Liquidating Trustee shall cause any written instrument creating an obligation of the Liquidating Trust to include a reference to this Agreement and to provide that none of the Alameda Trust Beneficiaries or the Liquidating Trustee shall be liable thereunder and that the other parties to such instrument shall look solely to the Alameda Trust Assets for the payment of any claim thereunder or the performance thereof; provided, however, that the omission of such provision from any such instrument shall not render any

24

Alameda Trust Beneficiary or the Liquidating Trustee liable nor shall the Liquidating Trustee be liable to anyone for such omission.

## ARTICLE 7

### REPORTS TO BENEFICIARIES

7.1.   Securities Laws. Tax and Other Reports to Alameda Trust Beneficiaries.

(a)   Securities Laws.   Under Section 1145 of the Bankruptcy Code, the issuance of beneficial interests in the Liquidating Trust pursuant to the Plan shall be exempt from registration under the Securities Act of 1933, as amended, and applicable state and local laws requiring registration of securities. Notwithstanding the foregoing, if the Liquidating Trustee determines, with the advice of counsel, that the Liquidating Trust is required to comply with the registration and reporting requirements of the Securities Exchange Act of 1934, as amended, or the Investment Company Act of 1940, as amended, then the Liquidating Trustee shall take any and all actions to comply with such reporting requirements and file periodic reports with the Securities and Exchange Commission. For purposes of Section 1145 of the Bankruptcy Code, the Liquidating Trust shall be successor-in-interest to Alameda.

(b)   Other Reporting.

(i)   If the Liquidating Trustee is not required to file the periodic reports referred to in Section 7.1(a) above, beginning with the first full month following the Effective Date, and as soon as practicable upon commencement of the Liquidating Trust, the Liquidating Trustee shall prepare and file on a timely basis the quarterly post-confirmation reports required by the Local Bankruptcy Rules and for the Confirmation Order, and serve them on the Alameda Supervisory Board, the U.S. Trustee and any person or entity listed on the Post-Effective Date Service List pursuant to Section 9.2 hereof.

(ii)   If directed by the Alameda Supervisory Board, the Liquidating Trustee shall prepare a written report showing (x) financial statements of the Liquidating Trust for such period, and, if the end of a calendar year, a report (which may be prepared by an independent certified public accountant employed by the Liquidating Trustee) reflecting the result of such agreed upon procedures relating to the financial accounting administration of the Liquidating Trust as proposed by the Liquidating Trustee; (y) all transactions and the amounts thereof (including, without limitation, all income of the Liquidating Trust, all dispositions and settlements of Causes of Action, Distributions under the Plan, expenditures and other disbursements) consummated or effected during the period covered by such report, as well as all settlements or other resolutions regarding Disputed Claims consummated or effected during the period covered by such report; and (z) a description of the progress of converting Alameda Trust Assets to Cash and making distributions to Alameda Trust Beneficiaries and any other material information relating to the Alameda Trust Assets and the administration

25

of the Liquidating Trust. Such reports shall be prepared as frequently as reasonably directed, in writing, by the Alameda Supervisory Board. Such reports shall be filed with the Bankruptcy Court and served on the Alameda Supervisory Board, the U.S. Trustee and any person or entity listed on the Post-Effective Date Service List pursuant to Section 9.2(b). Any Creditor may receive a copy of any such report by making a written request to the Liquidating Trustee.

(c)    Calculations; Source of Distributions. The Liquidating Trustee shall also maintain detailed records of (i) the calculations performed by the Liquidating Trustee in respect of any distributions and disbursements made pursuant to the Plan and (ii) the accounts from which any such distributions or disbursements were made. Each report shall be sufficient to enable determination, among other things, of whether such Distributions and disbursements made by the Liquidating Trustee were in compliance with the terms of the Plan.

(d)    Tax Reporting.    Following the end of each calendar year, the Liquidating Trustee may submit to each Alameda Trust Beneficiary appearing in its records during such year a separate statement setting forth the information necessary for such Alameda Trust Beneficiary to determine its share of items of income, gain, loss, deduction, or credit and will instruct each Alameda Trust Beneficiary to report such items on its federal income tax returns (and state and local tax returns, as applicable).

## ARTICLE 8

## AMENDMENT AND WAIVER

The provisions of this Agreement relating to the governance of the Liquidating Trust or any other material provision of this Agreement may be amended from time to time, without modifying the Plan by: (i) the Liquidating Trustee with the consent of the Alameda Supervisory Board; or (ii) an Alameda Trust Beneficiary Vote (as defined in section 4.6(a)(ii)), provided that any such amendment shall be consistent with the Plan, and further, provided that such proposed amendment shall only be made upon fourteen (14) days written notice to the Post-Effective Date Service List, unless an objection is made to the proposed amendment, in which case, such amendment will require approval by the Bankruptcy Court.

## ARTICLE 9

## MISCELLANEOUS PROVISIONS

9.1.    Attorneys for Liquidating Trustee and Alameda Supervisory Board. RHD has prior to the Effective Date acted as counsel to The Official Committee of Unsecured Creditors of Alameda in the Bankruptcy Case. Upon the Effective Date, RHD will become counsel to both the Alameda Supervisory Board and the Liquidating Trustee. The concurrent representation of the Alameda Supervisory Board and the Liquidating Trustee by RHD shall not be a breach of any fiduciary duty now owed or in the future owed to

26

either of them. In the event that a conflict of interest does arise between the Alameda Supervisory Board and the Liquidating Trustee, RHD shall continue to represent the Alameda Supervisory Board, and other counsel shall be appointed at the expense of the Liquidating Trust to represent the Liquidating Trustee.

   9.2.   Notices.   Except as otherwise set forth in Section 9.2(b), all notices, requests, elections, demands or other communications in connection with this Agreement or the Plan, including, without limitation, any change of address of any holder of an Allowed Claim for the purposes of receiving any distributions under this Agreement or the Plan, shall be in writing and shall be delivered personally or by telecopy, e-mail or overnight delivery service, or mailed by stamped first class mail to the entities identified in this Section. An entity may change the address to which notices shall be sent by notice given in accordance with this Section.  Such notice shall be deemed to have been given the next Business Day after receipt or, if mailed by first class mail, seven (7) days after the date of mailing:

If to the Liquidating Trustee, to:

Hugh Scheffy
c/o Janas Consulting
225 South Lake Avenue, Suite 610
Pasadena, CA  91101-30278
Telephone: (626) 432-7000
Fax:  (626) 432-7050
E-mail:  hs@janascorp.com

or such other address as shall be filed with the Bankruptcy Court.

If to the Alameda Supervisory Board, to:

Lennar
Attention:  Isobel Allan, Vice President
25 Enterprise
Aliso Viejo, CA  92656
Telephone:  (949) 349-8281
Fax:  (949) _____
E-mail:  isobel.allan@lennar.com

Brookfield Homes Corporation
Attention:  William Seith, Executive Vice President
1522 Brookhollow Drive, Suite 1
Santa Ana, CA  92705
Telephone:  (714) 241-5940 ext 16

27

Fax: (714) _____
E-mail: bseith@brookfieldhomes.com

AKT Investments
Attention: Chris Donnelly, Chief Financial officer
7700 College Town Drive, Suite 101
Sacramento, CA 92586
Telephone: (916) 383-2500
Fax: (916) _____
E-mail: ichrisd@aktdev.com

In all cases, with a copy to:

Rutter Hobbs & Davidoff Incorporated
1901 Avenue of the Stars, Suite 1700
Los Angeles, CA 90067
Attention: Brian L. Davidoff, Esq.
Telephone: (310) 286-1700
Fax: (310) 286-1728
E-mail: bdavidoff@rutterhobbs.com

    9.2.   <u>Delivery of Certain Notice</u>.  If not otherwise provided, the Liquidating Trustee shall give the following notice with regards to the following matters, which notice shall be deemed to be good and sufficient notice of such matters, with no requirement for any additional or further notice:

    (a)   <u>Notice of Entry of Confirmation Order and Effective Date</u>.  Notice of the (i) entry of the Confirmation Order and (ii) Effective Date, which may be contained in a single notice, shall be sufficient if mailed to all parties entitled to notice under Bankruptcy Rule 2002(f)(7) as soon as practicable following the Effective Date.

    (b)   <u>Post-Effective Date Service List</u>.  Except as set forth in Section 9.1, from and after the Effective Date, notices will only be served on the Liquidating Trustee of the Alameda Liquidating Trust, the Office of the United States Trustee and those Persons (as defined in the Plan) who file with the Court and serve upon the Liquidating Trustee a request, which includes such Person's name, contact person, address, telephone number and facsimile number, that such Person receive notice of post-Effective Date matters.  Persons who had previously filed with the Court requests for special notice of the proceedings and other filings in the Bankruptcy Case will not receive notice of post-Effective Date matters unless such Personal file a new request in accordance with this Section 9.2 and Section 13.10.2 of the Plan. A list setting forth the name, address, e-mail address, if any, and telephone number and facsimile of each such Person shall be maintained by the Liquidating Trustee and shall be provided upon request (the "<u>Post-Effective Date Service List</u>").

28

9.3.    Intention of Parties to Establish Liquidating Trust.    This Agreement is intended to create a liquidating trust for federal income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as such a trust and any ambiguity herein shall be construed consistent herewith and, if necessary, this Agreement may be amended to comply with such federal income tax laws, which amendments may apply retroactively.

9.4.    Preservation of Privilege and Defenses.    To the full extent permitted by law, and as set forth in Section 6.3.5 of the Plan, Alameda will be deemed to irrevocably transfer to the Liquidating Trustee, as its legal successor, all rights of Alameda and the Alameda Estate to exercise or waive any attorney-client privilege, accountant-client privilege, work-product privilege or other privilege or immunity attaching to any documents or communications (whether written or oral), and Alameda and the Liquidating Trustee are authorized to take all necessary actions to effectuate the transfer of such privileges and available defenses.

9.5.    Effectiveness.    This Agreement shall become effective upon the Effective Date of the Plan.

9.6.    Counterparts.    This Agreement may be executed in one or more counterparts, all of which shall be taken together to constitute one and the same instrument.

9.7.    Governing Law.    Except to the extent the Bankruptcy Code or the Bankruptcy Rules are applicable, this Agreement shall be governed by, construed under and interpreted in accordance with, the laws of the State of California, without giving effect to conflict-of-law principles.

9.8.    Severability of Provisions.    Any provision of this Agreement which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions of this Agreement or affecting the validity or enforceability of any of the terms or provisions of this Agreement in any other jurisdiction.

9.9.    Entire Agreement.    This Agreement (including the Recitals), the Plan, and the Confirmation Order constitute the entire agreement by and among the parties and there are no representations, warranties, covenants or obligations except as set forth herein or therein. This Agreement, the Plan and the Confirmation Order supersede all prior agreements, understandings, negotiations, discussions, written or oral, of the parties hereto, relating to any transaction contemplated hereunder. Except as otherwise specifically provided herein, in the Plan or in the Confirmation Order, nothing in this Agreement is intended or shall be construed to confer upon or to give any person or entity other than the parties hereto and their respective heirs, administrators, executors, successors, or assigns any right to remedies under or by reason of this Agreement.

{7865.001-585757.DOC-(7)}

9.10    Effect of Death, Incapacity or Bankruptcy of Beneficiary.   The death, incapacity or bankruptcy of an Alameda Trust Beneficiary during the term of this Agreement shall not operate to terminate the Agreement, nor shall it entitle the representatives or creditors of the deceased Alameda Trust Beneficiary to an accounting, or to take any action in the courts or elsewhere for the distribution of the Alameda Trust Assets or for a partition thereof, nor shall it otherwise affect the rights and obligations of any Alameda Trust Beneficiary.

9.11.    Effect of Liquidating Trust on Third Parties.   There is no obligation on the part of any purchaser or purchasers from the Liquidating Trustee or any agent of the Liquidating Trustee, or on the part of any other persons or entities dealing with the Liquidating Trustee or any agent of the Liquidating Trustee, to see to the application of the purchase money or other consideration passing to the Liquidating Trustee or any agent of the Liquidating Trustee, or to inquire into the validity, expediency or propriety of any such transaction by the Liquidating Trustee or any agent of the Liquidating Trustee.

9.12.    Waiver.   No failure or delay of any party to exercise any right or remedy pursuant to this Agreement shall affect such right or remedy or constitute a waiver by such party of any right or remedy pursuant thereto. Resort to one form of remedy shall not constitute a waiver of alternative remedies.

9.13.    Tax Identification Numbers.   The Liquidating Trustee may require any Alameda Trust Beneficiary to furnish to the Liquidating Trustee (a) its employer or taxpayer identification number as assigned by the Internal Revenue Service, and (b) such other records or documents necessary to satisfy the Liquidating Trustee's tax reporting obligations (including, but not limited to, certificates of non-foreign status). The Liquidating Trustee may condition the payment of any distribution to any Alameda Trust Beneficiary upon receipt of such identification number and requested documents.

9.14.    Headings.   The Section headings contained in this Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Agreement or of any term or provision hereof.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement or caused this Agreement to be duly executed by their respective duly authorized agents as of the day and year first written above.

ALAMEDA:

ALAMEDA INVESTMENTS, LLC,
a Delaware limited liability company

By: _____
Name: _____
Title: _____

30

ALAMEDA SUPERVISORY BOARD:

ALAMEDA SUPERVISORY BOARD

By: _____
Name: _____
Title: _____


By: _____
Name: _____
Title: _____


By: _____
Name: _____
Title: _____


LIQUIDATING TRUSTEE:


_____
HUGH SCHEFFY

31

{7865.001-585757.DOC-(7)}

## EXHIBIT A

Century Communities Colorado, LLC
Folsom White Rock Investors, LLC
West Lakeside, LLC
Wheatland Hop Farm, LLC
Woodside Teresi, LLC
Florin Bradshaw Investors, LLC
Sunridge Investors, LLC
Wolf Creek Development, LLC
A. Murphy Ranch, LLC
Douglas Grantline Investors, LLC
Grantline Investors, LLC
Kyle Acquisition Group, LLC
LW D'Andrea, LLC
North Natomas 575 Investors, LLC
Schulz Ranch Developers, LLC
SNI 290, LLC
South Edge, LLC
Woodside R&B Placer, LLC
WS Milford, LLC
Eagleridge Office Park, LLC
JSO Land, LLC
Wheatland Heritage Oaks, LLC
Menifee Development, LLC

{7865.001-585757.DOC-(7)}