BRIAN L. DAVIDOFF (State Bar No. 102654)
C. JOHN M. MELISSINOS (State Bar No. 149224)
RUTTER HOBBS & DAVIDOFF
    INCORPORATED
1901 Avenue of the Stars, Suite 1700
Los Angeles, California 90067
Telephone:  (310) 286-1700
Facsimile:  (310) 286-1728
Email:    bdavidoff@rutterhobbs.com
          jmelissinos@rutterhobbs.com

Attorneys for the Alameda Liquidating Trust

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Case No. 6:08-bk-20682-PC |
| | (jointly administered) |
| WOODSIDE GROUP, LLC, et al., | Chapter 11 |
| Debtors. | **STIPULATION BETWEEN ALAMEDA LIQUIDATING TRUST AND SOUTH EDGE, LLC EXTENDING DEADLINE TO ASSUME, ASSUME AND ASSIGN OR REJECT CERTAIN AGREEMENTS** |
| | [NO HEARING REQUIRED] |
| ☒   Affects ALAMEDA LIQUIDATING TRUST | |

        This stipulation (the "Stipulation") is made and entered into between the Alameda

Liquidating Trust (the "Alameda Liquidating Trust") as successor-in-interest to Alameda

Investments, LLC ("Alameda"), by and through the Liquidating Trustee, Hugh Scheffy, and

South Edge, LLC ("South Edge"), through their attorneys of record.  The Liquidating Trust

and South Edge are sometimes collectively referred to as the "Parties."  This Stipulation is

made with reference to the following facts.

RUTTER
HOBBS &
DAVIDOFF
INCORPORATED
LAWYERS

-1-

**STIPULATION BETWEEN ALAMEDA LIQUIDATING TRUST AND SOUTH EDGE, LLC**
{7865.001-627141.DOC-(3)}

1.     On July 10, 2009, the Bankruptcy Court entered its Order (I) Approving Disclosure Statement and (II) Granting Amended Motion of Debtors for Order (A) Approving Plan Solicitation, Notice, and Voting Procedures, (B) Approving Forms of Notice and Ballots, and (C) Establishing Plan Confirmation Deadlines and Procedures (the "Disclosure Statement Order").

2.     In accordance with the Disclosure Statement Order, thereafter, on or about July 24, 2009, Woodside Group and its affiliates, including Alameda (collectively, the "Debtors") served their Second Amended Joint Plan of Reorganization of Woodside Group, LLC and Affiliated Debtors, as Modified July 20, 2009 (as later amended and modified from time to time, herein the "Plan"), together with their Second Amended Disclosure Statement describing Second Amended Joint Plan of Reorganization of Woodside Group, LLC and Affiliated Debtors, as Modified, on all creditors and parties-in-interest herein, as required by the Disclosure Statement Order.

3.     Also in accordance with the Disclosure Statement Order, on August 14, 2009, the Debtors filed their Plan Supplement – Debtors' Lists of Executory Contracts and Unexpired Leases to Be Assumed or Rejected, in Connection With Second Amended Joint Plan of Reorganization of Woodside Group, LLC and Affiliated Debtors, as Modified (the "Plan Supplement"). The Plan Supplement sets forth lists of executory contracts and unexpired leases to be assumed and rejected pursuant to Sections 8.1, 8.2 and 8.3 of the Plan. As set forth in the Plan Supplement, the listing of an agreement as either to be assumed or to be rejected, as the case may be, is not an admission that such agreement is, in fact, executory.

4.     On August 28, 2009, the Bankruptcy Court entered its Order on Shortened Notice for Order: (A) Approving Supplement to Disclosure Statement With Respect to Amended Plan of Reorganization; and (B) Setting Revised Confirmation Date, Related Deadlines and Approving Notice Thereof ("Supplemental Disclosure Order"). Among other things, the Supplemental Disclosure Order vacated certain of the dates set by the Disclosure Statement Order.

STIPULATION BETWEEN ALAMEDA LIQUIDATING TRUST AND SOUTH EDGE, LLC

{7865.001-627141.DOC-(3)}

RUTTER HOBBS &
DAVIDOFF
INCORPORATED
LAWYERS

5.      The Plan Supplement provides, with respect to Alameda, in Exhibit "3" ("Contracts/leases to be assumed by Alameda Investments, LLC"), p. 85, that Alameda intends to assume the following agreements:  (a) the Amended and Restated Operating Agreement of South Edge, LLC; (b) the First Amendment to Amended and Restated Operating Agreement; and (c) the Second Amendment to Amended and Restated Operating Agreement (the "South Edge Agreements to Be Assumed").

6.      The Executory Contract Listing provides, with respect to Alameda, in Exhibit "4" ("Contracts/leases to be rejected by Alameda Investments, LLC"), pp. 88 and 89, that Alameda intends to reject the following agreements:  (a) Cross-Indemnity Agreement (South Edge, LLC); (b) Purchase and Sale Agreement and Joint Escrow Instructions; (c) Limited Guaranty; (d) Repayment Guaranty; and (e) Completion Guaranty (the "South Edge Agreements to Be Rejected" and, together with the South Edge Contracts to Be Assumed and any other agreements between Alameda, on the one hand, and South Edge, on the other hand, that were not identified by the Debtors as South Edge Contracts to Be Assumed or South Edge Contracts to Be Rejected, the "South Edge Agreements").

7.      Under the terms of the Plan, absent a separate motion to assume, assume and assign, or reject the South Edge Agreements, the confirmation of the Plan would result in either the assumption, or rejection, of the South Edge Agreements.

8.      On October 5, 2009, the Court entered its Order Approving Stipulation Among Debtors, The Official Committee of Unsecured Creditors of Alameda Investments, LLC, and South Edge, LLC Extending Deadline to Assume, Assume and Assign or Reject the South Edge Agreements (the "First Extension Order").  Under the terms of the First Extension Order, Alameda, and/or the successor thereto established upon confirmation of the Plan, including the Alameda Liquidating Trust, had until January 11, 2010 (the "Prior Stipulation Deadline") to file a motion seeking the assumption, assumption and assignment, or rejection of the South Edge Agreements, or any one of them.

//

//

**STIPULATION BETWEEN ALAMEDA LIQUIDATING TRUST AND SOUTH EDGE, LLC**

{7865.001-627141.DOC-(3)}

RUTTER
HOBBS &
DAVIDOFF
INCORPORATED
L A W Y E R S

9.     On November 25, 2009, the Court entered its Order Confirming Second Amended Joint Plan of Reorganization of Woodside Group, LLC and Affiliated Debtors, as Modified (the "Confirmation Order").

10.    The "Effective Date" of the Plan was December 31, 2009 at 5:00 p.m.  To the extent required, the Parties believe that this stipulation constitutes a "separate motion" under the terms of the Plan and the Plan Supplement.

11.    The Parties have substantial disputes regarding the assumption and/or rejection of the South Edge Agreements.  Therefore, the Parties wish to provide additional time for them to reach a negotiated resolution with respect to the South Edge Agreements.

Based upon the foregoing, the Parties hereby stipulate and agree as follows:

A.    The Alameda Liquidating Trust's deadline to move to assume, assume and assign, or reject the South Edge Agreements is hereby extended until May 10, 2010 (the "New Stipulation Deadline"), and to the extent that the South Edge Agreements are identified on Exhibit "3" and/or Exhibit "4" of the Plan Supplement, this Stipulation shall supersede such designation and treatment under the Plan.

B.    The Alameda Liquidating Trust shall have until the New Stipulation Deadline to file a motion seeking the assumption, assumption and assignment, or rejection of the South Edge Agreements, or any one of them.  The time period between the Prior Stipulation Deadline and the New Stipulation Deadline shall be referred to herein as the "Stipulation Extension Period."

C.    South Edge, and its members, retain all of their rights, claims and defenses with respect to any motion to assume or reject, and, except with respect to the timing of such a motion(s), South Edge, and its members, shall retain any rights they currently have to oppose the assumption, assumption and assignment, or rejection of the South Edge Agreements.

D.    During the Stipulation Extension Period any reserve as contemplated in Section 7.4.5 of the Plan should be kept by the Alameda Liquidating Trust in an amount that takes into consideration the allowance, in full, of the claim of South Edge against the Alameda Liquidating Trust, which South Edge asserts is in the amount of $83,757,905, on the bases as

RUTTER
HOBBS &
DAVIDOFF
INCORPORATED
L A W Y E R S

-4-

**STIPULATION BETWEEN ALAMEDA LIQUIDATING TRUST AND SOUTH EDGE, LLC**
{7865.001-627141.DOC-(3)}

1    set forth in Proof of Claim No. 1672 (together with any other claim now or hereafter filed by

2    South Edge, the "South Edge Claim"); provided, however, that nothing herein should affect

3    the Alameda Liquidating Trust's ability to object to the South Edge Claim, or any portion

4    thereof, during the claims allowance process and South Edge's ability to respond thereto.

5           E.      The Parties may further extend the deadline to assume, assume and assign, or

6    reject the South Edge Agreements, provided, however, that such further extension is set forth

7    in a written stipulation among the Parties and is brought before the expiration of the

8    Stipulation Extension Period or any future deadlines set by the Bankruptcy Court with respect

9    to the South Edge Agreements.

10   Dated: January _8_, 2009                    RUTTER HOBBS & DAVIDOFF
                                                 INCORPORATED
11

12                                               By: _____
13                                                   C. JOHN M. MELISSINOS
                                                     Attorneys for the Alameda
14                                                   Liquidating Trust

15
     Dated: January ___, 2009                    KAYE SCHOLER LLP
16

17                                               By: _____
                                                     MICHAEL D. MESSERSMITH
18                                                   Attorneys for South Edge, LLC

19

20

21

22

23

24

25

26

27

28

RUTTER
HOBBS &
DAVIDOFF
INCORPORATED
L A W Y E R S

-5-

**STIPULATION BETWEEN ALAMEDA LIQUIDATING TRUST AND SOUTH EDGE, LLC**
{7865.001-627141.DOC-(3)}

1  set forth in Proof of Claim No. 1672 (together with any other claim now or hereafter filed by

2  South Edge, the "South Edge Claim"); provided, however, that nothing herein should affect

3  the Alameda Liquidating Trust's ability to object to the South Edge Claim, or any portion

4  thereof, during the claims allowance process and South Edge's ability to respond thereto.

5         E.       The Parties may further extend the deadline to assume, assume and assign, or

6  reject the South Edge Agreements, provided, however, that such further extension is set forth

7  in a written stipulation among the Parties and is brought before the expiration of the

8  Stipulation Extension Period or any future deadlines set by the Bankruptcy Court with respect

9  to the South Edge Agreements.

10 Dated: January ___, 2009              RUTTER HOBBS & DAVIDOFF
                                        INCORPORATED
11

12                                      By:_____
13                                          C. JOHN M. MELISSINOS
                                            Attorneys for the Alameda
14                                          Liquidating Trust

15 Dated: January 8, 2009               KAYE SCHOLER LLP
16
17                                      By:_____
18                                          MICHAEL D. MESSERSMITH
                                            Attorneys for South Edge, LLC
19
20
21
22
23
24
25
26
27

RUTTER 28
HOBBS ▨
DAVIDOFF                                     -5-
INCORPORATED
LAWYERS        **STIPULATION BETWEEN ALAMEDA LIQUIDATING TRUST AND SOUTH EDGE, LLC**
               {7865.001-627141.DOC-(3)}

| In re:                          | CHAPTER 11                        |
|---------------------------------|-----------------------------------|
| WOODSIDE GROUP, LLC, et al.     | CASE NUMBER 6:08-bk-20682-PC      |
|                      Debtor(s). |                                   |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1901 Avenue of the Stars, Suite 1700, Los Angeles, California 90067

A true and correct copy of the foregoing document described as: **STIPULATION BETWEEN ALAMEDA LIQUIDATING TRUST AND SOUTH EDGE, LLC EXTENDING DEADLINE TO ASSUME, ASSUME AND ASSIGN OR REJECT CERTAIN AGREEMENTS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On January 8, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

United States Trustee (RS) - ustpregion16.rs.ecf@usdoj.gov

☒  Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On January 8, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

VIA OVERNITE EXPRESS
Hon. Peter Carroll
United States Bankruptcy Judge
United States Bankruptcy Court
3420 12th Street, Room 365
Riverside, California  92501

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 8, 2010 | JAN REINGLASS |  |
|-----------------|---------------|--|
| _Date_ | _Type Name_ | _Signature_ |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                    **F 9013-3.1**

| In re:<br><br>WOODSIDE GROUP, LLC, et al.<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 6:08-bk-20682-PC |
| --- | --- |

ELECTRONICALLY SERVED:

Marc S Cohen on behalf of Interested Party KeyBank National Association
mcohen@kayescholer.com

Michael S Cryan on behalf of Interested Party Acacia Federal Savings Bank
cryan.michael@arentfox.com, giaimo.christopher@arentfox.com

Ashleigh A Danker on behalf of Creditor South Edge, LLC
adanker@kayescholer.com

G Larry Engel on behalf of Creditor JP Morgan Chase Bank, N.A.
lengel@mofo.com

Christine R Etheridge on behalf of Creditor Ikon Financial Services
christine.etheridge@ikonfin.com

Kathryn F Evans on behalf of Attorney Kathryn Evans
kevans@stutman.com

Jerome Bennett Friedman on behalf of Creditor HDI Las Vegas, LLC
jfriedman@hkemlaw.com

Donald L Gaffney on behalf of Creditor JP Morgan Chase Bank, N.A.
dgaffney@swlaw.com

Lauren N Gans on behalf of Attorney Lauren Gans
lgans@stutman.com

Robert P Goe on behalf of Attorney Robert Goe
kmurphy@goeforlaw.com

Richard H Golubow on behalf of Creditor In re Kitec Fitting Litigation
pj@winthropcouchot.com

Kelly C Griffith on behalf of Interested Party Courtesy NEF
bkemail@harrisbeach.com

Harry D. Hochman on behalf of Debtor Woodside Ballantrae, LLC
hhochman@pszjlaw.com, hhochman@pszjlaw.com

Mark D Houle on behalf of Creditor ZIONS FIRST NATIONAL BANK
mark.houle@pillsburylaw.com

Gregory K Jones on behalf of Interested Party Ezra Nelson
gjones@stutman.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_January 2009_                                                                                            **F 9013-3.1**

| In re:<br><br>WOODSIDE GROUP, LLC, et al.<br><br><div align="right">Debtor(s).</div> | CHAPTER 11<br><br>CASE NUMBER 6:08-bk-20682-PC |
|---|---|

**ELECTRONICALLY SERVED:**

Jason Jones on behalf of Litigant Frances and Keith Evanoff
jjones@avatarlegal.com

Ivan L Kallick on behalf of Creditor Wachovia Bank, N.A.
ikallick@manatt.com, ihernandez@manatt.com

Mark J Krone on behalf of Creditor Bond Safeguard Insurance Co.
mk@amclaw.com

Leib M Lerner on behalf of Creditor Steiny and Company, Inc.
leib.lerner@alston.com

William C Lewis on behalf of Creditor Brian Vail
ecf@williamclewis.com

Susy Li on behalf of Petitioning Creditor AXA Equitable Life Insurance Company
susy.li@bingham.com

Maxim B Litvak on behalf of Debtor BCD 99, LLC
mlitvak@pszyjw.com

Elizabeth A Lossing on behalf of U.S. Trustee United States Trustee (RS)
elizabeth.lossing@usdoj.gov

Frank F McGinn on behalf of Interested Party Courtesy NEF
ffm@bostonbusinesslaw.com

David W. Meadows on behalf of Creditor National City Bank
david@davidwmeadowslaw.com

Craig Millet on behalf of Interested Party IPEX Inc.
cmillet@gibsondunn.com, pcrawford@gibsondunn.com;cmillet@gibsondunn.com

Margreta M Morgulas on behalf of Creditor Kyle Acquisition Group, LLC
mmorgulas@stutman.com

Randall P Mroczynski on behalf of Creditor Daimler Trust
randym@cookseylaw.com

Paul J Pascuzzi on behalf of Creditor MCH Electric, Inc.
ppascuzzi@ffwplaw.com

Eric S Pezold on behalf of Attorney Official Unsecured Creditors Committee
epezold@swlaw.com, dwlewis@swlaw.com

Mark D Poniatowski on behalf of Creditor Caterpillar Financial Services Corporation
ponlaw@ponlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                     **F 9013-3.1**

| In re:<br><br>WOODSIDE GROUP, LLC, et al.<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 6:08-bk-20682-PC |
|---|---|

ELECTRONICALLY SERVED:

Jeremy V Richards on behalf of Debtor Alameda Investments, LLC
jrichards@pszjlaw.com, bdassa@pszjlaw.com

Kirsten A Roe on behalf of Creditor Insurance Company Of The West
kroe@wthf.com, dfunsch@wthf.com

Martha E Romero on behalf of Creditor California Taxing Authorities
Romero@mromerolawfirm.com

Anthony J Rothman on behalf of Litigant Ahmad Arakozie
anthony@arothmanlaw.com

Chad L Schexnayder on behalf of Creditor Insurance Company Of The West
cls@jhc-law.com, wm@jhc-law.com

Mark C Schnitzer on behalf of Creditor Fenceworks, Inc.
mschnitzer@rhlaw.com

Nathan A Schultz on behalf of Other Professional Ernst & Young LLP
schultzn@gtlaw.com

Stephanie M Seidl on behalf of Interested Party Courtesy NEF
sseidl@sheppardmullin.com

James R Selth on behalf of Attorney Daniel Weintraub
jim@wsrlaw.net

Mark A Serlin on behalf of Creditor Angelo Tsakopolous
mserlin@globelaw.com

Mark L Shaffer on behalf of Plaintiff Scotland Heights Limited Partnership
shaffer@markshafferlaw.com

Curt Todd on behalf of Interested Party Courtesy NEF
ctodd@lrflegal.com, ewesselhoff@lrflegal.com

United States Trustee (RS)
ustpregion16.rs.ecf@usdoj.gov

Andrea M Valdez on behalf of Attorney Kristian Gluck
avaldez@fulbright.com

Annie Verdries on behalf of Creditor Merit Masonry, Inc.
verdries@lbbslaw.com

Madeleine C Wanslee on behalf of Creditor Maricopa County Treasurer
mwanslee@gustlaw.com, rstein@gustlaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

| In re: | CHAPTER 11 |
|---|---|
| WOODSIDE GROUP, LLC, et al.                    Debtor(s). | CASE NUMBER 6:08-bk-20682-PC |

ELECTRONICALLY SERVED:

George C Webster on behalf of Interested Party Ezra Nelson
gwebster@stutman.com

William E Winfield on behalf of Creditor Zurich American Ins. Co.
wwinfield@nchc.com

Jasmin Yang on behalf of Creditor Committee Official Committee of Unsecured Creditors
jyang@swlaw.com


VIA U.S. MAIL

Woodside Group, LLC et al.
Attn:  Wayne Farnsworth
39 East Eagleridge Drive, Suite 102
North Salt Lake City, Utah  84054

John A. Ritter
Focus South Group, LLC
3455 Cliff Shadows Parkway, Suite 220
Las Vegas, Nevada  89129

Robert Beville
MTH Homes Nevada, Inc.
7150 Pollock Drive, Suite 104
Las Vegas, Nevada  89119

Joe Caddel
Coleman-Toll Limited Partnership
1634 Village Center Circle, Suite 100
Las Vegas, Nevada  89134

Bill June
Beazer Homes Holdings Corp.
4670 South Fort Apache Road
Las Vegas, Nevada  89147

Bruce Tripp
KB Home Nevada Inc.
750 Pilot Road, Suite G
Las Vegas, Nevada  89119

Stan Gutshall
Kimball Hill Homes
8 Sunset Way, Suite 101
Henderson, Nevada  89014

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                       **F 9013-3.1**

| In re:                           | CHAPTER 11                        |
|----------------------------------|-----------------------------------|
| WOODSIDE GROUP, LLC, et al.      | CASE NUMBER 6:08-bk-20682-PC      |
|                      Debtor(s).  |                                   |

Klif Andrews
Pardee Homes of Nevada
650 White Drive, Suite 100
Las Vegas, Nevada  89119

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                    **F 9013-3.1**