Cynthia A. Nelson
Senior Managing Director
FTI Consulting, Inc.
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
Office (213) 452-6026
Fax (213) 452-6099
cynthia.nelson@fticonsulting.com

Christine Wu McDonagh
Managing Director
FTI Consulting, Inc.
3 Times Square
9th Floor
New York, NY 10036
Office (212) 499-3620
Fax (212) 841-9350
christine.mcdonagh@fticonsulting.com

Financial Advisor to the Official
Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**RIVERSIDE DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| WOODSIDE GROUP, LLC, et al.,[1] | Case No.  6:08-bk-20682-PC (Jointly Administered) |
| Debtors. | **FOURTH INTERIM AND FINAL APPLICATION OF FTI CONSULTING INC., FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES** |
| | Date:  _____, 2010 Time:  10:30 a.m. |
| X Affects ALL Debtors | Place:  Courtroom 303 3420 Twelfth Street Riverside, CA 92501-3819 |

[1]  See Exhibit A to the Second Amended Joint Plan of Reorganization of Woodside Group, LLC and Affiliated Debtors, as Modified, filed on November 24, 2009, for a listing of all of the debtors and debtors in possession in these jointly administered cases.

**TO THE HONORABLE PETER H. CARROLL, UNITED STATES BANKRUPTCY**

**JUDGE, THE DEBTORS AND DEBTORS IN POSSESSION, THE OFFICE OF THE**

**UNITED STATES TRUSTEE, AND CERTAIN SPECIAL NOTICE PARTIES:**

FTI Consulting, Inc. ("FTI") submits this fourth and final application (the "Application") for allowance and payment of compensation and reimbursement of expenses of FTI as financial advisor to the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases (the "Bankruptcy Cases") (A) pursuant to Sections 330 and 331 of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. (as amended, the "Bankruptcy Code") for (i) final allowance and approval of all fees and expenses incurred in the Bankruptcy Cases from October 2, 2008 through and including September 30, 2009 (the "Prior Interim Period"), (ii) final allowance and approval of fees and expenses incurred during the final interim fee period from October 1, 2009 through December 31, 2009 (the "Current Interim Period") and (iii) final allowance and approval of fees and expenses incurred during preparation of the December 2009 Fee Statement and this Application (the "Fee Preparation Period") and (B) pursuant to sections 503(b)(3) and 503(b)(4) of the Bankruptcy Code and Rule 2016 of the Bankruptcy Rules, final allowance and approval of fees and expenses incurred during the Pre-Formation Period (as hereinafter defined) as a substantial contribution.  In support of the Application, FTI submits the declaration of Cynthia A. Nelson (the "Nelson Declaration").

In further support hereof, FTI respectfully represents as follows:

### SUMMARY OF AMOUNTS REQUESTED

By this Application, FTI requests (i) for the Current Interim Period, an allowance of compensation in the amount of $649,467.50 (the "Current Period Fees") and reimbursement of actual and necessary expenses in the amount of $21,964.04 (the "Current Period Expenses"); (ii)

A/73092080.2/3007791-0000330152

for the Fee Preparation Period, final allowance and approval of compensation in the amount of $14,736.00; (iii) for the Prior Interim Period, final allowance and approval of compensation in the amount of $2,585,399.25 and reimbursement of actual and necessary expenses in the amount of $71,976.88 (the "Prior Period Fees and Expenses")[2]; and, (iv) an aggregate final allowance (the "Final Application Period") of compensation totaling $3,249,602.75 and reimbursement of expenses totaling $93,940.92 for combined total fees and expenses of $3,343,543.67 (the "Final Allowance")[3].

In addition, by this Application, FTI requests an order of this Court awarding FTI $143,663.44 for fees and expenses incurred on behalf of the Noteholder Group (as defined below) commencing on September 16, 2008 through and including October 1, 2008 (the "Pre-Formation Period Fees and Expenses") as a substantial contribution to the Debtors' estates.

## **BACKGROUND**

1.      According to the Debtors' filings in these Bankruptcy Cases, Woodside Group, LLC ("Woodside Group") and its affiliated entities (collectively, the "Woodside Entities") operate one of the nation's largest privately held home building companies.  Prior to the effective date of the Plan (as defined below), Woodside Group was the parent company of multiple subsidiaries, and through certain those subsidiaries (the "Restricted Subsidiaries") was primarily engaged in homebuilding operations in eight states.

2.      Historically, the operations of the Woodside Entities were financed through Woodside Group's affiliate Pleasant Hill Investments, LC ("PHI").  Woodside Group, PHI and

---

[2] The Prior Period Fees and Expenses included amounts previously awarded and paid.  FTI's prior interim fee applications are incorporated herein by reference.
[3] The Final Allowance includes all amounts sought for the Current Interim Period, Fee Preparation Period and the Prior Interim Period.

A/73092080.2/3007791-0000330152

each of the Restricted Subsidiaries were debtors in these Bankruptcy Cases (the "Restricted Debtors").  Woodside Group also had subsidiaries that were engaged in business activities outside its standard homebuilding operations (the "Unrestricted Subsidiaries"), certain of which subsidiaries were also debtors in these Bankruptcy Cases (the "Unrestricted Debtors", and together with the Restricted Debtors, the "Debtors").

3.      On March 31, 2008, Woodside AMR 107, Inc. ("AMR 107") and Woodside Portofino, Inc. ("Portofino"), two of the Restricted Subsidiaries, filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code under Case Nos. 08-13994 and 08-13996, respectively.

4.      Beginning on August 20, 2008 (the "Petition Date"), an Ad Hoc Group of Noteholders (the "Noteholder Group") commenced the filing of involuntary petitions against Woodside Group and the remaining additional entities comprising the Restricted Debtors (other than AMR 107 and Portofino).  Beginning on August 20, 2008, JPMorgan Chase Bank, N.A. ("JPMorgan"), on behalf of a bank group, commenced the filing of certain Joinders in Involuntary Petitions (together with the noteholder petitions, the "Involuntary Petitions").

5.      On September 3, 2008, the Bankruptcy Court entered an order jointly administering the cases of the Restricted Debtors for procedural purposes.  On September 16, 2008 (the "Relief Date"), consistent with a stipulation entered into between the Noteholder Group, JPMorgan and the Restricted Debtors, the Restricted Debtors consented to the commencement of cases under chapter 11 of the Bankruptcy Code.  That same day, the Court entered Orders for Relief with respect to the Restricted Debtors.

6.      Since the Relief Date, certain Debtors have, from time to time, filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, including Woodside Ceramista Village, LLC, Woodside Ceramista City, LLC, Alameda Investments, LLC, and Liberty

Holdings Group, LLC.  Pursuant to orders of the Bankruptcy Court, the cases of the Debtors were jointly administered for procedural purposes.

      7.     On October 2, 2008, the Office of the United States Trustee appointed the members of the Committee.[4]

## CASE STATUS

      8.     On January 14, 2009, the Debtors filed their Joint Plan of Reorganization of Woodside Group, LLC and Affiliated Debtors, together with their Disclosure Statement.  On April 15, 2009, the Debtors filed their First Amended Joint Plan of Reorganization of Woodside Group, LLC and Affiliated Debtors, together with their First Amended Disclosure Statement. On July 2, 2009, the Debtors filed their Second Amended Joint Plan of Reorganization of Woodside Group, LLC and Affiliated Debtors, together with their Second Amended Disclosure Statement.  On July 9, 2009, the Debtors filed their Second Amended Joint Plan of Reorganization of Woodside Group, LLC and Affiliated Debtors, as Modified (as may be amended from time to time, the "Plan"), together with their Second Amended Disclosure Statement, as Modified (as may be amended from time to time, the "Disclosure Statement"). The Disclosure Statement was approved by the Court pursuant to that certain Order dated July 10, 2009.

      9.     The Plan was confirmed at a hearing held on October 30, 2009 based on findings of fact and conclusions of law made on the record.  On November 25, 2009, the Court entered

---

[4] The members of the Committee were: AXA Equitable Life Insurance Company; Bank of America, N.A.; John Hancock Life Insurance Company; JPMorgan Chase Bank, N.A.; Metlife Inc. & Affiliates; Travelers Casualty & Surety Co. of America; and Wachovia Bank National Association.

A/73092080.2/3007791-0000330152

the Order Confirming Second Amended Joint Plan of Reorganization of Woodside Group, LLC and Affiliated Debtors, as Modified.

10.    The Plan became effective on December 31, 2009 and on January 4, 2010, the Debtors filed the Notice of Entry of Confirmation Order, Occurrence of Effective Date of Second Amended Joint Plan of Reorganization of Woodside Group, LLC and Affiliated Debtors, as Modified, as Confirmed by the Court, and Injunction.

11.    As to the status of the Debtors' assets and liabilities, based on information provided to FTI, it is believed that the Debtors maintain approximately $190 million in cash, and that, accordingly, sufficient cash on hand exists to pay the requested fees and expenses of FTI and other Committee professionals.

## JURISDICTION AND VENUE

12.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## EMPLOYMENT OF FTI

13.    On October 2, 2008, the Committee selected the law firms of Bingham McCutchen, LLP and Snell & Wilmer, LLP to serve as counsel and FTI as its financial advisor ("Counsel").

14.    On or about November 19, 2008, the Committee filed its *Application of the Official Committee of Unsecured Creditors of Woodside Group LLC et al. to retain FTI Consulting, Inc. as Financial Advisor, nunc pro tunc to the relief date* and accompanying *Declaration of Cynthia Nelson in Support of the Official Committee of Unsecured Creditors of*

6

*Woodside Group, LLC et al. to retain FTI Consulting, Inc. as Financial Advisors, nunc pro tunc to the relief date* (collectively, the "Employment Application").  On or about December 12, 2008, this Court entered an order authorizing the Employment Application.

## RELIEF REQUESTED

15.    On or about December 2, 2008, this court entered the *Order Establishing Interim Fee Application and Expense Reimbursement Procedures* (the "Administrative Order").

16.    Pursuant to the Administrative Order, this Court established a procedure for interim compensation and reimbursement of expenses whereby certain professionals, including FTI, could be paid interim compensation on a monthly basis.  Under the Administrative Order, FTI is authorized to submit monthly fee statements to the notice parties described in the Administrative Order on or about the 25th day of each month following the month for which compensation is sought.  Provided that there is no objection by any of the constituencies within ten (10) days following the service of a monthly fee invoice, the Debtors are authorized to pay certain professionals, including FTI, eighty percent (80%) of fees and one-hundred percent (100%) of disbursements requested in the fee statement.

17.    On or around March 12, 2009, FTI submitted its First Interim Application for Allowance of Compensation and Reimbursement of Expenses for the Period October 2, 2008 – January 31, 2009 (the "First Interim Application"). Pursuant to the First Interim Application, FTI sought payment of $953,255.76, which consisted of: (i) reimbursement of 100% of total fees, which amounted to $935,212.00, and (ii) reimbursement of 100% of expenses, which amounted to $18,043.76. On May 4, 2009, a hearing was held and the First Interim Application was approved. On May 11, 2009, the Omnibus Order regarding First Interim Applications of Professionals Employed at the Expense of Woodside Group, LLC, et al., for Approval of

7

Compensation and Reimbursement of Expenses (the "First Interim Application Order") was entered. On or around May 19, 2009, the Debtors reimbursed FTI for all remaining unpaid amounts approved in the First Interim Application Order.

18.    On or around July 14, 2009, FTI submitted its Second Interim Application for Allowance of Compensation and Reimbursement of Expenses for the Period February 1, 2009 – May 31, 2009 (the "Second Interim Application"). Pursuant to the Second Interim Application, FTI sought payment of $903,313.39, which consisted of: (i) reimbursement of 100% of total fees, which amounted to $865,217.75, and (ii) reimbursement of 100% of expenses, which amounted to $38,095.64. On August 17, 2009, a hearing was held and the Second Interim Application was approved. On September 9, 2009, the Omnibus Order regarding First and Second Interim Applications of Professionals Employed at the Expense of Woodside Group, LLC, et al., for Approval of Compensation and Reimbursement of Expenses (the "Second Interim Application Order") was entered. On or around August 26, 2009, the Debtors reimbursed FTI for all remaining unpaid amounts approved in the Second Interim Application Order.

19.    On or around November 9, 2009, FTI submitted its Third Interim Application for Allowance of Compensation and Reimbursement of Expenses for the Period June 1, 2009 – September 30, 2009 (the "Third Interim Application"). Pursuant to the Third Interim Application, FTI sought payment of $800,806.98, which consisted of: (i) reimbursement of 100% of total fees, which amounted to $784,969.50, and (ii) reimbursement of 100% of expenses, which amounted to $15,837.48. On December 14, 2009, a hearing was held and the Third Interim Application was approved. On December 22, 2009, the Omnibus Order regarding Respective Interim Applications of Professionals Employed at the Expense of Woodside Group, LLC, et al., for Approval of Compensation and Reimbursement of Expenses (the "Third Interim

A/73092080.2/3007791-0000330152

Application Order") was entered. On or around February 26, 2010, the Debtors reimbursed FTI

for all remaining unpaid amounts approved in the Third Interim Application Order

20.    On or around December 1, 2009, FTI submitted its fee statement covering the

period from October 1, 2009 through and including October 31, 2009 (the "October Fee

Statement") to the notice parties.  Pursuant to the October Fee Statement, FTI sought payment of

$149,593.69, which consisted of: (i) reimbursement of 80% of total fees ($180,410.50), which

amounted to $144,328.40, and (ii) reimbursement of 100% of expenses incurred during the

period, which amounted to $5,265.29.  No party objected to the October Fee Statement pursuant

to the Administrative Order, and accordingly, on or around December 31, 2009, the Debtors

reimbursed FTI for all amounts sought in the October Fee Statement.

21.    On or around December 28, 2009, FTI submitted its fee statement covering the

period from November 1, 2009 through and including November 30, 2009 (the "November Fee

Statement") to the notice parties.  Pursuant to the November Fee Statement, FTI sought payment

of $207,746.54, which consisted of: (i) reimbursement of 80% of total fees ($240,168.00), which

amounted to $192,134.40, and (ii) reimbursement of 100% of expenses incurred during the

period, which amounted to $15,612.14.   No party objected to the November Fee Statement

pursuant to the Administrative Order, and accordingly, on or around January 27, 2010, the

Debtors reimbursed FTI for all amounts sought in the November Fee Statement.

22.    On or around January 22, 2010, FTI submitted its fee statement covering the

period from December 1, 2009 through and including December 31, 2009 (the "December Fee

Statement") to the notice parties.  Pursuant to the December Fee Statement, FTI sought payment

of $184,197.81, which consisted of: (i) reimbursement of 80% of total fees ($228,889.00), which

amounted to $183,111.20, and (ii) reimbursement of 100% of expenses incurred during the

period, which amounted to $1,086.61.   No party objected to the December Fee Statement

9

pursuant to the Administrative Order, and accordingly, on or around February 19, 2010, the

Debtors reimbursed FTI for all amounts sought in the December Fee Statement.

23.    By this Application, FTI seeks (i) a final allowance and award of compensation

for the professional services rendered by FTI as financial advisors for the Committee during the

Current Interim Period in the amount of $649,467.50, representing 1,307.5 hours of professional

services and (ii) reimbursement of all actual and necessary out-of-pocket expenses incurred by

FTI during the Current Interim Period in connection with the rendition of such professional

services in the amount of $21,964.04.

24.    In addition, for the Fee Preparation Period, FTI seeks final allowance and

approval of compensation in the amount of $14,736.00. Of this, $8,804.00 relates to preparation

of the December 2009 Fee Statement and $6,108.00 relates to preparation of this Application.

Fees related to this period were billed at 2009 rates and also include a voluntary reduction of

$176.00.

25.    FTI, to date, has been paid $3,198,914.17 (comprised of $3,104,973.25 in fees

and $93,940.92 in expenses), which reflects 100% of the professional fees and 100% of the

expenses incurred during the period from October 2, 2008 through and including September 30,

2009, pursuant to the First Interim Application Order, the Second Interim Application Order and

the Third Interim Application Order and 80% of the professional fees and 100% of the expenses

incurred during the period from October 1, 2009 through and including December 31, 2009,

pursuant to the monthly fee statement process delineated in the Administrative Order.

Additionally, FTI has maintained a retainer of $138,501.93 and will bill against the same. A

summary of the total amounts requested and the amounts paid is attached hereto as <u>Exhibit A.</u> A

summary of the monthly fee statements for October 1, 2009 through December 31, 2009

submitted by FTI and the amounts paid is attached hereto as <u>Exhibit B.</u>

A/73092080.2/3007791-0000330152

### DESCRIPTION OF FTI

26.    FTI Consulting, Inc. is a global business advisory firm dedicated to helping organizations protect and enhance enterprise value in an increasingly complex legal, regulatory and economic environment. With more than 3,000 professionals located in most major business centers in the world, FTI works closely with clients every day to anticipate, illuminate, and overcome complex business challenges in areas such as investigations, litigation, mergers and acquisitions, regulatory issues, reputation management and restructuring.

27.    Attached hereto as Exhibit C is a listing setting forth the brief biographies of each FTI professional who contributed significantly to the Debtors' chapter 11 cases during the Current Interim Period and who are included in this Application for compensation.

### SUMMARY OF SERVICES RENDERED BY CATEGORY

28.    The Debtors' chapter 11 cases have presented numerous issues during the Current Interim Period that had to be addressed in order to preserve and maximize value for unsecured creditors.  FTI performed essential services, which are summarized by professional on Exhibit D and by task code on Exhibit E.  A detailed, chronological itemization, by task code, covering all of the services performed by FTI during the Current Interim Period, is attached hereto as Exhibit F.  A summary of the major task codes in which services were performed follows:

#### 10 – Work Plan and Case Management
#### (Fees Sought: $8,621.00; Hours Billed: 13.2)

To ensure that the professionals were informed of the latest case issues and services were provided in the most efficient and cost-effective manner, FTI participated in meetings to discuss case status, work plans, timelines, outstanding issues, tasks to be completed and next steps.  In addition, time was spent reviewing and providing comments on various case correspondence from Counsel and to the Committee.

A/73092080.2/3007791-0000330152

### 40 – Non-Working Travel Time
**(Fees Sought: $55,515.00; Hours Billed: 88.5)**

Fees for travel time have been charged at one half (50%) of the actual time incurred. Such travel time encompasses travel to and from: (i) meetings with the Debtors, Debtors' financial advisors and Committee Operational Advisor in Salt Lake City, Utah; (ii) participating in the 11/23/09 Court hearing in Riverside, California; and, (iii) conducting electronic discovery services in Salt Lake City, Utah and Las Vegas, Nevada.

### 60 – Fee Applications and Fee Statements
**(Fees Sought: $30,690.50; Hours Billed: 80.5)**

FTI expended resources required for the filing of monthly fee statements and the Third Interim Application in accordance with the Administrative Order.

This category includes time spent preparing two monthly fee statements for the period October 1, 2009 through November 30, 2009, including preparation of the Notice to the Cover Sheet Application, the Cover Sheet Application, and the exhibits to the Cover Sheet Application. This category also includes time spent preparing the Third Interim Application for the period June 1, 2009 through September 30, 2009, including preparation of the Notice to the Third Interim Application, the Committee Co-Chair Declaration in support of the Third Interim Application, the C. Nelson Declaration in support of the Third Interim Application, the Third Interim Application, and the exhibits to the Third Interim Application.

### 90 – Potential Avoidance Actions
**(Fees Sought: $34,954.00; Hours Billed: 70.2)**

FTI assisted the Committee in its pursuit of certain causes of action, including discussing case information with the Litigation Trustee, reviewing, commenting on and providing support for various filings, and analyzing tax issues for presentations and analyses for the Litigation Trust. In addition, FTI conducted preservation of data for various Company custodians.

A/73092080.2/3007791-0000330152

### 100 – Other Litigation Matters
**(Fees Sought: $58,557.00; Hours Billed: 130.8)**

FTI assisted in the preparation of the *Complaint by the Official Committee of Unsecured Creditors* filed on November 3, 2009 (the "Second Committee Complaint"), a response to the subpoena related to the *Declaration of Dewey Imhoff in Support of Order to Show Cause Why a Preliminary Injunction Should Not Issue* (the "D. Imhoff subpoena"), the *Declaration of Steven Joffe in Support of Order to Show Cause Why a Preliminary Injunction Should Not Issue* filed on November 16, 2009 (the "S. Joffe Declaration") and the *Supplemental Declaration of Dewey Imhoff in Support of Order to Show Cause Why a Preliminary Injunction Should Not Issue* filed on November 16, 2009 (the "D. Imhoff Supplemental Declaration"). FTI reviewed and revised each of these filings and compiled supporting documents. FTI also commenced the extraction process for the preserved data.

### 110 – Prepare for and Attend Court Hearings and Depositions
**(Fees Sought: $60,778.50; Hours Billed: 95.3)**

FTI prepared for and telephonically attended the October 5, 2009 hearing regarding the Preliminary Injunction Motion, the October 16, 2009 and October 30, 2009 hearings regarding Plan Confirmation and the December 14, 2009 hearing regarding the Third Interim Fee Application. Additionally, FTI prepared for and participated in the November 23, 2009 regarding the Preliminary Injunction Motion.

### 127 – Review Other Court Filings
**(Fees Sought: $5,444.00; Hours Billed: 14.8)**

FTI reviewed and analyzed various Court filings by the Debtors, Creditors and other parties in interest, including but not limited to the solicitation procedures motion, filings related to claims, reserves, the Litigation Trust Agreement, and various Plan Supplements. In addition, FTI regularly prepared a summary of the Woodside Group, LLC docket to keep the team apprised of case activity.

### 130 – Disclosure Statement / Plan of Reorganization
**(Fees Sought: $8,571.00; Hours Billed: 15.2)**

FTI reviewed, analyzed, revised and provided comments on the *Declaration of Cynthia Nelson in Support of Second Amended Joint Plan of Reorganization of Woodside Group, LLC and Affiliated Debtors, as Modified* as filed on October 9, 2009. In addition, FTI reviewed and commented on various Plan supplements and drafts of the Confirmation order.

### 150 – Financial Statement Analysis
**(Fees Sought: $1,005.00; Hours Billed: 3.0)**

FTI reviewed and analyzed various financial statements and related documents to understand the Debtors' financial position, historical trends and performance on a legal entity basis.  FTI regularly reported the results of the financial analyses to the Committee.

### 180 – Debtor Projections and Related Analyses
**(Fees Sought: $4,615.50; Hours Billed: 13.3)**

FTI conducted a detailed review and analysis of the Debtors' claims distribution model, which was crucial in evaluating the Plan, understanding the mechanics and implications of distributions of Newco debt and equity, analyzing potential recoveries and evaluating possible settlements.

### 190 – Debt / Equity Analysis
**(Fees Sought: $17,588.00; Hours Billed: 48.4)**

In addition to analyzing the Debtors' claims distribution model, FTI expended significant time analyzing debt and equity distributions and reviewing related schedules.  FTI also prepared various debt and equity distribution scenarios and analyzed potential Effective Date payments.

### 191 – Newco Documents
**(Fees Sought: $1,521.50; Hours Billed: 3.3)**

FTI reviewed and provided comments on amendments to the Newco LLC agreement and debt indenture documents and reviewed the Newco LLC agreement and debt indenture documents to determine distribution requirements.

A/73092080.2/3007791-0000330152

### 210 – Operating Statistics
### (Fees Sought: $4,267.00; Hours Billed: 11.4)

FTI regularly analyzed various Debtor operating statistics such as closings, starts, sales, absorption, average selling prices and gross margin. These analyses were essential for monitoring the Debtors' performance and assessing the Debtors' 13-week cash flows projections and the Plan projections.

### 230 – Tax Issues
### (Fees Sought: $43,615.50; Hours Billed: 65.1)

Taxes have been a complicated and important issue in this matter.  FTI has provided essential services in connection with analyzing and evaluating a myriad of tax issues throughout these cases and the Current Interim Period, including, but not limited to: (i) the tax reorganization and its repercussions; (ii) recognition of cancellation of indebtedness income and related issues; (iii) federal and state tax refunds; (iv) tax returns; (v) tax effects of restructuring alternatives; (vi) impairments and write-offs; and, (vii) intercompany transactions.

In addition, significant time was expended analyzing and assisting the Committee with evaluating tax implications for the litigation. Throughout the Current Interim Period, FTI was involved in discussing its findings and recommendations with and preparing reports and memos for the Litigation Trust trustee, Counsel and the Committee.

### 243 – Unrestricted Entities – Joint Ventures/Alameda
### (Fees Sought: $1,005.00; Hours Billed: 3.0)

FTI spent time preparing for and participating on calls regarding Union Ranch executory contracts and possible settlements.

/

/

/

/

15

### 250 – Claims Analysis and Reconciliation
**(Fees Sought: $44,381.50; Hours Billed: 108.9)**

Throughout the Current Interim Period, FTI assisted in analyzing various classes of claims to assess and estimate potential recoveries to the creditors.  FTI assisted in reconciling financial lender claims and analyzing insider, intercompany, bond and trade claims.

FTI spent significant time preparing and analyzing various recovery analysis scenarios of the Bank Group and Noteholder settlement.

FTI also worked with Counsel, the Debtors and Debtors' financial advisors to develop and monitor the claims reconciliation process, and participated in claims status meetings and discussions regarding open issues and progress.

In addition, FTI expended significant time analyzing the Debtors' claims distribution model and prepared various related scenarios.

### 270 – Cash Management and Reporting
**(Fees Sought: $12,938.50; Hours Billed: 28.9)**

FTI monitored the Debtors' actual cash flows and 13-week cash flow forecasts on a weekly basis.  During each of these reviews, FTI analyzed and discussed with the Debtors' financial advisors cash inflows and outflows by category, variances to the forecasted amounts and any updated forecasts.  FTI regularly prepared reports on its cash flow analyses to the Committee.

### 280 – Effective Date Issues
**(Fees Sought: $60,553.50; Hours Billed: 136.7)**

To ensure that the Plan was effectuated and in preparation for the transition to Newco, FTI frequently advised on various Effective Date issues, including, but not limited to: understanding and reviewing reporting requirements and capabilities, monitoring transition items, assisting in the engagement of other professionals for Newco. In addition, FTI facilitated the identification and selection of the Newco Board of Director candidates and prepared

materials to support preliminary meetings and the transition. FTI also participated on calls with the Debtors and their financial advisors to discuss the Newco organization and other Effective Date issues.

### 281 – Committee Operational Advisor ("COA")
### (Fees Sought: $51,984.00; Hours Billed: 73.6)

FTI interacted extensively with the Committee Operational Advisor ("COA") in identifying and evaluating operational issues and business strategies and assisting in the transition to Newco.  In addition, FTI facilitated preparation and negotiation of the CEO employment contract.

### 282 – Asset Sales
### (Fees Sought: $2,639.50; Hours Billed: 5.3)

FTI, Counsel, the Debtors and the Debtors' professionals are often contacted by parties expressing interest in Woodside assets. During the Current Interim Period, FTI served as the repository for all such inquiries and compiled, organized and maintained a database to preserve potential strategic alternatives that Newco may elect to pursue.

### 285 – Prepare Reports and Analyses for the Committee of Unsecured Creditors
### (Fees Sought: $11,911.50; Hours Billed: 28.7)

FTI often prepared memos, analyses and other communications to the Committee as needed.  These updates addressed issues such as agendas or discussion materials for Committee calls, CEO and Board of Directors compensation, recovery analyses and sensitivities, cash flows, claims, operational and business issues and the transition and Effective Date issues.

These communications and reports are critical to ensuring that the Committee members are able to make informed, timely decisions and understand the resulting implications.

/

/

/

17

**286 – Prepare Reports and Analyses for Other Creditors**
**(Fees Sought: $2,030.50; Hours Billed: 3.1)**

FTI often responded to various inquiries from Bank Group members and Noteholders regarding claims, Effective Date transactions, recovery analyses and Newco.

**290 – Other Miscellaneous Financial Analyses**
**(Fees Sought: $18,082.50; Hours Billed: 43.7)**

Due to the complexity of the Debtors' businesses, FTI was often engaged in a variety of other analyses. During the Current Interim Period, FTI reviewed, analyzed and provided input in connection with the Ernst and Young valuation analysis, the Debtors' proposed employee incentive plan, insurance policies, Shareholder distributions, pre-petition payments, related notes payable activity and various other operational issues.

**310 – Meetings/Calls with Committee of Unsecured Creditors**
**(Fees Sought: $28,997.50; Hours Billed: 42.7)**

FTI participated in numerous calls with the Committee to discuss issues including, but not limited to: case strategy and status, financial and operational results, unrestricted entities, recovery analyses, operational issues, claims, the Plan, litigation, taxes, Effective Date issues, pending motions and numerous other case issues. FTI endeavors to maintain regular communications with the Committee to ensure that the Committee remains fully apprised of the case issues and is able to make timely and informed decisions. FTI also periodically responds to various information requests or inquiries from the Committee.

**311 – Meetings/Calls with Counsel to the Committee of Unsecured Creditors**
**(Fees Sought: $38,469.50; Hours Billed: 62.1)**

FTI regularly consulted with Counsel to the Committee and participated in numerous calls to discuss a myriad of topics, including, but not limited to: case strategy and status, Confirmation and Effective Date issues, claims, surety bonds, the Plan, intercompany claims,

A/73092080.2/3007791-0000330152

Newco documents, Newco debt and equity, unrestricted entities, shareholder notes payable, impairments, pending motions and other various case issues.

### 320 – Meetings/Calls with Debtors
**(Fees Sought: $31,230.00; Hours Billed: 49.6)**

FTI participated in various calls and in-person meetings with management and key personnel of the Debtors to discuss various issues including, but not limited to: data extraction, go forward and non go forward projects, operational issues, current and projected financial and operational results, the E&Y valuation report and retention, transition items, Effective Date issues and other various case issues. These calls and meetings were crucial to obtain an understanding on the case issues, facilitate the transition and ensure the Committee's viewpoints were clearly expressed to the Debtors.

### 321 – Meetings/Calls with Debtors' Professionals/Counsel
**(Fees Sought: $13,965.00; Hours Billed: 25.6)**

FTI regularly participates in various calls and meetings with the Debtors' Professionals and Counsel to discuss a multitude of topics, including, but not limited to: operational issues, the Plan, financial and claims distribution models, debt terms, impairments, the incentive plan, claims, Newco transition, surety bonds, recovery analyses and other various case issues. These calls and meetings were crucial to obtain an understanding on the case issues, facilitate the transition and ensure the Committee's viewpoints were clearly expressed to the Debtors' professionals.

### 340 – Meetings/Calls with Other Parties
**(Fees Sought: $11,216.50; Hours Billed: 15.1)**

FTI participated on calls with Board of Director candidates and references to facilitate the selection process. Additionally, FTI occasionally spent time on calls with parties potentially interested in Newco assets.

A/73092080.2/3007791-0000330152

**350 – Meetings/Calls with Other Creditors**
**(Fees Sought: $17,788.50; Hours Billed: 27.5)**

FTI spent time participating on calls with the Banks and Noteholders to discuss the recovery analyses, the bank and note settlement, the Plan and Effective Date debt and equity distributions.

## ALLOWANCE OF REQUESTED FEES

29.    FTI respectfully submits the number of hours spent and the hourly rates charged by FTI are reasonable and consistent with the charges customarily charged by comparable consulting firms of FTI's size and stature for the services of consultants of equivalent experience and expertise both in bankruptcy cases and non-bankruptcy cases.

30.    The services rendered by FTI were necessary to the performance of its duties and the performance of the Committee's responsibilities.  FTI believes that the compensation requested herein is reasonable in light of the size and complexity of this case, the results obtained, the demands for prompt action, the efficiency with which the services were performed and the uncertainties and risks of the engagement.

## EXPENSES

31.    FTI incurred actual and necessary expenses in the amount of $21,964.04 during the Current Interim Period in providing financial advisory services to the Committee.  A detailed and itemized description of the actual and necessary expenses incurred by FTI on behalf of the Committee in this case is set forth in Exhibit G attached hereto.

/

/

A/73092080.2/3007791-0000330152

32.    A summary of the total actual and necessary expenses incurred during the Current

Interim Period by category is provided in the following table:

| Category | Amount | |
|---|---|---|
| Business Meals | $ | 753.13 |
| Transportation | | 15,912.22 |
| Lodging | | 2,785.00 |
| Miscellaneous | | 2,513.69 |
| **Total** | **$** | **21,964.04** |

## **PROCEDURES**

33.    FTI has complied with (i) Rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), (ii) Rule 2016-1 of the Local Bankruptcy Rules for the

Central District of California (the "Local Rules"), (iii) the United States Trustee Guidelines for

Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11

U.S.C. § 330, dated January 30, 1996 (the "U.S. Trustee's Guidelines"), and (iv) the

Compensation Procedures Order.

34.    In compliance with the Local Rules, attached as Exhibit C are the biographies of

those professionals of FTI who rendered substantial services on behalf of the Committee during

the Current Interim Period.

35.    In accordance with Rule 2016, Bankruptcy Code Section 504, and the U.S.

Trustee's Guidelines, no payments (other than those approved by the Bankruptcy Court and as

stated herein) have heretofore been made or promised to FTI for services rendered or to be

rendered in any capacity whatsoever in connection with the Bankruptcy Cases.  No agreement or

understanding exists between FTI and any other person or entity for a division of compensation

or reimbursement received or to be received herein or in connection with the Bankruptcy Cases.

36.    Pursuant to the Order Approving Stipulation (I) Providing for the Entry of Orders

for Relief as to Involuntary Petitions, (II) Granting, In Part, Gap Period Motions Filed by the

Noteholders and by JPMorgan Chase Bank, N.A., and (III) Summarizing Certain Issues for

Hearing on the Merits entered on August 27, 2008, the Debtors paid all fees and expenses of FTI,

among others, incurred prior to the Relief Date.


## SUBSTANTIAL CONTRIBUTION

37.    Commencing on September 16, 2008 (the Relief Date) through and including

October 1, 2008 (the day before FTI's retention as financial advisor to the Committee) (the "Pre-

Formation Period"), FTI was instrumental in affording a voice to the unsecured creditors in

connection with the Noteholder Group's motion seeking appointment of an examiner.  As the

appointment of an examiner undoubtedly shaped the outcome of these cases, FTI hereby applies

for reimbursement of the Noteholder Group's fees and expenses of $143,663.44 for this period as

a substantial contribution to these cases. [5]   A copy of FTI's invoice for this period will be made

available upon request.


## NOTICE

38.    FTI has served a copy of this Application on (i) the Office of the United States

Trustee, (ii) Woodside Group, LLC and affiliated Debtors, Attn:  Wayne Farnsworth, 39 East

Eagleridge Drive, Suite 102, North Salt Lake, UT  84054, (iii) Pachulski Stang Ziehl & Jones

LLP ("PSZJ"), 10100 Santa Monica Blvd., 11th Floor, Los Angeles, CA  90067-4100, Attn:

Linda F. Cantor / Jonathan Kim, (iv) Rutter Hobbs & Davidoff Incorporated, 1901 Avenue of the

---

[5] On December 8, 2008, the Committee filed the Declaration of Mark W. Deveno Re Non-Opposition to Application of Official Committee of Unsecured Creditors of Woodside Group LLC et al. to Retain FTI Consulting, Inc. as Financial Advisor *Nunc Pro Tunc* to October 2, 2008, wherein "the Committee, Bingham, FTI and the prior clients of Bingham and FTI reserved all rights to pursue through other means compensation and reimbursement for periods prior to October 2, 2008, consistent with the disclosure requirements of the Bankruptcy Code, the federal and local bankruptcy rules, and Orders of this Court."

22

Stars, Suite 1700, Los Angeles, CA  90067, Attn: Brian Davidoff / C. John Melissinos, (v) Joel

Shine, 2716 Ocean Park Blvd., Suite 2025, Santa Monica, CA  90405, and (vi) Hugh Scheffy,

225 South Lake Ave. #610, Pasadena, CA  91101.  Pursuant to the Notice of Professional Fees

Bar Date filed on January 7, 2010, PSZJ will be filing and serving an omnibus notice of all filed

final fee applications and the hearing thereon.


## ATTACHMENTS

39.   Pursuant to this Application, FTI has attached the following exhibits:

Exhibit A – Final Billing and Collection Summary

Exhibit B – Billing and Collection Summary for the Period October 1, 2009

through December 31, 2009

Exhibit C – Biographies of each FTI professional included in this Application

Exhibit D – Summary of Fees by Professional showing the professionals who

performed the services and the number of hours spent

Exhibit E – Summary of Fees by task codes specifying the number of hours spent

related to each specific task code

Exhibit F – Detail of Professional Fees by task codes, including detailed time

entry by professional with description of task performed

Exhibit G – Detail of expenses by individual


## CONCLUSION

**WHEREFORE**, FTI respectfully requests this Court enter an order: (A) (i) with respect

to the Current Interim Period, awarding FTI a final allowance and approval of compensation in

the amount of $649,467.50 and reimbursement of actual and necessary expenses in the amount of

$21,964.04; (ii) with respect to the Fee Preparation Period, awarding FTI final allowance and approval of compensation in the amount of $14,736.00; (iii) with respect to the Prior Interim Period, awarding FTI final allowance and approval of compensation in the amount of $2,585,399.25 and reimbursement of actual and necessary expenses in the amount of $71,976.88; (iv) with respect to the Final Application Period, awarding FTI an aggregate final allowance of compensation in the amount of $3,249,602.75 and reimbursement of actual and necessary expenses totaling $93,940.92; (v) authorizing FTI to retain and apply to the foregoing award the amount of payments received in respect of the Final Application Period; (vi) authorizing and directing the Debtors to pay to FTI the unpaid balance of amounts awarded in respect of the Final Application Period (less $138,501.93 in respect of retainers provided by Woodside prepetition); (B) with respect to the Pre-Formation Period Fees and Expenses, (i) awarding FTI $143,663.44 (on behalf of and for repayment to the Noteholder Group) as an allowance and reimbursement of FTI's fees and expenses incurred during the Pre-Formation Period as a substantial contribution to the Debtors' estates, and (ii) authorizing and directing the Debtors to pay to FTI the sum of $143,663.44 (representing the balance due in respect of the Pre-Formation Period Fees and Expenses); and (C) granting such other and further relief as the Court may deem proper.

Dated: March 1, 2010                                    FTI Consulting, Inc.

By:
Cynthia A. Nelson
Senior Managing Director
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
Office (213) 452-6026
Fax (213) 452-6099
cynthia.nelson@fticonsulting.com

24

A/73092080.2/3007791-0000330152